ORAL ARGUMENT SCHEDULED FOR MARCH 20, 2023

**No. 22-7063**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

AMERICAN SOCIETY FOR TESTING AND MATERIALS, et al.,
Appellants

v.

PUBLIC.RESOURCE.ORG, INC.,
Appellee

---

Appeal from the United States District Court
for the District of Columbia
Hon. Tanya S. Chutkan, No. 1:13-cv-1215-TSC

---

**SUPPLEMENTAL PUBLIC APPENDIX**
**VOLUME 14 (JA9506-JA9547)**
**MATERIAL UNDER SEAL IN SEPARATE SUPPLEMENT**

---

Andrew P. Bridges
abridges@fenwick.com
Matthew B. Becker
mbecker@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Tel: (415) 875-2300

David Halperin
davidhalperindc@gmail.com
1805 9th Street NW
Washington, DC 20005
Tel: (202) 905-3434

*Counsel for Public.Resource.Org, Inc.*

Donald B. Verrilli, Jr.
Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
 Suite 500E
Washington, DC 20001
Tel: (202) 220-1100
donald.verrilli@mto.com

Kelly M. Klaus
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel: (415) 512-4000
kelly.klaus@mto.com

*Counsel for National Fire Protection
Association, Inc.*

February 3, 2023
(*additional counsel on inside cover*)

Corynne McSherry
corynne@eff.org
Mitchell L. Stoltz
mitch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel: (415) 436-9333

*Counsel for Public.Resource.Org, Inc.*

Jeffrey S. Bucholtz
David P. Mattern
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
Tel: (202) 737-0500
jbucholtz@kslaw.com

Kenneth L. Steinthal
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 318-1200
ksteinthal@kslaw.com

*Counsel for American Society of Heating,
Refrigerating, and Air Conditioning
Engineers, Inc.*

Rose Leda Ehler
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Tel: (213) 683-9100
rose.ehler@mto.com

*Additional Counsel for National Fire
Protection Association, Inc.*

J. Kevin Fee
Jane W. Wise
DLA PIPER LLP (US)
500 8th Street NW
Washington, DC 20004
Tel: (202) 799-4000
kevin.fee@us.dlapiper.com

Stanley J. Panikowski
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 699-2700
stanley.panikowski@us.dlapiper.com

*Counsel for American Society for
Testing and Materials d/b/a/ ASTM
International*

# TABLE OF CONTENTS

## VOLUME 1 (JA1-JA493)

Docket Sheet, American Society for Testing and Materials, et al v.
Public.Resource.Org, Inc., No. 13-cv-1215 ........................................... JA1

Exhibit A to Complaint, DKT. 1-1 ..................................................... JA35

Transcript of 11/04/15 Status Hearing before Judge Tanya S.
Chutkan, DKT. 116 ........................................................................ JA45

Proposed Order Granting Plaintiffs' Motion for Leave to File
Under Seal, DKT. 117-1 .................................................................. JA66

Exhibit 1 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 117-2 (Material Under Seal) ............... JA68

Plaintiffs' Memorandum of Law in Support of Motion for Summary
Judgment and Permanent Injunction, DKT. 118-1 ............................... JA182

Plaintiffs' Statement of Material Facts in Support of Motion for
Summary Judgment, DKT. 118-2 ...................................................... JA256

Declaration of Dennis J. Berry and Exhibits in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-3 ...................................... JA306

Declaration of Steven Cramer and Exhibits in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-4 ...................................... JA336

Declaration of James Golinveaux in Support of Plaintiffs' Motion
for Summary Judgment, DKT. 118-5 ................................................. JA348

Declaration of Randy Jennings and Exhibit in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-6 ...................................... JA352

Declaration of Thomas B. O'Brien, Jr. and Exhibits in Support of
Plaintiffs' Motion for Summary Judgment, DKT. 118-7 ....................... JA362

# VOLUME 2 (JA494-JA1297)

Declaration of Thomas B. O'Brien, Jr. and Exhibits in Support of
Plaintiffs' Motion for Summary Judgment, DKT. 118-7 (continued)..............JA494

Declaration of James T. Pauley and Exhibits in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-8 ..................................................JA629

Declaration of Kevin Reinertson in Support of Plaintiffs' Motion
for Summary Judgment, DKT. 118-9 ...............................................................JA663

Declaration of Stephanie Reiniche and Exhibits in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-10 ................................................JA668

Declaration of James Thomas in Support of Plaintiffs' Motion for
Summary Judgment, DKT. 118-11 ....................................................................JA697

Exhibit 1 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-12 (Jarosz Report)
(Material Under Seal)........................................................................................JA704

Exhibit 2 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-12 ................................................JA818

Exhibit 3 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-12 (Material Under Seal)............JA896

Exhibit 8 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-12 ................................................JA999

Exhibit 10 to Declaration of Jordana S. Rubel in Support of Plaintiffs'
Motion for Summary Judgment, DKT. 118-12 ..............................................JA1005

Defendant Public.Resource.Org's Statement of Material Facts in
Support of Motion for Summary Judgment, DKT. 120-3
(Material Under Seal) (Public Version at DKT. 121-2) ................................JA1014

Declaration of Matthew Becker in Support of Public.Resource.Org's
Motion for Summary Judgment, DKT. 120-4 (Material Under Seal)............JA1050

Exhibit 4 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-6 (Material Under Seal)................................................................JA1072

Exhibit 22 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-9 (Material Under Seal)................................................................JA1092

Exhibit 53 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-10 (Material Under Seal)..............................................................JA1100

Exhibit 74 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-11 (Material Under Seal)..............................................................JA1119

Exhibit 80 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-14 (Material Under Seal)..............................................................JA1122

Exhibit 87 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-20 (Material Under Seal)..............................................................JA1125

Exhibit 88 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-21 (Material Under Seal)..............................................................JA1136

Exhibit 89 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-22 (Material Under Seal)..............................................................JA1149

Exhibit 90 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-23 (Material Under Seal)..............................................................JA1204

Exhibit 91 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-24 (Material Under Seal)..............................................................JA1206

Exhibit 92 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-25 (Material Under Seal)................................................JA1208

Exhibit 93 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-26 (Material Under Seal)................................................JA1231

Exhibit 94 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-27 (Material Under Seal)................................................JA1238

Exhibit 129 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-29 (Material Under Seal)................................................JA1245

Exhibit 146 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-33 (Material Under Seal)................................................JA1254

Exhibit 150 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 120-34 (Material Under Seal)................................................JA1257

Declaration of Carl Malamud in Support of Public.Resource.Org's
Motion for Summary Judgment, DKT. 121-5 ................................JA1260

Exhibits 1-10 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-1................................................................JA1271

**VOLUME 3 (JA1298-JA1677)**

Exhibits 1-10 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-1 (continued)................................................JA1298

Exhibits 11-20 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-2................................................................JA1569

### VOLUME 4 (JA1678-JA2057)

Exhibits 11-20 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-2 (continued).................................................JA1678

Exhibits 21-40 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-3.................................................................JA1938

### VOLUME 5 (JA2058-JA2437)

Exhibits 21-40 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-3 (continued).............................................JA2058

Exhibits 41-60 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-4.................................................................JA2107

Exhibits 61-80 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-5.................................................................JA2204

Exhibits 61-80 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-5.................................................................JA2258

Exhibits 81-100 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-6.................................................................JA2296

### VOLUME 6 (JA2438-JA2817)

Exhibits 81-100 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-6 (continued).............................................JA2438

Exhibits 101-120 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-7.................................................................JA2527

Exhibits 121-140 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-8.................................................................JA2644

### VOLUME 7 (JA2818-JA4847)

Exhibits 141-157 to Public.Resource.Org's Motion for Summary
Judgment, DKT. 122-9.................................................................JA2818

Exhibit 3 to Declaration of Kathleen Lu in Support of
Public.Resource.Org's Motion to Strike, DKT. 124-5 ..................................JA2952

Declaration of Steve Comstock in Support of Plaintiffs' Reply to
Opposition to Motion for Summary Judgment, DKT. 155-5 ........................JA2955

Declaration of Christian Dubay in Support of Plaintiffs' Reply to
Opposition to Motion for Summary Judgment, DKT. 155-6 ........................JA2960

Exhibit A to Declaration of Christian Dubay in Support of Plaintiffs'
Reply to Opposition to Motion for Summary Judgment, DKT. 155-6,
exhibit A (Material Under Seal) ...................................................................JA2965

Supplemental Declaration of Thomas B. O'Brien, Jr. in Support of
Plaintiffs' Reply to Opposition to Motion for Summary Judgment,
DKT. 155-7 ...................................................................................................JA3849

Exhibit 10 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 163-6 (Material Under Seal)...............................................................JA3925

Exhibit 11 to Declaration of Matthew Becker in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 163-7 (Material Under Seal)...............................................................JA3928

Declaration of Matthew Becker in Support of Public.Resource.Org's
Motion for Summary Judgment, DKT. 164-1 ...............................................JA3930

Public.Resource.Org's Supplemental Statement of Undisputed
Material Facts in Support of Public.Resource.Org's Motion
for Summary Judgment, DKT. 164-3 ............................................................JA3934

