May 26, 2023

Mark Langer, Clerk
U.S. Court of Appeals for the
District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Ave., NW
Washington, D.C. 20001

Re:   *American Society for Testing and Materials, et al., v. Public.Resource.Org, Inc.*,
      No. 22-7063 (Argued on March 20, 2023)
      Notice of Supplemental Authority Pursuant to Federal Rule of Appellate
      Procedure 28(j)

Dear Mr. Langer,

   Defendant-Appellee Public.Resource.Org writes in response to Plaintiff-Appellants' Notice of Supplemental Authority.

   The Supreme Court's ruling in *Andy Warhol Foundation v. Goldsmith*, No. 21-869 (May 18, 2023) addressed the proper interpretation of Factor One of the fair use analysis: the "purpose and character of the use." The ruling supports a finding of fair use in this case.

   The Court stressed that its ruling was limited to the "specific use alleged to be infringing" – Petitioner's commercial licensing of an artistic print to illustrate a magazine cover. *Id.*, slip op. 37.

   The central relevance of *Goldsmith* is that the Court explicitly affirmed *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994), which held that the purpose analysis "is a matter of degree, and the degree of difference must be balanced against the commercial nature of the use." *Goldsmith* at 19-20. The Court also affirmed its holding in *Google LLC v. Oracle America*, 141 S. Ct. 1183 (2021), that making verbatim copies of software was transformative because the copies were put to use in a "distinct and different computing environment," and copying was "necessary if programmers are to be able to use their acquired skills." *Goldsmith* at 2 n.8.

   Here, the use at issue is both noncommercial and highly transformative: it occurs in the distinct and different environment of a free repository of the law, and it is necessary to enable the public to engage with the law in new ways.

Mark Langer, Clerk
U.S. Court of Appeals for the
District of Columbia Circuit
May 26, 2023
Page 2 of 2

Accordingly, Public Resource's purpose is very different from Plaintiffs'. Contrary to Plaintiffs' suggestion, that difference is not a matter of subjective intent, but is defined by the objective context in which the uses are made. Plaintiffs provide current best practices for the design and operation of buildings and products, while Public Resource provides a compendium of the law. This change in context—not present in *Goldsmith*—evidences a distinct purpose. Even if this Court determined that some uses are less transformative, its analysis should balance the degree of difference against Public Resource's entirely noncommercial use.

Additionally, again contrary to Plaintiffs' suggestion, the *Goldsmith* opinion did not change the fourth factor analysis.

Respectfully submitted,

*/s/ Mitchell L. Stoltz*
Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
Counsel for Defendant-Appellee
Public.Resource.Org

Cc: All Parties