Supplemental Declaration of Carl Malamud in Support of
Public.Resource.Org's Motion for Summary Judgment,
DKT. 164-8 ...................................................................................................JA3941

Exhibit 5 to Supplemental Declaration of Carl Malamud in Support
of Public.Resource.Org's Motion for Summary Judgment,
DKT. 164-13 .................................................................................................JA3943

vi

Exhibit 6 to Supplemental Declaration of Carl Malamud in Support
of Public.Resource.Org's Motion for Summary Judgment,
DKT. 164-14 ......................................................................................JA3988

Memorandum Opinion, DKT. 175.......................................................JA4003

Exhibit 156 to Declaration of Jane W. Wise in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-40 .................JA4822

**VOLUME 8 (JA4848-JA7295)**

Exhibit 156 to Declaration of Jane W. Wise in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-40 (continued)..............JA4848

Exhibit 167 to Declaration of Jane W. Wise in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-48 .................JA4927

Exhibit 173 to Declaration of Jane W. Wise in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-48 .................JA4934

Declaration of James S. Thomas and Exhibits in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-49 .................JA4940

Supplemental Declaration of James T. Pauley in Support of Plaintiffs'
Second Motion for Summary Judgment, DKT. 198-50 .................JA4985

Plaintiffs' Memorandum in Support of Second Motion for Summary
Judgment and for Permanent Injunction, DKT. 199-1
(Material Under Seal) (Public Version at DKT. 200)....................JA5001

Plaintiffs' Second Supplemental Statement of Material Facts in
Support of Second Motion for Summary Judgment, DKT. 199-2
(Material Under Seal) (Public Version at DKT. 201)....................JA5059

Exhibit D to the Supplemental Declaration of James T. Pauley
in Support of Second Motion for Summary Judgment,
DKT. 199-15 (Material Under Seal) ............................................JA5121

Exhibit F to the Supplemental Declaration of James T, Pauley
in Support of Second Motion for Summary Judgment,
DKT. 199-17 (Material Under Seal) ..............................................JA5223

Exhibit P to the Supplemental Declaration of James T. Pauley
in Support of Second Motion for Summary Judgment,
DKT. 199-27 (Material Under Seal) ..............................................JA5571

Exhibit T to the Supplemental Declaration of James T. Pauley
in Support of Second Motion for Summary Judgment,
DKT. 199-31 (Material Under Seal) ..............................................JA6501

Exhibit V to the Supplemental Declaration of James T. Pauley
in Support of Second Motion for Summary Judgment,
DKT. 199-33 (Material Under Seal) ..............................................JA6916

Supplemental Declaration of Stephanie Reiniche in Support of
Second Motion for Summary Judgment, DKT. 198-53 ................JA6944

Exhibit 1 to Supplemental Declaration of Stephanie Reiniche in
Support of Second Motion for Summary Judgment, DKT. 199-34,
exhibit 1 (Material Under Seal) ...................................................JA6948

Public Resource's Second Motion for Summary Judgment, DKT. 202.........JA7139

Public Resource's Second Supplemental Statement of Material Facts
in Opposition To Plaintiffs' Motion for Summary Judgment and
Permanent Injunction, and in Support of Public Resource's Second
Motion for Summary Judgment, DKT. 203-2 (Material Under Seal) ...........JA7142

Exhibit 77 to Public Resource's Second Motion for Summary
Judgment, DKT. 203-27 (Material Under Seal) ...........................JA7197

Declaration of Carl Malamud in Support of Public Resource's Second
Motion for Summary Judgment, DKT. 204-4 ...............................JA7199

Declaration of Matthew Becker in Support of Public Resource's
Second Motion for Summary Judgment, DKT. 204-5 ...................JA7216

Exhibit 34 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-40 ................................................................JA7226

Exhibit 36 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-42 ................................................................JA7228

**VOLUME 9 (JA7296-JA7675)**

Exhibit 36 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-42 (continued)...............................................JA7296

Exhibit 37 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-43 ................................................................JA7317

Exhibit 38 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-44 ................................................................JA7439

Exhibit 40 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-46 ................................................................JA7541

Exhibit 41 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-47 ................................................................JA7655

**VOLUME 10 (JA7676-JA8154)**

Exhibit 41 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-47 (continued)...............................................JA7676

Exhibit 42 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-48 (Material Under Seal) ............................JA7761

Exhibit 43 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-49 ................................................................JA7861

Exhibit 44 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-50 ................................................................JA7959

Exhibit 45 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-51 ................................................................JA8045

## VOLUME 11 (JA8155-JA8817)

Exhibit 45 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-51 (continued) ................................................................ JA8155

Exhibit 46 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-52 (Material Under Seal) ............................................. JA8165

Exhibit 55 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-61 (Material Under Seal) ............................................. JA8269

Exhibit 56 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-62 (Material Under Seal) ............................................. JA8297

Exhibit 60 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-66 ................................................................................... JA8324

Exhibit 72 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-78 (Material Under Seal) ............................................. JA8327

Exhibit 73 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-79 (Material Under Seal) ............................................. JA8352

Exhibit 74 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-80 (Material Under Seal) ............................................. JA8378

Exhibit 75 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-81 (Material Under Seal) ............................................. JA8405

Exhibit 76 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-82 (Material Under Seal) ............................................. JA8435

Exhibit 77 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-83 (Material Under Seal) ............................................. JA8438

Exhibit 78 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-84 (Material Under Seal) ............................................. JA8440

Exhibit 79 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-85 (Material Under Seal) ............................................. JA8446

Exhibit 80 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-86 (Material Under Seal) ..............................JA8448

Exhibit 84 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-90 ...........................................................JA8450

Exhibit 85 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-91 ...........................................................JA8456

Exhibit 86 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-92 ...........................................................JA8471

Exhibit 87 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-93 ...........................................................JA8489

Exhibit 88 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-94 ...........................................................JA8491

Exhibit 89 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-95 ...........................................................JA8534

Exhibit 90 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-96 ...........................................................JA8538

Exhibit 91 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-97 ...........................................................JA8654

Exhibit 96 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-102 .........................................................JA8667

Exhibit 97 to Public Resource's Second Motion for Summary
Judgment, DKT. 204-103 (Material Under Seal) .........................JA8729

Plaintiffs' Statement of Disputed Facts and Objections in Opposition
to Public Resource's Second Supplemental Statement of Material
Facts, DKT. 212-1 (Material Under Seal)
(Public Version at DKT. 213-20)................................................JA8733

**VOLUME 12 (JA8818-JA9197)**

Plaintiffs' Statement of Disputed Facts and Objections in Opposition
to Public Resource's Second Supplemental Statement of Material
Facts, DKT. 212-1 (Material Under Seal)
(Public Version at DKT. 213-20) (continued) ................................................JA8818

Plaintiffs' Third Supplemental Statement of Material Facts in
Support of Second Motion for Summary Judgment, DKT. 213-1 ................JA8858

Exhibit 176 to Declaration of Jane W. Wise in Support of Second
Motion for Summary Judgment, DKT. 213-6 ................................................JA8864

Supplemental Reply Declaration of Matthew Becker in Support of Public
Resource's Second Motion for Summary Judgment, DKT. 215-3................JA9005

Exhibit 98 to Supplemental Reply Declaration of Matthew Becker in
Support of Public Resource's Second Motion for Summary Judgment,
DKT. 215-4 ....................................................................................................JA9010

**VOLUME 13 (JA9198-JA9505)**

Exhibit 98 to Supplemental Reply Declaration of Matthew Becker in
Support of Public Resource's Second Motion for Summary Judgment,
DKT. 215-4 (continued)................................................................................JA9198

Exhibit 99 to Supplemental Reply Declaration of Matthew Becker in
Support of Public Resource's Second Motion for Summary Judgment,
DKT. 215-5 ....................................................................................................JA9249

Memorandum and Opinion re Plaintiffs' Motion for Summary
Judgment and Permanent Injunction, and Defendant's Cross-Motion
for Summary Judgment, DKT. 239................................................................JA9265

Appendix to Memorandum and Opinion re Plaintiffs' Motion for
Summary Judgment and Permanent Injunction, and Defendant's
Cross-Motion for Summary Judgment, DKT. 239-1......................................JA9312

Order granting in part and denying in part Plaintiffs' Motion for
Summary Judgment; granting in part and denying in part Plaintiffs'

Motion for Permanent Injunction; granting in part and denying in
part Defendant's Cross-Motion for Summary Judgment, DKT. 240 ............JA9499

Notice of Appeal ............................................................................JA9502

## VOLUME 14 (JA09506-JA09547)

Exhibit 58 to the Supplemental Declaration of Matthew Becker in Opposition to
[198] Plaintiff's Motion for Summary Judgment, Exhibit 9 from the deposition of
Mary Saunders, IBR Handbook, July 2018, DKT. 204-64...................JA09506

# EXHIBIT 58

# IBR HANDBOOK

July 2018

Office of the Federal Register
OFR-Legal@gpo.gov | 202-741-6030



EXHIBIT

Saunders  9

8.15.19

IBR HANDBOOK | July 2018

# Overview

Incorporation by reference (IBR) allows Federal agencies (you) to comply with the requirement to publish rules in the *Federal Register* and the Code of Federal Regulations (CFR) by referring to material already published elsewhere. This makes IBR an efficient way for agencies to maximize their reliance on voluntary consensus standards and minimize their reliance on government-unique standards. When Federal agencies use such material, it saves taxpayer money, encourages efficiency, and promotes economic competition.

When an agency proposes to incorporate material by reference, the agency must balance the following:

- Its statutory obligations regarding reasonable availability of the material,

- U.S. copyright law,

- U.S. international trade obligations, and

- The agency's ability to substantively regulate under its own authorizing statutes.

This handbook will highlight the issues agencies should consider when thinking about IBRing material into the CFR. The handbook describes the purpose and legal effect of IBR and provides guidance to Federal agencies on the following:

- The factors that agencies should consider when incorporating standards[1] by reference into the CFR;

- The types of material that are eligible for IBR;

- How an agency can request approval for an IBR;

- Using the right IBR language in a rulemaking document;

- Removing the IBR from the CFR.

Where possible, the Legal Affairs and Policy Division of the Office of the Federal Register (we) have included examples and templates, so that the procedures will be as clear as possible.

If your agency is considering using IBR in a regulation, your regulation drafters and agency liaisons should contact us as early as possible (OFR-Legal@gpo.gov). Agencies must follow the approval process in order to properly IBR material into the CFR, and we want to ensure that your document will be reviewed and approved without delay.

You can find the most current version of the IBR Handbook on our website.

---

[1] We use "standard" to refer to a unique publication, regardless of type. Common types of publications include standards, test methods, service material, and technical manuals. We don't distinguish between consensus and non-consensus standards.

www.archives.gov/federal-register/write/handbook/ibr.pdf

**IBR HANDBOOK** July 2018

Overview ......................................................................................................... i

I. Introduction ................................................................................................. 1

    A.  What is Incorporation by Reference (IBR)? ................................................. 1

    B.  What is the Legal Effect of IBR? ............................................................... 1

    C.  What is the Purpose of IBR? ................................................................... 1

    D.  How Do I Know if I Must Use IBR? ........................................................ 1

    E.  When Can I Use IBR? ............................................................................. 3

    F.  Is There Material I Cannot IBR? .............................................................. 3

    G.  Who Should I Contact When I am Considering IBR? ................................. 3

II. What Is the Legal Authority for IBR and the Related Guidance? ..................... 4

    A.  Freedom of Information Act ..................................................................... 4

    B.  Regulations ........................................................................................... 4

    C.  National Technology Transfer and Advancement Act of 1995 (NTTAA) ............... 4

    D.  Office of Management and Budget (OMB) ................................................ 5

    E.  Administrative Conference of the United States (ACUS) .............................. 5

III. Who Approves IBR Requests? ...................................................................... 6

IV. What Types of Material May be Approved for IBR? ...................................... 6

V. When Deciding to Use a Standard, What Should My Agency Consider? ........... 7

    A.  Consider Using Standards on a Case-by-Case Basis ................................. 7

    B.  Determine Which Version of the Standard to Use ..................................... 7

VI. What is the Required Availability for IBR Material? ....................................... 7

    A.  Incorporated Material Must Be Reasonably Available ............................... 7

    B.  Ways to Make Incorporated Material Reasonably Available ...................... 8

    C.  Balancing Procedural Requirements and Substantive Statutory Authority .......... 9

    D.  Web-based Material .............................................................................. 9

    E.  Electronic Material ............................................................................... 10

    F.  Software Applications ........................................................................... 10

www.archives.gov/federal-register/write/handbook/ibr.pdf

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 5 of 42
USCA Case #22-7063   Document #1984637   Filed: 02/03/2023   Page 20 of 57

IBR HANDBOOK | July 2018

VII. When Do I Request Approval for an IBR? ....................................................... 11

VIII. How Do I Request Approval for an IBR? ....................................................... 12

   A.  Review Your IBR Material .......................................................................... 12

   B.  Send an IBR Request Package to the Director of the Federal Register .................. 12

   C.  How do I draft the IBR request letter and Who Can Sign It? ............................... 13

   D.  How Long Will It Take for the OFR to Process My IBR Request? ......................... 15

IX. IBR Language in your Rulemaking Document ................................................. 16

   A.  Advance Notice of Proposed Rulemaking ................................................... 16

   B.  Proposed Rules ....................................................................................... 16

   C.  Final Rules .............................................................................................. 17

X. How Do I Draft IBR Language for the Regulatory Text? ................................. 19

   A.  Advance Notices of Proposed Rulemaking ................................................. 19

   B.  Proposed Rules ....................................................................................... 19

   C.  Final Rules .............................................................................................. 19

XI. How Do I Format Regulatory Text that Contains an IBR? ............................. 21

   A.  Advanced Notices of Proposed Rulemaking ............................................... 21

   B.  Proposed Rules ....................................................................................... 21

   C.  Final Rules .............................................................................................. 21

XII. When and How Do I Make Changes to Incorporated Standards? ................. 24

   A.  Agencies, not the OFR, Determine Whether to Update Incorporated Standards  24

   B.  If Your Agency Withdraws the Final Rule containing the IBR
      or the Final Rule Does Not Go into Effect ................................................... 25

XIII. How Do I Remove IBR Material from the Code of Federal Regulations (CFR)? ..... 25

XIV. IBR Checklist for Final Rules ........................................................................... 26

XV. Templates and Boilerplate Language ............................................................... 27

IBR HANDBOOK   July 2018

# I. Introduction

## A. What is Incorporation by Reference (IBR)?

Incorporation by reference (IBR) allows Federal agencies to comply with the requirement to publish rules in the *Federal Register* and the Code of Federal Regulations (CFR) by referring to material already published elsewhere.

## B. What is the Legal Effect of IBR?

The legal effect of IBR is that the referenced material is treated as if it were published in the *Federal Register* and the CFR.  When IBRed, this material has the force and effect of law, just like all regulations published in the *Federal Register* and the CFR.

## C. What is the Purpose of IBR?

IBR allows agencies to include technical and complex requirements in regulations even when those requirements cannot be published in the *Federal Register* and CFR.  The Administrative Conference of the United States (ACUS) has recommended that agencies use IBR because "IBR furthers important, substantive regulatory policies, enabling agencies to draw on the expertise and resources of private sector standard developers to serve the public interest. IBR allows agencies to give effect to a strong federal policy, embodied in the National Technology Transfer and Advancement Act of 1995 (NTTAA) and OMB Circular A-119, in favor of agency use of voluntary consensus standards."[2]  Congress authorized the Director of the Federal Register to normalize the IBR process in the Freedom of Information Act (5 U.S.C. 552(a)).

## D. How Do I Know if I Must Use IBR?

Anytime you refer to material (it doesn't matter if it is printed or online and it doesn't matter who produced the material) rather than including the content in your regulations, you need to

---

[2] Administrative Conference Recommendation 2011-5, Incorporation by Reference, Adopted December 8, 2011, 77 FR 2257, January 17, 2012 (ACUS Recommendation 2011-5)

www.archives.gov/federal-register/write/handbook/ibr.pdf

**IBR HANDBOOK**   July 2018

ask two questions: 'Does it have a legal citation?' and, if not, 'Is it required to understand or comply with the regulations?'

1.  Does it have a legal citation[3]?

    - If the reference is to a different CFR section or to the U.S. Code, simply cross-reference the material as provided by 1 CFR 21.21 (see sections 2.16 and 3 .16 of the Document Drafting Handbook) and 1 CFR 21.51, 21.52, and 21.53.  If you cross-reference a statute or CFR section, then you are not incorporating anything by reference (see section IV of this handbook).

    - If you have a legal citation that is not covered by 1 CFR part 21, or if you do not have a legal citation, move to the second question.

2.  Is it required to understand or comply with the regulations? Do your regulations require that a party "resort to[4]" material that is not published in the *Federal Register*?

    - If the material is required and it has a legal citation not covered by 1 CFR part 21, contact us (OFR-Legal@gpo.gov).

    - If the material is required and does not have a legal citation, then you must seek IBR approval.

    - If the material is agency-produced material (by your agency or by another Federal agency), then you must overcome the presumption that agency-produced material should be included in full in your regulations (see section IV of this handbook).

    - If the material is ineligible for IBR approval (see section IV of this handbook), then you will need to include the material in your regulations if you want to require it.

---

[3] Legal citations include CFR, U.S.C. and Pub.L. citations.

[4] 5 U.S.C. 552(a).

IBR HANDBOOK  July 2018

## E. When Can I Use IBR?

Incorporation by reference is only available if the regulations are published in the CFR. You must have formal approval of your IBR request before you may publish a final rule document with IBR within one or more amendatory instructions.

We review preambles of proposed rules to ensure you have discussed any material you are proposing to IBR into the CFR. However, you will not request or receive formal approval for any potential IBR material referenced in a proposed rule.

You cannot IBR material into documents that publish in the Notices sections of the daily *Federal Register*.

## F. Is There Material I Cannot IBR?

You cannot IBR material that has already been published in the *Federal Register*, regardless of the agency that published it. This means that you cannot remove codified material from your regulations, create a new document, and then IBR the document.

If any of that material is actually included in the CFR, use a cross-reference as discussed above. If there is no current CFR citation, then you must include the material in full in your regulations.

There is a presumption that agency-produced material is not eligible for IBR. If you want to require use of that material, you have two options: overcome the presumption and show that it cannot be published in the FR/CFR system; or include the material in full in your regulations (see section IV of this handbook for more information).

You cannot IBR material in a Notice-category document, in a proposed rule[5], or in guidance.

## G. Who Should I Contact When I am Considering IBR?

If you are considering using IBR in a regulation, your regulation drafters and agency liaisons should contact us as early as possible. Since this is a technical subject area, contacting the OFR

---

[5] Although the Director doesn't formally approve IBR for proposed rules, we still informally review the proposal to make sure it meets the requirements of 1 CFR part 51 (see section VII of this handbook).

**IBR HANDBOOK**   July 2018

during the drafting process avoids common drafting problems.  It also reduces delay of the review and approval of your request.  You can contact the Legal Division at (202) 741-6030 or OFR-Legal@gpo.gov. However, the OFR cannot advise if your agency should IBR a standard or which standard to IBR.

*Remember*: We can only work with Federal employees.  If you have contractors helping to draft your regulations, you must work with us on their behalf.

# II. What Is the Legal Authority for IBR and the Related Guidance?

## A. Freedom of Information Act

The Freedom of Information Act (FOIA) authorizes the use of IBR (5 U.S.C. 552(a)).

1. The FOIA allows agencies to incorporate by reference material "reasonably available to the class of persons affected" into the CFR.

2. The FOIA requires the Director of the Federal Register to approve all IBR requests.

## B. Regulations

1. You can find the OFR's regulations on IBR at 1 CFR part 51.

2. ACFR regulations, specifically 1 CFR 2.4(b), allow the Director to return documents if those documents don't meet the publication requirements.

## C. National Technology Transfer and Advancement Act of 1995 (NTTAA)

IBR gives agencies an efficient way to use voluntary consensus standards, as provided for in the NTTAA (Pub. L. 104-113).

The NTTAA directs agencies to use voluntary consensus standards instead of government-unique standards when it is practical and consistent with law. Agencies should consult

with voluntary, private sector, consensus standards bodies. Agencies should also participate in the development of technical standards when such participation is in the public interest and compatible with agency missions, priorities, and resources.

## D. Office of Management and Budget (OMB)

The OMB issued two documents that provide valuable information to agencies who work with standards and are considering IBRing standards into their regulations

1. Circular A-119, "Federal Participation in the Development of Voluntary Consensus Standards and in Conformity Assessment Activities." This Circular includes guidance on IBR.

2. Memorandum M-12-08, "Principles for Federal Engagement in Standards Activities to Address National Priorities." The Memorandum describes the five fundamental strategic objectives for Federal involvement in standards development and other activities related to standards.

## E. Administrative Conference of the United States (ACUS)

ACUS Recommendation 2011-5, Incorporation by Reference, focuses on three issues agencies frequently confront when incorporating by reference:

1. Ensuring material incorporated by reference is reasonably available to regulated and other interested parties;

2. Updating regulations that incorporate by reference; and

3. Navigating procedural requirements and resolving drafting difficulties when incorporating by reference.

This recommendation identifies and encourages those approaches that have proven most successful.

JA09515

**IBR HANDBOOK**   July 2018

# III. Who Approves IBR Requests?

**ONLY** THE DIRECTOR OF THE FEDERAL REGISTER CAN APPROVE IBR REQUESTS.

- The Director of the Federal Register decides when an agency has completed the process and met the requirements in 1 CFR part 51 for incorporating material by reference in its regulations.

- Publication in the *Federal Register* of a document containing reference(s) to incorporated material does not in itself constitute an approval of the IBR by the Director.

# IV. What Types of Material May be Approved for IBR?

- The Director may approve an IBR request if the material:

  o Is published data, criteria, standards, specifications, techniques, illustrations, or similar material;

  o Is reasonably available to and usable by the class of persons affected by the publication; and

  o Does not reduce the usefulness of the FR/CFR system;

- The agency must show that incorporating the material:

  o Benefits the Federal Government and members of affected classes; or

  o Substantially reduces the volume of material published in the *Federal Register* and the CFR.

- The Director will approve an agency-produced publication for IBR only if the material:

  o Meets the requirements above and possesses other unique or highly unusual qualities; or

  o Is impossible or impractical to print in the FR/CFR system.

- The Director will not approve an IBR of any of the following material:

**IBR HANDBOOK**   July 2018

---

   o  Material published previously in the *Federal Register* or the CFR; or

   o  Material published in the United States Code.

*Remember*: Non-approval does not mean that you can reference the material and leave out the IBR approval language.  If you want to require the material and the Director does not approve the IBR, you must include the material in full in your regulations.

# V. When Deciding to Use a Standard, What Should My Agency Consider?

## A. Consider Using Standards on a Case-by-Case Basis

An agency should consider using a standard on a case-by-case basis.  Agencies consider many factors, including how the use of the standard will affect the economy and existing laws.  For more guidance, see OMB Circular A-119 and ACUS Recommendation 2011-5.

## B. Determine Which Version of the Standard to Use

The agency determines which version of the standard it will incorporate. We cannot advise you on which version to IBR.  We know, from questions misdirected to our office, that your regulated public likely will have questions about why you chose a particular version. No matter which version of a standard you decide to IBR, we recommend discussing why you chose a particular version of a standard as part of your summary of the IBRed material in the preamble of your final rule.

# VI. What is the Required Availability for IBR Material?

## A. Incorporated Material Must Be Reasonably Available

1.  Material that is incorporated by reference must be "reasonably available" during the lifecycle of the relevant regulation and its regulatory programs. This can pose a challenge for agencies, especially when the material is copyrighted.  We interpret

---

IBR HANDBOOK   July 2018

"reasonably available" in a flexible, case-by-case manner that takes specific situations into consideration. However, the agency must provide the basis for a finding of "reasonably available."

2. When necessary, the responsible agency should collaborate with the standards development organizations and other publishers of incorporated material to ensure that the public has reasonable access to the incorporated documents.

## B. Ways to Make Incorporated Material Reasonably Available

Agencies considering IBR need to determine if and how the material is available to both regulated and other interested parties.  If more than one standard meets the agency's need, the agency should consider availably of the standards when determining which standard it seeks to IBR.

Some agencies have successfully worked with copyright owners to further the goals of both transparency and public-private collaboration.  For example, ACUS recommends[6] agencies can consider obtaining permission from the copyright holder to:

- Make a read-only copy of the incorporated material available in the agency's public electronic docket during the time that the rulemaking is under consideration; or

- Make the incorporated material publicly available in read-only form on the copyright owner's website[7].

*Remember*: Read-only access, on its own, may not meet the reasonable availability requirement at the final rule stage of rulemaking. If the regulated parties aren't able to use the material (which may be different that simply reading or accessing it) throughout the life of the rulemaking, this could lead to enforcement issues.

---

[6] ACUS Recommendation 2011-5.

[7] An example is the ANSI IBR Standards Portal.

IBR HANDBOOK | July 2018

## C. Balancing Procedural Requirements and Substantive Statutory Authority

1. When you propose to incorporate material by reference, under the NTTAA, you must balance the following:

   a. Statutory obligations regarding reasonable availability of the standards under FOIA,

   b. U.S. copyright law,

   c. U.S. international trade obligations, and

   d. The ability to substantively regulate under its own authorizing statutes.

2. When you decide to incorporate material, the preamble of your rulemaking document (proposed and finale rules) must:

   a. Discuss how the incorporated material is available to parties,

   b. Indicate where the incorporated material can be reviewed or obtained, and

   c. Summarize the individual standards.

The preamble requirements in 1 CFR part 51 ensure that readers can understand how the incorporated material fits into the regulation and where to find and review the standards. We will be able to review your request more quickly and efficiently if you draft the preamble so that this discussion is under a specific heading.

Some headings that agencies are using include:

- Incorporation by reference

- Analysis under 1 CFR part 51

- NTTAA and 1 CFR part 51

## D. Web-based Material

In some cases, the Director may approve web-based material; however:

1. Web-based material must meet all other IBR requirements.

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 15 of 42
USCA Case #22-7063      Document #1984637      Filed: 02/03/2023      Page 30 of 57

IBR HANDBOOK   July 2018

2. When submitting web-based material, you must clearly identify the material, including a version number (when applicable) and a date. You must also provide a paper or read-only electronic copy for our records.

The Director will not approve a third-party website or a website with dynamically generated content. If you have questions about web-based material, contact OFR-Legal@gpo.gov.

## E. Electronic Material

If you want to submit your IBR request electronically contact us for the proper procedure. We require that all material associated with an IBR request be provided as all paper copies or all electronic files.

Our regulations require that you make IBRed material available for examination by the public. We encourage you to establish a uniform means of storing and archiving IBRed material within your agency even if it is in a different format than you send to us. For example, if you send us a paper copy, you may still store and archive an electronic copy that matches the paper.

## F. Software Applications

1. The Director may approve open-source code for applications. The Director will not approve software in application-form.

2. The application code must meet all other IBR requirements.

3. You must clearly identify the version and provide us a hard copy or read-only electronic copy of the code.

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 16 of 42
USCA Case #22-7063      Document #1984637      Filed: 02/03/2023      Page 31 of 57

IBR HANDBOOK | July 2018

# VII. When Do I Request Approval for an IBR?

Do NOT request approval for proposed rule documents. In cases where IBR is being proposed, we conduct a limited review after you send these documents in for publication but before our general editing process begins.

Before you send your final rule in for publication, you *must* request formal IBR approval if you are:

1. IBRing a new standard,

2. IBRing a different version of a standard,

3. adding a currently-approved IBR standard to a new section,

4. redesignating a section with already approved IBR material, or

5. IBRing a standard already approved for another agency.

For items 3-5 (above), you do not have to give us another copy of the standard(s). You need to say in your request letter that you are not including that specific standard and you must specify the section and paragraph where the standard was already approved.  This will reduce questions we have about your IBR request.

For item 3 (above), you must summarize the standard in the current rule's preamble.

For item 4 (above), you may or may not need to summarize each standard in the current rule's preamble.  Contact OFR-Legal@gpo.gov for requirements specific to your rule.

You may not send us the final rule for publication before receiving the Director's approval to publish.

A document might publish in the *Federal Register* that contains reference(s) to incorporated material, since the Director does not review each document submitted for publication. However, without the Director's formal IBR approval, the material referenced is not IBRed.

IBR HANDBOOK   July 2018

# VIII. How Do I Request Approval for an IBR?

- *For PROPOSED RULE documents* (including ANPRMs), simply send in the document for publication.

- *For FINAL RULE documents,* follow these steps:

## A. Review Your IBR Material

Before you submit a request, make sure all the IBR material is:

1. Legible with no extraneous marks or annotations;

2. Complete; and

3. Clearly identified by the publisher, identification number of the publication, title, edition (if any), author (if appropriate), and date. (See Example 1, Example 2.)

## B. Send an IBR Request Package to the Director of the Federal Register

Your package must include:

1. A signed letter requesting approval of the incorporation and the date you emailed the required Word files to OFR-Legal@gpo.gov;

2. A complete copy of all the material to be incorporated, and

3. 2 MS Word files, emailed to OFR-Legal@gpo.gov: the file with a complete copy of the DRAFT final rule and the file of the request letter. The email must include the date that you sent or intend to send the signed letter. **The DRAFT rule must be in a single file, as if you were submitting that document for publication. Don't combine the request letter and draft rule in a single file.**

If you send the IBR request by U.S. mail, be sure to use the address found in the sample letter. (We strongly discourage this practice, however. U.S. mail is irradiated before it

JA09522

IBR HANDBOOK | July 2018

comes to us, which can damage the documents and delay delivery of the package. If there is too much damage, you will have to resend the IBR material.)

You may hand deliver or courier (including UPS and FedEx) your IBR package to our office in Washington, DC. The street address is:

7 G Street, NW, Suite A-734, Washington, DC 20401

## C. How do I draft the IBR request letter and Who Can Sign It?

Send a letter to the Director of the Federal Register specifically requesting IBR approval and including the following information (see Example 1, Example 2, Template 1):

1. The identification designation, usually an alpha-numeric designation[8], title, date, version, and author of each standard you wish to IBR, grouped by publisher,

2. The title and section where you wish to IBR a standard, including any centralized IBR sections. Include references to the lowest paragraph level in the section that requires the use of the standard, for example 40 CFR 63.17(b)(1)(iii)(A). This is more detailed than what you include in a centralized IBR section. You do not need to include the paragraph level for the centralized IBR section in the request letter; the title and section are sufficient,

3. The date that you emailed the required MS Word files, and

4. Who to contact at your agency regarding your IBR request along with their phone number and email address.

We will accept signatures from OFR liaison officers, program staff, or agency attorneys, among others, so the request letter does not necessarily have to be signed by the head of your agency. To determine the Federal employee(s) in your agency who may sign an IBR request letter, ask your agency's attorneys.

---

[8] Even if the standard's designation contains a partial date, for example ASTM F1234-12, this is not the same as the date of the document. You must include the date in addition to the designation.

IBR HANDBOOK | July 2018

*Example 1: Identifying an ASTM standard*

The designation is at the top of the title page and in the header of the standard.  The approval date is in footnote 1:

*ASTM D4809-13, Standard Test Method for Heat of Combustion Liquid Hydrocarbon Fuels by Bomb Calorimeter (Precision Method), approved May 1, 2013.*



**Designation: D4809 – 13**

**Standard Test Method for**
**Heat of Combustion of Liquid Hydrocarbon Fuels by Bomb**
**Calorimeter (Precision Method)[1]**

This standard is issued under the fixed designation D4809; the number immediately following the designation indicates the year of original adoption or, in the case of revision, the year of last revision. A number in parentheses indicates the year of last reapproval. A superscript epsilon (ε) indicates an editorial change since the last revision or reapproval.

*This standard has been approved for use by agencies of the U.S. Department of Defense.*

---

[1] This test method is under the jurisdiction of ASTM Committee D02 on Petroleum Products and Lubricants and is the direct responsibility of Subcommittee D02.05 on Properties of Fuels, Petroleum Coke and Carbon Material.
    Current edition approved May 1, 2013. Published May 2013. Originally approved in 1988. Last previous edition approved in 2009 as D4809 – 09a[2]. DOI: 10.1520/D4809-13.

[2] For referenced ASTM standards, visit the ASTM website, www.astm.org, or contact ASTM Customer Service at service@astm.org. For *Annual Book of ASTM Standards* volume information, refer to the standard's Document Summary page on the ASTM website.

 **D4809 – 13**

JA09524

**IBR HANDBOOK**  July 2018

*Example 2: Identifying an SAE standard*

The designation and type of date are at the top of the title page and in the header of the standard:
*SAE J1634, Electric Vehicle Energy Consumption and Range Test Procedure, Cancelled October 2002.*



## D. How Long Will It Take for the OFR to Process My IBR Request?

We will notify you of the decision to approve or disapprove an IBR request within 20 working days after you submitted the request and all required material. If edits are required, we will contact you before the end of the 20-day period.

- The 20-day period begins when we receive legally-sufficient material for all elements of the request.

- Failure to follow this procedure will delay the processing of your request.

- We do not offer expedited or emergency review of IBR requests.

Your agency has 2 years from the date of the approval letter to send in the final rule for publication, unless you ask for an extension before that date. After 2 years, you will need to send in a new request for IBR approval.

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 21 of 42
USCA Case #22-7063     Document #1984637     Filed: 02/03/2023     Page 36 of 57

IBR HANDBOOK   July 2018

# IX. IBR Language in your Rulemaking Document

## A. Advance Notice of Proposed Rulemaking

1. For advance notices of proposed rulemaking (ANPRs), you do not have to request formal approval of IBR. However, to promote transparency and consistency, you may wish to include IBR language in the regulation text of your ANPR.

2. The Director will approve the ANPRM IBR informally, as part of the publication process, as long as the term "Incorporation by reference" is included in the List of Subjects for the relevant part, and the preamble of the ANPRM includes an **easily identifiable** section that does two things (see Example 3, Example 4, Example 5):

   a. Identifies and individually summarizes the standards that you propose to IBR;

   b. Identifies any IBR material previously approved for IBR, if that material is unchanged but appears as part of revised or republished regulatory text;and

   c. Discusses the ways that the proposed IBR material is reasonably available to interested parties, or how you worked to make that material reasonably available to interested parties for the purposes of the proposed rule.

3. If the preamble of the ANPRM does not meet these requirements, the Director will return the ANPRM to your agency.

4. If you include IBR language in your regulation text, consider following the drafting procedures described in section X.C.2 of this handbook.

   If you have questions about how to include IBR in an ANPRM, contact OFR-Legal@gpo.gov.

## B. Proposed Rules

1. For proposed rules, you do not have to request formal approval of IBR. However, to promote transparency and consistency, you may wish to include the IBR language in the regulation text of your proposed rule.

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 22 of 42
USCA Case #22-7063      Document #1984637      Filed: 02/03/2023      Page 37 of 57

IBR HANDBOOK | July 2018

2. The Director will informally approve the proposed IBR, as part of the publication process, as long as the term "Incorporation by reference" is included in the List of Subjects for the relevant part, and the preamble of the proposed rule includes an **easily identifiable** section that does two things (see Example 3, Example 4, Example 5):

   a. Identifies and individually summarizes the standards that you propose to IBR;

   b. Identifies any IBR material previously approved for IBR, if that material is unchanged but appears as part of revised or republished regulatory text; and

   c. Discusses the ways that the proposed IBR material is reasonably available to interested parties, or how you worked to make that material reasonably available to interested parties for the purposes of the proposed rule.

3. If the preamble of the proposed rule does not meet these requirements, the Director will return the proposed rule to the agency.

4. If you include IBR language in the regulatory text of your proposed rule, you should follow the drafting procedures described in section X.C.2. of this handbook.

## C. Final Rules

1. You must request approval for each standard you wish to IBR, and you may not send us the final rule with those standards for publication before you receive the Director's approval.

2. The Director will formally approve the IBR request when it meets the content and format requirements in sections X.C. and XI.C. of this handbook (see also Example 3, Example 4, Example 5).

3. If you send a final rule for publication without formal IBR approval, the Director will kill and return the document to your agency.

JA09527

IBR HANDBOOK | July 2018

---

*Example 3: Preamble - reasonable availability*

…the American Petroleum Institute (API), provides free online public access to view read only copies of its key industry standards, including a broad range of technical standards. All API standards that are safety-related and that are incorporated into Federal regulations are available to the public for free viewing online in the Incorporation by Reference Reading Room on API's website at: http://publications.api.org.[2] In addition to the free online availability of these standards for viewing on API's website, hardcopies and printable versions are available for purchase from API. The API website address to purchase standards is: http://www.api.org/publications-standards-and-statistics/publications/government-cited-safety-documents.

*Example 4: Preamble - IBR summary*

API RP 14H, Recommended Practice for Installation, Maintenance and Repair of Surface Safety Valves and Underwater Safety Valves Offshore was withdrawn by API and superseded by API STD 6AV2—Installation, Maintenance, and Repair of Surface Safety Valves and Underwater Safety Valves Offshore. API STD 6AV2, first edition 2014 revises and supersedes API Recommended Practice 14H, Fifth Edition 2007. API STD 6AV2 provides practices for installing and maintaining SSVs and USVs used or intended to be used as part of a safety system, as defined by documents such as API Recommended Practice 14C. The standard includes provisions for conducting inspections, installations, and maintenance, field and off-site repair. Other provisions address testing procedures, acceptance criteria, failure reporting, and documentation. Significant changes include updated definitions; new provisions for qualified personnel; documentation, test procedures and acceptance criteria for post-installation and post-field repair, and offsite repair and remanufacture alignment to API 6A.

*Example 5: Preamble - reasonable availability with IBR summary elsewhere in preamble*

VIII.   Incorporation by Reference

Section 1237.2 of the final rule provides that booster seats must comply with applicable sections of ASTM F2640-18. The OFR has regulations concerning incorporation by reference. 1 CFR part 51. These regulations require that, for a final rule, agencies must discuss in the preamble to the rule the way in which materials that the agency incorporates by reference are reasonably available to interested persons, and how interested parties can obtain the materials. Additionally, the preamble to the rule must summarize the material. 1 CFR 51.5(b).

In accordance with the OFR's requirements, the discussion in section IV of this preamble summarizes the required provisions of ASTM F2640-18. Interested persons may purchase a copy of ASTM F2640-18 from ASTM, either through ASTM's website, or by mail at the address provided in the rule. A copy of the standard may also be inspected at the CPSC's Office of the Secretary, U.S. Consumer Product Safety Commission. Note that the Commission and ASTM arranged for commenters to have "read-only" access to ASTM F2640-17 ε1 during the NPR's comment period.

---

# X. How Do I Draft IBR Language for the Regulatory Text?

## A. Advance Notices of Proposed Rulemaking

We do not review specific IBR language set out in the regulatory text section in ANPRMs. However, to promote transparency and consistency, you may wish to include IBR language in your ANPRM. If you include IBR language in your ANPRM, you should follow the drafting procedures described in C.2 of this section. If you choose to include IBR language, you must follow the formatting requirements of section XI.C.2. of this handbook.

## B. Proposed Rules

We do not review specific IBR language set out in the regulatory text section of proposed rules or in supplemental proposed rules, unless you ask us to. However, to promote transparency and consistency, you should include IBR language in your proposed regulatory text. If you include IBR language in your notice of proposed rulemaking, you should follow the drafting procedures described in C.2 of this section. If you choose to include IBR language, you must follow the formatting requirements of section XI.C.2. of this handbook.

## C. Final Rules

### 1. Preamble text

The preamble text in your final rule must include language as follows:

a. The DATES caption

i. DATES must include an approval statement that indicates the date the Director of the Federal Register approved the IBR. It is not necessary to name each approved standard in the DATES section. The effective date of the final rule and the approval date of the incorporation by reference are always the same date (see Template 2).

ii. DATES should also include the approval date of any IBR material previously approved for IBR, if that material in unchanged but appears as part of revised or republished regulatory text (see Example 6).

IBR HANDBOOK   July 2018

b. The preamble of the final rule includes an **easily identifiable** section that (see Example 3, Example 4, Example 5):

    i. Identifies and individually summarizes the material that you are IBRing;

    ii. Identifies any IBR material previously approved for IBR, if that material is unchanged but appears as part of revised or republished regulatory text; and

    iii. Discusses the ways that the IBR material is reasonably available to interested parties.

c. The List of Subjects at the end of the preamble must include the term "Incorporation by reference."

## 2. Regulatory text

The regulatory text in your final rule must:

a. Include the words "incorporation by reference" or a form of that phrase, such as "IBR".

b. Identify the material to be incorporated, by identification designation of the standard[9], title, date, version, and author, organized by publisher. This must EXACTLY match the title page, cover sheet, transmittal letter, or other front matter of your incorporated document (see section XI.C. of this handbook, Example 1, Example 2).

c. Contain statements of availability stating where:

    i. The standard(s) can be inspected at your agency, and

    ii. Where copies can be obtained from the publisher.

d. Include in the statements of availability:

    i. Agency street or internet address[10] where the public can inspect the material;

---

[9] Remember, even if the standard's designation contains a partial date, for example ASTM F1234-12, this is not the same as the date of the document. You must include the date in addition to the designation.

[10] You cannot use a website or domain that is not owned by your agency.

IBR HANDBOOK | July 2018

   ii.    Agency phone number for questions from the public regarding the material; and

   iii.   Publisher address, phone number, email, and internet address

  e.  Refer to 5 U.S.C. 552(a) and include a statement that the Director of the Federal Register approves the incorporation by reference (see Template 3, Template 4).

*Example 6: DATES, previously-approved IBR*

> The incorporation by reference of ANSI/TIA-4965-2012 is approved by the Director of the Federal Register as of March 30, 2018. The incorporation by reference of the material in § 20.19 was approved by the Director of the Federal Register as of June 6, 2008 and August 16, 2012. The incorporation by reference of the other material in § 68.317 was approved by the Director of the Federal Register as of October 23, 1996.

# XI. How Do I Format Regulatory Text that Contains an IBR?

## A. Advanced Notices of Proposed Rulemaking

We do not formally review specific IBR language in the text of ANPRMs. However, to promote transparency and consistency, you may wish to include IBR language in the regulatory text of your ANPRM. If you include IBR language in your regulatory text, you must follow the formatting requirements of C.2 of this section.

## B. Proposed Rules

We do not formally review specific IBR language in proposed regulatory text. However, to promote transparency and consistency, you may wish to include IBR language in your proposed regulatory text. If you include IBR language in your regulatory text, you must follow the formatting requirements of C.2 of this section.

## C. Final Rules

Formatting the IBR language in your regulatory text depends on how many standards you have and whether or not you have (or need) a centralized IBR structure.

IBR HANDBOOK   July 2018

1. **Number of standards**

(Regardless of the number of standards, if you have a centralized IBR structure in place, you must use that structure.)

a. *One Standard IBRed into one section*

   i. Place the required IBR language immediately after the first reference that you make to an IBRed document in the section (see Template 5);

   ii. Include the IBR language for each standard in a designated IBR paragraph in each section (see Template 6); or

   iii. Include a cross-reference to a separate section designated for IBR material (the "centralized IBR section") immediately after the first reference and add the IBR language for the standard into the centralized IBR section (see Template 7)

b. *One Standard IBRed into multiple sections*

   i. Use the format in a.i. (immediately above) for each section; or

   ii. Include the IBR language for each standard in a designated IBR paragraph in each section (see Template 6); or

   iii. Include a cross-reference to a separate section designated for IBR material (the "centralized IBR section") immediately after the first reference and add the IBR language for the standard into the centralized IBR section (see Template 7).

c. *Multiple Standards IBRed into a single section or into multiple sections*

   i. Include the IBR language for each standard in a designated IBR paragraph in each section (see Template 6), or

   ii. Include a cross-reference to a separate section designated for IBR material (the "centralized IBR section") immediately after the first reference and add the IBR language for the standard into the centralized IBR section) (see Template 7).

2. **Structure of IBR language for multiple standards or multiple sections**

a. *Using a designated IBR paragraph* (see Template 6). If you decide to include the IBR approval language in a separate paragraph, the paragraph must be either the first or last paragraph within the section.

JA09532

IBR HANDBOOK | July 2018

b. *Using a separate section* (the centralized IBR section) for a part or subpart (see Template 7). A centralized IBR section allows you to publish the IBR approval language and list the publisher information once for a part instead of repeating it in each section.

   i. A centralized IBR section must contain the following:

      1) Required approval language in the first paragraph.

      2) Required information for each publisher and each standard by:

         a) Listing each publisher along with its address information in "(a)" level paragraphs in alphabetical order.

         b) Listing the publisher's incorporated standards separately in "(1)" level paragraphs under the publisher's information paragraph in alpha-numeric order (see Template 7). For each separate paragraph include:

            i) The description of each the standard as required by 1 CFR 51.9(b)(2) (see Example 1, Example 2), and

            ii) All sections that require the use of each standard, including the first paragraph level of the section.

   ii. A centralized IBR section only contains information related to the IBRed standards. It does not contain instructions for using the standards, the process the agency follows to change the standards, alternatives to using the IBRed standards, or other information unrelated to describing the IBRed standards or inspecting or obtaining those standards.

   iii. The sections that require use of the standard(s) must include the following phrase after the standard's title, "(incorporated by reference, see [INSERT THE CENTRALIZED IBR SECTION NUMBER])." The cross-reference back to the centralized IBR section allows the reader to find the approval language and information regarding the standard's publisher quickly.

A poorly drafted centralized IBR section may create problems for you. It can be difficult to amend, especially if the centralized IBR section and the section that requires the use of the

Case 1:13-cv-01215-TSC   Document 204-64   Filed 11/13/19   Page 29 of 42
USCA Case #22-7063      Document #1984637      Filed: 02/03/2023      Page 44 of 57

IBR HANDBOOK   July 2018

standard do not cross-reference each other. Contact OFR-Legal@gpo.gov if you have questions about how to craft a well-drafted centralized IBR section.

# XII. When and How Do I Make Changes to Incorporated Standards?

## A. Agencies, not the OFR, Determine Whether to Update Incorporated Standards

1. Your agency must decide whether or not to incorporate a new version of a standard already IBRed.  When you decide to use a standard, you must request new approval for:

    a. Using a new, revised, or updated version of a standard,

    b. Using a standard already approved for another agency,

    c. Adding a currently-IBRed standard to a new section, or

    d. Redesignating a section that has IBRed standard(s).

The Director only approves a specific version of a standard to a specific CFR section.

2. OMB Circular A-119 recommends that your agency consider the following:

    a. If updating or substituting a new standard would be non-controversial, consider publishing a standards-specific direct final rule or technical amendment.

    b. If updating or substituting a new standard might be controversial, consider publishing a standards-specific proposed rule.

    c. If updating or substituting a new standard would require a substantial re-opening of a rule, consider addressing these revisions in the context of a broader-scope "look-back" rulemaking (rather than a standards-specific proposed rule).

**IBR HANDBOOK**   July 2018

## B. If Your Agency Withdraws the Final Rule containing the IBR or the Final Rule Does Not Go into Effect

If your agency withdraws the final rule containing the IBR or the final rule does not go into effect (for example, if the effective date is delayed), you must notify the Director of the Federal Register in writing within 5 working days.

# XIII. How Do I Remove IBR Material from the Code of Federal Regulations (CFR)?

If your agency needs to remove material incorporated by reference, you must:

1.  Notify the Director of the Federal Register in writing (see Template 8); and

2.  Provide a copy of the draft rule removing that material to the Office of the Federal Register before you submit the rule for publication.  If you are removing material from a centralized IBR section, make sure you remove the affected paragraphs from that centralized section using the correct amendatory instructions (see Template 9).

IBR HANDBOOK   July 2018

# XIV. IBR Checklist for Final Rules

☐ **Assemble your IBR approval request package, including:**

 ✓ A signed IBR approval request letter (including the CFR titles and ALL affected CFR sections, including any centralized IBR sections) that states the date you emailed the required MS Word files to OFR-Legal@gpo.gov;

 ✓ Complete copies of all standards being requested for IBR—including title pages, cover sheets, transmittal letters, and other front matter; and

 ✓ The MS Word file with the complete DRAFT of the final rule and the MS Word file of the request letter.

☐ **Submit the package at least 20 working days before you want to send the final rule for publication.**

☐ **Deliver the signed request letter and standards (by means other than USPS[11]) to 7 G Street, NW, Suite A-734, Washington, DC 20401.**

☐ **Email the MS Word files to OFR-Legal@gpo.gov, including the date that you sent the signed request letter and standards.**

---

[11] You may send the package using USPS to the mailing address on the IBR Approval Request Letter (Example 1). However, this method may result in a delay in our receipt and damage to the package from mail irradiation.

IBR HANDBOOK | July 2018

# XV. Templates and Boilerplate Language

Template 1.   IBR APPROVAL REQUEST LETTER............................................................ 28

Template 2.   PREAMBLE DATES CAPTION–REQUIRED LANGUAGE ................... 29

Template 3.   IBR LANGUAGE IN REGULATORY TEXT ............................................. 30

Template 4.   OPTIONAL IBR LANGUAGE IN REGULATORY TEXT....................... 31

Template 5.   ONE STANDARD IBRED INTO ONE SECTION ................................... 32

Template 6.   SEPARATE PARAGRAPH FOR THE IBR ................................................ 33

Template 7.   SEPARATE SECTION FOR THE IBR ("CENTRALIZED IBR") ............. 34

Template 8.   NOTIFICATION OF THE REMOVAL OF MATERIAL
IBRED INTO THE CFR .............................................................................. 36

Template 9.   REMOVAL OF STANDARDS FROM A CENTRALIZED
IBR SECTION ............................................................................................. 37

JA09537

**IBR HANDBOOK**  July 2018

# Template 1.  IBR APPROVAL REQUEST LETTER

AGENCY LETTERHEAD

December 25, 20xx

[Insert full name of DIRECTOR], Director

Office of the Federal Register (F)
The National Archives and Records Administration
8601 Adelphi Road
College Park, MD 20740-6001


Dear Director [insert last name of DIRECTOR]:

In accordance with 1 CFR part 51, we request that you approve the incorporation by reference of the material listed below into Title(s) XX of the Code of Federal Regulations (CFR).  We have included copies of all IBR material. The material will be referenced in § yy.zz [CENTRALIZED IBR SECTION] and as follows[12]:

**NAME or ACRONYM of Publisher:** [PUBLISHER CONTACT INFORMATION]

(For each standard) IDENTIFICATION DESIGNATION[13], TITLE, VERSION (if any), DATE, AUTHOR (if applicable); LIST EACH SECTION WHERE THE MATERIAL WILL BE REFERENCED. THIS REFERENCE SHOULD INCLUDE DETAILS TO ANY SUBPARAGRAPH LEVELS, FOR EXAMPLE § 63.1234(c)(1)(ii)(B).

*[IF MULTIPLE PUBLISHERS, GROUP ALPHABETICALLY BY PUBLISHER AND THEN BY STANDARD IN ALPHA-NUMERIC ORDER]*

---

[12] If you don't have a centralized IBR section, simply say "referenced as follows:"

[13] Remember, even if the standard's designation contains a partial date, for example ASTM F1234-12, this is not the same as the date of the document.  You must include the date in addition to the designation.

IBR HANDBOOK | July 2018

We emailed an MS Word file of the draft final rule, along with the MS Word file for this letter, on [insert date of email].

[IF THE OFR ALREADY HAS A COPY OF A STANDARD, INCLUDE A STATEMENT THAT YOU ARE NOT INCLOSING A COPY OF THAT STANDARD BECAUSE IT IS ALREADY IBRed IN xx CFR yy.zz]

Please contact [INSERT NAME] of my staff at [TELEPHONE NUMBER] or by email at [INSERT EMAIL ADDRESS] if you have any questions.

Sincerely,

[SIGN]

Type name,

Title

## Template 2.   PREAMBLE DATES CAPTION–REQUIRED LANGUAGE

DATES: This regulation is effective July 3, 20xx.[14]  The incorporation by reference of certain publications listed in the rule is approved by the Director of the Federal Register as of July 3, 20xx.

Or

DATES: This regulation is effective [INSERT date 90 days after publication in the Federal Register]. The incorporation by reference of certain publications listed in the rule is approved by the Director of the Federal Register as of [INSERT date 90 days after publication in the Federal Register].

---

[14] No matter what the effective date is, the IBR approval date must match it. You can copy and paste the effective date.

JA09539

IBR HANDBOOK | July 2018

# Template 3.  IBR LANGUAGE IN REGULATORY TEXT

### Single standard into a single section

You must proceed in accordance with [INSERT THE IDENTIFICATION DESIGNATION, TITLE, VERSION (if any), DATE, AUTHOR (if applicable)].  The Director of the Federal Register approves this incorporation by reference in accordance with 5 U.S.C. 552(a) and 1 CFR part 51.  You may obtain a copy from [PUBLISHER CONTACT INFORMATION].  You may inspect a copy at [AGENCY CONTACT INFORMATION] or at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 202-741-6030, or go to www.archives.gov/federal-register/cfr/ibr-locations.html.

### IBR paragraph within a section

(a)The standards required in this section are incorporated by reference into this section with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 51. All approved material is available for inspection at [INSERT NAME OF AGENCY, PROGRAM OFFICE OR DIVISION, AND PHONE NUMBER WHERE COPIES ARE ON FILE] and is available from the sources indicated below. It is also available for inspection at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 202-741-6030 or go to go to www.archives.gov/federal-register/cfr/ibr-locations.html.

(1) [PUBLISHER CONTACT INFORMATION]

(i) IDENTIFICATION DESIGNATION, TITLE, VERSION (IF ANY), DATE, AUTHOR (IF APPLICABLE)

(ii) [Repeat for each standard or reserve this paragraph]

### Centralized IBR section

Certain material is incorporated by reference into this part with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 51.  All approved material is available for inspection at [INSERT NAME OF AGENCY, PROGRAM OFFICE OR DIVISION, AND PHONE NUMBER WHERE COPIES ARE ON FILE], and is available from the sources listed below. It is also available for inspection at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 202-741-6030 or go to go to www.archives.gov/federal-register/cfr/ibr-locations.html.

(a) [PUBLISHER CONTACT INFORMATION]

(1) IDENTIFICATION DESIGNATION, TITLE, VERSION (IF ANY), DATE, AUTHOR (IF APPLICABLE)

(2) [Repeat for each standard or reserve this paragraph]

JA09540

**IBR HANDBOOK**   July 2018

## Template 4.  OPTIONAL IBR LANGUAGE IN REGULATORY TEXT[15]

> To enforce any edition other than that specified in this section, the [INSERT NAME OF AGENCY] must publish a document in the Federal Register and the material must be available to the public.

---

[15] OFR does not require statements related to enforceability.  You may use this language after the first sentence of the required text (see Example 5).

JA09541

IBR HANDBOOK | July 2018

# Template 5.  ONE STANDARD IBRED INTO ONE SECTION

Title 33: Navigation and Navigable Waters

PART 1 01—MARITTME SECURITY: GENERAL

Subpart C—Communication (Port—Facility—Vessel)

§ 101.310 Additional communication devices.

(a) Alert Systems. Alert systems, such as the ship security alert system required in Safety of Life at Sea ("SOLAS") Chapter XI-2, Regulation 6 may be used to augment communication and may be one of the communication methods listed in a vessel or facility security plan under part 104, 105, or 106 of this subchapter.  SOLAS Chapter XI-2, Regulation 6 (2006) is incorporated by reference into this section with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 5 1.  To enforce any edition other than that specified in this section, the Coast Guard must publish a document in the Federal Register and the material must be available to the public.  All approved material is available for inspection at [INSERT NAME, ADDRESS OF AGENCY, PROGRAM OFFICE OR DIVISION, AND PHONE NUMBER WHERE COPIES ARE ON FILE] and is available from the International Maritime Organization (IMO) Publications Section, 4 Albert Embankment, London SE 1 7SR, United Kingdom,  [ADD PHONE  NUMBER AND WEBSITE IF AVAILABLE].  It is also available for inspection at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 202-741 -6030 or go to www.archives.gov/federal-register/cfr/ibr-locations.html.

(b) Automated Identification Systems (AIS).  AIS may be used to augment communication, and may be one of the communication methods listed in a vessel security plan under part 104 of this subchapter.  * * *

* * * * *

JA09542

**IBR HANDBOOK** July 2018

# Template 6.   SEPARATE PARAGRAPH FOR THE IBR

Title 46: Shipping

PART 183—ELECTRICAL INSTALLATION

Subpart A—General Provisions

§ 183.130 Alternative standards.

(a) A vessel, other than a high speed craft, of not more than 19.8 meters (65 feet) in length carrying not more than 12 passengers, may comply with the following requirements instead of complying with the requirements of this part in their entirety:

(1) Section 183.420; and

(2) The following American Boat and Yacht Council (ABYC) Projects where applicable:

(i) E-8, "Alternating Current (AC) Electrical Systems on Boats;"

(ii) E-9, "Direct Current (DC) Electrical Systems on Boats;" and

(iii) A-16, "Electrical Navigation Lights."

(b) A vessel with an electrical installation operating at less than 50 volts may meet the requirements in 33 CFR 183.430 instead of those in §1 83.340 of this part.

(c) The standards required in this section are incorporated by reference into this section with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 51. All approved material is available for inspection at [INSERT NAME OF AGENCY, PROGRAM OFFICE OR DIVISION, AND PHONE NUMBER WHERE COPIES ARE ON FILE] and is available from the sources indicated below. It is also available for inspection at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202-741-6030 or go to www.archives.gov/federal-register/cfr/ibr-locations.html.

(1) The following standards are available from the American Boat and Yacht Council (ABYC), 3069 Solomons Island Rd., Edgewater, MD 21037, [ADD PHONE NUMBER AND WEBSITE IF AVAILABLE].

 (i) E-8, "Alternating Current (AC) Electrical Systems on Boats" (1994).

(ii) E-9, "Direct Current (DC) Electrical Systems on Boats" (2000).

(iii) A-1 6, "Electrical Navigation Lights" (2001).

(2) [Reserved]

IBR HANDBOOK   July 2018

# Template 7.   SEPARATE SECTION FOR THE IBR ("CENTRALIZED IBR")

Title 46: Shipping

PART 107—INSPECTION AND CERTIFICATION

Subpart B—Inspection and Certification

§ 107.1 15 Incorporation by reference.

(a)[16] Certain material is incorporated by reference into this part with the approval of the Director of the Federal Register under 5 U.S.C. 552(a) and 1 CFR part 51. All approved material is available for inspection at [INSERT NAME OF AGENCY, PROGRAM OFFICE OR DIVISION, AND PHONE NUMBER WHERE COPIES ARE ON FILE], and is available from the sources listed below. It is also available for inspection at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 202-741-6030 or go to www.archives.gov/federal-register/cfr/ibr-locations.html.

(b) The American Bureau of Shipping, ABS Plaza, 16855 Northchase Drive, Houston, TX 77060, [ADD PHONE NUMBER AND WEBSITE IF AVAILABLE].

(1) Rules for Building and Classing Mobile Offshore Drilling Units, 1978, IBR approved for § 107.205(b).

(2) U.S. Supplement to ABS Rules for Mobile Offshore Drilling Units, November 1, 1998, IBR approved for § 107.205(b).(c) The American Petroleum Institute, 1220 L Street NW., Washington, D.C. 20005-4070.

(1) API RP2D - Recommended Practice for Operation and Maintenance of Offshore Cranes, 1972 ("API RP2D"), IBR approved for § 107.259.

(2) API Spec 2C - Specification for Offshore Cranes, 1972 ("API Spec 2C"), IBR approved for § 107.309.

* * * * *

---

[16] You can designate this paragraph as (a) or you can leave it as the intro paragraph to the section.

**IBR HANDBOOK** July 2018

Title 46: Shipping

PART 107—INSPECTION AND CERTIFICATION

Subpart B—Inspection and Certification

§ 107.259 Crane inspection and testing.

(a) Each crane must be inspected and tested in accordance with Section 3 of the API RP 2D (incorporated by reference, see § 107.1 15), except that the rated load test must be performed in accordance with § 107.260.

* * * * *

JA09545

# Template 8.   NOTIFICATION OF THE REMOVAL OF MATERIAL IBRED INTO THE CFR

AGENCY LETTERHEAD

December 25, 20xx


[Insert full name of DIRECTOR], Director

Office of the Federal Register (F)
The National Archives and Records Administration
8601 Adelphi Road
College Park, MD 20740-6001

Dear Director [insert last name of DIRECTOR]:

In accordance with 1 CFR 51.11, we are removing the standards listed below as follows:

**NAME or ACRONYM of Publisher:** [PUBLISHER CONTACT INFORMATION]

(For each standard) IDENTIFICATION DESGINATION[17], TITLE, VERSION (if any), DATE, AUTHOR (if applicable); LIST EACH SECTION WHERE THE MATERIAL WILL BE REFERENCED. THIS REFERENCE SHOULD INCLUDE DETAILS TO ANY SUBPARAGRAPH LEVELS, FOR EXAMPLE § 63.1234(c)(1)(ii)(B).

*[IF MULTIPLE PUBLISHERS, GROUP ALPHABETICALLY BY PUBLISHER AND THEN BY STANDARD IN ALPHA-NUMERIC ORDER]*

We emailed the MS Word file of the draft final rule removing this [these] material(s) from the CFR on [insert date of email].

.

---

[17] Remember, even if the standard's designation contains a partial date, for example ASTM F1234-12, this is not the same as the date of the document.  You must include the date in addition to the designation.

IBR HANDBOOK | July 2018

---

Please contact [INSERT NAME] of my staff at [TELEPHONE NUMBER] or by email at [INSERT EMAIL ADDRESS] if you have any questions.

Sincerely,

[SIGN]

Type name,

Title

---

## Template 9.  REMOVAL OF STANDARDS FROM A CENTRALIZED IBR SECTION

PART 63—NATIONAL EMISSION STANDARDS FOR HAZARDOUS AIR POLLUTANTS FOR SOURCE CATEGORIES

1. The authority citation for part 63 continues to read as follows:

Authority: 42 U.S.C. 7401 et seq.

2. Amend § 63.14 by removing paragraphs (a)(5) and (e)(27) [and, if needed: redesignating subsequent paragraphs accordingly].

JA09547