APPEAL,TYPE–E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:13–cv–01215–TSC</u>
## *Internal Use Only*

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS et al v. PUBLIC.RESOURCE.ORG, INC.<br>Assigned to: Judge Tanya S. Chutkan<br> Case:  1:14–cv–00857–TSC<br> Case in other court:  17–07035<br>Cause: 17:501 Copyright Infringement | Date Filed: 08/06/2013<br>Jury Demand: Defendant<br>Nature of Suit: 820 Copyright<br>Jurisdiction: Federal Question |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS** | represented by | **Jordana Sara Rubel**<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004–2541<br>(202) 739–5118<br>Fax: (202) 739–3001<br>Email: <u>jrubel@morganlewis.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **J. Kevin Fee**<br>MORGAN, LEWIS & BOCKUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 739–5353<br>Fax: (202) 239–3001<br>Email: <u>jkfee@morganlewis.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **Jane W. Wise**<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>(202) 739–5596<br>Email: <u>jane.wise@morganlewis.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **Michael Franck Clayton**<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004–2541<br>(202) 739–5215<br>Fax: (202) 739–3001<br>Email: <u>mclayton@morganlewis.com</u><br>*ATTORNEY TO BE NOTICED* |

1

**Plaintiff**

**NATIONAL FIRE PROTECTION
ASSOCIATION, INC.**

represented by **J. Kevin Fee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachel G. Miller–Ziegler**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001–5369
202–220–1115
Email: Rachel.Miller–Ziegler@mto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rose Leda Ehler**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415–512–4071
Fax: (415) 644–6971
Email: rose.ehler@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anjan Choudhury**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071
(213) 683–9107
Fax: (213) 683–5107
*ATTORNEY TO BE NOTICED*

**Jonathan H. Blavin**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Email: jonathan.blavin@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly Klaus**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105

415–512–4000
Email: kelly.klaus@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Mongan**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Email: michael.mongan@mto.com
*TERMINATED: 07/18/2014*

**Nathan M. Rehn**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
(415) 512–4000
Email: thane.rehn@mto.com
*TERMINATED: 06/30/2016*
*PRO HAC VICE*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.** | represented by | **Antonio E. Lewis**<br>KING & SPALDING LLP<br>100 N Tryon Street<br>Suite 3900<br>Charlotte, NC 28202<br>Email: alewis@kslaw.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**J. Kevin Fee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Blake Cunningham**
KING & SPALDING LLP
100 N Tryon Street
Suite 3900
Charlotte, NC 28202
415–318–1200
Email: bcunningham@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*

3

*ATTORNEY TO BE NOTICED*

**Jeffrey S. Bucholtz**
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
202−737−0500
Email: jbucholtz@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine E. Merk**
KING & SPALDING, LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
(415) 318−1200
Email: kmerk@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph R. Wetzel**
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111−6538
(415) 391−0600
Fax: (415) 395−8500
Email: Joseph.Wetzel@lw.com
*TERMINATED: 12/27/2018*

**Kenneth L. Steinthal**
KING & SPALDING, LLP
101 2nd Street
Suite 2300
San Francisco, CA 94105
(415) 318−1200
Fax: (415) 318−1300
Email: ksteinthal@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Zee**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
(415) 436−6646
Fax: (415) 436−6632
Email: m.andrew.zee@usdoj.gov

*TERMINATED: 12/19/2014*

**Simeon Meir Schopf**
TD AMERITRADE
6940 Columbia Gateway Drive
Suite 200
Columbia, MD 21046
(443) 539–2122
Email: simeon.schopf@tdameritrade.com
*TERMINATED: 01/29/2016*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PUBLIC.RESOURCE.ORG, INC.**               represented by   **Andrew Phillip Bridges**
FENWICK & WEST, LLP
801 California Street
Mountain View, CA 94041
(650) 988–8500
Fax: (650) 938–5200
Email: abridges@fenwick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mitchell L. Stoltz**
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436–9333
Fax: (415) 436–9993
Email: mitch@eff.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sebastian E. Kaplan**
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
(415) 875–2300
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Corynne McSherry**
ELECTRONIC FRONTIER

FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436–9333
Fax: (415) 436–9993
Email: corynne@eff.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Elliot Halperin**
1530 P Street, NW
CSRL 2nd floor
Washington, DC 20005
(202) 905–3434
Email: davidhalperindc@gmail.com
*ATTORNEY TO BE NOTICED*

**Kathleen Lu**
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
Email: klu@fenwick.com
*TERMINATED: 10/14/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew B. Becker**
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 335–7930
Email: mbecker@fenwick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN NATIONAL STANDARDS INSTITUTE, INC.**

represented by **Bonnie Y. Hochman Rothell**
MORRIS, MANNING & MARTIN, LLP
1401 Eye Street, N.W.
Suite 600
Washington, DC 20005
(202) 408–5153
Fax: (202) 408–5146
Email: bhrothell@mmmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald W. Griffin**
CARTER, LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005

(212) 732–3200
Fax: (212) 732–3232
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN INSURANCE
ASSOCIATION**
*American Insurance Association*

represented by  **Meegan F. Hollywood**
ROBINS KAPLAN LLP
900 Third Avenue
Suite 1900
New York, NY 10022
212–980–7400
Email: mhollywood@robinskaplan.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**SINA BAHRAM**

represented by  **Jeffrey T. Pearlman**
MILLS LEGAL CLINIC AT STANFORD
LAW SCHOOL
559 Nathan Abbott Way.
Stanford, CA 94305
(650) 497–9443
Fax: (650) 723–4426
Email: jef@law.stanford.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**INTERNATIONAL CODE COUNCIL,
INC.**

represented by  **Anthony A. Onorato**
FISHERBROYLES LLP
445 Park Avenue
9th Floor
New York, NY 10022
202–459–3599
Email: tony.onorato@fisherbroyles.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan S. Wernick**
WERNICK & ASSOCIATES, LTD.
828 Sutton Drive
Suite 100
Northbrook, IL 60062
(847) 786–1005
Fax: (847) 412–9965
Email: alan@wernick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**PUBLIC KNOWLEDGE**                    represented by    **Charles Duan**
                                                          1801 Columbia Road NW
                                                          Suite 101
                                                          Washington, DC 20009
                                                          202–525–5717
                                                          Email: cduan@publicknowledge.org
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

Amicus

**KNOWLEGE ECOLOGY**                   represented by    **Charles Duan**
**INTERNATIONAL**                                        (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

Amicus

**AMERICAN LIBRARY**                   represented by    **Charles Duan**
**ASSOCIATION**                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

Amicus

**LAW SCHOLARS**                       represented by    **Catherine R. Gellis**
                                                          CATHERINE R. GELIS, ESQ.
                                                          3020 Bridgeway
                                                          Suite #247
                                                          Sausalito, CA 94965
                                                          202–642–2849
                                                          Email: cathy@cgcounsel.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Marcia Clare Hofmann**
                                                          ZEITGEIST LAW PC
                                                          25 Taylor Street
                                                          San Francisco, CA 94102
                                                          (415) 830–6664
                                                          Email: marcia@zeitgeist.law
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

Amicus

**REPORTERS COMMITTEE FOR**            represented by    **Bruce D. Brown**
**FREEDOM OF THE PRESS**                                 REPORTERS COMMITTEE FOR
                                                          FREEDOM OF THE PRESS
                                                          1156 15th St, NW
                                                          Suite 1020
                                                          Washington, DC 20005
                                                          (202) 795–9301
                                                          Fax: (202) 795–9310

|  |  | Email: bbrown@rcfp.org |
| --- | --- | --- |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| **PUBLIC.RESOURCE.ORG, INC.** | represented by | **Andrew Phillip Bridges** |
| --- | --- | --- |
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Mitchell L. Stoltz** |
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Corynne McSherry** |
|  |  | (See above for address) |
|  |  | *PRO HAC VICE* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **David Elliot Halperin** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Matthew B. Becker** |
|  |  | (See above for address) |
|  |  | *PRO HAC VICE* |
|  |  | *ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| **AMERICAN SOCIETY FOR TESTING AND MATERIALS** | represented by | **Jordana Sara Rubel** |
| --- | --- | --- |
|  |  | (See above for address) |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **J. Kevin Fee** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Jane W. Wise** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |
|  |  | |
|  |  | **Michael Franck Clayton** |
|  |  | (See above for address) |
|  |  | *ATTORNEY TO BE NOTICED* |

**Counter Defendant**

**AMERICAN SOCIETY OF
HEATING, REFRIGERATING, AND
AIR–CONDITIONING ENGINEERS,
INC.**

represented by **Jeffrey S. Bucholtz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph R. Wetzel**
(See above for address)
*TERMINATED: 12/27/2018*

**Kenneth L. Steinthal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Simeon Meir Schopf**
(See above for address)
*TERMINATED: 01/29/2016*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**NATIONAL FIRE PROTECTION
ASSOCIATION, INC.**

represented by **Rose Leda Ehler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anjan Choudhury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan H. Blavin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly Klaus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Mongan**
(See above for address)
*TERMINATED: 07/18/2014*

**Nathan M. Rehn**
(See above for address)
*TERMINATED: 06/30/2016*
*PRO HAC VICE*

**Michael Franck Clayton**
(See above for address)

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/06/2013 | 1 | | COMPLAINT against PUBLIC.RESOURCE.ORG, INC. ( Filing fee $ 400 receipt number 0090–3425373) filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 A0121 Form, # 11 Civil Cover Sheet Civil Cover Sheet, # 12 Summons Summons)(Clayton, Michael) (Entered: 08/06/2013) |
| 08/06/2013 | 2 | | Corporate Disclosure Statement by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Clayton, Michael) (Entered: 08/06/2013) |
| 08/06/2013 | 3 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Choudhury, Anjan) (Entered: 08/06/2013) |
| 08/06/2013 | 4 | | NOTICE of Appearance by Jeffrey S. Bucholtz on behalf of AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Bucholtz, Jeffrey) (Entered: 08/06/2013) |
| 08/06/2013 | 5 | | Corporate Disclosure Statement by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. (Bucholtz, Jeffrey) (Entered: 08/06/2013) |
| 08/06/2013 | 6 | | NOTICE of Appearance by Anjan Choudhury on behalf of NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Choudhury, Anjan) (Entered: 08/06/2013) |
| 08/06/2013 | | | Case Assigned to Judge Emmet G. Sullivan. (sth, ) (Entered: 08/07/2013) |
| 08/07/2013 | | | SUMMONS Not Issued as to PUBLIC.RESOURCE.ORG, INC. (sth, ) (Entered: 08/07/2013) |
| 08/07/2013 | 7 | | REQUEST FOR SUMMONS TO ISSUE by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC..(Clayton, Michael) (Entered: 08/07/2013) |
| 08/07/2013 | 8 | | Electronic Summons (1) Issued as to PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Summons)(sth, ) (Entered: 08/07/2013) |
| 08/08/2013 | 9 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PUBLIC.RESOURCE.ORG, INC. served on 8/7/2013, answer due 8/28/2013 (Clayton, Michael) (Entered: 08/08/2013) |

| 08/12/2013 | 10 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joseph R. Wetzel, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – ( 415) 318–1200. Fax No. – (415) 318–1300 by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 08/12/2013) |
| 08/12/2013 | 11 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kenneth L. Steinthal, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – (415) 318–1200. Fax No. – (415) 318–1300 by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 08/12/2013) |
| 08/13/2013 | | | MINUTE ORDER granting 10 and 11 Motions for Admission Pro Hac Vice. Joseph R. Wetzel and Kenneth L. Steinthal are hereby admitted pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on August 13, 2013. (lcegs4) (Entered: 08/13/2013) |
| 08/20/2013 | 12 | | NOTICE of Appearance by Mitchell L. Stoltz on behalf of PUBLIC.RESOURCE.ORG, INC. (Stoltz, Mitchell) (Main Document 12 replaced on 8/21/2013) (jf, ). (Entered: 08/20/2013) |
| 08/20/2013 | 13 | | STIPULATION *and [Proposed] Order on Defendant's Time to Respond to Complaint* by PUBLIC.RESOURCE.ORG, INC.. (Stoltz, Mitchell) (Entered: 08/20/2013) |
| 08/21/2013 | 14 | | NOTICE of Appearance by David Elliot Halperin on behalf of PUBLIC.RESOURCE.ORG, INC. (Halperin, David) (Main Document 14 replaced on 8/22/2013) (jf, ). (Entered: 08/21/2013) |
| 08/21/2013 | | | MINUTE ORDER. The Court will construe 13 Stipulation and Proposed Order on Defendant's Time to Respond to Complaint as a motion for extension of time to respond to the complaint and will GRANT the motion. Defendant shall respond to the complaint by no later than September 27, 2013. Signed by Judge Emmet G. Sullivan on August 21, 2013. (lcegs2) (Entered: 08/21/2013) |
| 08/21/2013 | | | Set/Reset Deadlines: Defendant shall respond to the complaint due by 9/27/2013 (tcb) (Entered: 08/21/2013) |
| 08/28/2013 | 15 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael J. Mongan, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – (415) 512– 4051. Fax No. – (415) 512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Michael J. Mongan, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |
| 08/28/2013 | 16 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jonathan H. Blavin, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – 415–512–4011. Fax No. – 415–512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Jonathan H. Blavin, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |

| 08/28/2013 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kelly M. Klaus, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – 415–512–4017. Fax No. – 415–512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Kelly M, Klaus, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |
| 08/29/2013 | | MINUTE ORDER granting 15 motion to appear pro hac vice. Michael J. Mongan is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 08/29/2013 | | MINUTE ORDER granting 16 motion to appear pro hac vice. Jonathan H. Blavin is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 08/29/2013 | | MINUTE ORDER granting 17 motion to appear pro hac vice. Kelly M. Klause is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 09/16/2013 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Corynne McSherry, :Firm– Electronic Frontier Foundation, :Address– 815 Eddy Street, San Francisco, CA 94109. Phone No. – 415–436–9333. Fax No. – 415–436–9993 by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Corynne McSherry, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 09/16/2013) |
| 09/23/2013 | | MINUTE ORDER granting 18 Corynne McSherry's motion for leave to appear pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on September 23, 2013. (lcegs4) (Entered: 09/23/2013) |
| 09/24/2013 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen Lu, :Firm– Fenwick & West LLP, :Address– 555 California St., 12th Floor, San Francisco, CA 94104. Phone No. – 415.875.2300. Fax No. – 415.281.1350 by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Affidavit of Kathleen Lu, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 09/24/2013) |
| 09/24/2013 | 20 | NOTICE of Appearance by Andrew Phillip Bridges on behalf of PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 09/24/2013) |
| 09/27/2013 | 21 | *Public.Resource.Org, Inc.'s* ANSWER to Complaint with Jury Demand *for Injunctive Relief*, COUNTERCLAIM *for Declaratory Relief* against All Plaintiffs by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bridges, Andrew) (Entered: 09/27/2013) |
| 09/27/2013 | 22 | Corporate Disclosure Statement by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 09/27/2013) |
| 09/30/2013 | | MINUTE ORDER granting 19 motion to admit Kathleen Lu pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on September 30, 2013. (lcegs4) (Entered: 09/30/2013) |
| 10/15/2013 | 23 | STIPULATION re 21 Answer to Complaint, COUNTERCLAIM,, *and [Proposed] Order* by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Fee, J.) (Entered: 10/15/2013) |

| 10/16/2013 | 24 | NOTICE of Appearance by J. Kevin Fee on behalf of AMERICAN SOCIETY FOR TESTING AND MATERIALS (Fee, J.) (Entered: 10/16/2013) |
| --- | --- | --- |
| 10/17/2013 | | MINUTE ORDER. The Court has received 23 the parties' Stipulation, which requests that the Court extend the deadline for plaintiffs to respond to defendant's counterclaim and set a briefing schedule for any oppositions and replies to any motions that may be filed in response to defendant's counterclaim. It is hereby ORDERED that plaintiffs' responses to defendant's counterclaim shall be filed by no later than November 20, 2013. If any plaintiff files a motion in response to defendant's counterclaim, defendant's opposition to that motion shall be filed by no later than December 18, 2013, and plaintiffs shall file any reply in further support of the motion by no later than January 15, 2014. Signed by Judge Emmet G. Sullivan on October 17, 2013. (lcegs2) (Entered: 10/17/2013) |
| 10/18/2013 | | Set/Reset Deadlines: Plaintiff's Response to Defendant's Counterclaim due by 11/20/2013. Defendant's Opposition to Plaintiff's Motion due by 12/18/2013. Plaintiff's Reply in Support of Motion due by 1/15/2014. (mac) (Entered: 10/18/2013) |
| 11/20/2013 | 25 | ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by PUBLIC.RESOURCE.ORG, INC..(Clayton, Michael) (Entered: 11/20/2013) |
| 11/20/2013 | 26 | *Counter Defendant The American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc.'s* ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, *of Public.Resource.Org, Inc. for Declaratory Judgment* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by PUBLIC.RESOURCE.ORG, INC..(Steinthal, Kenneth) (Entered: 11/20/2013) |
| 11/20/2013 | 27 | ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by PUBLIC.RESOURCE.ORG, INC..(Choudhury, Anjan) (Entered: 11/20/2013) |
| 11/22/2013 | 28 | ORDER FOR MEET AND CONFER REPORT. Attorney Meet and Confer Conference due by 12/16/2013. Meet & Confer Statement due by 12/30/2013. Signed by Judge Emmet G. Sullivan on 11/22/2013. (mac) (Entered: 11/22/2013) |
| 12/30/2013 | 29 | MEET AND CONFER STATEMENT. (Fee, J.) (Entered: 12/30/2013) |
| 12/31/2013 | 30 | SCHEDULING ORDER. The parties are directed to read this Order in its entirety upon receipt. The Court will hold a status hearing in this case on April 30, 2015 at 11:00 a.m. in Courtroom 24A. Signed by Judge Emmet G. Sullivan on December 31, 2013. (lcegs2) (Entered: 12/31/2013) |
| 01/06/2014 | | Set/Reset Deadlines/Hearings: Initial Disclosure due by 1/17/2014. Amended Pleadings due by 3/14/2014. Fact Discovery due by 10/3/2014. Expert Disclosures ( Rule 26a2) due by 12/2/2014. Opening Expert Disclosures ( Rule |

| | | |
|---|---|---|
| | | 26a2) due by 1/16/2015. Replies to Rebuttal Disclosures due by 3/2/2015. Reply Expert Disclosures due by 3/16/2015. Expert Discovery due by 4/16/2015. Status Report due by 11/3/2014. Status Conference set for 4/30/2014 11:00 AM in Courtroom 24A before Judge Emmet G. Sullivan. Joint Recommendation due by 4/23/2015. (mac) (Entered: 01/06/2014) |
| 06/11/2014 | | Case reassigned to Judge Tanya S. Chutkan. Judge Emmet G. Sullivan no longer assigned to the case. (ztnr, ) (Entered: 06/11/2014) |
| 07/07/2014 | 31 | MOTION for Order *of Protection* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Declaration of Jordana Rubel, # 3 Exhibit B – Declaration Exh. 1, # 4 Exhibit B – Declaration Exh. 2, # 5 Exhibit B – Declaration Exh. 3, # 6 Exhibit B – Declaration Exh. 4, # 7 Exhibit B – Declaration Exh. 5, # 8 Exhibit B – Declaration Exh. 6, # 9 Exhibit B – Declaration Exh. 7, # 10 Exhibit B – Declaration Exh. 8, # 11 Exhibit B – Declaration Exh. 9, # 12 Exhibit B – Declaration Exh. 10, # 13 Exhibit B – Declaration Exh. 11, # 14 Exhibit B – Declaration Exh. 12, # 15 Exhibit B – Declaration Exh. 13, # 16 Exhibit B – Declaration Exh. 14, # 17 Exhibit B – Declaration Exh. 15, # 18 Exhibit B – Declaration Exh. 16, # 19 Exhibit B – Declaration Exh. 17, # 20 Exhibit B – Declaration Exh. 18, # 21 Exhibit B – Declaration Exh. 19, # 22 Exhibit B – Declaration Exh. 20, # 23 Exhibit B – Declaration Exh. 21, # 24 Exhibit B – Declaration Exh. 22, # 25 Exhibit B – Declaration Exh. 23, # 26 Exhibit B – Declaration Exh. 24, # 27 Exhibit C)(Fee, J.) (Entered: 07/07/2014) |
| 07/18/2014 | 32 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Attorney Michael J. Mongan terminated. (Choudhury, Anjan) (Entered: 07/18/2014) |
| 07/24/2014 | 33 | RESPONSE re 31 MOTION for Order *of Protection* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Text of Proposed Order (Exhibit A), # 2 Declaration of Andrew P. Bridges (Exhibit B), # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit B–3, # 6 Declaration of Carl Malamud (Exhibit C))(Bridges, Andrew) (Entered: 07/24/2014) |
| 08/08/2014 | 34 | MOTION to Strike 21 Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Fee, J.). Added MOTION for Oral Argument on 8/11/2014 (td, ). (Entered: 08/08/2014) |
| 08/13/2014 | 35 | Consent MOTION to File Reply Brief out of Time re 33 Response to motion, by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit Plaintiffs' Reply in Support of Motion for Protective Order, # 2 Text of Proposed Order)(Fee, J.) (Entered: 08/13/2014) |
| 08/14/2014 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER: Granting Plaintiffs' <u>35</u> Consent Motion to File Reply Brief out of time. Plaintiffs shall refile the brief as a separate document. Signed by Judge Tanya S. Chutkan on 8/14/14. (djs) (Entered: 08/14/2014) |
| 08/15/2014 | <u>36</u> | | REPLY to opposition to motion re <u>31</u> MOTION for Order *of Protection* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 08/15/2014) |
| 08/15/2014 | <u>37</u> | | Consent MOTION for Extension of Time to Complete Discovery *and Case Schedule* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # <u>1</u> Text of Proposed Order Granting Defendant's Consent Motion to Extend Discovery and Case Schedule)(Bridges, Andrew) (Entered: 08/15/2014) |
| 08/20/2014 | | | MINUTE ORDER: A Hearing is hereby set for 9/16/14, 2014 at 1:30 p.m. in Courtroom 2 on Plaintiff's <u>31</u> Motion for a Protective Order and the parties' <u>37</u> Consent Motion for Extension of Time to Complete Discovery and Case Schedule. If the parties or their counsel are unable to attend in person, they may attend by phone. Any persons attending via telephone shall JOINTLY telephone chambers at 202–354–3390 shortly before the hearing begins. All persons on the joint telephone call must call from a landline, rather than a cell phone. Motion Hearing set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 8/20/14. (DJS) Motion Hearing set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. Pre–motion Conference set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan.. Signed by Judge Tanya S. Chutkan on 8/20/14. (DJS, ) (Entered: 08/20/2014) |
| 08/25/2014 | <u>38</u> | | Memorandum in opposition to re <u>34</u> MOTION to Strike <u>21</u> Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # <u>1</u> Text of Proposed Order)(Stoltz, Mitchell) (Entered: 08/25/2014) |
| 09/05/2014 | <u>39</u> | | REPLY to opposition to motion re <u>34</u> MOTION to Strike <u>21</u> Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Clayton, Michael) (Entered: 09/05/2014) |
| 09/10/2014 | <u>40</u> | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nahtan M. Rehn, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – (415) 512–4000. Fax No. – (415) 512–4077 Filing fee $ 100, receipt number 0090–3835256. Fee Status: Fee Paid. by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # <u>1</u> Declaration of Nathan Rehn ISO, # <u>2</u> Text of Proposed Order)(Choudhury, Anjan) (Entered: 09/10/2014) |
| 09/15/2014 | <u>41</u> | | MOTION to Compel *Discovery* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # <u>1</u> Text of Proposed Order Granting Defendant's Motion to Compel Discovery (Exhibit A), # <u>2</u> Declaration of Kathleen Lu in Support of Defendant's Motion to Compel (Exhibit B), # <u>3</u> Exhibit 1 to Decl of Kathleen |

| | | |
|---|---|---|
| | | Lu, # 4 Exhibit 2 to Decl of Kathleen Lu, # 5 Exhibit 3 to Decl of Kathleen Lu, # 6 Exhibit 4 to Decl of Kathleen Lu, # 7 Exhibit 5 to Decl of Kathleen Lu, # 8 Exhibit 6 to Decl of Kathleen Lu, # 9 Exhibit 7 to Decl of Kathleen Lu, # 10 Exhibit 8 to Decl of Kathleen Lu, # 11 Exhibit 9 to Decl of Kathleen Lu, # 12 Exhibit 10 to Decl of Kathleen Lu, # 13 Exhibit 11 to Decl of Kathleen Lu, # 14 Exhibit 12 to Decl of Kathleen Lu, # 15 Exhibit 13 to Decl of Kathleen Lu, # 16 Exhibit 14 to Decl of Kathleen Lu, # 17 Exhibit 15 to Decl of Kathleen Lu)(Bridges, Andrew) (Entered: 09/15/2014) |
| 09/16/2014 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 9/16/2014 re 31 MOTION for Order of Protection filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC., AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. Protective order conditions revised for reasons stated on the record. Revised protective order to be submitted to the court for approval. Case to be referred to a Magistrate Judge for discovery disputes. Order to follow. (Court Reporter:William Zaremba.) (tj ) (Entered: 09/16/2014) |
| 09/17/2014 | | MINUTE ORDER: Granting 37 Consent Motion to Extend Discovery and Case Schedule. Set/Reset Deadlines/Hearings: Fact Discovery due by 12/5/2014. Status Report due by 1/5/2015. Expert Disclosures due by 2/2/2015. Opposition Expert Disclosures due by 3/16/2015. Rebuttal Expert Disclosures due by 5/4/2015. Reply Expert Disclosures due by 5/18/2015. Expert Discovery due by 6/16/2015. Status Report and Joint Recommendation due by 6/23/2015. Status Conference set for 6/30/2015 at 10:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 09/17/2014. (lctsc2) (Entered: 09/17/2014) |
| 09/17/2014 | | MINUTE ORDER: Granting in part and denying in part 31 Plaintiffs' Motion for Order of Protection for the reasons stated on the record at the hearing held September 16, 2014. The parties shall file a revised protective order consistent with the Court's rulings by September 22, 2014. The parties are also instructed to e–mail Chambers the proposed protective order in Word format.. Signed by Judge Tanya S. Chutkan on 09/17/2014. (lctsc2) (Entered: 09/17/2014) |
| 09/17/2014 | | MINUTE ORDER: Granting 40 Motion for Leave to Appear Pro Hac Vice. Attorney NATHAN M. REHN is hereby admitted pro hac vice to appear in this matter on behalf of plaintiff National Fire Protection Association, Inc. Signed by Judge Tanya S. Chutkan on 9/17/14. (DJS) (Entered: 09/17/2014) |
| 09/17/2014 | 42 | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael Andrew Zee, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – (415) 318–1222. Fax No. – (415) 318–1300 Filing fee $ 100, receipt number 0090–3842463. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 09/17/2014) |
| 09/18/2014 | | MINUTE ORDER: Granting 42 Motion for Leave to Appear Pro Hac Vice. Attorney Michael Andrew Zee is hereby admitted pro hac vice to appear in this matter on behalf of plaintiff American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc. Signed by Judge Tanya S. Chutkan on |

| | | | |
|---|---|---|---|
| | | | 9/18/14. (DJS) (Entered: 09/18/2014) |
| 09/22/2014 | 43 | | STIPULATION re Order on Motion for Order, *Proposed Protective Order* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 09/22/2014) |
| 09/23/2014 | 44 | | STIPULATION AND ORDER: Entering the stipulated 43 Protective Order submitted by the parties. Signed by Judge Tanya S. Chutkan on 09/23/2014. (lctsc2) (Entered: 09/23/2014) |
| 09/23/2014 | | | ORDER OF REFERRAL: The Court has determined that this action should be referred to a magistrate judge for all issues *related to discovery*, including the Defendant's pending Motion to Compel (ECF No. 41). The parties are reminded, pursuant to LCvR 73.1, that this action may be referred for all purposes, including trial, upon the filing of an executed notice of consent by all parties. Consent of the District Court Judge is not necessary. Accordingly, it is hereby ORDERED that this action is referred to a magistrate judge for discovery only, beginning immediately; the magistrate judge will be randomly assigned by the Clerk's Office; and it is FURTHER ORDERED that any future filings related to discovery in this action shall have the initials of Judge Tanya Chutkan and the magistrate judge following the case number in the caption. Signed by Judge Tanya S. Chutkan on 09/23/2014. (lctsc2) (Entered: 09/23/2014) |
| 09/23/2014 | 45 | | CASE Randomly REFERRED to Magistrate Judge Deborah A. Robinson for all discovery. (kb) (Entered: 09/25/2014) |
| 09/26/2014 | | | Set/Reset Hearings: Motion Hearing on 41 Defendant's Motion to Compel set for 10/13/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar2) (Entered: 09/26/2014) |
| 09/29/2014 | | | MINUTE ORDER: It is hereby ORDERED that the motion hearing is rescheduled for 3:00 PM on Tuesday 10/14/2014. The hearing was mistakenly scheduled on a holiday. Set/Reset Hearings: Motion Hearing set for 10/14/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on September 29, 2014. (SRH) (Entered: 09/29/2014) |
| 10/02/2014 | 46 | | Memorandum in opposition to re 41 MOTION to Compel *Discovery Plaintiff National Fire Protection Association, Inc.'s Opposition to Motion to Compel Discovery* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Declaration of Christian Dubay In Support of, # 2 Declaration Dennis Berry In Support of)(Klaus, Kelly) (Entered: 10/02/2014) |
| 10/02/2014 | 47 | | Memorandum in opposition to re 41 MOTION to Compel *Discovery* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Exhibit Ex. A Declaration of Jordana Rubel in Support of Plaintiff's Opposition to Defendant's Motion to Compel Discovery, # 2 Exhibit Ex. B Declaration of Norma Jane Hair in Support of Plaintiff's Opposition to Defendant's Motion to Compel Discovery)(Fee, J.) (Entered: 10/02/2014) |
| 10/02/2014 | 48 | | Memorandum in opposition to re 41 MOTION to Compel *Discovery* filed by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND |

| | | |
|---|---|---|
| | | AIR–CONDITIONING ENGINEERS, INC.. (Attachments: # 1 Declaration of M. Andrew Zee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Declaration of Claire Ramspeck)(Steinthal, Kenneth) (Entered: 10/02/2014) |
| 10/09/2014 | 49 | Unopposed MOTION for Leave to Appear TELEPHONICALLY *AT OCTOBER 14, 2014 HEARING* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Text of Proposed Order)(Steinthal, Kenneth) (Entered: 10/09/2014) |
| 10/10/2014 | | MINUTE ORDER granting 49 Plaintiff–Counterdefendant American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc.'s Unopposed Motion for Leave to Appear by Telephone. Signed by Magistrate Judge Deborah A. Robinson on October 10, 2014. (SRH) (Entered: 10/10/2014) |
| 10/10/2014 | 50 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew B. Becker, :Firm– Fenwick & West LLP, :Address– 801 California Street, Mountain View, California 94041. Phone No. – (650) 335–7930. Fax No. – (650) 938–5200 Filing fee $ 100, receipt number 0090–3869285. Fee Status: Fee Paid. by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 10/10/2014) |
| 10/11/2014 | | MINUTE ORDER: Granting 50 Motion for Leave to Appear Pro Hac Vice. Attorney Matthew B. Becker is hereby admitted pro hac vice to appear in this matter on behalf of defendant Public.Resource.Org, Inc. Signed by Judge Tanya S. Chutkan on 10/11/14. (DJS ) (Entered: 10/11/2014) |
| 10/13/2014 | 51 | REPLY to opposition to motion re 41 MOTION to Compel *Discovery* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Andrew P. Bridges in Support of Defendant's Reply re Motion to Compel Discovery, # 2 Exhibit 1 to Declaration of Andrew Bridges, # 3 Errata 2 to Declaration of Andrew Bridges)(Bridges, Andrew) (Entered: 10/13/2014) |
| 10/14/2014 | 52 | NOTICE of Appearance by Jordana Sara Rubel on behalf of AMERICAN SOCIETY FOR TESTING AND MATERIALS, (ztnr, ) (Entered: 10/14/2014) |
| 10/14/2014 | | MINUTE ORDER: The hearing on Defendant Public.Resource.Org, Inc.'s Motion to Compel Discovery (Document No. 41), which was scheduled for 3:00 p.m. on this date, is, after consultation with counsel for the parties, continued to 3:00 p.m. on Wednesday, October 15, 2014. The court apologizes to counsel and the parties for the inconvenience this continuance has caused. Counsel are encouraged to use the intervening period to meet and confer in an effort to narrow the discovery disputes which are the subject of the motion. Set/Reset Hearings: Motion Hearing set for 10/15/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on October 14, 2014. (SRH) (Entered: 10/14/2014) |
| 10/15/2014 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Motion Hearing held on 10/15/2014 re 41 MOTION to Compel *Discovery* filed by PUBLIC.RESOURCE.ORG, INC. The court heard preliminary arguments of counsel regarding the status of the Motion. The court directed counsel and the parties to continue to meet and confer in an effort to resolve disputes. The court scheduled a Further Motion Hearing set for 10/28/2014 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. |

| | | | |
|---|---|---|---|
| | | | Robinson. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 3:17:30 – 3:47:06, Crtrm 4). (zcmm, ) (Entered: 10/15/2014) |
| 10/24/2014 | 53 | | Unopposed MOTION for Leave to Appear *Telephonicaly at October 28, 2014 Hearing* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order)(Steinthal, Kenneth) (Entered: 10/24/2014) |
| 10/27/2014 | | | MINUTE ORDER: It is hereby ORDERED that counsel for Plaintiffs–Counterdefendants American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc. and the National Fire Protection Association, Inc.'s Unopposed Motion to Allow Telephonic Appearance at the October 28, 2014 (Document No. 53) is GRANTED. Signed by Magistrate Judge Deborah A. Robinson on October 27, 2014. (SRH) (Entered: 10/27/2014) |
| 10/28/2014 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 10/28/2014. Case called for Motion Hearing but not held. By no later than 11/04/2014, counsel shall file a proposed order indicating with reference to 41 Motion to Compel the matters that have been resolved. Counsel shall include a provision that with respect to those issues the motion maybe denied as moot. Parties are directed to continue to confer. A Further Status Conference is set for 12/1/2014 11:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (Court Reporter Bowles Reporting Services.)(FTR Time Frame: 3:30:53 – 3:58:59, Crtrm 4) (zcmm, ) (Entered: 10/28/2014) |
| 10/28/2014 | | | Set/Reset Hearings: Status Conference is scheduled for Monday, December 1, 2014 at 11:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (SRH) (Entered: 12/01/2014) |
| 11/04/2014 | 54 | | STATUS REPORT *Joint Status Report and [Proposed] Order On Defendant's Motion to Compel Discovery* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 11/04/2014) |
| 11/17/2014 | 55 | | TRANSCRIPT OF PROCEEDINGS before Judge Tanya S. Chutkan held on September 16, 2014; Page Numbers: 1–24; Date of Issuance: November 17, 2014. Court Reporter/Transcriber: William Zaremba; Telephone number 202–354–3249; Court Reporter Email Address: William_Zaremba@dcd.uscourts.gov.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 12/8/2014. Redacted Transcript Deadline set for 12/18/2014. Release of Transcript Restriction set for 2/15/2015.(Zaremba, William) (Entered: 11/17/2014) |

| 11/21/2014 | | | MINUTE ORDER: Setting Hearing on <u>34</u> MOTION to Strike Defendant's Jury Demand. Motion Hearing set for 12/4/2014 11:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 11/21/2014. (lctsc2) (Entered: 11/21/2014) |
| 11/24/2014 | <u>56</u> | | Consent MOTION for Extension of Time to *Extend Time for Discovery and Case Schedule* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # <u>1</u> Text of Proposed Order)(McSherry, Corynne) (Entered: 11/24/2014) |
| 11/24/2014 | <u>57</u> | | ORDER regarding <u>41</u> Defendant's Motion to Compel Discovery. See Order for details. Signed by Magistrate Judge Deborah A. Robinson on November 24, 2014. (SRH) (Entered: 11/24/2014) |
| 11/25/2014 | <u>58</u> | | ORDER granting <u>56</u> Consent Motion for Extension of Deadlines. Fact discovery to close by 1/30/2015; Joint status report by 3/2/2015; Close of expert discovery by7/14/2015; Joint status report by 7/21/2015; Status conference 7/28/2015 (See order for additional deadlines) Signed by Judge Tanya S. Chutkan on 11/25/14. (DJS, ) (Entered: 11/25/2014) |
| 11/25/2014 | | | Set/Reset Deadlines/Hearings: Close of Fact Discovery due by 1/30/2015. Joint Status Report due by 3/2/2015. Plaintiff Rule 26(a)(2) due by 3/2/2015. Defendant Rule 26(a)(2) due by 4/13/2015. Rebuttal disclosures due by 6/1/2015. Reply Disclosures due by 6/15/2015. Close of Expert Discovery due by 7/14/2015. Joint Status Report due by 7/21/2015. Status Conference set for 7/28/2015 at 10:00 AM in Courtroom 2 before Judge Tanya S. Chutkan. (sm) (Entered: 11/25/2014) |
| 12/01/2014 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 12/1/2014. Further Status Conference set for 1/15/2015 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Status Report due by 1/12/2015. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 11:13:50 – 1:03:35, Crtrm 4). (zcmm, ) (Entered: 12/01/2014) |
| 12/01/2014 | <u>59</u> | | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Deborah A. Robinson held on 10/28/2014; Page Numbers: 1–22. Court Reporter/Transcriber Bowles Reporting Service, Telephone number (860) 464–1083, Court Reporter Email Address : brs–ct@sbcglobal.net.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 12/22/2014. Redacted Transcript Deadline set for 1/1/2015. Release of Transcript Restriction set for 3/1/2015.(znmw, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/01/2014) |
| 12/01/2014 | 60 | | ORDER denying remaining issues with respect to Defendant's Motion to Compel Discovery (Document No. 41). See Order for details. Set/Reset Deadlines/Hearings: Counsel for the parties to the dispute shall file a status report by no later than 1/12/2015; Hearing with respect to the remaining discovery disputes is scheduled for 1/15/2015 at 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on December 1, 2014. (SRH) Modified on 12/31/2014 (zcmm, ). (Entered: 12/01/2014) |
| 12/04/2014 | | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 12/4/2014 re 34 MOTION to Strike Defendant's Jury Demand filed by AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. Oral argument heard, and motion taken under advisement.(Court Reporter: Janice Dickman.) (tj) (Entered: 12/04/2014) |
| 12/18/2014 | 61 | | TRANSCRIPT OF PROCEEDINGS before Judge Tanya S. Chutkan held on 12–4–14; Page Numbers: 45. Date of Issuance: December 18, 2014. Court Reporter/Transcriber Jan Dickman, Telephone number (202)354–3267, Court Reporter Email Address : JaniceDickmanDCD@gmail.com.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<P></P> Redaction Request due 1/8/2015. Redacted Transcript Deadline set for 1/18/2015. Release of Transcript Restriction set for 3/18/2015.(Dickman, Janice) (Entered: 12/18/2014) |
| 12/19/2014 | 62 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. Attorney Michael Andrew Zee terminated. (Zee, Michael) (Entered: 12/19/2014) |
| 12/24/2014 | 63 | | ENTERED IN ERROR.....Consent MOTION for Extension of Time to *Oppose Plaintiffs' Motion to Compel* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order)(Bridges, Andrew) Modified on 12/24/2014 (rdj). (Entered: 12/24/2014) |
| 12/24/2014 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 63 Consent MOTION for Extension of Time to *Oppose Plaintiffs' Motion to Compel* was entered in error at the request of counsels. (rdj) (Entered: 12/24/2014) |
| 12/24/2014 | 64 | | First MOTION to Compel *Public Resource.Org, Inc.* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 12/24/2014) |
| 12/24/2014 | 65 | | |

| | | | |
|---|---|---|---|
| | | | Proposed Order *re 64 Plaintiffs' Motion to Compel* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) Modified on 12/28/2014 (jf, ). (Entered: 12/24/2014) |
| 12/24/2014 | 66 | | Declaration re 64 First MOTION to Compel *Public.Resource.Org. /* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) Modified on 12/28/2014 (jf, ). (Entered: 12/24/2014) |
| 01/12/2015 | 67 | | Memorandum in opposition to re 64 First MOTION to Compel *Public Resource.Org, Inc. Discovery* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Kathleen Lu In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.'s Opposition to Plaintiff–Counterdefendant American Society for Testing and Materials d/b/a ASTM International Motion to Compel Discovery, # 2 Declaration of John Doe In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.'s Response to Plaintiffs' Motion to Compel Discovery, # 3 Declaration of Carl Malamud In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.'s Response to Plaintiffs' Motion to Compel Discovery)(Bridges, Andrew) (Entered: 01/12/2015) |
| 01/12/2015 | 68 | | STATUS REPORT *ON OUTSTANDING ISSUES RAISED IN PUBLIC RESOURCE'S MOTION TO COMPEL DISCOVERY (Related Dkt. # 60 )* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 01/12/2015) |
| 01/14/2015 | | | MINUTE ORDER: At a hearing conducted by this court on December 1, 2014, this court, inter alia, directed the parties to the discovery disputes which were pending at that time to continue to meet and confer in an effort to finalize the resolution of those disputes; to file a status report by no later than January 12, 2015; and to appear for a status hearing on January 15, 2015. See Order (Document No. 60). This court, in an effort to prepare for the January 15 hearing has determined that (1) in the interim, Plaintiffs filed a Motion to Compel Discovery (Document No. 64), and that the motion is not yet ripe, and (2) the parties have not yet completed their efforts to resolve the discovery disputes which were pending as of December 1, 2014 (see Document No. 68). For these reasons, it is ORDERED that the hearing now scheduled for January 15 is continued to 10:00 a.m. on Wednesday, February 4, 2015. It is FURTHER ORDERED that counsel shall continue to meet and confer regarding the discovery disputes which are the subject of both the pending motion and the status report, and shall jointly file a status report by no later than January 20, 2015. Set/Reset Deadlines/Hearings: Counsel for the parties to the discovery disputes shall jointly file a status report by no later than January 20, 2015. A Status Conference is scheduled for 10:00 a.m. on February 4, 2015 in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on January 14, 2015. (SRH) (Entered: 01/14/2015) |
| 01/20/2015 | 69 | | STATUS REPORT *Joint Status Report and [Proposed] Order On Defendant and Plaintiffs' Motions to Compel Discovery* by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 01/20/2015) |
| 01/22/2015 | 70 | | REPLY to opposition to motion re 64 First MOTION to Compel *Public Resource.Org, Inc.* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 01/22/2015) |

| 01/29/2015 | 71 | | MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration Declaration of Kathleen Lu in Support of Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions, # 2 Text of Proposed Order [Proposed] Order Granting Defendant's Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions)(Bridges, Andrew) (Entered: 01/29/2015) |
| --- | --- | --- | --- |
| 02/02/2015 | 72 | | MEMORANDUM AND OPINION. Signed by Judge Tanya S. Chutkan on 2/2/2015. (lctsc2) (Entered: 02/02/2015) |
| 02/02/2015 | 73 | | ORDER granting 34 Motion to Strike. The jury demand in Defendant's 21 counterclaim and Answer is stricken. Signed by Judge Tanya S. Chutkan on 2/2/2015. (lctsc2) (Entered: 02/02/2015) |
| 02/03/2015 | 74 | | MOTION to Amend/Correct 1 Complaint,, *Exhibit B* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit Amended Exhibit B to Complaint, # 2 Text of Proposed Order [Proposed] Order Granting Motion to Amend)(Rehn, Nathan) (Entered: 02/03/2015) |
| 02/04/2015 | 75 | | NOTICE of Appearance by Simeon Meir Schopf on behalf of AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Schopf, Simeon) (Entered: 02/04/2015) |
| 02/04/2015 | | | MINUTE ORDER. Proceedings held before Magistrate Judge Deborah A. Robinson: Further Status Conference held on 2/4/2015. With respect to 64 Plaintiffs' Motion to Compel Discovery, the defendant may redact identifying information from the documents (see page 3 in document number 69 ); and, that such redactions are without prejudice to raising the issue at a time there is a more specific factual showing of need. In all other respects, the Motion is DENIED AS MOOT. Status Conference set for 3/25/2015 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 10:09:09 – 10:42:39, Crtrm 4) (zcmm, ) (Entered: 02/04/2015) |
| 02/17/2015 | 76 | | Memorandum in opposition to re 71 MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 02/17/2015) |
| 02/20/2015 | 77 | | STIPULATION re 44 Stipulation and Order *JOINT STIPULATION TO AMEND PROTECTIVE ORDER* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 02/20/2015) |
| 02/20/2015 | 78 | | WITHDRAWAL OF MOTION PURSUANT TO 80 . . . . . MOTION for Protective Order by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Motion for Protective Order, # 2 Exhibit A – Plaintiffs' Second Requests for |

| | | |
|---|---|---|
| | | Production of Documents, Things and Electronically Stored Information, # 3 Text of Proposed Order Granting Defendant's Motion for Protective Order [Dkt. 78])(Bridges, Andrew) Modified on 3/2/2015 (td, ). (Entered: 02/20/2015) |
| 02/20/2015 | 79 | Memorandum in opposition to re 74 MOTION to Amend/Correct 1 Complaint,, *Exhibit B* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to National Fire Protection Association, Inc.'s Motion to Amend Complaint, # 2 Exhibit A to Bridges Declaration In Support of Opposition to Motion to Amend Complaint, # 3 Text of Proposed Order Denying National Fire Protection Association, Inc.'s Motion to Amend Complaint (Dkt. No. 74))(Bridges, Andrew) (Entered: 02/20/2015) |
| 02/26/2015 | 80 | WITHDRAWAL of Motion by PUBLIC.RESOURCE.ORG, INC. re 78 MOTION for Protective Order filed by PUBLIC.RESOURCE.ORG, INC. . (Bridges, Andrew) (Entered: 02/26/2015) |
| 02/27/2015 | 81 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Defendant's Motion to File Documents Under Seal, # 2 CONFIDENTIAL Version of Public.Resource.Org, Inc.s Reply In Support Of Motion For Extension Of Discovery Period, Corresponding Modification Of Scheduling Order, And Leave To Take More Than Ten Depositions, # 3 CONFIDENTIAL Version of Reply Declaration of Andrew P. Bridges In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.s Reply In Support Of Motion For Extension Of Discovery Period, Corresponding Modification Of Scheduling Order, And Leave To Take More Than Ten Depositions, # 4 Confidential Exhibit D to the Bridges Reply Declaration In Support, # 5 Confidential Exhibit E to the Bridges Reply Declaration In Support, # 6 Confidential Exhibit F to the Bridges Reply Declaration In Support)(Bridges, Andrew) (Entered: 02/27/2015) |
| 02/27/2015 | 82 | REPLY to opposition to motion re 71 MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions [PUBLIC REDACTED VERSION]* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 PUBLIC REDACTED VERSION of Reply Declaration of Andrew P. Bridges In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.s Reply In Support of Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions, # 2 Exhibit A to Bridges Reply Declaration In Support, # 3 Exhibit B to Bridges Reply Declaration In Support, # 4 Exhibit C to Bridges Reply Declaration In Support, # 5 Exhibit D to Bridges Reply Declaration In Support, # 6 Exhibit E to Bridges Reply Declaration In Support, # 7 Exhibit F to Bridges Reply Declaration In Support)(Bridges, Andrew) (Entered: 02/27/2015) |
| 02/28/2015 | 83 | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 81 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL |

| | | |
|---|---|---|
| | | filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 02/28/2015) |
| 03/02/2015 | 84 | REPLY to opposition to motion re 74 MOTION to Amend/Correct 1 Complaint,, *Exhibit B* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 03/02/2015) |
| 03/02/2015 | 85 | STATUS REPORT *Joint Status Report In Response to Scheduling Order (Dkt. 58)* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 03/02/2015) |
| 03/03/2015 | | DISREGARD THIS NOTICE. . . .NOTICE OF ERROR re 85 Status Report; emailed to abridges@fenwick.com, cc'd 31 associated attorneys –– The PDF file you docketed contained errors: 1. FYI: On future filings, the document must be signed by counsel who is electronically filing the doc. (td, ) Modified on 3/3/2015 (td, ). (Entered: 03/03/2015) |
| 03/06/2015 | 86 | Emergency MOTION for Order *and Request for Expedited Briefing Schedule* by AMERICAN SOCIETY FOR TESTING AND MATERIALS (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Fee, J.) (Entered: 03/06/2015) |
| 03/09/2015 | | Set/Reset Hearings: Status Conference, including consideration of 71 scheduled for 3/19/2015 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. All counsel shall meet and confer in advance of said hearing in an effort to reach a consensus regarding the expeditious completion of discovery. (lcdar2) (Entered: 03/09/2015) |
| 03/09/2015 | | MINUTE ORDER: It is hereby ORDERED that 81 Sealed Motion for Leave to File Document Under Seal is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on March 9, 2015. (lcdar2) (Entered: 03/09/2015) |
| 03/09/2015 | 87 | SEALED REPLY TO OPPOSITION filed by PUBLIC.RESOURCE.ORG, INC. re 71 MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F)(ztd, ) (Entered: 03/10/2015) |
| 03/17/2015 | 88 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jason Blake Cunningham, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – (415) 318–1200. Fax No. – (415) 318–1300 Filing fee $ 100, receipt number 0090–4024895. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 03/17/2015) |
| 03/17/2015 | 89 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Antonio E. Lewis, :Firm– King & Spalding LLP, :Address– 100 N Tryon Street, Suite 3900, Charlotte, NC 28202. Phone No. – (704) 503–2600. Fax No. – (704) 503–2622 Filing fee $ 100, receipt number 0090–4024904. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND |

| | | | |
|---|---|---|---|
| | | | AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 03/17/2015) |
| 03/18/2015 | | | MINUTE ORDER: Granting 88 Motion for Leave to Appear Pro Hac Vice. Attorney Jason Blake Cunningham is hereby admitted pro hac vice to appear in this matter on behalf of defendant AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.Signed by Judge Tanya S. Chutkan on 3/18/15. (DJS) Modified on 3/18/2015 (sm). (Entered: 03/18/2015) |
| 03/19/2015 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 3/19/2015. (Court Reporter: Lisa Moreira) (zcmm, ) (Entered: 03/20/2015) |
| 03/23/2015 | | | MINUTE ORDER: Proceedings held before Magistrate Judge Deborah A. Robinson: Status hearing and hearing with respect to Defendants Motion for Extension of Time to Complete Discovery, Document No. 71 , conducted on March 19, 2015. Defendants Motion for Extension of Time to Complete Discovery DENIED for the reasons set forth in the record, except that Defendant may complete Rule 30(b)(6) depositions in accordance with the agreement of the parties by no later than April 2, 2015. Parties waive oral argument with respect to Plaintiffs Emergency Motion for Protective Order Document No. 86, which will be decided by the Court after said motion has been fully briefed. (lcdar1) (Entered: 03/23/2015) |
| 03/23/2015 | | | MINUTE ORDER granting 89 Motion for Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Deborah A. Robinson on 03/23/2015. (lcdar1, ) (Entered: 03/23/2015) |
| 03/23/2015 | 90 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Defendant's Motion to File Documents Under Seal, # 2 Sealed Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule, # 3 Sealed Exhibit 11 to Bridges Declaration, # 4 Sealed Exhibit 12 to Bridges Declaration, # 5 Sealed Exhibit 13 to Bridges Declaration, # 6 Sealed Exhibit 14 to Bridges Declaration, # 7 Sealed Exhibit 15 to Bridges Declaration, # 8 Sealed Exhibit 16 to Bridges Declaration)(Bridges, Andrew) (Entered: 03/23/2015) |
| 03/23/2015 | 91 | | Memorandum in opposition to re 86 Emergency MOTION for Order *and Request for Expedited Briefing Schedule* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 [Public] Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule, # 2 Exhibit 1 to Bridges Declaration, # 3 Exhibit 2 to Bridges Declaration, # 4 Exhibit 3 to Bridges Declaration, # 5 Exhibit 4 to Bridges Declaration, # 6 Exhibit 5 to Bridges Declaration, # 7 Exhibit 6 to Bridges Declaration, # 8 Exhibit 7 to Bridges Declaration, # 9 Exhibit 8 to Bridges Declaration, # 10 Exhibit 9 to Bridges Declaration, # 11 Exhibit 10 to Bridges Declaration, # 12 Exhibit 11 to Bridges Declaration, # 13 Exhibit 12 to Bridges Declaration, # 14 Exhibit 13 to Bridges Declaration, # 15 Exhibit 14 to Bridges Declaration, # 16 Exhibit 15 to Bridges Declaration, # 17 Exhibit 16 to Bridges Declaration, # |

| | | | |
|---|---|---|---|
| | | | 18 Text of Proposed Order Denying Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule)(Bridges, Andrew) (Entered: 03/23/2015) |
| 03/24/2015 | 92 | | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 90 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 03/24/2015) |
| 03/24/2015 | | | MINUTE ORDER: It is hereby ORDERED that Sealed Motion for Leave to File Document Under Seal, Document No. 90 , is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 03/24/2015. (lcdar1, ) (Entered: 03/24/2015) |
| 03/24/2015 | 93 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re 91 Memorandum in Opposition,,,, filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.)(ztd, ) (Entered: 03/24/2015) |
| 03/26/2015 | 94 | | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Deborah A. Robinson held on March 19, 2015; Page Numbers: 1–60. Date of Issuance:March 26, 2015. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number 202–354–3187, Court Reporter Email Address : Lisa_Moreira@dcd.uscourts.gov. <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 4/16/2015. Redacted Transcript Deadline set for 4/26/2015. Release of Transcript Restriction set for 6/24/2015.(Moreira, Lisa) (Entered: 03/26/2015) |
| 04/01/2015 | 95 | | ORDER granting NFPA's 74 Motion to Amend the Complaint. See Order for details. Signed by Judge Tanya S. Chutkan on 4/1/2015. (lctsc2) (Entered: 04/01/2015) |
| 04/01/2015 | 96 | | SUPPLEMENT (Exhibit B) to re 1 Complaint,, filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (td, ) (Entered: 04/02/2015) |
| 04/02/2015 | 97 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Plaintiffs' Motion to File |

| | | | |
|---|---|---|---|
| | | | Documents Under Seal, # 2 Exhibit Sealed Exhibit 2 to Rubel Declaration, # 3 Exhibit Sealed Exhibit 6 to Rubel Declaration)(Fee, J.) (Entered: 04/02/2015) |
| 04/02/2015 | 98 | | REPLY to Opposition re 86 MOTION for Protective Order filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Declaration of Jordana S. Rubel, # 2 Exhibit 1, # 3 Exhibit 2 [UNDER SEAL], # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6 [UNDER SEAL])(Fee, J.) Modified event title on 4/3/2015 (znmw, ). (Entered: 04/02/2015) |
| 04/21/2015 | | | MINUTE ORDER: Sealed Motion for Leave to File Document Under Seal 97 is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 4/21/2015.(lcdar1, ) (Entered: 04/21/2015) |
| 04/21/2015 | 99 | | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. re Order on Sealed Motion for Leave to File Document Under Seal. (This document is SEALED and only available to authorized persons.)(ztd, ) (Entered: 04/22/2015) |
| 04/23/2015 | 100 | | STRICKEN PURSUANT TO MINUTE ORDER FILED ON 06/10/2015.....MOTION for Order *to Set Expert Schedule* by AMERICAN SOCIETY FOR TESTING AND MATERIALS (Attachments: # 1 Exhibit Proposed Order Granting Plaintiffs' Motion to Set Expert Schedule)(Fee, J.) Modified on 6/11/2015 (jf). (Entered: 04/23/2015) |
| 05/11/2015 | 101 | | Memorandum in opposition to re 100 MOTION for Order *to Set Expert Schedule* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 05/11/2015) |
| 05/21/2015 | 102 | | REPLY to opposition to motion re 100 MOTION for Order *to Set Expert Schedule* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Exhibit Exhibit A)(Rehn, Nathan) (Entered: 05/21/2015) |
| 06/10/2015 | | | MINUTE ORDER: Plaintiffs' Motion to Set Expert Schedule (Document No. 100 ) is pending for determination by this court. Entirely absent from the motion, and from the opposition to the motion and the reply to the opposition, is any indication that the parties discharged their duty to confer in an effort to agree upon a schedule, and if not, at least to narrow the areas of disagreement. See LCvR 7(m). This court has previously cautioned counsel that every disagreement regarding the conduct of discovery ought not spawn a new wave of litigation; this concern is particularly true where, as here, the disagreement concerns the schedule for completion of discovery. It is, therefore, ORDERED that the motion is STRICKEN FROM THE RECORD. It is FURTHER ORDERED that counsel for the parties shall meet and confer regarding the schedule for completion of discovery, and, by no later than June 24, 2015, file as attachments to a notice of filing their proposed orders. Signed by Magistrate Judge Deborah A. Robinson on 6/10/2015. (lcdar1, ) (Entered: 06/10/2015) |
| 06/16/2015 | | | Set/Reset Deadlines : The parties' Notice of Filing with attached proposed orders regarding the schedule for completion of discovery to be filed by 6/24/15. (kk) (Entered: 06/16/2015) |
| 06/22/2015 | 103 | | ORDER denying Plaintiffs' Motion for Protective Order and Request for Expedited Briefing Schedule (Document No. 86 ). Signed by Magistrate Judge Deborah A. Robinson on 6/22/2015. (lcdar1, ) (Entered: 06/22/2015) |

| 06/24/2015 | 104 | | NOTICE of Proposed Order *to Set Schedule for Expert Discovery* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order [Proposed] Order Setting Schedule for Expert Discovery, # 2 Exhibit Exhibit A to Notice of Filing, # 3 Exhibit Exhibit B to Notice of Filing)(Rehn, Nathan) (Entered: 06/24/2015) |
| 06/24/2015 | 105 | | NOTICE of Proposed Order *Regarding the Schedule for Completion of Discovery* by PUBLIC.RESOURCE.ORG, INC. re Set/Reset Deadlines (Attachments: # 1 Text of Proposed Order Regarding the Schedule for Completion of Discovery)(Bridges, Andrew) (Entered: 06/24/2015) |
| 06/25/2015 | | | NOTICE OF ERROR re 104 Notice of Proposed Order; emailed to thane.rehn@mto.com, cc'd 35 associated attorneys –– The PDF file you docketed contained errors: 1. FYI: On future filings, if you are filing the document your name must be on the signature line(s). (td, ) (Entered: 06/25/2015) |
| 06/29/2015 | | | Set/Reset Deadlines : Rule 30(b)(6) depositions to be completed by 7/7/15. (kk) (Entered: 06/29/2015) |
| 07/01/2015 | 106 | | STIPULATION *Joint Stipulation and Proposed Order Regarding Scheduling of Certain Depositions* by PUBLIC.RESOURCE.ORG, INC.. (Becker, Matthew) (Entered: 07/01/2015) |
| 07/09/2015 | | | MINUTE ORDER: Upon consideration of the Joint Stipulation and Proposed Order Regarding Scheduling of Certain Depositions (Document No. 106 ) it is hereby ORDERED that the deadline for the deposition of ASTM's 30(b)(6) corporate representative is extended to July 24, 2015. It is further ORDERED that the deposition of Public Resource's expert witness shall take place on or by July 31, 2015. It is further ORDERED that a status hearing is scheduled for 2:00 p.m. on Wednesday 8/12/15. Signed by Magistrate Judge Deborah A. Robinson on 7/9/2015. (lcdar1, ) (Entered: 07/09/2015) |
| 07/09/2015 | | | Set/Reset Hearings: Status Conference is hereby set for 8/12/2015 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar1, ) (Entered: 07/09/2015) |
| 07/09/2015 | | | MINUTE ORDER: The status conference previously set for 7/28/15 before Judge CHUTKAN is hereby vacated. Signed by Judge Tanya S. Chutkan on 7/9/15. (DJS) (Entered: 07/09/2015) |
| 07/21/2015 | 107 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Katherine E. Merk, :Firm– King & Spalding LLP, :Address– 101 Second Street, Ste. 2300, San Francisco, CA 94105. Phone No. – 415–318–1200. Fax No. – 415–318–1300 Filing fee $ 100, receipt number 0090–4182854. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 07/21/2015) |
| 07/23/2015 | | | MINUTE ORDER: Granting 107 Motion for Leave to Appear Pro Hac Vice. Attorney Katherine E. Merk is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.Signed by Judge Tanya S. Chutkan on 7/22/15. (DJS) (Entered: 07/23/2015) |

| 07/29/2015 | | | MINUTE ORDER: It is hereby ORDERED that not later than August 5, 2015 all counsel of record shall verify that the docket in this action contains the attorney's email address. In the absence of an email address, the attorney(s) shall obtain an ECF password or file a notice informing the court that that they do not wish to obtain a password. Should counsel decline to obtain an ECF password, they shall forfeit their right to: (1) file electronically in this action; and (2) receive copies of court orders via U.S. mail. Signed by Judge Tanya S. Chutkan on 7/29/15. (DJS) (Entered: 07/29/2015) |
| --- | --- | --- | --- |
| 07/29/2015 | | | Set/Reset Deadlines: Notice due by 8/5/2015. (zsm) (Entered: 07/29/2015) |
| 08/05/2015 | 108 | | NOTICE *Verification of Email Addresses for Counsel of Record Pursuant to July 29, 2015 Minute Order* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 08/05/2015) |
| 08/05/2015 | 109 | | NOTICE *Verification of Email Addresses for Counsel of Record Pursuant to July 29, 2015 Minute Order* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Cunningham, Jason) (Entered: 08/05/2015) |
| 08/05/2015 | 110 | | NOTICE *AND VERIFICATION OF MATTHEW BECKER REGARDING EMAIL ADDRESSES FOR COUNSEL OF RECORD PURSUANT TO COURT'S MINUTE ORDER OF JULY 29, 2015* by PUBLIC.RESOURCE.ORG, INC. re Set/Reset Deadlines, Order,, (Becker, Matthew) (Entered: 08/05/2015) |
| 08/12/2015 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson : Status Hearing conducted on 8/12/2015. Court Reporter FTR Gold – Ctrm. 4. FTR Time Frame: [2:20:37–3:15:13]. (mr) (Entered: 08/12/2015) |
| 08/12/2015 | 111 | | ORDER on Status Hearing conducted on August 12, 2015. Signed by Magistrate Judge Deborah A. Robinson on 8/12/2015. (lcdar1, ) Modified on 8/12/2015 (lcdar1, ). (Entered: 08/12/2015) |
| 08/12/2015 | | | Set/Reset Deadlines: Fact discovery has closed. Expert discovery shall close on 10/16/2015. (lcdar1, ) (Entered: 08/12/2015) |
| 08/12/2015 | | | Set/Reset Deadlines: Defendant/Counterclaimant motion in limine due by 8/19/2015. Defendant/Counterclaimant rebuttal expert report due by 9/11/2015. Plaintiff/Counterdefendants replies due by 10/2/2015. (mr) (Entered: 08/13/2015) |
| 09/29/2015 | | | Set/Reset Hearings: Post–Discovery Status Conference is hereby set for 10/20/2015 at 04:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar1, ) (Entered: 09/29/2015) |
| 10/14/2015 | 112 | | Consent MOTION for Order *Request for Telephonic Status Conference* by PUBLIC.RESOURCE.ORG, INC. (Becker, Matthew) (Entered: 10/14/2015) |
| 10/15/2015 | | | MINUTE ORDER: Consent motion for a telephonic status conference, Document No. 112 , is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 10/15/2015. (lcdar1, ) (Entered: 10/15/2015) |
| 10/20/2015 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Post–Discovery Status Conference conducted on 10/20/2015. All Counsel confirm that discovery – both fact and expert – has been completed. |

| | | | |
|---|---|---|---|
| | | | Court Reporter FTR Gold – Ctrm. 4. (FTR Time Frame: 4:02:59–4:10:33). Plaintiffs' Counsel: Jordana Rubel, Kevin Fee, Nathan Rehn, Kelly Klaus, and Blake Cunningham; Defendant's Counsel: Matthew Becker. (mr) (Entered: 10/20/2015) |
| 10/27/2015 | 113 | | NOTICE *of Request for Hearing* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rubel, Jordana) (Entered: 10/27/2015) |
| 10/27/2015 | | | MINUTE ORDER. A status conference will be held in both this case and American Educational Research Association, Inc. v. Public.Resource.Org, Inc., Civil Action No. 1:14–cv–00857–TSC on Wednesday, November 4, 2015 at 10:15am. The court intends to set schedules for briefing summary judgment motions in both cases at the status conference. The parties to this case are hereby directed to jointly file their proposed schedules for summary judgment briefing, accompanied by proposed orders, by Friday, October 30, 2015. Signed by Judge Tanya S. Chutkan on 10/27/15. (lctsc2) (Entered: 10/27/2015) |
| 10/28/2015 | | | Set/Reset Deadlines/Hearings: Proposed Briefing Schedule due by 10/30/2015. Status Conference set for 11/4/2015 at 10:15 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 10/28/2015) |
| 10/30/2015 | 114 | | PROPOSED BRIEFING SCHEDULE re Order,, *and Joint Report of the Parties, submitted* by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit A – Plaintiffs' Proposed Order, # 2 Exhibit B – Defendant's Proposed Order)(Becker, Matthew) (Entered: 10/30/2015) |
| 11/04/2015 | | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Status Conference held on 11/4/2015. Order to issue. Motion Hearing set for 3/22/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. (Court Reporter Bryan Wayne.) (zsm) (Entered: 11/04/2015) |
| 11/04/2015 | | | MINUTE ORDER setting briefing schedule: Plaintiffs' Motion for Summary Judgment due by November 19, 2015; Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and COMBINED Cross–Motion for Summary Judgment due by December 21, 2015; Plaintiffs' Reply in Support of their Motion for Summary Judgment and COMBINED Opposition to Defendant's Cross–Motion for Summary Judgment due by January 21, 2016; Defendant's Reply in Support of its Cross–Motion for Summary Judgment due by February 4, 2016; Amicus briefs due by January 11, 2016. Signed by Judge Tanya S. Chutkan on 11/4/15. (lctsc2) (Entered: 11/04/2015) |
| 11/04/2015 | | | ENTERED IN ERROR.....MINUTE ORDER setting briefing schedule: Plaintiffs' Motion for Summary Judgment due by December 21, 2015; Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and COMBINED Cross–Motion for Summary Judgment due by January 21, 2016; Plaintiffs' Reply in Support of their Motion for Summary Judgment and COMBINED Opposition to Defendant's Cross–Motion for Summary Judgment due by February 18, 2016; Defendant's Reply in Support of its Cross–Motion for Summary Judgment due by March 3, 2016; Amicus briefs due by February 11, 2016. Signed by Judge Tanya S. Chutkan on 11/4/15. |

| | | |
|---|---|---|
| | | (lctsc2) Modified on 11/4/2015 (zsm). (Entered: 11/04/2015) |
| 11/04/2015 | | Set/Reset Deadlines: Summary Judgment motions due by 11/19/2015. Response to Motion for Summary Judgment due by 12/21/2015. Reply to Motion for Summary Judgment due by 1/21/2016.Replies due by 2/4/2016. Brief due by 1/11/2016. (zsm) (Entered: 11/04/2015) |
| 11/05/2015 | 115 | ENTERED IN ERROR.....MINUTE ORDER: Due to an unexpected scheduling conflict, the motion hearing previously set for 3/22/2016 is hereby VACATED. A new date will be set at a later time. Signed by Judge Tanya S. Chutkan on 11/5/15. (DJS) Modified on 11/5/2015 (zsm). (Entered: 11/05/2015) |
| 11/05/2015 | | MINUTE ORDER: Due to an unexpected scheduling conflict, the motion hearing previously set for 3/22/2016 is hereby VACATED. A new date will be set at a later time. Signed by Judge Tanya S. Chutkan on 11/5/15. (DJS) (Entered: 11/05/2015) |
| 11/14/2015 | 116 | TRANSCRIPT OF 11/04/15 STATUS HEARING before Judge Tanya S. Chutkan, held on November 4, 2015. Page Numbers: 1–21. Date of Issuance: 11/14/15. Court Reporter: Bryan A. Wayne; telephone number: 202–354–3186, Transcripts may be ordered by submitting the Transcript Order Form. <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br> **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 12/5/2015. Redacted Transcript Deadline set for 12/15/2015. Release of Transcript Restriction set for 2/12/2016.(Wayne, Bryan) (Entered: 11/14/2015) |
| 11/19/2015 | 117 | MOTION for Leave to File *Documents Under Seal* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Proposed Sealed Exhibit 1 to Rubel Declaration, # 3 Exhibit Proposed Sealed Exhibit 3 to Rubel Declaration)(Fee, J.) (Entered: 11/19/2015) |
| 11/19/2015 | 118 | MOTION for Summary Judgment *and Permanent Injunction* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 |

| | | |
|---|---|---|
| | | Declaration of Dennis Berry and Exhibits, # 4 Declaration of Steven Cramer and Exhibits, # 5 Declaration of James Golinveaux, # 6 Declaration of Randy Jennings and Exhibit, # 7 Declaration of Thomas O'Brien, Jr. and Exhibits, # 8 Declaration of James Pauley and Exhibits, # 9 Declaration of Kevin Reinertson, # 10 Declaration of Stephanie Reiniche and Exhibits, # 11 Declaration of James Thomas, # 12 Declaration of Jordana Rubel and Exhibits – Part 1, # 13 Declaration of Jordana Rubel and Exhibits – Part 2, # 14 Declaration of Jordana Rubel and Exhibits – Part 3, # 15 Declaration of Jordana Rubel and Exhibits – Part 4, # 16 Declaration of Jordana Rubel and Exhibits – Part 5, # 17 Text of Proposed Order and Injunction)(Fee, J.). Added MOTION for Permanent Injunction on 11/20/2015 (znmw). (Entered: 11/19/2015) |
| 11/20/2015 | | MINUTE ORDER: Granting 117 Motion for Leave to File Documents Under Seal. Plaintiffs may file the following documents under seal: 1) Exhibit 1 to the Declaration of Jordana S. Rubel (which contains the Expert Report of John C. Jarosz); and (2) Exhibit 3 to the Declaration of Jordana S. Rubel, which includes excerpts from the February 27, 2015 deposition of Carl Malamud. Signed by Judge Tanya S. Chutkan on 11/20/15. (DJS) (Entered: 11/20/2015) |
| 11/20/2015 | 119 | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. re Order on Motion for Leave to File,. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 11/23/2015) |
| 12/21/2015 | 120 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit [Proposed] Sealed Memorandum of Points and Authorities In Support of Defendants' Motion for Summary Judgment and Opposition, # 3 Exhibit [Proposed] Sealed Statement of Material Facts, # 4 Exhibit [Proposed] Sealed Declaration of Matthew Becker In Support, # 5 Exhibit [Proposed] Sealed Index of Consolidated Exhbits, # 6 Exhibit 4, # 7 Exhibit 11, # 8 Exhibit 21, # 9 Exhibit 22, # 10 Exhibit 53, # 11 Exhibit 74, # 12 Exhibit 75, # 13 Exhibit 76, # 14 Exhibit 80, # 15 Exhibit 82, # 16 Exhibit 83, # 17 Exhibit 84, # 18 Exhibit 85, # 19 Exhibit 86, # 20 Exhibit 87, # 21 Exhibit 88, # 22 Exhibit 89, # 23 Exhibit 90, # 24 Exhibit 91, # 25 Exhibit 92, # 26 Exhibit 93, # 27 Exhibit 94, # 28 Exhibit 114, # 29 Exhibit 129, # 30 Exhibit 140, # 31 Exhibit 141, # 32 Exhibit 142, # 33 Exhibit 146, # 34 Exhibit 150, # 35 Exhibit 153)(Bridges, Andrew) (Entered: 12/21/2015) |
| 12/21/2015 | 121 | MOTION for Summary Judgment by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Statement of Disputed Facts, # 4 Objections, # 5 Declaration of Carl Malamud, # 6 Declaration of Matthew Becker, # 7 Request for Judicial Notice, # 8 Index of Consolidated Exhibits, # 9 Text of Proposed Order)(Bridges, Andrew) (Entered: 12/21/2015) |
| 12/22/2015 | 122 | LARGE ADDITIONAL ATTACHMENT(S) *filed by* PUBLIC.RESOURCE.ORG, INC. 121 MOTION for Summary Judgment filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit 1–10 Public, |

| | | |
|---|---|---|
| | | # 2 Exhibit 11–20 Public, # 3 Exhibit 21–40 Public, # 4 Exhibit 41–60 Public, # 5 Exhibit 61–80 Public, # 6 Exhibit 81–100 Public, # 7 Exhibit 101–120 Public, # 8 Exhibit 121–140 Public, # 9 Exhibit 141–157 Public)(Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 123 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Motion to Strike Jarosz Report, # 2 Exhibit 4 in Support of Kathleen Lu's Declaration, # 3 Exhibit 6 in support of Kathleen Lu's Declaration, # 4 Exhibit 8 in support of Kathleen Lu's Declaration, # 5 Certificate of Service)(Lu, Kathleen) (Entered: 12/22/2015) |
| 12/22/2015 | 124 | MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Memorandum in Support [Redacted], # 2 Declaration of Kathleen Lu, # 3 Exhibit 1 to Lu Declaration, # 4 Exhibit 2 to Lu Declaration, # 5 Exhibit 3 to Lu Declaration, # 6 Exhibit 4 [Redacted] to Lu Declaration, # 7 Exhibit 5 to Lu Declaration, # 8 Exhibit 6 [Redacted] to Lu Declaration, # 9 Exhibit 7 to Lu Declaration, # 10 Exhibit 8 [Redacted] to Lu Declaration, # 11 Text of Proposed Order)(Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 125 | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 120 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 126 | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 123 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) *Motion to Strike Jarosz Report*. (Lu, Kathleen) (Entered: 12/22/2015) |
| 12/28/2015 | 127 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gerald W. Griffin, :Firm– Carter Ledyard & Milburn LLP, :Address– 2 Wall Street, New York, NY 10005. Phone No. – (212) 732–3200. Fax No. – (212) 732–3232 Fee Status: Paid, $100.00, Receipt No. 0090–4361814. by American National Standards Institute, Inc. (Attachments: # 1 Declaration of Gerald W. Griffin, # 2 Text of Proposed Order)(Hochman Rothell, Bonnie) Modified on 12/28/2015 to add payment information. (ztnr) (Entered: 12/28/2015) |
| 12/28/2015 | 128 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by American National Standards Institute, Inc. (Attachments: # 1 Text of Proposed Order)(Hochman Rothell, Bonnie) (Entered: 12/28/2015) |
| 12/28/2015 | 129 | STIPULATION *Regarding Time To Respond To Motion To Strike* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. (Attachments: # 1 [Proposed] Order)(Cunningham, Jason) (Entered: 12/28/2015) |
| 12/29/2015 | | MINUTE ORDER: Having considered the Stipulation filed by the parties 129 , it is hereby ordered that Plaintiffs shall respond to Defendant's motion strike 124 by January 21, 2016. Defendant's reply brief is due by February 4, 2016. |

| | | | |
|---|---|---|---|
| | | | Going forward, the parties must file a motion seeking court approval to extend deadlines. Signed by Judge Tanya S. Chutkan on 12/29/15. (DJS) (Entered: 12/29/2015) |
| 12/29/2015 | | | MINUTE ORDER: Granting 128 Motion for the following entities to file a combined amicus brief on behalf of Plaintiffs: The American National Standards Institute, Inc. ("ANSI"), American Society of Safety Engineers ("ASSE"), The Institute of Electrical and Electronics Engineers, Incorporated ("IEEE"), International Association of Plumbing & Mechanical Officials ("IAPMO"), National Electrical Manufacturers Association ("NEMA"), North American Energy Standards Board ("NAESB"), and Underwriters Laboratories Inc. ("UL"). Signed by Judge Tanya S. Chutkan on 12/29/15. (DJS) (Entered: 12/29/2015) |
| 12/29/2015 | | | Set/Reset Deadlines: Responses due by 1/21/2016 Replies due by 2/4/2016. (zsm) (Entered: 12/29/2015) |
| 12/31/2015 | 130 | | MOTION for Leave to File *Amicus Curiae Brief* by AMERICAN INSURANCE ASSOCIATION (Attachments: # 1 Text of Proposed Order)(Hollywood, Meegan) Modified on 1/7/2016 (zrdj). (Entered: 12/31/2015) |
| 01/08/2016 | 131 | | NOTICE of Appearance by Jeffrey T. Pearlman on behalf of Sina Bahram (Pearlman, Jeffrey) (Entered: 01/08/2016) |
| 01/08/2016 | 132 | | Unopposed MOTION for Leave to File *AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT* by Sina Bahram (Pearlman, Jeffrey). (Entered: 01/08/2016) |
| 01/08/2016 | 133 | | Unopposed MOTION for Leave to File *AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT* by Sina Bahram (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER GRANTING UNOPPOSED MOTION OF SINA BAHRAM FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT)(Pearlman, Jeffrey) (Entered: 01/08/2016) |
| 01/08/2016 | 134 | | NOTICE of Appearance by Anthony A. Onorato on behalf of International Code Council, Inc. (Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 135 | | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alan S. Wernick, :Firm– FisherBroyles LLP, :Address– 203 North LaSalle Street, Suite 2100, Chicago, IL 60601. Phone No. – (847) 786–1005. Fax No. – (847) 412–9965 Filing fee $ 100, receipt number 0090–4372570. Fee Status: Fee Paid. by International Code Council, Inc. (Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 136 | | Unopposed MOTION for Leave to File *Amicus Curiae Brief in Support of Plaintiffs' Motion for Summary Judgment* by International Code Council, Inc. (Attachments: # 1 Text of Proposed Order)(Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 137 | | AFFIDAVIT re 135 Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alan S. Wernick, :Firm– FisherBroyles LLP, :Address– 203 North LaSalle Street, Suite 2100, Chicago, IL 60601. Phone No. – (847) 786–1005. Fax No. – (847) 412–9965 Filing *Declaration of Alan S. Wernick* |

| | | |
|---|---|---|
| | | *in Support of Motion for Admission Pro Hac Vice and Proposed Order* by International Code Council, Inc.. (Attachments: # 1 Text of Proposed Order)(Onorato, Anthony) (Entered: 01/08/2016) |
| 01/09/2016 | | MINUTE ORDER: Granting 135 Motion for Leave to Appear Pro Hac Vice. Attorney Alan S. Wernick is hereby admitted pro hac vice to appear in this matter on behalf of amicus International Code Council, Inc. Signed by Judge Tanya S. Chutkan on 1/9/16. (DJS) Modified on 1/9/2016 (DJS). (Entered: 01/09/2016) |
| 01/09/2016 | | MINUTE ORDER: Granting 127 Motion for Leave to Appear Pro Hac Vice. Attorney Gerald W. Griffin is hereby admitted pro hac vice to appear in this matter on behalf of amici The American National Standards Institute, Inc. ("ANSI"), American Society of Safety Engineers ("ASSE"), The Institute of Electrical and Electronics Engineers, Incorporated ("IEEE"), International Association of Plumbing & Mechanical Officials ("IAPMO"), National Electrical Manufacturers Association ("NEMA"), North American Energy Standards Board ("NAESB"), and Underwriters Laboratories Inc. ("UL").Signed by Judge Tanya S. Chutkan on 1/9/16. (DJS) (Entered: 01/09/2016) |
| 01/10/2016 | | MINUTE ORDER: Granting 130 Motion for American Insurance Association (AIA) to file an amicus brief on behalf of Plaintiffs. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/10/2016 | | MINUTE ORDER: Granting 133 Motion for Sina Bahram to file an amicus brief on behalf of Defendant. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/10/2016 | | MINUTE ORDER: Granting 136 Motion of International Code Council, Inc. to file an amicus brief on behalf of Plaintiffs. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/11/2016 | 138 | NOTICE of Appearance by Charles Duan on behalf of PUBLIC KNOWLEDGE, KNOWLEGE ECOLOGY INTERNATIONAL, AMERICAN LIBRARY ASSOCIATION (Duan, Charles) (Entered: 01/11/2016) |
| 01/11/2016 | 139 | Amicus brief by AMERICAN INSURANCE ASSOCIATION in support of Plaintiffs' Motion for Summary Judgment. (Hollywood, Meegan) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 140 | MOTION for Leave to File *Amicus Curiae Brief* by AMERICAN LIBRARY ASSOCIATION, KNOWLEDGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE (Attachments: # 1 Exhibit Amicus Curiae Brief, # 2 Text of Proposed Order Proposed Order, # 3 Exhibit Corporate Disclosure Statement)(Duan, Charles) (Entered: 01/11/2016) |
| 01/11/2016 | 141 | Unopposed MOTION for Leave to File *Amicus Brief* by Law Scholars (Attachments: # 1 Exhibit Amicus Brief, # 2 Text of Proposed Order Proposed order)(Gellis, Catherine) (Entered: 01/11/2016) |
| 01/11/2016 | | ORDER granting 140 Motion for Leave to File Brief of Amici Curae. Signed by Judge Tanya S. Chutkan on 1/11/16. (lctsc2) (Entered: 01/11/2016) |
| 01/11/2016 | | |

| | | | |
|---|---|---|---|
| | | | ORDER granting 141 Motion for Leave to File Brief of Amici Curae. Signed by Judge Tanya S. Chutkan on 1/11/16. (lctsc2) (Entered: 01/11/2016) |
| 01/11/2016 | 142 | | Amicus Brief by AMERICAN NATIONAL STANDARDS INSTITUTE, INC. (Hochman Rothell, Bonnie) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 143 | | NOTICE of Appearance by Bruce D. Brown on behalf of The Reporters Committee for Freedom of the Press (Brown, Bruce) (Main Document 143 replaced on 1/12/2016) (ztd). (Entered: 01/11/2016) |
| 01/11/2016 | 144 | | Consent MOTION for Leave to File *Amicus Curiae Brief* by The Reporters Committee for Freedom of the Press (Attachments: # 1 Proposed Amicus Curiae Brief, # 2 Text of Proposed Order)(Brown, Bruce) (Entered: 01/11/2016) |
| 01/11/2016 | 145 | | Amicus Brief by INTERNATIONAL CODE COUNCIL, INC. (Onorato, Anthony) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 146 | | Amicus Brief by SINA BAHRAM. (Pearlman, Jeffrey) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 147 | | AMICUS BRIEF by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 148 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 149 | | AMICUS BRIEF by LAW SCHOLARS. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 150 | | ENTERED IN ERROR. . . . .Corporate Disclosure Statement by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (td) Modified on 1/12/2016 (td). (Entered: 01/12/2016) |
| 01/12/2016 | | | ORDER granting 144 Motion for Leave to File Brief of Amicus Curiae. Signed by Judge Tanya S. Chutkan on 1/12/16. (lctsc2) (Entered: 01/12/2016) |
| 01/12/2016 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 150 Corporate Disclosure Statement was entered in error and is a duplicate of docket entry no. 148 . (td) (Entered: 01/12/2016) |
| 01/12/2016 | 151 | | AMICUS BRIEF by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (td) (Entered: 01/12/2016) |
| 01/13/2016 | 152 | | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sebastian E. Kaplan, :Firm– Fenwick & West LLP, :Address– 555 California Street, 12th Fl., San Francisco, CA 94104. Phone No. – (415) 875–2300. Fax No. – (415) 281–1350 Filing fee $ 100, receipt number 0090–4377635. Fee Status: Fee Paid. by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Sebastian Kaplan, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 01/13/2016) |
| 01/21/2016 | 153 | | |

| | | | |
|---|---|---|---|
| | | | VACATED PURSUANT TO MINUTE ORDER FILED 2/3/16. . . . .ORDER: Holding in abeyance Defendant's motion to file documents under seal 120 . Defendant's filing due 2/5/16. (See order for details). Signed by Judge Tanya S. Chutkan on 1/21/16. (DJS) Modified on 2/3/2016 (td). (Entered: 01/21/2016) |
| 01/21/2016 | 154 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion to Seal, # 2 Exhibit Exhibit A to Declaration of Christian Dubay, # 3 Exhibit Exhibit 1 to Declaration of Steve Comstock)(Klaus, Kelly) (Entered: 01/21/2016) |
| 01/21/2016 | 155 | | REPLY to opposition to motion re 118 MOTION for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Supplemental Statement of Undisputed Facts, # 2 Disputes with Defendant's Statement of Facts, Evidentiary Objections and Opposition to Request for Judicial Notice, # 3 Response to Defendant's Statement of Facts, # 4 Response to Defendant's Evidentiary Objections, # 5 Declaration of Steven Comstock, # 6 Declaration of Christian Dubay, # 7 Supplemental Declaration of Thomas O'Brien, # 8 Supplemental Declaration of Jordana Rubel, # 9 Supplemental Declaration of James Thomas)(Fee, J.) Modified on 1/22/2016 to correct linkage (td). (Entered: 01/21/2016) |
| 01/21/2016 | 156 | | Memorandum in opposition to re 124 MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 01/21/2016) |
| 01/21/2016 | 157 | | Memorandum in opposition to re 121 MOTION for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC..(See docket entry no. {155} (td) (Entered: 01/22/2016) |
| 01/22/2016 | | | Set/Reset Deadlines: Defendant's Supplemental Filing due by 2/5/2016. (tth) (Entered: 01/22/2016) |
| 01/25/2016 | 158 | | MOTION to Withdraw as Attorney *Simeon M Schopf* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Cunningham, Jason) (Entered: 01/25/2016) |
| 01/27/2016 | 159 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rose Leda Ehler, :Firm– MUNGER, TOLLES & OLSON LLP, :Address– 560 Mission St., 27th Floor, San Francisco, CA 94105–2907. Phone No. – (415) 512–4000. Fax No. – (415) 644–6971 Filing fee $ 100, receipt number 0090–4391071. |

| | | |
|---|---|---|
| | | Fee Status: Fee Paid. by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Rose Leda Ehler in support of Motionto Admit Pro Hac Vice, # 2 Text of Proposed Order of Admission Pro Hac Vice)(Choudhury, Anjan) (Entered: 01/27/2016) |
| 01/28/2016 | | MINUTE ORDER: Granting 159 Motion for Leave to Appear Pro Hac Vice. Attorney Rose Leda Ehler is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff National Fire Protection Association, Inc. Signed by Judge Tanya S. Chutkan on 1/28/16. (DJS) (Entered: 01/28/2016) |
| 01/29/2016 | | MINUTE ORDER granting 158 Motion to Withdraw as Attorney. Attorney Simeon Meir Schopf terminated. Signed by Judge Tanya S. Chutkan on 1/29/16. (zsm) (Entered: 01/29/2016) |
| 02/03/2016 | | MINUTE ORDER: The Court's 1/21/16 Order 153 is hereby VACATED. Signed by Judge Tanya S. Chutkan on 2/3/16. (DJS) (Entered: 02/03/2016) |
| 02/04/2016 | | MINUTE ORDER granting 120 Sealed Motion for Leave to File Document Under Seal; granting 123 Sealed Motion for Leave to File Document Under Seal; granting 154 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 2/4/16. (zsm) (Entered: 02/04/2016) |
| 02/04/2016 | 160 | SEALED DOCUMENT (Main document Part 1 of 4) filed by PUBLIC.RESOURCE.ORG, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,,,,,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Part 2 of 4, # 2 Part 3 of 4, # 3 Part 4 of 4)(ztd) (Entered: 02/04/2016) |
| 02/04/2016 | 161 | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re 160 Sealed Document, filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 02/04/2016) |
| 02/04/2016 | 162 | SEALED DOCUMENT (Part 1 of 27) filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,,,,,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Part 2 of 27, # 2 Part 3 of 27, # 3 Part 4 of 27, # 4 Part 5 of 27, # 5 Part 6 of 27, # 6 Part 7 of 27, # 7 Part 8 of 27, # 8 Part 9 of 27, # 9 Part 10 of 27, # 10 Part 11 of 27, # 11 Part 12 of 27, # 12 Part 13 of 27, # 13 Part 14 of 27, # 14 Part 15 of 27, # 15 Part 16 of 27, # 16 Part 17 of 27, # 17 Part 18 of 27, # 18 Part 19 of 27, # 19 Part 20 of 27, # 20 Part 21 of 27, # 21 Part 22 of 27, # 22 Part 23 of 27, # 23 Part 24 of 27, # 24 Part 25 of 27, # 25 Part 26 of 27, # 26 Part 27 of 27)(ztd) (Entered: 02/04/2016) |
| 02/04/2016 | 163 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Sealed] Matthew Becker Declaration, # 2 [Sealed] Supplemental Statement of Undisputed Material Facts, # 3 [Sealed] Supplemental Statement of Disputed Material Facts, # 4 [Sealed] Consolidated List of Exhibits, # 5 [Sealed] Exhibit 7, # 6 [Sealed] Exhibit 10, # 7 [Sealed] Exhibit 11, # 8 Text of Proposed Order, # 9 Certificate of Service)(Bridges, Andrew) (Entered: 02/05/2016) |
| 02/05/2016 | 164 | |

| | | | |
|---|---|---|---|
| | | | REPLY in support of motion re 163 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.), 120 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 [Redacted] Declaration of Matthew Becker, # 2 [Redacted] Consolidated List of Exhibits, # 3 [Redacted] Response to Supplemental Statement of Facts, # 4 [Redacted] Response to Statement of Disputed Facts, # 5 Supplemental Objections to Evidence, # 6 Response to Evidentiary Objections, # 7 Supplemental Request for Judicial Notice, # 8 Supplemental Declaration of Carl Malamud, # 9 Exhibit 1, # 10 Exhibit 2, # 11 Exhibit 3, # 12 Exhibit 4, # 13 Exhibit 5, # 14 Exhibit 6, # 15 Exhibit [Redacted] 7, # 16 Exhibit 8, # 17 Exhibit 9, # 18 Exhibit [Redacted] 10, # 19 Exhibit [Redacted] 11, # 20 Exhibit 12, # 21 Exhibit 13, # 22 Exhibit 14, # 23 Exhibit 15, # 24 Exhibit 16, # 25 Exhibit 17)(Bridges, Andrew) Modified text on 2/5/2016 (ztd). (Entered: 02/05/2016) |
| 02/05/2016 | 165 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Sealed] Reply In Support of Motion to Strike the Expert Report of John Jarosz, # 2 Text of Proposed Order, # 3 Certificate of Service)(Bridges, Andrew) (Entered: 02/05/2016) |
| 02/05/2016 | 166 | | REPLY in support to motion re 165 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.), 123 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) Modified text on 2/5/2016 (ztd). (Entered: 02/05/2016) |
| 02/05/2016 | | | MINUTE ORDER granting 163 Sealed Motion for Leave to File Document Under Seal; granting 165 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 2/5/16. (zsm) (Entered: 02/05/2016) |
| 02/05/2016 | 167 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 02/05/2016) |
| 02/05/2016 | 168 | | SEALED REPLY TO OPPOSITION filed by PUBLIC.RESOURCE.ORG, INC. re 124 MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction (ztd) (Entered: 02/05/2016) |
| 02/08/2016 | | | MINUTE ORDER: Granting 152 Motion for Leave to Appear Pro Hac Vice. Attorney Sebastian E. Kaplan is hereby admitted pro hac vice to appear in this matter on behalf of Defendant. Signed by Judge Tanya S. Chutkan on 2/8/16. (DJS) (Entered: 02/08/2016) |

| | | | |
|---|---|---|---|
| 02/08/2016 | 169 | | MOTION to Take Judicial Notice by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit 1 to Plaintiffs' Request For Judicial Notice)(Ehler, Rose) (Entered: 02/08/2016) |
| 03/14/2016 | | | SEALED MINUTE ORDER granting 97 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL(This document is SEALED and only available to authorized persons.)Signed by Judge Tanya S. Chutkan on 3/14/16.(zsm) (Entered: 03/14/2016) |
| 03/14/2016 | 170 | | SEALED DOCUMENT (Exhibits) filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. re Sealed Order. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 03/14/2016) |
| 06/03/2016 | | | MINUTE ORDER. Motion Hearing on all pending motions set for 9/12/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 6/3/16. (lctsc2) (Entered: 06/03/2016) |
| 06/03/2016 | | | Set/Reset Hearings: Motion Hearing set for 9/12/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 06/03/2016) |
| 06/30/2016 | 171 | | NOTICE *of Withdrawal of Counsel of Nathan M. Rehn* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 06/30/2016) |
| 09/09/2016 | | | MINUTE ORDER: The motions hearing previously scheduled for 9:30 a.m. on 9/12/2016 has been rescheduled to begin at 9:00 a.m. in Courtroom 2. Signed by Judge Tanya S. Chutkan on 9/9/2016. (lctsc2) (Entered: 09/09/2016) |
| 09/09/2016 | | | Set/Reset Hearings: Motion Hearing set for 9/12/2016 at 9:00 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 09/09/2016) |
| 09/12/2016 | | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 9/12/2016 re 118 MOTION for Summary Judgment and Permanent Injunction MOTION for Permanent Injunction filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC., AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., 121 MOTION for Summary Judgment filed by PUBLIC.RESOURCE.ORG, INC. Motions taken under advisement. (Court Reporter Bryan Wayne.) (zsm) (Entered: 09/12/2016) |
| 09/21/2016 | 172 | | ORDER denying 124 Motion to Strike Expert Report. Signed by Judge Tanya S. Chutkan on 9/21/2016. (lctsc2) (Entered: 09/21/2016) |
| 09/21/2016 | | | MINUTE ORDER granting 169 Plaintiffs' Motion to Take Judicial Notice. Signed by Judge Tanya S. Chutkan on 9/21/2016. (lctsc2) (Entered: 09/21/2016) |
| 10/13/2016 | 173 | | TRANSCRIPT OF 9/12/16 MOTIONS HEARING, before Judge Tanya S. Chutkan, held on September 12, 2016. Page Numbers: 1–142. Date of Issuance: 10/13/16. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form  <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, t he transcript may be accessed via PACER. Other |

| | | | |
|---|---|---|---|
| | | | transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/3/2016. Redacted Transcript Deadline set for 11/13/2016. Release of Transcript Restriction set for 1/11/2017.(Wayne, Bryan) (Entered: 10/13/2016) |
| 10/14/2016 | 174 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PUBLIC.RESOURCE.ORG, INC.. Attorney Kathleen Lu terminated. (Lu, Kathleen) (Entered: 10/14/2016) |
| 02/02/2017 | 175 | | MEMORANDUM AND OPINION re 118 Plaintiffs' motion for summary judgment and 121 Defendant's cross−motion for summary judgment. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |
| 02/02/2017 | 176 | | ORDER granting 118 Plaintiffs' motion for summary judgment and denying 121 Defendant's cross−motion for summary judgment. See Order for more details. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |
| 02/02/2017 | | | MINUTE ORDER: Parties are ORDERED to submit a JOINT status report by 2/17/2017 (1) updating the court as to Defendant's compliance with 176 the court's order to remove the nine standards from its website and to cease all unauthorized use of Plaintiffs' trademarks, and (2) providing a jointly proposed schedule for this case going forward to resolve Plaintiffs' claims as to the remaining standards. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |
| 02/03/2017 | | | Set/Reset Deadlines: Joint Status Report due by 2/17/2017. (tb) (Entered: 02/03/2017) |
| 02/15/2017 | 177 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 175 Memorandum & Opinion, 176 Order on Motion for Summary Judgment, Order on Motion for Permanent Injunction, by PUBLIC.RESOURCE.ORG, INC.. Filing fee $ 505, receipt number 0090−4843999. Fee Status: Fee Paid. Parties have been notified. (Bridges, Andrew) (Entered: 02/15/2017) |
| 02/16/2017 | 178 | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date 2/15/17 re 177 Notice of Appeal to DC Circuit Court,. (td) (Entered: 02/16/2017) |
| 02/17/2017 | 179 | | Joint STATUS REPORT by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Rubel, Jordana) (Entered: 02/17/2017) |
| 02/28/2017 | | | USCA Case Number 17−7035 for 177 Notice of Appeal to DC Circuit Court, filed by PUBLIC.RESOURCE.ORG, INC.. (td) (Entered: 02/28/2017) |
| 03/01/2017 | 180 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *RE PRELIMINARY AND NON–BINDING STATEMENT OF ISSUES BY APPELLANT/DEFENDANT–COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.* by PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 03/01/2017) |
| 03/01/2017 | 181 | | NOTICE *OF TRANSCRIPT ORDER BY DEFENDANT–COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.* by PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 03/01/2017) |
| 04/03/2017 | 182 | | ORDER amending 176 Order. Signed by Judge Tanya S. Chutkan on 4/3/2017. (lctsc2) (Entered: 04/03/2017) |
| 04/06/2017 | 183 | | Amended NOTICE OF APPEAL re appeal 177 by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 04/06/2017) |
| 04/07/2017 | 184 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 183 Amended Notice of Appeal ;USCA Case Number 17–7035. (jf) (Entered: 04/07/2017) |
| 07/06/2017 | | | MINUTE ORDER: In light of the parties' pending appeal before the Circuit Court, the Clerk of the Court is hereby directed to Administratively Close this case. Upon resolution of the appeal (#17–7035) the parties may file a motion to return this case to the court's active docket. Any such motion shall contain a proposed order for moving forward with this case. Signed by Judge Tanya S. Chutkan on 7/6/17. (DJS) (Entered: 07/06/2017) |
| 08/28/2018 | 185 | | MANDATE of USCA as to (120 in 1:14–cv–00857–TSC) Notice of Appeal to DC Circuit Court, filed by PUBLIC.RESOURCE.ORG, INC., (177 in 1:13–cv–01215–TSC) Notice of Appeal to DC Circuit Court, filed by PUBLIC.RESOURCE.ORG, INC. ; USCA Case Number 17–7035 Consolidated with 17–7039. (Attachments: # 1 Exhibit)(zrdj) (Entered: 09/07/2018) |
| 12/04/2018 | 186 | | NOTICE of Change of Address by Andrew Phillip Bridges (Bridges, Andrew) (Entered: 12/04/2018) |
| 12/27/2018 | 187 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. Attorney Joseph R. Wetzel terminated. (Steinthal, Kenneth) (Entered: 12/27/2018) |
| 02/07/2019 | 188 | | MOTION to Reopen Case *AND TO ENTER A SCHEDULING ORDER FOR CROSS–MOTIONS FOR SUMMARY JUDGMENT LIMITED TO THE ISSUES OF COPYRIGHT AND TRADEMARK FAIR USE* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order)(Fee, J.). Added MOTION for Order on 2/7/2019 (ztd). (Entered: 02/07/2019) |
| 02/07/2019 | 189 | | NOTICE of Appearance by Jane W. Wise on behalf of AMERICAN SOCIETY FOR TESTING AND MATERIALS (Wise, Jane) (Entered: 02/07/2019) |
| 02/14/2019 | 190 | | Memorandum in opposition to re 188 MOTION to Reopen Case *AND TO ENTER A SCHEDULING ORDER FOR CROSS–MOTIONS FOR SUMMARY* |

| | | |
|---|---|---|
| | | *JUDGMENT LIMITED TO THE ISSUES OF COPYRIGHT AND TRADEMARK FAIR USE* MOTION for Order *and Request for Status Conference* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 02/14/2019) |
| 02/21/2019 | <u>191</u> | REPLY to opposition to motion re <u>188</u> MOTION to Reopen Case *AND TO ENTER A SCHEDULING ORDER FOR CROSS–MOTIONS FOR SUMMARY JUDGMENT LIMITED TO THE ISSUES OF COPYRIGHT AND TRADEMARK FAIR USE* MOTION for Order filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 02/21/2019) |
| 02/26/2019 | | MINUTE ORDER: Plaintiffs' motion <u>188</u> to reopen the case and enter a scheduling order for cross–motions for summary judgment is GRANTED, in part, and DENIED, in part. In accord with the Circuit's July 17, 2018 Judgment, the court hereby reopens and restores this case to the court's active docket. With respect to the issues raised regarding case management, the court exercises its discretion and hereby rejects Plaintiffs' request to enter briefing schedule as well as grants Defendant's request to reopen discovery on both issues–––fair use and ownership. However, the court finds that Defendant's proposed nine–month timeline does not seem warranted. Accordingly, the parties are directed to meet and confer and file a joint proposed discovery schedule on or before March 12, 2019. Signed by Judge Tanya S. Chutkan on 2/26/2019. (lctsc1) (Entered: 02/26/2019) |
| 02/28/2019 | | Set/Reset Deadlines: Joint Discovery Schedule due by 3/12/2019. (tb) (Entered: 02/28/2019) |
| 03/05/2019 | <u>192</u> | NOTICE of Appearance by Rachel G. Miller–Ziegler on behalf of NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Miller–Ziegler, Rachel) (Main Document 192 replaced on 3/5/2019) (znmw). (Entered: 03/05/2019) |
| 03/12/2019 | <u>193</u> | PROPOSED BRIEFING SCHEDULE *for Discovery and Briefing* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Fee, J.) Modified event title on 3/13/2019 (znmw). (Entered: 03/12/2019) |
| 05/17/2019 | | MINUTE ORDER: It is hereby ordered that the parties shall adhere to the following deadlines: Plaintiffs' Motion for Summary Judgment due October 4, 2019. Defendant's Combined Response and Motion for Summary Judgment due November 8, 2019. Amicus Briefs due November 22, 2019. Plaintiffs' Combined Reply/Response due December 6, 2019. Defendants' Reply due December 20, 2019. Signed by Judge Tanya S. Chutkan on 5/17/19.(DJS) (Entered: 05/17/2019) |
| 05/17/2019 | | Set/Reset Deadlines: Cross Motion due by 11/8/2019. Response to Cross Motion due by 12/6/2019. Reply to Cross Motion due by 12/20/2019. Amicus Briefs due by 11/22/2019. Summary Judgment motion due by 10/4/2019. Response to Motion for Summary Judgment due by 11/8/2019. Reply to |

| | | | |
|---|---|---|---|
| | | | Motion for Summary Judgment due by 12/6/2019. (tb) (Entered: 05/17/2019) |
| 05/21/2019 | | | AMENDED MINUTE SCHEDULING ORDER: It is hereby ordered that the parties shall adhere to the following deadlines: Additional Document Requests and Interrogatories due May 27, 2019; Substantial Completion of Document Production due July 19, 2019; Close of Fact Discovery September 9, 2019; Plaintiffs' Motion for Summary Judgment due October 4, 2019. Defendant's Combined Response and Motion for Summary Judgment due November 8, 2019. Amicus Briefs due November 22, 2019. Plaintiffs' Combined Reply/Response due December 6, 2019. Defendants' Reply due December 20, 2019. Signed by Judge Tanya S. Chutkan on 5/21/19. (DJS) (Entered: 05/21/2019) |
| 05/22/2019 | | | Set/Reset Deadlines: Fact Discovery due by 9/9/2019. (tb) (Entered: 05/22/2019) |
| 07/23/2019 | 194 | | MOTION to Stay *All Deadlines Pending Decision of United States Supreme Court, Georgia v. Public.Resource.Org, Inc.* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order)(Klaus, Kelly) (Entered: 07/23/2019) |
| 08/06/2019 | 195 | | Memorandum in opposition to re 194 MOTION to Stay *All Deadlines Pending Decision of United States Supreme Court, Georgia v. Public.Resource.Org, Inc.* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 08/06/2019) |
| 08/20/2019 | 196 | | REPLY to opposition to motion re 194 MOTION to Stay *All Deadlines Pending Decision of United States Supreme Court, Georgia v. Public.Resource.Org, Inc.* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Klaus, Kelly) (Entered: 08/20/2019) |
| 09/23/2019 | | | MINUTE ORDER denying 194 Motion to Stay. Signed by Judge Tanya S. Chutkan on 9/23/19. (DJS) (Entered: 09/23/2019) |
| 10/01/2019 | 197 | | STIPULATION *FOR EXTENSION OF TIME* by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Text of Proposed Order Proposed Order)(Wise, Jane) Modified event on 10/2/2019 (ztd). (Entered: 10/01/2019) |
| 10/02/2019 | | | MINUTE ORDER: The parties' joint motion 197 for an extension of time is GRANTED. The parties shall adhere to the following deadlines: Plaintiffs' Motion for Summary Judgment due October 7, 2019. Defendant's Combined Response and Motion for Summary Judgment due November 11, 2019. Amicus Briefs due November 25, 2019. Plaintiffs' Combined Reply/Response due December 9, 2019. Defendant's Reply due December 23, 2019. Signed by Judge Tanya S. Chutkan on 10/2/2019. (lctsc1) Modified on 10/17/2019 (DJS). (Entered: 10/02/2019) |
| 10/02/2019 | | | Set/Reset Deadlines: Plaintiff's Motion for Summary Judgment due by 10/7/2019. Defendant's Response and Motion for Summary Judgment due by 11/11/2019. Amicus Briefs due by 11/25/2019. Plaintiff's Reply/Response due by 12/9/2019. Defendant's Reply due by 12/23/2019. (zjd) (Entered: 10/03/2019) |
| 10/07/2019 | 198 | | |

| | | |
|---|---|---|
| | | MOTION for Summary Judgment by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Appendix A, # 3 Statement of Facts, # 4 Annex A, # 5 Declaration Jane W. Wise, # 6 Exhibit 1–29, # 7 Exhibit 30–44, # 8 Exhibit 45–66, # 9 Exhibit 67–81, # 10 Exhibit 82–109, # 11 Exhibit 110–125, # 12 Exhibit 126–140, # 13 Exhibit 141–148, # 14 Exhibit 149, # 15 Exhibit 150 Part 1, # 16 Exhibit 150 Part 2, # 17 Exhibit 150 Part 3, # 18 Exhibit 150 Part 4, # 19 Exhibit 150 Part 5, # 20 Exhibit 150 Part 6, # 21 Exhibit 150 Part 7, # 22 Exhibit 150 Part 8, # 23 Exhibit 150 Part 9, # 24 Exhibit 150 Part 10, # 25 Exhibit 150 Part 11, # 26 Exhibit 150 Part 12, # 27 Exhibit 150 Part 13, # 28 Exhibit 150 Part 14, # 29 Exhibit 150 Part 15, # 30 Exhibit 151 Part 1, # 31 Exhibit 151 Part 2, # 32 Exhibit 151 Part 3, # 33 Exhibit 152 Part 1, # 34 Exhibit 152 Part 2, # 35 Exhibit 152 Part 3, # 36 Exhibit 152 Part 4, # 37 Exhibit 152 Part 5, # 38 Exhibit 153 Part 1, # 39 Exhibit 153 Part 2, # 40 Exhibit 154–156, # 41 Exhibit 157, # 42 Exhibit 158, # 43 Exhibit 159, # 44 Exhibit 160, # 45 Exhibit 161, # 46 Exhibit 162, # 47 Exhibit 163, # 48 Exhibit 164–173, # 49 Declaration James S. Thomas and Exs. 1–9, # 50 Declaration James Pauley, # 51 Exhibit A–V, # 52 Exhibit W–OO, # 53 Declaration Stephanie Reiniche and Exs. 1–2, # 54 Declaration Christopher Butler, # 55 Text of Proposed Order Proposed Order and Injunction)(Fee, J.). Added MOTION for Permanent Injunction on 10/8/2019 (ztd). (Entered: 10/07/2019) |
| 10/07/2019 | 199 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Plaintiffs' Second Motion for Summary Judgment and for Permanent Injunction, # 2 Statement of Facts, # 3 Exhibit 149 Part 1 to Declaration of Jane W. Wise, # 4 Exhibit 149 Part 2 to Declaration of Jane W. Wise, # 5 Exhibit 149 Part 3 to Declaration of Jane W. Wise, # 6 Exhibit 149 Part 4 to Declaration of Jane W. Wise, # 7 Exhibit 157 to Declaration of Jane W. Wise, # 8 Exhibit 158 to Declaration of Jane W. Wise, # 9 Exhibit 159 to Declaration of Jane W. Wise, # 10 Exhibit 160 to Declaration of Jane W. Wise, # 11 Exhibit 161 to Declaration of Jane W. Wise, # 12 Exhibit A to the Declaration of James Pauley, # 13 Exhibit B to the Declaration of James Pauley, # 14 Exhibit C to the Declaration of James Pauley, # 15 Exhibit D to the Declaration of James Pauley, # 16 Exhibit E to the Declaration of James Pauley, # 17 Exhibit F to the Declaration of James Pauley, # 18 Exhibit G to the Declaration of James Pauley, # 19 Exhibit H to the Declaration of James Pauley, # 20 Exhibit I to the Declaration of James Pauley, # 21 Exhibit J to the Declaration of James Pauley, # 22 Exhibit K to the Declaration of James Pauley, # 23 Exhibit L to the Declaration of James Pauley, # 24 Exhibit M to the Declaration of James Pauley, # 25 Exhibit N to the Declaration of James Pauley, # 26 Exhibit O to the Declaration of James Pauley, # 27 Exhibit P to the Declaration of James Pauley, # 28 Exhibit Q to the Declaration of James Pauley, # 29 Exhibit R to the Declaration of James Pauley, # 30 Exhibit S to the Declaration of James Pauley, # 31 T to the Declaration of James Pauley, # |

| | | |
|---|---|---|
| | | 32 U to the Declaration of James Pauley, # 33 V to the Declaration of James Pauley, # 34 Declaration of Stephanie Reiniche and Exs. 1–2, # 35 Text of Proposed Order)(Fee, J.) (Entered: 10/07/2019) |
| 10/07/2019 | 200 | MEMORANDUM re 198 MOTION for Summary Judgment filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC., AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 10/07/2019) |
| 10/07/2019 | 201 | REDACTED DOCUMENT– Statement of Facts to 198 MOTION for Summary Judgment by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 10/07/2019) |
| 11/12/2019 | 202 | MOTION for Summary Judgment by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support)(Bridges, Andrew) (Entered: 11/13/2019) |
| 11/13/2019 | 203 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 STATEMENT OF DISPUTED FACTS IN OPPOSITION TO 198 PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND A PERMANENT INJUNCTION, # 4 Exhibit 42, # 5 Exhibit 46, # 6 Exhibit 47, # 7 Exhibit 55, # 8 Exhibit 56, # 9 Exhibit 57, # 10 Exhibit 59, # 11 Exhibit 61, # 12 Exhibit 62, # 13 Exhibit 63, # 14 Exhibit 64, # 15 Exhibit 65, # 16 Exhibit 66, # 17 Exhibit 67, # 18 Exhibit 68, # 19 Exhibit 69, # 20 Exhibit 70, # 21 Exhibit 71, # 22 Exhibit 72, # 23 Exhibit 73, # 24 Exhibit 74, # 25 Exhibit 75, # 26 Exhibit 76, # 27 Exhibit 77, # 28 Exhibit 78, # 29 Exhibit 79, # 30 Exhibit 80, # 31 Exhibit 81, # 32 Exhibit 95, # 33 Exhibit 97, # 34 Text of Proposed Order, # 35 Certificate of Service)(Bridges, Andrew) (Entered: 11/13/2019) |
| 11/13/2019 | 204 | LARGE ADDITIONAL ATTACHMENT(S) *to Public Resource's Second Motion for Summary Judgment* by PUBLIC.RESOURCE.ORG, INC. 202 MOTION for Summary Judgment filed by PUBLIC.RESOURCE.ORG, INC., 203 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Public Resources Statement of Disputed Facts, # 2 Public Resources Evidentiary Objections, # 3 Public Resources Request for Judicial Notice, # 4 Declaration Carl Malamud, # 5 Declaration Matthew Becker, # 6 Consolidated Index of Exhibits, # 7 Exhibit 1, # 8 Exhibit 2, # 9 Exhibit 3, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6, # 13 Exhibit 7, # 14 Exhibit 8, # 15 Exhibit 9, # 16 Exhibit 10, # 17 Exhibit 11, # 18 Exhibit 12, # 19 Exhibit 13, # 20 Exhibit 14, # 21 Exhibit 15, # 22 Exhibit 16, # 23 Exhibit 17, # 24 Exhibit 18, # 25 Exhibit 19, # 26 Exhibit 20, # 27 Exhibit 21, # 28 Exhibit 22, # 29 Exhibit 23, # 30 Exhibit 24, |

| | | |
|---|---|---|
| | | # 31 Exhibit 25, # 32 Exhibit 26, # 33 Exhibit 27, # 34 Exhibit 28, # 35 Exhibit 29, # 36 Exhibit 30, # 37 Exhibit 31, # 38 Exhibit 32, # 39 Exhibit 33, # 40 Exhibit 34, # 41 Exhibit 35, # 42 Exhibit 36, # 43 Exhibit 37, # 44 Exhibit 38, # 45 Exhibit 39, # 46 Exhibit 40, # 47 Exhibit 41, # 48 Exhibit 42, # 49 Exhibit 43, # 50 Exhibit 44, # 51 Exhibit 45, # 52 Exhibit 46, # 53 Exhibit 47, # 54 Exhibit 48, # 55 Exhibit 49, # 56 Exhibit 50, # 57 Exhibit 51, # 58 Exhibit 52, # 59 Exhibit 53, # 60 Exhibit 54, # 61 Exhibit 55, # 62 Exhibit 56, # 63 Exhibit 57, # 64 Exhibit 58, # 65 Exhibit 59, # 66 Exhibit 60, # 67 Exhibit 61, # 68 Exhibit 62, # 69 Exhibit 63, # 70 Exhibit 64, # 71 Exhibit 65, # 72 Exhibit 66, # 73 Exhibit 67, # 74 Exhibit 68, # 75 Exhibit 69, # 76 Exhibit 70, # 77 Exhibit 71, # 78 Exhibit 72, # 79 Exhibit 73, # 80 Exhibit 74, # 81 Exhibit 75, # 82 Exhibit 76, # 83 Exhibit 77, # 84 Exhibit 78, # 85 Exhibit 79, # 86 Exhibit 80, # 87 Exhibit 81, # 88 Exhibit 82, # 89 Exhibit 83, # 90 Exhibit 84, # 91 Exhibit 85, # 92 Exhibit 86, # 93 Exhibit 87, # 94 Exhibit 88, # 95 Exhibit 89, # 96 Exhibit 90, # 97 Exhibit 91, # 98 Exhibit 92, # 99 Exhibit 93, # 100 Exhibit 94, # 101 Exhibit 95, # 102 Exhibit 96, # 103 Exhibit 97, # 104 Certificate of Service)(Bridges, Andrew) (Entered: 11/13/2019) |
| 11/13/2019 | 205 | SEALED DOCUMENT re 203 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support, # 2 Certificate of Service)(Becker, Matthew) Modified on 11/13/2019 to correct docket event/text (jf). (Entered: 11/13/2019) |
| 11/22/2019 | 206 | NOTICE of Appearance by Marcia Clare Hofmann on behalf of LAW SCHOLARS (Hofmann, Marcia) (Main Document 206 replaced on 11/22/2019) (ztd). (Entered: 11/22/2019) |
| 11/22/2019 | 207 | Unopposed MOTION for Leave to File *Amici Curiae Brief* by LAW SCHOLARS (Attachments: # 1 Amici Curiae Brief, # 2 Proposed Order)(Hofmann, Marcia) (Entered: 11/22/2019) |
| 11/25/2019 | 208 | MOTION for Extension of Time *to file replies and responses* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Text of Proposed Order)(Fee, J.) Modified on 11/25/2019 (ztd). (Entered: 11/25/2019) |
| 11/27/2019 | | MINUTE ORDER: Parties 208 Stipulation for Extension of Time is hereby GRANTED. Briefs by Amicus Curiae shall be filed no later than December 6, 2019 at 12pm. Plaintiffs Combined Response shall be filed no later than December 23, 2019 at 12pm. Defendants Reply shall be filed no later than January 17, 2020 at 12pm. Unopposed Motion for Leave to File Amicus Brief 207 is hereby GRANTED. Signed by Judge Tanya S. Chutkan on 11/27/19. (Loehr, Daniel) (Entered: 11/27/2019) |
| 12/01/2019 | | Set/Reset Deadlines: Briefs by Amicus Curiae shall be filed by 12/6/2019 at 12:00 PM; Plaintiffs Combined Response/Reply shall be filed by 12/23/2019 at 12:00 PM; Defendants Cross–Reply shall by 1/17/2020 at 12:00 PM. (jth) (Entered: 12/01/2019) |

| 12/06/2019 | 209 | | Unopposed MOTION for Leave to File *Second Amicus Brief of American Property Casualty Insurance Association in Support of Plaintiff's Second Motion for Summary Judgment and Permanent Injunction* by AMERICAN INSURANCE ASSOCIATION (Attachments: # 1 Second Amicus Brief of American Property Casualty Ins. Association ISO Plaintiff's Second Motion for Summary Judgment and Permanent Injunction)(Hollywood, Meegan) (Entered: 12/06/2019) |
|---|---|---|---|
| 12/06/2019 | 210 | | Unopposed MOTION for Leave to File *Second Amicus Brief* by AMERICAN NATIONAL STANDARDS INSTITUTE, INC. (Attachments: # 1 Exhibit Amicus Brief)(Hochman Rothell, Bonnie) Modified text on 12/6/2019 (ztd). (Entered: 12/06/2019) |
| 12/06/2019 | 211 | | MOTION for Extension of Time to *File Motion for Leave to File Amicus Curiae Brief* by AMERICAN NATIONAL STANDARDS INSTITUTE, INC. (Attachments: # 1 Text of Proposed Order)(Hochman Rothell, Bonnie) Modified text on 12/6/2019 (ztd). (Entered: 12/06/2019) |
| 12/06/2019 | | | NOTICE OF ERROR re 210 Motion for Leave to File; emailed to bhrothell@mmmlaw.com, cc'd 57 associated attorneys –– The PDF file you docketed contained errors: 1. Counsel must contact Attorney Admissions at: (202) 354–3110 regarding status. (ztd, ) (Entered: 12/06/2019) |
| 12/19/2019 | | | MINUTE ORDER: 209 Unopposed Motion for American Property Casualty Insurance Association to file a second amicus brief in support of Plaintiffs is hereby GRANTED. 210 Unopposed Motion for the following entities to file a combined second amicus brief in support of Plaintiffs is hereby GRANTED: The American National Standards Institute, Inc. ("ANSI"), International Association of Plumbing & Mechanical Officials ("IAPMO"), National Electrical Manufacturers Association ("NEMA"), and North American Energy Standards Board ("NAESB"). 211 Motion for Leave to Extend the Deadline is hereby GRANTED. Signed by Judge Tanya S. Chutkan on 12/19/2019. (lcdl) (Entered: 12/19/2019) |
| 12/23/2019 | 212 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Plaintiffs' Statement of Disputed Facts and Objections, # 2 Plaintiffs' Response to Defendant's Statement of Disputed Facts, # 3 Text of Proposed Order)(Fee, J.) (Entered: 12/23/2019) |
| 12/23/2019 | 213 | | RESPONSE re 202 MOTION for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Plaintiffs' Third Supplemental Statement of Material Facts, # 2 Declaration of Thomas O'Brien, # 3 Declaration of Jane W. Wise, # 4 Exhibit 174, # 5 Exhibit 175, # 6 Exhibit 176, # 7 Exhibit 177 (Part 1), # 8 Exhibit 177 (Part 2), # 9 Exhibit 177 (Part 3), # 10 Exhibit 178, # 11 Exhibit 179, # 12 Exhibit 180, # 13 Exhibit 181, # 14 Exhibit 182, # 15 Exhibit 183, # 16 Exhibit 184, # 17 Exhibit 185, # 18 Exhibit 186, # 19 Plaintiffs' Response |

| | | | |
|---|---|---|---|
| | | | to Defendant's Statement of Disputed Facts (Redacted), # 20 Plaintiffs' Statement of Disputed Facts and Objections, # 21 Plaintiffs' Response to Defendant's Evidentiary Objections, # 22 Plaintiffs' Opposition to Defendant's Request for Judicial Notice)(Fee, J.) (Entered: 12/23/2019) |
| 01/17/2020 | 214 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Sealed] Defendant's Response to Plaintiffs' Objections to Certain Evidence In Support of Defendant's Second Supplemental Statement of Material Facts, # 2 Text of Proposed Order Granting Defendant's Motion for Leave to File Under Seal Its Response to Plaintiffs' Objections to Certain Evidence In Support of Defendant's Second Supplemental Statement of Material Facts, # 3 Certificate of Service Re Sealed Response to Plaintiffs' Objections to Certain Evidence In Support of Defendant's Second Supplemental Statement of Material Facts)(Bridges, Andrew) (Entered: 01/17/2020) |
| 01/17/2020 | 215 | | REPLY to opposition to motion re 202 Second Motion for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (This document is SEALE filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 [REDACTED] Defendant's Response to Plaintiffs' Objections to Certain Evidence In Support of Defendant's Second Supplemental Statement of Material Facts, # 2 Public Resource's Evidentiary Objections In Reply to Plaintiffs' Opposition to Public Resource's Second Motion for Summary Judgment and Reply In Support of Plaintiffs' Second Motion for Summary Judgment and for A Permanent Injunction [Dkt. 213], # 3 Supplemental Reply Declaration of Matthew Becker In Support of Public Resource's Second Motion for Summary Judgment, # 4 Exhibit 98, # 5 Exhibit 99, # 6 Exhibit 100, # 7 Exhibit 101, # 8 Exhibit 102, # 9 Exhibit 103, # 10 Public Resource's Statement of Disputed Facts In Opposition to [213–1] Plaintiffs' Third Supplemental Statement of Material Facts In Support of Their Second Motion for Summary Judgment and A Permanent Injunction, # 11 Public Resource's Reply In Support of Its Request for Judicial Notice [Dkt. 204–3], # 12 Public Resource's Motion to Strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts [Dkt. 213–21], # 13 Text of Proposed Order Granting Public Resource's Motion to Strike Plaintiffs' Response to Public Resource's Statement of Disputed Facts [Dkt. 213–21])(Bridges, Andrew) Modified on 1/17/2020 (ztd). (Entered: 01/17/2020) |
| 01/31/2020 | 216 | | RESPONSE *to Public Resource's Motion to Strike* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order)(Fee, J.) Modified on 2/4/2020 (ztd). (Entered: 01/31/2020) |
| 01/31/2020 | 217 | | NOTICE *of Plaintiffs' Objections to Certain Evidence in Public Resource's Reply to Its Second Motion for Summary Judgment* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, |

| | | | |
|---|---|---|---|
| | | | INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. re 215 Reply to opposition to Motion,,,,,, (Fee, J.) (Entered: 01/31/2020) |
| 02/07/2020 | 218 | | RESPONSE *TO PLAINTIFFS OBJECTIONS TO CERTAIN EVIDENCE IN PUBLIC RESOURCES REPLY TO ITS SECOND MOTION FOR SUMMARY JUDGMENT 217* filed by PUBLIC.RESOURCE.ORG, INC.. (Becker, Matthew) Modified on 2/10/2020 (ztd). (Entered: 02/07/2020) |
| 02/07/2020 | 219 | | REPLY re 215 Reply to opposition to Motion,,,,,, *PUBLIC RESOURCES REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS RESPONSE TO PUBLIC RESOURCES STATEMENT OF DISPUTED FACTS* filed by PUBLIC.RESOURCE.ORG, INC.. (Becker, Matthew) (Entered: 02/07/2020) |
| 06/01/2020 | 220 | | MOTION for Telephone Conference*of Plaintiffs' Request for a Telephonic Status Conference* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Fee, J.) Modified event on 6/2/2020 (ztd). (Entered: 06/01/2020) |
| 06/01/2020 | 221 | | NOTICE *Exhibit A to Notice of Plaintiffs' Request for a Telephonic Status Conference* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. re 220 Notice (Other), (Fee, J.) (Entered: 06/01/2020) |
| 06/05/2020 | 222 | | RESPONSE re 220 MOTION for Telephone Conference *[Public.Resource.Org's Response to Plaintiffs' Request for a Telephonic Status Conference; Citation of Supplemental Authorities on Pending Motions]* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Bridges, Andrew) (Entered: 06/05/2020) |
| 06/05/2020 | 223 | | NOTICE OF SUPPLEMENTAL AUTHORITY by PUBLIC.RESOURCE.ORG, INC. (See Docket Entry 222 to view document). (znmw) (Entered: 06/09/2020) |
| 06/12/2020 | 224 | | REPLY to opposition to motion re 220 MOTION for Telephone Conference filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 06/12/2020) |
| 07/09/2020 | | | MINUTE ORDER: Motion for Telephone Conference 220 is hereby GRANTED in part and DENIED in part. No later than 7/17/2020 Plaintiff shall file a supplemental brief, not to exceed 15 pages, regarding the impact, if any, of Georgia v. Public.Resource.Org, Inc., 140 S. Ct. 1498 (2020), on the parties' pending summary judgment motions. No later than 7/24/2020 Defendant shall file a supplemental brief, not to exceed 15 pages, regarding the impact, if any, of Georgia v. PRO on the parties' pending summary judgment motions. No later than 7/31/2020 Plaintiff shall file a response, not to exceed 10 pages. No later than 8/7/2020 Defendant shall file a response, not to exceed 10 pages. Either party may seek leave to file more briefing only after a ruling on the current motions and anticipated supplemental briefs. Should the |

| | | | |
|---|---|---|---|
| | | | court seek additional briefing before then, it will so order. Signed by Judge Tanya S. Chutkan on 7/9/2020. (lcdl) (Entered: 07/09/2020) |
| 07/09/2020 | | | Set/Reset Deadlines: Defendant's supplemental brief due by 7/24/2020. Defendant's response due by 8/7/2020. Plaintiff's supplemental brief due by 7/17/2020. Plaintiff's response due 07/31/2020. (tb) (Entered: 07/09/2020) |
| 07/17/2020 | 225 | | SUPPLEMENTAL MEMORANDUM to re 198 MOTION for Summary Judgment MOTION for Permanent Injunction, 202 MOTION for Summary Judgment *Pursuant to July 9, 2020 Minute Order* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 07/17/2020) |
| 07/24/2020 | 226 | | SUPPLEMENTAL MEMORANDUM to *Pursuant to July 9, 2020 Minute Order* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 07/24/2020) |
| 07/31/2020 | 227 | | SUPPLEMENTAL MEMORANDUM to re 226 *Response Brief Pursuant to July 9, 2020 Minute Order* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) Modified linkage on 8/3/2020 (ztd). (Entered: 07/31/2020) |
| 08/07/2020 | 228 | | SUPPLEMENTAL MEMORANDUM to re 226 Supplemental Memorandum, 227 Supplemental Memorandum, *(Public.Resource.Orgs Supplemental Reply Brief on the Impact of Georgia v. Public.Resource.Org, Inc.)* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 08/07/2020) |
| 10/21/2020 | | | MINUTE ORDER: The court hereby GRANTS Plaintiffs' unopposed 199 Motion to File Under Seal, Defendant's 203 Motion for Leave to File Under Seal, Plaintiffs' unopposed 212 Motion to File Under Seal, Defendant's unopposed 214 Motion for Leave to File Under Seal. It is further ORDERED that the Clerk shall file under seal the documents attached to 199 , 203 , 205 , 212 , 214 . The parties shall file redacted versions of all documents filed under seal on the public docket promptly. The parties are hereby reminded that, pursuant to the court's Local Civil Rules, they must confer with opposing counsel prior to filing a non–dispositive motion and indicate whether the motion is opposed or unopposed. See Local Civil Rule 7(m). Signed by Judge Tanya S. Chutkan on 10/21/2020. (lcfb) (Entered: 10/21/2020) |
| 10/21/2020 | 231 | | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (This document is SEALED and only available to authorized persons.); (SEE DOCKET ENTRY NO. 199 TO VIEW DOCUMENTS.)(ztd) (Entered: 10/26/2020) |
| 10/21/2020 | 232 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.); (SEE DOCKET ENTRY NO. 203 TO VIEW DOCUMENTS.)(ztd) (Entered: 10/26/2020) |

| 10/21/2020 | 233 | | SEALED OPPOSITION filed by PUBLIC.RESOURCE.ORG, INC. re 198 MOTION for Summary Judgment MOTION for Permanent Injunction (ztd) (Entered: 10/26/2020) |
|---|---|---|---|
| 10/21/2020 | 234 | | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 10/26/2020) |
| 10/21/2020 | 235 | | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 10/26/2020) |
| 10/21/2020 | 236 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 10/26/2020) |
| 10/22/2020 | 229 | | NOTICE of Filing Redacted Documents by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. re Order on Sealed Motion for Leave to File Document Under Seal,,,,,,,,,,,,,,, (Fee, J.) (Entered: 10/22/2020) |
| 10/22/2020 | 230 | | REDACTED DOCUMENT– Exhibit 157 to the Declaration of Jane W. Wise to 198 MOTION for Summary Judgment MOTION for Permanent Injunction by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Fee, J.) (Entered: 10/22/2020) |
| 04/27/2021 | 237 | | NOTICE OF SUPPLEMENTAL AUTHORITY by PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 04/27/2021) |
| 05/10/2021 | 238 | | RESPONSE re 237 NOTICE OF SUPPLEMENTAL AUTHORITY filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Klaus, Kelly) (Entered: 05/10/2021) |
| 03/31/2022 | 239 | | MEMORANDUM AND OPINION re Plaintiffs' 198 Motion for Summary Judgment and Permanent Injunction, and Defendant's 202 Cross–Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 03/31/2022. (Attachments: # 1 Appendix) (lcwk) (Entered: 03/31/2022) |
| 03/31/2022 | 240 | | ORDER granting in part and denying in part 198 Motion for Summary Judgment; granting in part and denying in part 198 Motion for Permanent Injunction; granting in part and denying in part 202 Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 03/31/2022. (lcwk) (Entered: 03/31/2022) |
| 03/31/2022 | | | MINUTE ORDER: Parties are ORDERED to submit a Joint Status Report by 4/22/2022 (1) updating the court as to Defendant's compliance with the court's 240 Order to remove certain standards and logos from its website, (2) |

| | | | |
|---|---|---|---|
| | | | providing a jointly proposed schedule for this case going forward to resolve Plaintiffs' claims as to the remaining standards, and (3) indicating whether the parties are interested in participating in court–sponsored mediation with the courts mediation program. The Joint Status Report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 03/31/2022. (lcwk) (Entered: 03/31/2022) |
| 04/03/2022 | | | Set/Reset Deadlines: Joint Status Report due by 4/22/2022. (tb) (Entered: 04/03/2022) |
| 04/22/2022 | 241 | | Joint STATUS REPORT *Pursuant to the Courts March 31, 2022 Minute Order* by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Text of Proposed Order)(Fee, J.) (Entered: 04/22/2022) |
| 04/25/2022 | | | RESOLVED.....NOTICE of Provisional Status re 241 Joint STATUS REPORT by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Fee, J.). <br><br> Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/2/2022. (znm) Modified on 4/25/2022 (znm). (Entered: 04/25/2022) |
| 04/25/2022 | | | MINUTE ORDER: Upon consideration of the parties' 241 Joint Status Report, it is hereby ORDERED that the case is stayed with respect to Plaintiff ASTM's remaining standards that were not at issue in 198 Plaintiffs' Second Motion for Summary Judgment and for a Permanent Injunction ("Plaintiffs' Motion"). The case will remain stayed pending the appeal of this Court's 240 Order granting in part and denying in part Plaintiffs' Motion and granting in part and denying in part 202 Defendant's Cross–Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 04/25/2022. (lcwk) (Entered: 04/25/2022) |
| 04/28/2022 | 242 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 239 Memorandum & Opinion, 240 Order on Motion for Summary Judgment,, Order on Motion for Permanent Injunction,,, by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Filing fee $ 505, receipt number ADCDC–9203185. Fee Status: Fee Paid. Parties have been notified. (Fee, J.) (Entered: 04/28/2022) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; <br><br> NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and <br><br> AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, <br><br> Plaintiffs/ Counter-Defendants, <br><br> v. <br><br> PUBLIC.RESOURCE.ORG, INC., <br><br> Defendant/ Counter-Plaintiff. | Case No. 1:13-cv-01215-TSC |

## NOTICE OF APPEAL

Pursuant to 28 U.S.C. § 1292(a)(1), Plaintiffs American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air Conditioning Engineers ("ASHRAE") (collectively, "Plaintiffs") hereby give notice of their appeal to the United States Court of Appeals for the District of Columbia Circuit from the Court's March 31, 2022 order, Dkt. 240, denying in part Plaintiffs' Second Motion for Summary Judgment and for a Permanent Injunction, Dkt. 198, as reflected in the memorandum opinion of the same date, Dkt. 239.

Dated: April 28, 2022

Respectfully submitted,

*/s/ J. Kevin Fee*

J. Kevin Fee (D.C. Bar: 494016)
Jane W. Wise (D.C. Bar: 1027769)

49231298.2

1

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202.739.5353
Email: kevin.fee@morganlewis.com
          jane.wise@morganlewis.com

*Counsel for American Society for Testing and Materials
d/b/a ASTM International*


*/s/ Kelly M. Klaus*

Kelly M. Klaus (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Tel: 415.512.4000
Email: Kelly.Klaus@mto.com

Rose L. Ehler (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 South Grand Ave., 50th Floor
Los Angeles, CA 90071
Tel: 213.683.9100
Email: Rose.Ehler@mto.com

Rachel G. Miller-Ziegler (D.C. Bar. 229956)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
Tel: 202.220.1100
Email: Rachel.Miller-Ziegler@mto.com

*Counsel for National Fire Protection Association, Inc.*

*/s/  Jeffrey S. Bucholtz*

Jeffrey S. Bucholtz (D.C. Bar: 452385)
David Mattern
King & Spalding LLP
1700 Pennsylvania Avenue, NW, Ste. 200
Washington, DC 20006-4707
Tel: 202.737.0500
Email: jbucholtz@kslaw.com

49231298.2                              2

*Counsel for American Society of Heating, Refrigerating, and Air Conditioning Engineers*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2022 a true and correct copy of the foregoing document was served via CM/ECF upon all counsel of record.

*/s/ Jane W. Wise*
Jane W. Wise

49231298.2

4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| **v.** ) | Case No. 13-cv-1215 (TSC) |
| ) | |
| **PUBLIC.RESOURCE.ORG, INC.,** ) | |
| ) | |
| Defendant. ) | |

## <u>ORDER</u>

For reasons explained in the accompanying Memorandum Opinion, ECF No. 239,

Plaintiffs' Motion for Summary Judgment and for a Permanent Injunction, ECF No. 198, is

GRANTED IN PART and DENIED IN PART, and Defendant's Cross-Motion for Summary

Judgment, ECF No. 202, is GRANTED IN PART and DENIED IN PART.

Plaintiffs' Motion for Summary Judgment is GRANTED, and Defendant's Cross-Motion

is DENIED as to the following 32 standards, which Defendant shall remove from its website and

any other website within its possession, custody, or control by April 8, 2022:

- ASTM C518 (1991)
- ASTM A36 (1977a$^e$)
- ASTM A36/A36M (1997a$^{e1}$)
- ASTM A307 (1978$^e$)
- ASTM A370 (1997 $^{e2}$)
- ASTM A475-78 (1984$^{e1}$)
- ASTM B224 (1980 $^{e1}$)
- ASTM C150 (1999a)
- ASTM C177 (1997)
- ASTM C236 1989 (1993)$^{e1}$
- ASTM C516 1980 (1996)$^{e1}$
- ASTM C549 1981 (1995)$^{e1}$
- ASTM D1246 1995 (1999)

- ASTM D1518 1985 (1998)[e1]
- ASTM D1785 (1986)
- ASTM D1946 1990 (1994)[e1]
- ASTM D4239 1997[e1]
- ASTM D4891 1989 (1994)[e1]
- ASTM D5489 (1996a)
- ASTM D5865 (1998a)
- ASTM D665 (1998[e1])
- ASTM D975 1998b
- ASTM D975 2007
- ASTM E145 (1994)[e1]
- ASTM E695 1979 (1997)[e1]
- ASTM F1007 1986 (1996)[e1]
- ASTM F1020 1986 (1996)[e1]
- ASTM F1193 (2006)
- ASTM F1271 1990 (1995)[e1]
- ASTM F1273 1991 (1996)[e1]
- ASTM F808 1983 (1988)[e1]
- ASTM G154 (2000a)

Both parties' motions for summary judgment are GRANTED IN PART and DENIED IN PART as to the following standard, and Defendant shall remove all portions of this standard, other than the text of Test Methods A and B contained therein, from its website and any other website within its possession, custody, or control by April 8, 2022:

- ASTM D2036 (1998)

Plaintiffs' Motion for Summary Judgment is DENIED, and Defendant's Cross-Motion is GRANTED as to the remaining 184 standards listed in the court's Appendix to the accompanying Memorandum Opinion.

Plaintiffs' Motion for Summary Judgment is DENIED, and Defendant's Cross-Motion is GRANTED as to Defendant's use of Plaintiffs' trademarked words.  Plaintiffs' Motion for Summary Judgment is GRANTED, and Defendant's Cross-Motion is DENIED as to Defendant's use of Plaintiffs' trademarked logos.

Plaintiffs' Motion for a Permanent Injunction is GRANTED as to Defendant's use of its trademarked logos and DENIED as to Defendant's use of its standards and trademarked words. It is ORDERED that Defendant is permanently enjoined from all unauthorized use of Plaintiffs' trademarked logos and Defendant shall remove Plaintiffs' trademarked logos from its website and any other website within its possession, custody, or control by April 8, 2022.

Date:  March 31, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | Case No. 13-cv-1215 (TSC) |
| | ) | |
| **PUBLIC.RESOURCE.ORG, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiffs are three non-profit organizations that develop and publish industry standards to guide professionals working in a variety of commercial trades.  They allege that Defendant, a non-profit organization devoted to publicly disseminating legal information, violated copyright and trademark laws by copying and republishing some of Plaintiffs' written works onto its website.  In 2017, the court granted summary judgment to Plaintiffs on their copyright and trademark claims.  In 2018, the D.C. Circuit reversed the court's decision and remanded with instructions to further develop the factual record.  The parties have since supplemented the record, each filing new statements of fact and motions for summary judgment that are now pending before the court.  For the reasons explained below, the court will GRANT IN PART and DENY IN PART Plaintiffs' motion for summary judgment and for a permanent injunction, and GRANT IN PART and DENY IN PART Defendant's cross-motion for summary judgment.

## I.   BACKGROUND

In the United States, a complex public-private partnership has developed over the last century in which private industry groups or associations, rather than government agencies,

develop standards, guidelines, and procedures that set the best practices in particular industries. Plaintiffs—the American Society for Testing and Materials ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE")—each participate in such a public-private partnership.[1] Each Plaintiff relies on volunteers and association members from numerous sectors with technical expertise to develop private sector codes and standards aimed at advancing public safety, ensuring compatibility across products and services, facilitating training, and spurring innovation. *See* ECF No. 118-2, Pls.' Statement of Material Facts ("Pls.' SMF") ¶¶ 9, 13, 14, 86, 87, 129, 130. These standards include technical works, product specifications, installation methods, methods for manufacturing or testing materials, safety practices, and other best practices or guidelines. *Id.* ¶ 1. For example, ASTM has developed over 12,000 standards that are used in a wide range of fields, including consumer products, iron and steel products, rubber, paints, plastics, textiles, medical services and devices, electronics, construction, energy, water, and petroleum products, and are a result of the combined efforts of over 23,000 technical members. *Id.* ¶¶ 13, 28, 41. NFPA has developed over 300 standards in the areas of fire, electrical, and building safety, including the National Electrical Code, first published in 1897 and most recently in 2020. *Id.* ¶¶ 86, 87, 92-94. And ASHRAE has published over 100 standards for

---

[1] In *ASTM I*, the court also considered copyright and trademark claims brought in a related case against Defendant by American Educational Research Association, Inc., American Psychological Association, Inc., and National Council on Measurement in Education, Inc. *See* A*m. Soc'y for Testing & Materials v. Public.Resource.org, Inc.*, No. 13-CV-1215 (TSC), 2017 WL 473822, at *1-2 (D.D.C. Feb. 2, 2017) (referencing Case No. 14-CV-857-TSC). On October 14, 2020, the parties in that case entered a joint stipulation whereby the plaintiffs agreed to dismiss all claims and Defendant agreed to dismiss all counterclaims. *See* ECF No. 149, Stipulation of Dismissal; *see also* Min. Order (Oct. 20, 2020) (dismissing plaintiffs' claims with prejudice and dismissing Defendant's counterclaims as moot).

a variety of construction-related fields, including energy efficiency, indoor air quality, refrigeration, and sustainability.  *Id.* ¶ 130.

The standards Plaintiffs develop comprise the technical expertise of many volunteers and association members from numerous sectors, who develop the standards "using procedures whose breadth of reach and interactive characteristics resemble governmental rulemaking, with adoption requiring an elaborate process of development, reaching a monitored consensus among those responsible within the [standard development organizations]."  Peter L. Strauss, *Private Standards Organizations and Public Law*, 22 Wm. & Mary Bill Rts. J. 497, 501 (2013).  ASTM Plaintiffs develop their standards using technical committees with representatives from industry, government, consumers, and technical experts.  Pls.' SMF ¶¶ 7, 28, 29, 109, 114, 135.  These committees conduct open proceedings, consider comments and suggestions, provide for appeals, and through subcommittees, draft new standards, which the full committees vote on.  *Id.* ¶¶ 31–37, 109, 136, 139.

The standards ordinarily serve as voluntary guidelines for self-regulation.  However, federal, state, and local governments have incorporated by reference thousands of these standards into law.  Pursuant to 5 U.S.C. § 552, federal agencies may incorporate voluntary consensus standards—as well as, for example, state regulations, government-authored documents, and product service manuals—into federal regulations by reference.  *See* Emily S. Bremer, *Incorporation by Reference in an Open-Government Age*, 36 Harv. J.L. & Pub. Pol'y 131, 145–47 (2013) (providing a general overview of the federal government's incorporation of materials by reference).  The federal government's practice of incorporating voluntary consensus standards by reference is intended to achieve several goals, including eliminating the cost to the federal government of developing its own standards, encouraging long-term growth for U.S. enterprises,

promoting efficiency, competition, and trade, and furthering the reliance on private sector

expertise.  *See ASTM*, 2017 WL 473822, at *2-4 (discussing incorporation by reference of

industry standards); *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d

437, 442 (D.C. Cir. 2018) (same).

Plaintiffs recoup the cost of creating their standards the way that copyright owners

generally do—they sell copies of their work product in both PDF and hard copy form to the

public.  *See ASTM*, 2017 WL 473822, at *4, *10-11; Pls.' SMF ¶¶ 45-47, 106-08, 153-54.

Plaintiffs also maintain "reading rooms" on their websites that allow interested parties to view

the standards that have been incorporated by reference into law as images.  *Id.* ¶¶ 63–64, 100,

161.  Those standards may not, however, be printed or downloaded in that format.  *Id.*

Defendant Public.Resource.Org, Inc. ("PRO") is a not-for-profit organization whose

mission is to "make the law and other government materials more widely available so that

people, businesses, and organizations can easily read and discuss [the] laws and the operations of

government."  ECF No. 213-20, Pls.' Statement of Disputed Facts ("Pls.' SDF") ¶ 2.  For

example, Defendant posts government-authored materials on its website, including judicial

opinions, Internal Revenue Service records, patent filings, and safety regulations.  *Id.* ¶¶ 3–4.  It

does not charge fees to view or download these materials.  *Id.* ¶ 5.

Between 2012 and 2014, Defendant purchased hard copies of each of the standards at

issue, scanned them into PDF files, added a cover sheet, and posted them online.  *ASTM*, 896

F.3d at 444.  In some instances, Defendant modified the files so that the text of the standards

could more easily be enlarged, searched, and read with text-to-speech software.  *Id.*  The copies

that Defendant posted to its website all bore Plaintiffs' trademarks.  Pls.' SMF ¶ 210.  Defendant

also uploaded Plaintiffs' standards to the Internet Archive, a separate independent website.  Pls.'

SDF ¶ 185.

### A. *ASTM I*

In 2013, Plaintiffs sued Defendant for copyright and trademark infringement,

contributory copyright infringement, unfair competition, and false designation of origin as to 257

standards.  *See* ECF No. 1, Compl. ¶¶ 142–195.  Defendant counter-sued, seeking a declaratory

judgment that its conduct does not violate copyright law or trademark law.  *See* ECF No. 21,

Answer ¶¶ 174–205.  Plaintiffs moved for summary judgment on all but their contributory

copyright infringement claim and limited their motion to nine of the 257 standards, contending

that the court's guidance on those nine standards, a "subset of particularly important standards,"

would allow the parties "to resolve any remaining dispute with respect to the other works in

suit."  ECF No. 118-1, Pls.' First Mot. for Summ. J. ("Pls.' First MSJ") at 2 & n.1.[2]  Defendant

responded with its own cross-motion for summary judgment.

The court denied Defendant's motion and granted summary judgment to Plaintiffs on

their direct copyright infringement and trademark infringement claims.  The court found that

Plaintiffs held valid and enforceable copyrights in the incorporated standards that Defendant had

copied and distributed, and that Defendant failed to create a triable issue of fact that its

reproduction qualified as "fair use."  *ASTM*, 2017 WL 473822, at *18.  As to ASTM's trademark

infringement claims, the court held that Defendant had used copies of ASTM's marks in

commerce in a manner "likely to cause confusion," *id.* at *20, *22-23 (citing Restatement

---

[2] In *ASTM I*, the nine standards were:  ASTM D86-07, ASTM D975-07, ASTM D396-98, ASTM
D1217-93 (98), the 2011 and 2014 versions of NFPA's National Electrical Code, and the 2004,
2007 and 2010 versions of ASHRAE's Standard 90.1.  Pls.' First MSJ at 2.

(Third) of Unfair Competition § 21 cmt. j (1995)), and that its reproduction of the marks did not qualify as a nominative fair use, *id.* at *23.

Defendant appealed, challenging the court's ruling as to both copyright and trademark infringement.

The D.C. Circuit first rejected Defendant's arguments as to copyright ownership. Defendant had argued that the participation of federal government employees in the creation of certain standards rendered them noncopyrightable works of the U.S. Government. *ASTM*, 896 F.3d at 446.  The Circuit found that Defendant "forfeited" this argument by not adequately presenting it to the district court, and that such a claim was, in any event, "meritless," because Defendant "submitted no evidence that specific language in any of the works was 'prepared by an officer or employee of the United States Government as part of that person's official duties.'" *Id.* (quoting 17 U.S.C. § 101).

Aside from its government-work argument, Defendant primarily advanced two arguments upon which the Circuit focused.  First, Defendant argued that incorporation by reference makes the standards "part of the 'law,' and the law can never be copyrighted."  *Id.*  The Circuit reasoned that Defendant's argument presented a "serious constitutional concern with permitting private ownership of standards essential to understanding legal obligations," but opted to save this "thorn[y]" constitutional question "for another day."  *Id.* at 441, 447.  It explained that it could resolve the appeal within the confines of the Copyright Act without addressing the constitutional question, a course that was particularly prudent because the record revealed little about how the challenged standards were incorporated.  *Id.* at 447.  For example, "it is one thing to declare that 'the law' cannot be copyrighted but wholly another to determine whether any one of these incorporated standards—from the legally binding prerequisite to a labeling requirement,

*see* 42 U.S.C. § 17021(b)(1), to the purely discretionary reference procedure, *see* 40 C.F.R. §

86.113-04(a)(1)—actually constitutes 'the law.'" *Id.* By avoiding the constitutional question,

the Circuit also limited "the economic consequences that might result from [Plaintiffs] losing

copyright . . . by allowing copying only where it serves a public end rather than permitting

competitors to merely sell duplicates at a lower cost." *Id.* The Circuit explained that its narrow

approach avoided creating "*sui generis* caveats to copyright law for incorporated standards." *Id.*

The Circuit then addressed the second of Defendant's two main arguments: that its use of

Plaintiffs' copyright material was permissible "fair use" because it facilitates public discussion

about the law—a use within the "public domain." *Id.* at 448. Though the Circuit found reason to

believe "as a matter of law" that Defendant's "reproduction of certain standards 'qualif[ies] as a

fair use of the copyrighted work,'" it reasoned that "the better course is to remand the case for

the district court to further develop the factual record and weigh the [four fair-use] factors as

applied to [Defendant's] use of each standard in the first instance." *Id.* at 448-49 (quoting

*Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). The Circuit found

that the record did not support the conclusion that Defendant distributed copies of the

incorporated standards solely to undermine Plaintiffs' ability to raise revenue. *Id.* at 449 (citing

*ASTM*, 2017 WL 473822, at *18). Rather, it appeared that Defendant distributed the standards to

educate "the public about the specifics of governing law." *Id.* (citing Def. Br. 43 (explaining that

"[t]here is no better way to teach the law to the public than to *provide the public with the law*"));

ASTM Br. 34 ("[Defendant's] purpose is to enable members of the public to obtain copies of

[the standards]."). The Circuit also faulted the court and parties for "treating the standards

interchangeably" by not considering the variations and legal status of each of the standards. *Id.*

at 448-49. It therefore directed the court to reconsider Defendant's defense on "a fuller record

regarding the nature of each of the standards at issue, the way in which they are incorporated, and the manner and extent to which they were copied by [Defendant]." *Id.* at 449.  At the same time, the court need not consider each standard individually where, as here, the standards are susceptible to groupings relevant to the fair use analysis.  *Id.*

On Plaintiffs' trademark infringement claims, the Circuit directed the court to reconsider Defendant's affirmative defense of nominative fair use, reasoning that "it may well be that [Defendant] overstepped when it reproduced both ASTM's logo and its word marks," but that the district court's analysis of that defense would "provide valuable insight both into whether trademark infringement has occurred and, if so, how broad a remedy is needed to address the injury." *Id.* at 457.

### B.  Fact Development on Remand and Second Motions for Summary Judgment

Following remand, Defendant reposted its versions of Plaintiffs' standards to the Internet Archive website.  ECF No. 199-2, Pls.' Second Statement of Material Facts ("Pls.' 2d SMF") ¶ 11; ECF No. 204-1, Def.'s Statement of Disputed Facts ("Def.'s SDF") ¶ 11.  In doing so, it largely redacted Plaintiffs' logos.  *See* Pls.' 2d SMF ¶¶ 21-25; Def.'s SDF ¶¶ 21-25.  Plaintiffs, however, point to instances where Defendant did not redact the ASTM logo and word mark, and the NEC logo.  *See* Pls.' 2d SMF ¶¶ 23-25.

Defendant also changed the disclaimers it includes with each of Plaintiffs' works that it posts.  Those disclaimers take three forms.  The first appears on the cover page of posted PDF copies of Plaintiffs' works.  Pls.' 2d SMF ¶ 26; Def.'s SDF ¶ 26.  The second appears on the Internet Archive webpage below the PDF copy.  Pls.' 2d SMF ¶ 27; Def.'s SDF ¶ 27.  The third appears as a "preamble" to Defendant's HTML-format copies of Plaintiffs' standards available for download on the Internet Archive website.  Pls.' 2d SMF ¶ 28; Def.'s SDF ¶ 28.

Plaintiffs and Defendant have since developed (and sought to limit) the factual record by filing statements of fact and evidentiary objections,[3] and each side has again moved for summary judgment.

As to its copyright claims, Plaintiffs move for summary judgment with regard to 217 standards. *See* ECF No. 199, Pls.' Second Mot. for Summ. J. ("Pls.' 2d MSJ"); *see also* ECF 198-2, Pls.' Appendix A (listing each of the 217 standards). Plaintiffs argue that they own valid copyrights in the 217 standards, that Defendant "indiscriminately" copied and republished those standards and therefore failed to comport with Circuit guidance on what qualifies as "fair use." *See* Pls.' 2d MSJ at 10-12. Plaintiffs group the standards into five categories: (1) standards for which Defendant has not correctly identified an incorporating reference; (2) standards containing discretionary portions or reference procedures; (3) standards that have only been partially incorporated by reference into law; (4) standards that do not impose legal duties on any private party; and (5) standards containing non-mandatory aids or supplements, including appendices,

---

[3] *See* Pls.' 2d SMF; ECF No. 203-2, Def.'s Second Statement of Material Facts ("Def. 2d SMF"); Def.'s SDF; ECF No. 204-2, Def.'s Evidentiary Objs.; Pls.' SDF; ECF No. 212-2, Pls.' Resp. to Def. Statement of Disputed Facts; ECF No. 213-1, Pls.' Third Statement of Material Facts ("Pls.' 3d SMF"); ECF No. 213-21, Pls.' Resp. to Evidentiary Objs.; ECF No. 214-1, Def.'s Resp. to Evidentiary Objs.; ECF No. 215-2, Def.'s Evidentiary Objs. in Reply to Pls.' Opp'n; ECF No. 215-10, Def.'s Suppl. Statement of Disputed Facts ("Def.'s Suppl. SDF"); ECF No. 215-12, Def.'s Mot. to Strike Pls.' Resp. to Def.'s Statement of Disputed Facts; ECF No. 217, Pls.' Evidentiary Objs. to Def.'s Reply ISO 2d MSJ; ECF No. 218, Def.'s Resp. to Pls.' Evidentiary Objs. to Def.'s Reply ISO 2d MSJ. The court does not rely on the disputed evidence in resolving the parties' cross-motions and therefore does not address the evidentiary objections.

Defendant has also asked the court to take judicial notice of certain aspects of the version of the 2002 National Electrical Safety Code (NESC) that the Indiana Supreme Court cited in *Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462, 469 (Ind. 2017), *see* ECF No. 204-3. The court grants Defendant's request to take judicial notice of certain aspects of the version of the 2002 National Electrical Safety Code (NESC) that the Indiana Supreme Court cited in *Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462, 469 (Ind. 2017); however, the court does not rely on this information to resolve the parties' cross-motions.

summaries of changes, summaries of test methods, significance and use sections, and

supplementary requirements. *See* Pls.' 2d SMF at 8-44.  Plaintiffs also argue that Defendant's

use of each standard undermines the actual and potential markets for Plaintiffs' works. *See* Pls.'

2d MSJ at 25-31.

As to its trademark claims, Plaintiffs argue that Defendant does not need to use Plaintiffs'

marks, logos, organizational names, or identify the standards by name to advance its mission of

educating the public about binding legal obligations. *Id.* at 33-34.  Plaintiffs also contend that

Defendant's use of Plaintiffs' logos goes beyond what is reasonably necessary to identify

Plaintiffs' works, and that Defendant's disclaimers fail to adequately reduce the likelihood of

consumer confusion. *Id.* at 34-37.

Finally, Plaintiffs seek a permanent injunction barring Defendant from reproducing and

using Plaintiffs' standards and trademarks because they will otherwise suffer irreparable harm,

no other adequate remedy is available to compensate them, the harm to Plaintiffs outweighs any

potential harm to Defendant, and the public interest favors an injunction. *Id.* at 38-45.

Defendant responds to Plaintiffs' copyright claims by arguing that its use of the

incorporated standards is non-infringing fair use. *See* ECF No. 203-1, Def. Second Mot. for

Summ. J. ("Def.'s 2d MSJ").  Specifically, Defendant contends that the federal government has

incorporated into law every standard at issue in its entirety, that those standards are not generally

and freely accessible, and that Defendant's actions have no effect on Plaintiffs' standard sales.

*Id.* at 8-10.  Defendant also "reasserts its earlier arguments" made in support of its first motion

for summary judgment that Plaintiffs' standards are not entitled to copyright protection because:

(1) the standards are binding laws of the United States and at least one state; (2) the standards are

not copyrightable subject matter pursuant to 17 U.S.C. § 102(b); (3) the merger doctrine

precludes enforcement of copyright in works which have become government edicts and political facts as laws by incorporation; and (4) enforcement of the copyrights through the prior restraint that Plaintiffs seek case would violate the First, Fifth, and Fourteenth Amendments of the United States Constitution.  *See* ECF No. 202 (citing ECF Nos. 120-126, 146-147, 149, 151, 160-161, 163-168).

In response to Plaintiffs' trademark claim, Defendant argues that Plaintiffs have not offered evidence of consumer confusion and that its use of Plaintiffs' marks constitutes nominative fair use because the standards are not readily identifiable without Plaintiffs' marks, Defendant has included only what is necessary to identify the standards, and has not suggested that Plaintiffs sponsor or endorse Defendant's postings.  Def.'s 2d MSJ at 30-37.

## C.  Supplemental Briefing: *Georgia v. Public.Resource.Org, Inc.*

After the parties submitted their summary judgment briefing, the Supreme Court decided *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498 (2020).  At the court's request, the parties submitted supplemental briefing on the impact of that decision on this case.

In *Georgia*, the Court considered whether annotations in the Official Code of Georgia Annotated, which is the authoritative version of Georgia's statutes under Georgia law, were in the public domain along with the statutes themselves.  *Georgia*, 140 S. Ct. at 1504-05. LexisNexis drafted the annotations pursuant to a work-for-hire agreement with a Georgia state commission, such that Georgia was considered the "author" of those annotations for copyright purposes.  *See id.* at 1505.  When PRO—the same defendant as in this case—copied the annotated code, Georgia sued, arguing that the annotations were not in the public domain because, unlike the statutes, they did not carry the "force of law."  *See id.*  The district court

agreed with Georgia, but the Eleventh Circuit reversed, using a three-part test that considered whether the annotations were constructively authored by citizens.  *See id.* at 1505–06.

The Supreme Court affirmed the Eleventh Circuit but announced a different rule: that the government edicts doctrine—under which officials empowered to speak with the force of law cannot be the authors of, and therefore cannot copyright, the works they create in the course of their official duties—applies equally to "non-binding, explanatory legal materials created *by a legislative body* vested with the authority to make law." *Id.* at 1503 (emphasis in original).   The Court based its rule in significant part on its construction of the term "author," noting that judges and legislators could not be considered authors entitled to copyright in their official works because those officials were "vested with the authority to make and interpret the law." *Id.* at 1507.  As a corollary to its author-focused rule, the Supreme Court added that the government edicts doctrine "does not apply, however, to works created by . . . private parties[ ] who lack the authority to make or interpret the law." *Id.*

The Court went on to note: "The animating principle behind [the government edicts doctrine] is that no one can own the law.  Every citizen is presumed to know the law, and it needs no argument to show . . . that all should have free access to its contents." *Id.* (internal quotation marks and citations omitted).

## II.    LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact.") (emphasis in original); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).  Summary judgment may be rendered on a "claim or defense . . . or [a] part of each claim or defense."  Fed. R. Civ. P. 56(a).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination.  An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Holcomb*, 433 F.3d at 895 (quoting *Liberty Lobby*, 477 U.S. at 248) (citation omitted).  The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified."  *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987).

In considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Liberty Lobby*, 477 U.S. at 255; *see also Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850 (D.C. Cir. 2006) ("We view the evidence in the light most favorable to the nonmoving party and draw all inferences in its favor.").  The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials, and must be supported by affidavits, declarations, or other competent evidence setting forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The non-movant "is required to provide evidence that would permit a reasonable jury to find [in his favor]."  *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

Plaintiffs seek to permanently enjoin Defendant from all reproduction, display, or distribution of Plaintiffs' standards and all use of Plaintiffs' trademarks.  *See* Pls.' 2d MSJ at 38. "A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief.'"  *John Doe. Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017) (alteration in original) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  A "plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief."  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  Specifically, a plaintiff must show that: (1) it has suffered or will suffer an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) weighing the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.  *Id.  See also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 162 (2010) (finding permanent injunction not warranted because, "[m]ost importantly," respondent failed to show "any present or imminent risk of likely irreparable harm").

### III.    ANALYSIS

#### A.  Copyright Infringement

Article I, Section 8, Clause 8, of the Constitution empowers Congress "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."  U.S. Const. art. I, § 8, cl. 8.  So empowered, the first Congress enacted the Copyright Act of 1790, granting authors of certain works "the sole right and liberty of printing, reprinting, publishing and vending" those works "for the term of fourteen years."  Act of May 31, 1790, § 1, 1 Stat. 124.

Since then, the precise contours of the Copyright Act have changed, but Congress's purpose has remained constant:

> The enactment of copyright legislation by Congress under the terms of the Constitution is not based upon any natural right that the author has in his writings . . . but upon the ground that the welfare of the public will be served and progress of science and useful arts will be promoted by securing to authors for limited periods the exclusive rights to their writings.

H.R. Rep. No. 60-2222, at 7 (1909); *see also Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) (This "limited grant" is "intended to motivate the creative activity of authors and inventors by the provision of a special reward, and to allow the public access to the products of their genius after the limited period of exclusive control has expired.").  "The challenge with each iteration of the Act, both for its drafters and its interpreters, has been to strike the 'difficult balance between the interests of authors and inventors in the control and exploitation of their writings and discoveries on the one hand, and society's competing interest in the free flow of ideas, information, and commerce on the other hand.'" *ASTM*, 896 F.3d at 448 (quoting *Sony Corp.*, 464 U.S. at 429).

Under the current iteration of the Copyright Act, copyright protection subsists "in original works of authorship fixed in any tangible medium of expression," and vests initially in the author(s) of that work.  17 U.S.C. §§ 102(a), 201(a).  Ownership can be transferred in whole or in part, and the exclusive rights of copyright ownership may also be transferred.  *Id.* § 201(d).  An owner of a valid copyright has the "exclusive right[]" to reproduce, distribute, or display the copyrighted works as well as to prepare derivative works based upon it.  *Id.* § 106(1) – (3), (5).  One who violates the exclusive rights of the copyright owner "is an infringer of the copyright or right of the author, as the case may be."  *Id.* § 501(a).  The legal or beneficial owner of that exclusive right may then "institute an action for any infringement."  *Id.* § 501(b).  To succeed on

a copyright infringement claim, a plaintiff must prove both "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Stenograph, LLC v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

On the other hand, reflecting copyright's balance between private ownership and public welfare, the Act has long recognized that certain "fair use[s]" of a copyrighted work do not constitute infringement. *ASTM*, 896 F.3d at 446 (citing 17 U.S.C. § 107). Not all uses of a copyrighted work are "within the exclusive domain of the copyright owner," rather, as the Supreme Court has explained, "some are in the public domain." *Id.* (quoting *Sony Corp.*, 464 U.S. at 433).

      1.   <u>Ownership of Valid Copyrights</u>

         *a.*   <u>*Ownership*</u>

Plaintiffs move for summary judgment on 217 standards: the 9 standards at issue in *ASTM I*,[4] plus 208 additional standards listed in their Complaint. While the court previously held that Plaintiffs own copyrights in the 9 standards at issue in *ASTM I*, it must now determine whether Plaintiffs own copyrights in the other 208 standards such that they have standing to challenge Defendant's alleged infringement. The court finds that they do.

The Copyright Act provides that possession of a certificate of registration from the U.S. Copyright Office "made before or within five years after first publication of the work shall constitute prima facie evidence," creating a rebuttable presumption of ownership of a valid

---

[4] *See* ECF No. 118, Pls.' First Mot. for Summ. J. (moving for summary judgment as to ASTM D86-07, ASTM D975-07, ASTM D396-98, ASTM D1217-93(98), the 2011 and 2014 versions of NFPA's National Electrical Code, and the 2004, 2007 and 2010 versions of ASHRAE's Standard 90.1).

copyright.  17 U.S.C. § 410(c); *see also MOB Music Publ'g v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197, 202 (D.D.C. 2010).  If the copyright was registered more than five years after the work was published, the "evidentiary weight to be accorded . . . shall be within the discretion of the court."  17 U.S.C. § 410(c).

When a party offers as prima facie evidence a registration certificate for a compilation of individual works that it authored rather than the registration for a specific individual work, a court may consider this to be similar prima facie evidence of ownership, creating the same rebuttable presumption.  *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283-84 (4th Cir. 2003), *abrogated by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Morris v. Business 12 Concepts, Inc.*, 259 F.3d 65, 68 (2d Cir. 2001), *abrogated on other grounds by Muchnick*, 559 U.S. 154 (2010).  Moreover, the registration certificate is sufficient prima facie evidence for the individual works within the compilation, if the compilation is deemed to be a "single work."  Federal regulations provide that "all copyrightable elements that are otherwise recognizable as self-contained works, that are included in the same unit of publication, and in which the copyright claimant is the same" constitute a "single work," and are validly registered under a single registration certificate.  37 C.F.R. § 202.3(b)(4); *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 205–06 (3d Cir. 2005); *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 483 (S.D.N.Y. 2008).

Plaintiffs produced registration certificates for each of the 217 standards at issue, and each certificate lists Plaintiffs as the authors of the works.  *See* Pls.' 2d SMF ¶¶ 1-10.  Specifically, ASTM has obtained copyright registration certificates that cover 191 of its standards.  *See* ECF No. 198-5, Declaration of Jane W. Wise ("Wise Decl.") ¶¶ 2, 31-149, Exs. 30-148; ECF No. 118-7, Declaration of Thomas O'Brien ("O'Brien Decl.") ¶¶ 5-12, Exs. 1-4.

The registrations for 187 of ASTM's standards—those whose numbers appear in bold in Plaintiffs' Annex A, ECF No. 198-4—were effective within five years of the date of first publication identified in the registration certificate.  *See* Pls.' 2d SMF ¶ 7; Wise Decl. ¶¶ 2-33, 35-57, 59-65, 67-149, Exs. 1-32, 34-56, 58-148; O'Brien Decl. ¶¶ 7-11, Exs. 3-4.  ASTM's other four standards[5] were registered more than five years after they were published, but the court accords these the same evidentiary weight as if they had been registered within five years.  *See* 17 U.S.C. § 410(c) (court has discretion over evidentiary weight).

NFPA produced copyright registration certificates for its twenty-three standards at issue, each obtained within five years of publication.  ECF No. 118-3, Declaration of Dennis J. Berry ("Berry Decl.") ¶¶ 2-3, Exs. A, B; ECF No. 198-50, Supplemental Declaration of James T. Pauley ("Supp. Pauley Decl.") ¶¶ 6-24, Exs. W-OO (certificates of registration).  Likewise, ASHRAE produced copyright registration certificates for its three standards at issue, each within five years of publication.  ECF No. 118-10, Declaration of Stephanie Reiniche ("Reiniche Decl.") ¶ 15, Exs. 3-5.

Plaintiffs' registration certificates create a presumption of validity and ownership with respect to both their individually registered works and to the original works that comprise Plaintiffs' registered compilations.  *ASTM*, 2017 WL 473822, at *6-7 ("Plaintiffs are the owners of the copyrights at issue and have standing to bring their claims."); 17 U.S.C. § 410(c); *MOB Music Publ'g*, 698 F. Supp. 2d at 202.

Consequently, the burden shifts to Defendant to prove the contrary.  *Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 92, 98 (2d Cir. 1999) (once a copyright holder has proffered prima facie evidence of ownership, the alleged infringer "challenging the validity of the copyright has the

---

[5] A106/A108M, C150, D86, D975.

burden to prove the contrary"); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (infringer "has the burden of rebutting the facts set forth in the copyright certificate").  Defendant makes three arguments challenging validity, none of which are persuasive.

First, Defendant questions whether the standards at issue were ever validly copyrighted given the Act's prohibition on copyrighting "work[s] of the United States Government."  17 U.S.C. § 105(a).  According to Defendant, "[m]*any federal government employees* were among the volunteers [who collaborated with non-government employees and Plaintiffs to write the standards], so the employees (or the federal government itself) are among the joint authors."  *See* Def.'s 2d MSJ at 44 (emphasis in original).

Defendant made this argument for the first time on appeal, and the Circuit rejected it as untimely and because Defendant "submitted no evidence that specific language in any of the works was 'prepared by an officer or employee of the United States Government as part of that person's official duties.'"  *ASTM*, 896 F.3d at 446.  While Defendant has now raised the argument with this court, *see* Def.'s 2d MSJ at 45 n.20, it has proffered no evidence that an officer or employee of the government prepared specific language in any of Plaintiffs' standards as part of their official duties.  *See id.* at 44.  Without such evidence, Defendant's argument is "meritless."  *ASTM*, 896 F.3d at 446.

For the same reason, Defendant's second and related argument—that the standards are "government edicts"—fails.  The government edicts doctrine applies only to state works and is narrower than the bar on copyright protection for federal works.  *See Georgia*, 140 S. Ct. at 1509–10.  For instance, the doctrine applies only to works of a judge or legislator, *id.* at 1513, whereas the Act's bar on copyrighting "work[s] of the United States Government," in 17 U.S.C.

§ 105, applies to works created by all federal "officer[s] or employee[s]," without regard to the nature of their position or scope of their authority, *id.* at 1509-10.

Defendant does not offer any evidence that a judge or legislator wrote any of Plaintiffs' standards.  Instead, it argues that "once incorporated into law, [Plaintiffs' standards] are recreated as—transformed into—government edicts."  Def. Supp. Br. at 3-4 (citing *Georgia*, 140 S. Ct. at 1504).  For support, Defendant relies on *Georgia v. Public.Resource.Org*, 140 S. Ct. at 1503, in which the works in question were prepared by a private company, Lexis, pursuant to a work-for-hire agreement with Georgia's Code Revision Commission.  *Georgia*, 140 S. Ct. at 1508.  Unlike in *Georgia*, there is no evidence here that that state legislators hired Plaintiffs to draft the standards.  The Copyright Act's use of the term "author[]" "presuppose[s] a degree of originality" and "[o]riginal, as the term is used in copyright, means . . . that the work was independently created by the author (as opposed to copied from other works)."  *Feist*, 499 U.S. at 345-46.  A government body that merely incorporates a standard by reference does not independently create any content, and therefore does not become an "author" of the standard.  Defendant points to no authority to the contrary.

Third, Defendant attempts to overcome the presumption that Plaintiffs own copyrights in the standards by arguing that Plaintiffs failed to list all joint authors in their registration applications.  Def.'s 2d MSJ at 45.  The court has already considered and rejected this argument.  *See ASTM*, 2017 WL 473822, at *7.  "Beyond showing that Plaintiffs' recordkeeping could perhaps be more thorough, Defendant has not identified any evidence that [Plaintiffs] do not own the copyrights of the standards."  *Id.*; *see also Alaska Stock, LLC v. Houghton Mifflin Harcourt Pub. Co.*, 747 F.3d 673, 685 (9th Cir. 2014) (upholding the validity of copyright registrations that did not list all joint authors); *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*,

722 F.3d 591, 593, 596-99 (4th Cir. 2013) (same); 2 Nimmer on Copyright § 7.20[B][1];

("mention in a registration certificate of only one of two co-authors does not affect the validity of

the registration").  The Circuit did not disturb this holding, and Defendant has not offered any

new evidence or argument that would cause the court to reconsider.

As in *ASTM I*, Defendant has not presented any "evidence *disproving* Plaintiffs'

authorship."  *ASTM*, 2017 WL 473822, at *7.  Consequently, the court finds that Plaintiffs own

copyrights in each of the 217 standards at issue and therefore have standing to bring their claims.

     *b.*  <u>*Valid Copyrights*</u>

In *ASTM I*, the court held that Plaintiffs owned "valid" copyrights, rejecting Defendant's

arguments that the standards either were never copyrightable or lost their copyright protection

upon incorporation by reference into federal regulations.  *See id.* at *8-15.  The Circuit did not

rule on this issue, and instead "left for another day" the "thorn[y] question of whether standards

retain their copyright after they are incorporated by reference into law."  *ASTM*, 896 F.3d at 441.

On remand, Defendant has not presented argument or evidence regarding the validity of

Plaintiffs' copyrights and therefore the court need not reconsider the issue.

     2.  <u>Copying an Original Work and the Fair Use Defense</u>

It is undisputed that Defendant reproduced and posted online for display or distribution

the 217 standards at issue.  In *ASTM I*, the court rejected the application of the merger or *scènes*

*à faire* doctrines as affirmative defenses, a holding the Circuit did not disturb and that this court

will not revisit.  Defendant's remaining argument is that its copying and posting of the standards

was "fair use."

The fair use defense provides that "the fair use of a copyrighted work, including such use

by reproduction in copies . . . for purposes such as criticism, comment, news reporting, teaching

(including multiple copies for classroom use), scholarship, or research, is not an infringement of

copyright." 17 U.S.C. § 107.  When considering whether a particular use is fair, courts must

consider the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

*Id.*  "The factors enumerated in the section are not meant to be exclusive: '[S]ince the doctrine is

an equitable rule of reason, no generally applicable definition is possible, and each case raising

the question must be decided on its own facts.'"  *Harper & Row Publishers, Inc.*, 471 U.S. at 560

(alteration in original) (quoting H.R. Rep. No. 94-1476, at 65 (1976), as reprinted in 1976

U.S.C.C.A.N. 5659, 5678).  Defendant bears the burden of showing fair use.  *See Campbell*, 510

U.S. at 590.

Following remand, the parties provided additional details regarding the 217 standards at

issue, including:

- A copy of each of Plaintiffs' standards at issue, *see* Wise Decl., Ex. 149, ECF Nos. 198-5, 199-3–11; Pauley Decl., Exs. A–V, ECF Nos. 198-50, 199-12–33; Reiniche Decl., Exs. 1–2, ECF Nos. 198-53, 199-34; Dubay Decl., Ex. A, ECF Nos. 155-6;

- A copy of each of the ASTM standards as republished by Defendant on the Internet Archive, *see* Wise Decl., Ex. 151, ECF Nos. 198-5, 198-30–32;

- A copy of each of the ASTM standards as republished by Defendant in PDF format, *see* Wise Decl., Ex. 152, ECF Nos. 198-5, 198-33–37;

- A copy of some of the ASTM standards as republished b Defendant in HTML format; *see* Wise Decl., Ex. 165, ECF Nos. 198-5, 198-48;

- A copy of some of the NFPA standards as republished by Defendant on the Internet Archive, *see* Wise Decl., Ex. 166–68, ECF Nos. 198-5, 198-48;

- A copy of the cover sheets Defendant attached to the ASHRAE standards it republished on the Internet Archive, *see* Wise Decl., Ex. 169, ECF Nos. 198-5, 198-48; and

- Arguments as to how each standard has (or has not) been incorporated by reference into law, *see* Def.'s 2d MSJ at 9-10; Becker Decl. ¶ 57, Ex. 89-91; Supp. Wise Decl., Exs. 175–176.

Before turning to each of the four factors, and the court's standard-by-standard analysis, the court first distinguishes between standards that have and have not been incorporated by reference into law.

For each of the 217 standards at issue, Defendant provided the court with what it contends is the incorporating-by-reference regulation. *See* Becker Decl. ¶ 57, Ex. 89-91. For 153 of the 217 standards, Defendant provided at least one regulation incorporating into law the standard Defendant published. These are identified in the attached Appendix as "Group 1 Standards." As to the other 64 standards, Defendant cited to a regulation that incorporated a standard bearing a different designation than the one it published.[6]

---

[6] Each ASTM standard has a unique designation. In each serial designation, the number following the dash indicates the year of original adoption as a standard, or the year the standard was last revised. *See* Pls.' 2d SMF ¶ 35 (citing O'Brien Decl. Ex. 3 at 1349). Standards that have been reapproved without change are indicated by the year of last reapproval in parentheses as part of the designation number. For example, ASTM C5-79 (1997) indicates that ASTM C5 was reapproved in 1997. *Id.* A letter following this number indicates more than one revision during that year. For example, ASTM A106-04b indicates the second revision in 2004 to ASTM A106. *Id.* A superscript epsilon indicates an editorial change since the last revision or reapproval, so that ASTM A36-97ae1 indicates the first editorial revision of the 1997 version of

For 32 of those 64 standards, Defendant cites to a regulation that incorporated a version identical in text to the version Defendant published, but which was approved and published in a different year. *See* Pls.' 2d SMF ¶ 35 ("Standards that have been reapproved without change are indicated by the year of last reapproval in parentheses as part of the designation number (e.g., C5-79 (1997) indicates that C5 was reapproved in 1997.") (citing O'Brien Decl. Ex. 3 at 1349); Def.'s SDF at ¶ 35 (no objection); Def.'s 2d MSJ at 10 (contending that the "only difference between what was posted and the document cited in the C.F.R. is that the title adds a second, reissue, date in parentheses. All other text is identical") (citing Def.'s 2d SMF ¶ 84). These standards are identified in the attached Appendix as "Group 2 Standards."

Defendant argues that because the Group 2 Standards are identical to the text incorporated by reference into law, any discrepancy in the standard's reissue date is not material to the fair-use analysis. Def.'s 2d MSJ at 9-10. The court agrees. As to each of these standards, Defendant has "[f]aithfully reproduc[ed] the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law," which "obviously has great value." *ASTM*, 896 F.3d at 451 (emphasis added).

For the final 32 standards, identified as "Group 3 Standards," Defendant concedes that these bear editorial and substantive differences from the ones incorporated by reference into law. Def.'s 2d MSJ at 9-10. Defendant does not identify which provisions of its postings are

---

ASTM A36. *Id.* If a standard is written in metric units, the metric version is indicated by the letter M (e.g., A369M-92 indicates that this version of A389 contains metric units). *Id.* When ASTM publishes standards in metric and inch-pound units it identifies the standard with a dual designation (e.g., ASTM A369/A369M-92 identifies a dual standard). *Id.* Regulations like the Code of Federal Regulations typically identify ASTM standards according to this specific designation number. For example, 40 C.F.R. § 114.600 specifies the edition of the ASTM standards incorporated by reference in 46 C.F.R. § 119.440, including B122/B122M95 and B96-93. *See* 40 C.F.R. § 114.600.

substantively different from what has been incorporated into law, or which provisions are the same; instead, it indiscriminately posted its versions in their entirety.  Defendant describes its error as "unfortunate" and contends that its mistake as to these 32 standards should not bear on the court's fair use analysis regarding the other 185 standards.  *Id.* at 10 n.5.  While it may be that Defendant could permissibly repost the text of Group 3 Standards that is identical to text incorporated into law, its fair use defense that it may indiscriminately post standards known to be substantively different than versions incorporated by reference into law is dubious.  *See ASTM*, 896 F.3d at 450 (explaining that incorporation of the 2011 version of a standard would not justify reproducing the 2014 edition that had not been incorporated); *id.* at 452 (explaining that a regulation requiring compliance with the two provisions of the 2011 National Electrical Code "would likely justify posting the specific text of only *those* two provisions of *that* version of the National Electrical Code," but not other versions) (emphasis in original).  "[U]nless a particular provision" of a standard has been incorporated into law, Defendant's "claim that a paraphrase or summary would always be inadequate to serve its purposes seems less persuasive."  *Id.* at 451.  Moreover, while Defendant could make a standard-by-standard argument that its publication of these 32 standards is a transformative use because portions of each provide key information for the public to debate certain public policies, *id.*, it has not done so.

### a.  *Purpose and Character of the Use*

The first fair-use factor asks courts to consider "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." 17 U.S.C. § 107(1).  Mindful of the statute's stated goal to protect purposes such as criticism and comment, "the Supreme Court has explained that the fact that an infringing 'publication was commercial as opposed to nonprofit . . . tends to weigh against a finding of fair use.'"  *ASTM*,

896 F.3d at 449 (quoting *Harper & Row*, 471 U.S. at 562).  While one consideration of the fair

use inquiry is whether the copy "may serve as a market substitute for the original," *Campbell v.

Acuff-Rose Music, Inc.*, 510 U.S. 569, 587 (1994) (discussing the fourth fair use factor, *i.e.*,

market effect), the "crux of the profit/nonprofit distinction is . . . whether the user stands to profit

from exploitation of the copyrighted material without paying the customary price," *Harper &

Row*, 471 U.S. at 562.

Defendant's "copies of the technical standards may, in some cases, serve as a [market]

substitute" for Plaintiffs' standards, in that Defendant distributes identical standards online in the

same commercial market.  The more pertinent inquiry, however, is whether Defendant stands to

profit from its reproductions.  *ASTM*, 896 F.3d at 449.

Here, "little, if anything, in the record indicates that [Defendant] stands to profit from its

reproduction" of any of the 217 standards.  *Id.*  Indeed, this finding is consistent with

Defendant's "claimed purpose, reflected in the organization's mission statement and summary-

judgment submissions to the court, that it was distributing the standards to facilitate public

debate."  *Id.*; *see also* Def.'s 2d MSJ at 16 (describing Defendant's mission to promote public

discourse by providing free access to the law, including statutes, judicial opinions, and

professional standards incorporated by reference into law) (citing Def.'s 2d SMF ¶ 68).

Defendant's "attempt to freely distribute standards incorporated by reference into law qualified

as a use that furthered the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.

A second facet of the "purpose and character" factor is "whether the use 'adds something

new, with a further purpose,' or, put differently, 'whether and to what extent the new work is

transformative.'"  *Id.* (quoting *Campbell*, 510 U.S. at 578–79) (internal quotation marks

omitted).  Although "transformative use is not absolutely necessary for a finding of fair use, the

goal of copyright, to promote science and the arts, is generally furthered by the creation of transformative works." *Campbell*, 510 U.S. at 579 (internal citation omitted).

The D.C. Circuit found that this court "properly rejected some of [Defendant's] arguments as to its transformative use—for instance, that [Defendant] was converting the works into a format more accessible for the visually impaired or that it was producing a centralized database of all incorporated standards." *ASTM*, 896 F.3d at 450 (citing *ASTM*, 2017 WL 473822, at *16; *Am. Geophysical Union v. Texaco Inc.*, 60 F.3d 913, 923–24 (2d Cir. 1994) (holding that photocopying articles "into a form more easily used in a laboratory" does not constitute transformative use but acknowledging "the benefit of a more usable format")).

The Circuit remanded, though, for this court to consider "whether, in certain circumstances, distributing copies of the law for purposes of facilitating public access could constitute transformative use." *ASTM*, 896 F.3d at 450. Specifically, the Circuit distinguished between an incorporated standard that "provides information essential to comprehending one's legal duties," which "would weigh heavily in favor of permitting a nonprofit seeking to inform the public about the law to reproduce in full the relevant portions of that particular standard," and the incorporation of a standard as a reference procedure, which does not. *Id.*

The court conducts this inquiry on a standard-by-standard basis in the attached Appendix.

### b. *The Nature of the Copyrighted Work*

The second fair use factor, "the nature of the copyrighted work," 17 U.S.C. § 107(2), also requires an individual appraisal of each standard and its incorporation, *ASTM*, 896 F.3d at 451. "This factor," the Supreme Court has explained, "calls for recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." *Campbell*, 510 U.S. at 586.

"Courts often reduce this inquiry to the question of whether the work is factual or fictional, as '[t]he law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy.'" *ASTM*, 896 F.3d at 451 (quoting *Harper & Row*, 471 U.S. at 563).

One principle relevant to this inquiry is that "the express text of the law falls plainly outside the realm of copyright protection." *See id.* at 450 (citing *Banks v. Manchester*, 128 U.S. 244, 253 (1888) (holding that state court judges may not copyright their judicial opinions because the "exposition and interpretation of the law, which, binding every citizen, is free for publication to all"); *Howell v. Miller*, 91 F. 129, 137 (6th Cir. 1898) (Harlan, J.) ("[A]ny person desiring to publish the statutes of a state may use any copy of such statutes to be found in any printed book, whether such book be the property of the state or the property of an individual.")). Standards incorporated by reference, though, are closer to "the outer edge of 'copyright's protective purposes.'" *ASTM*, 896 F.3d at 451 (quoting *Campbell*, 510 U.S. at 586).  As to this "outer edge" of copyright protection, the Circuit distinguishes between text that is incorporated by reference into law in a manner akin to copying all of the standard's text into law, and text that is incorporated into law in a more nuanced way, such that the standard's text is not an easy substitute for what is incorporated into law. *Id.* at 452.  The former example would weigh "heavily in favor of fair use," whereas in the latter example "fair use is harder to justify." *Id.* The court considers this factor on a standard-by-standard basis in the attached Appendix.

### c.   *The Amount of the Work Used*

The third fair use factor focuses on "the amount and substantiality of the portion used in relation to the copyrighted work as a whole."  17 U.S.C. § 107(3).  The "extent of permissible copying varies with the purpose and character of the use," and courts must consider whether

"'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).

As with the first two factors, this third inquiry is ill-suited to wholesale resolution. *ASTM*, 896 F.3d at 451. Accordingly, the court considers Defendant's copying on a standard-by-standard basis. *Id.* If Defendant "limits its copying to only what is required to fairly describe the standard's legal import, this factor would weigh strongly in favor of finding fair use here, especially given that precision is ten-tenths of the law." *Id.* at 452.

Here, as detailed in the attached Appendix, most of the standards at issue have been incorporated by reference into regulations that do not specify that only certain provisions of the standards are incorporated by reference into law, nor do the regulations indicate which specific provisions of the standards relate to regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

### d. *Effect on Value or Market*

Under the fourth factor, the court must consider what effect the use has on "the potential market for or value of the copyrighted work." 17 U.S.C. § 107. This requires the court to "consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market' for the original." *Campbell*, 510 U.S. at 590 (alteration in original) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.05[A][4], at 13–102.61 (1993) (footnotes omitted)). The court must also take into account the "harm to the market for derivative works," which the Supreme Court declared to be "undoubtedly the single most important element of fair use." *Harper & Row*, 471 U.S. at 566, 568 (footnote and citation omitted).

The parties disagree about who bears the burden of showing the effect Defendant's republication has on the potential market for or value of Plaintiffs' standards.  The Supreme Court has applied the burden differently depending on whether the challenged use is commercial or non-commercial.  When a case involves commercial use, there is a presumption that some meaningful "likelihood of future harm . . . exists," and the Court has held that the defendant must rebut that presumption of market effect.  *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984) ("If the intended use is for commercial gain, that likelihood may be presumed. But if it is for a noncommercial purpose, the likelihood must be demonstrated."); *see also Campbell*, 510 U.S. at 590-91 (holding that, because fair use is an affirmative defense, "its proponent would have difficulty carrying the burden of demonstrating fair use without favorable evidence about relevant markets," and that a silent record on the fourth factor "disentitled the proponent of the defense" to summary judgment).

On the other hand, when a defendant uses the copyrighted work for noncommercial purposes, the Court has placed the burden on the plaintiff to show "by a preponderance of the evidence that *some* meaningful likelihood of future harm exists."  *See Sony Corp.*, 464 U.S. at 451; *see also Fox Broad. Co. v. Dish Network L.L.C.*, 747 F.3d 1060, 1069 (9th Cir. 2014) (finding fourth factor weighed in favor of fair use where challenged use was for noncommercial purpose and the plaintiff failed to show likelihood of market harm); *Princeton Univ. Press v. Mich. Document Servs., Inc.*, 99 F.3d 1381, 1385 (6th Cir. 1996) ("The burden of proof as to market effect rests with the copyright holder if the challenged use is of a 'noncommercial' nature."); *Ass'n of Am. Med. Colls. v. Cuomo*, 928 F.2d 519, 526 (2d Cir. 1991) (Mahoney, J., concurring) ("Because [plaintiff] is challenging noncommercial use by the state, [plaintiff] has

the burden of proving 'that *some* meaningful likelihood of future harm [to marketability] exists.'") (quoting *Sony Corp.*, 464 U.S. at 451).

As previously explained, Defendant's use is noncommercial, and so Plaintiffs must show "by a preponderance of the evidence that *some* meaningful likelihood of future harm exists." *Sony Corp.*, 464 U.S. at 451.  In *ASTM I*, the Circuit posited that Plaintiffs "are right to suggest that there may be some adverse impact on the market for the copyrighted works [Defendant] reproduced on its website," but found that the record was unclear as to "just how serious that impact is."  *ASTM*, 896 F.3d at 453.  The Circuit identified three questions to guide the court's inquiry into the meaningful likelihood of future harm.  *Id.*  First, because Plaintiffs make copies of many of their standards freely available online in controlled reading rooms, and they "presumably do so without entirely cannibalizing sales of their standards, just how much additional harm does [Defendant's] reproduction cause to the market for these standards?"  *Id.*  Second, if Defendant "were to reproduce only the incorporated provisions, would there still be a vibrant market for the standards in their entirety?"  *Id.*  And third, what consequences do Defendant's postings have on the market for derivative works?  *Id.*

As to the first question, Plaintiffs' evidence falls well short of showing some meaningful likelihood of future harm.  Plaintiffs begin with the premise that Defendant's postings are "unrestricted" and "widely viewed," and conclude that "[t]his means its users include those individuals and entities who would otherwise purchase or license copies of Plaintiffs standards." *See* Pls.' 2d MSJ at 27.  But Plaintiffs' evidentiary support for this proposition is meager: correspondence from an engineer asking Defendant if the Circuit's decision in *ASTM I* meant Defendant could "update the site," Wise Decl. ¶ 174, Ex. 173 at PRO_00267293, and correspondence from an engineering firm telling Defendant it heard about its organization from a

"colleague" and asking Defendant how it could access Defendant's postings, *id.* ¶ 165, Ex. 164 at Interrog. 22. Those communications—showing that two entities were interested in accessing Defendant's postings—do not explain whether the entities were interested in accessing Defendant's postings in lieu of purchasing Plaintiffs' standards, as opposed to simply accessing them in Plaintiffs' read-only access rooms.

Plaintiffs also argue that beyond those two engineering entities, there "may also" be "further would-be-infringers" who could repurpose Defendant's postings to turn a profit for themselves. *See* Pls.' 2d MSJ at 27. This argument is even more tenuous than the former. Plaintiffs point to a third-party website offering users the ability to pay to access ASTM standards, but they do not assert—or offer any evidence to show—that the third party's offerings are a result of Defendant's actions, or whether the third party, like Defendant, purchased Plaintiffs' standards and then scanned and uploaded them to its website. *See id.* (citing Pls.' 2d SMF ¶¶ 105-06 (citing Wise Decl. ¶ 154-55)). In other words, evidence that other websites are also posting Plaintiffs' standards—without any causal connection to Defendant's actions—does not show "market harm caused by the particular actions of the alleged infringer," nor does it show whether Defendant's actions enabled "widespread conduct of the sort engaged in by [Defendant]" that "would result in a substantially adverse impact on the potential market for the original." *Campbell*, 510 U.S. at 590 (internal quotation marks omitted).

Plaintiffs also contend that entities that regularly use Plaintiffs' standards "are likely to use [Defendant's] versions of the standards," instead of purchasing standards from Plaintiffs or accessing Plaintiffs' read-only rooms. *See* Pls.' 2d MSJ at 28. In support, Plaintiffs cite to several declarations and one expert report, none of which are helpful. *See* Pls.' 2d MSJ at 28 (citing Pls.' 2d SMF ¶¶ 86 (citing Supp. Pauley Decl. ¶¶ 43, 45; Supp. Reiniche Decl. ¶ 3;

Thomas Decl. ¶ 12), 88 (citing Thomas Decl. ¶ 14; Jarosz Rep., ECF No. 119 ¶ 86; Pls.' SMF ¶

240 (citing Berry Decl. ¶¶ 11-12))).

For example, the relevant portions of the supplemental Pauley, Reiniche, Thomas, and

Berry declarations offer only general assertions about Plaintiffs' read-only access rooms. *See*

Supp. Pauley Decl. ¶¶ 43, 45 (describing NFPA's "belie[f]" that read-only access rooms offers

members of the public adequate access to its standards); Supp. Reiniche Decl. ¶ 3 (explaining

that ASHRAE offers online read-only access to many of its standards); Thomas Decl. ¶¶ 12, 14

(stating that ASTM develops consensus standards that are "used by scientists and engineers in

their laboratories, by architects and designers in their plans, and by industry in their business

contracts"); Berry Decl. ¶¶ 11-12, Exs. J, K (providing email exchange with third-party entity

regarding the third-party's ability to sell an NFPA standard on eBay and an email exchange with

a second third-party entity regarding a "promotional piece" and the entity's ability to access the

2014 National Electrical Code online).  These declarations offer no clarity on whether entities

who use the standards are likely to access Defendant's postings instead of buying them from

Plaintiffs or accessing them in Plaintiffs' read-only rooms.  The relevant portion of the Jarosz

Report is mostly conclusory and, in part, undermines Plaintiffs' argument that consumers will

switch to using Defendant's postings. *See* Jarosz Rep. ¶ 86 (describing ASTM's standards as

reasonably priced and easily accessible in read-only rooms).

With regards to the Circuit's second question, Plaintiffs improperly shift the burden,

arguing that Defendant has offered no analysis of what impact partial re-postings, as opposed to

full re-postings, would have on the market for the originals.  The court recognizes that it is

difficult to provide quantifiable data on this issue given that Defendant has only reposted each of

the standards in full.  But that does not excuse Plaintiffs' failure to offer *any* analysis on this question.

Third, the court must consider whether Defendant's copying and distribution of Plaintiffs' standards would harm any markets for derivative works.  For instance, does Defendant's posting of outdated standards harm the market for updated, unincorporated editions of the standards?  *ASTM*, 896 F.3d at 453.  "If, as [Plaintiffs] assert, the primary purpose in developing technical standards is to have them used by private industry and other non-governmental users to address technical issues or problems, . . . there is at least some reason to think that the market demand for the most up-to-date standards would be resilient."  *Id.* (internal quotation marks omitted).  Plaintiffs argue that some of the new versions of its standards are perfect substitutes for the older, incorporated versions, and "[a]s a result, for many users, the availability of a free and unrestricted" prior version "will interfere with the market for these derivative Works."  Pls.' 2d MSJ at 39-40.  This assertion, though, is unsupported and begs the question it seeks to answer.  Plaintiffs' argument that the sale of derivative training and seminar materials will also be harmed is similarly speculative and does not differentiate between outdated incorporated standards and newer, unincorporated standards.  *See id.* at 40 (citing Jarosz Rep. ¶ 146).

Fourteen years have elapsed since Defendant first began posting Plaintiffs' standards.  *See* Def.'s 2d MSJ at 13.  And four years have elapsed since Plaintiffs' expert opined that Defendant's activities "would" threaten the market for Plaintiffs' products.  *See* Jarosz Rep. ¶ 4.  Now, aided by the passage of time, the court is less deferential to conclusory opinions that market harm "is real" but "difficult to measure."  *Id.* ¶ 7; *see also id.* ¶¶ 130-155 (arguing without evidence that Defendant's actions are likely to harm the market for Plaintiffs' standards

and downstream products).  One can reasonably expect that if over the last four years market

harm was occurring, or was likely to occur, Plaintiffs could provide economic data and analysis

showing that to be the case.  For example, Plaintiffs could have offered a side-by-side

comparison of sales figures for standards that have and have not been reposted on Defendant's

site to demonstrate the market impact of Defendant's postings.  They could have provided

testimony from former customers who stopped purchasing Plaintiffs' standards because they are

available for download on Defendant's website.  The fact that they do not provide any

quantifiable evidence, and instead rely on conclusory assertions and speculation long after

Defendant first began posting the standards, is telling.

     The economic data that Plaintiffs provide—ASTM's and NFPA's overall sales figures—

does not advance their argument.  ASTM's sales have increased despite Defendant's activities.

Def.'s 2d SMF ¶ 153.  NFPA's overall revenue has "in recent years" declined, but it concedes

that "revenue is somewhat cyclical with publications."  *See* Pls.' 2d SMF ¶ 100.  And ASHRAE

has not attempted to determine what, if any, losses were attributable to Defendant's postings, and

was unable to identify any evidence of harm in response to one of Defendant's interrogatories.

*See* Def.'s 2d SMF ¶¶ 150, 154.

     Ultimately, the court finds that "the evidence is such that a reasonable jury could not

return a verdict for" Plaintiffs that Defendant's actions have caused, or likely will cause, market

harm with regards to the specific standards at issue.  *See Wash. Post Co. v. U.S. Dep't of Health*

*& Hum. Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989) (citing *Anderson*, 477 U.S. at

248).  Accordingly, this factor supports Defendant's fair use defense for each of the 217

standards at issue.

*e.   Standard-By-Standard Analysis*

The court has considered each of the 217 standards individually using the four fair-use factors.  That analysis is included in the attached Appendix.  For ease of reference, the standards are divided generally into three groups.  *See ASTM*, 896 F.3d at 449 (recognizing that the standards may be "susceptible to groupings that are relevant to the fair use analysis").  The first group contains standards which Defendant has shown to be incorporated by reference into law. The second group comprises standards which are identical in text to standards incorporated by reference into law.  And the third group comprises standards for which Defendant provided the court a regulation that incorporates a different substantive version of the standard than the one Defendant posted.

As shown in the Appendix, the court concludes that Defendant may not copy, reproduce, or distribute 32 standards that Defendant posted which differ in substantive ways from those incorporated by reference into law, that Defendant may copy, reproduce, or distribute 184 standards in their entirety, and may copy, reproduce, or distribute only specified portions of 1 standard.  Thus, as to the 32 standards not shown to be incorporated by reference into law, the court will GRANT Plaintiffs' motion for summary judgment and DENY Defendant's motion for summary judgment.  As to the 184 standards that Defendant may copy, reproduce, or distribute in their entirety, the court will DENY Plaintiffs' motion for summary judgment and GRANT Defendant's motion for summary judgment.  And as to the 1 standard that Defendant may partially reproduce, the court will GRANT IN PART and DENY IN PART both motions.

## B.  Lanham Act: Nominative Fair Use of Trademarks

To establish a trademark infringement claim under the Lanham Act, Plaintiffs "must show that [Defendant] used in commerce, without [Plaintiffs'] consent, a 'reproduction,

counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion.'"  *ASTM*, 896 F.3d at 455-56 (quoting 15 U.S.C. § 1114(1)(a). "This inquiry boils down to two questions: (1) does ASTM own 'a valid mark entitled to protection' and (2) is [Defendant's] use of it . . . likely to cause confusion.'"  *Id.* (quoting *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1075 (2d Cir. 1993)).

The court previously held that there was no genuine dispute on the factual issue of whether consumer confusion was likely.  Specifically, the evidence showed that Defendant intentionally created copies meant to appear identical to Plaintiffs' versions, including the use of Plaintiffs' word and logo marks.  And Defendant's "disclaimers" were inadequate mitigation against the likelihood of confusion because they did "not mention Defendant's creation of the reproductions, Plaintiffs' lack of association or authorization, or that they are even reproductions or transcriptions," and therefore could "hardly be called disclaimers at all."  *ASTM*, 2017 WL 473822, at *23.

Defendant did not contest either of these holdings on appeal in *ASTM I*, nor does it contest them now.  Instead, Defendant argues that its use of ASTM's trademarks qualifies as "nominative" fair use permitted under the Lanham Act.  *See* Def.'s 2d MSJ at 30-37.

Nominative fair use "occurs when 'the defendant uses the plaintiff's trademark to identify the plaintiff's own goods and makes it clear to consumers that the plaintiff, not the defendant, is the source of the trademarked product or service.'"  *ASTM*, 896 F.3d at 456 (quoting *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 154 (4th Cir. 2012) (cleaned up)); *accord Century 21 Real Estate Corp. v. Lendingtree, Inc.*, 425 F.3d 211, 220 (3d Cir. 2005).  To qualify as nominative fair use, "[1] the product or service in question must be one not readily identifiable

without use of the trademark; [2] only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and [3] the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 306–07 (9th Cir. 1992).

In *ASTM I*, this court rejected Defendant's nominative fair use claim, finding that because it had "already determined that consumer confusion as to the source of the trademarked standards is likely, the nominative fair use defense is inapplicable and the court need not assess each of the [ ] factors." *ASTM*, 2017 WL 473822, at *23. The Circuit rejected this analysis. Though it noted that it has "yet to opine on the precise factors courts should consider when assessing likelihood of confusion," and that "[c]ourts of appeals have disagreed about how exactly to evaluate nominate fair use claims," it clarified that "the likelihood of confusion analysis remains incomplete without at least some discussion of these factors." *ASTM*, 896 F.3d at 456-57.

Just how the court should assess the nominative fair use analysis remains unsettled law. *See id.* at 457 (discussing Circuit split on proper approach and noting that "we need not resolve today, which approach our court should adopt"). For instance, should the court treat nominative fair use as an affirmative defense? *See Century 21 Real Estate Corp. v. Lendingtree, Inc.*, 425 F.3d 211, 220 (3d Cir. 2005) (treating nominative fair use "as an affirmative defense to be proven by defendant after likelihood of confusion has been demonstrated by the plaintiff."). Should it consider the three nominative fair use factors as substitutes for the ordinary multi-factor likelihood of confusion test? *See New Kids on the Block*, 971 F.2d at 308 (defining nominative fair use defense without reference to the likelihood of confusion factors). Or should it consider the three nominative fair use factors in addition to the ordinary likelihood of confusion factors? *See Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*

*(IISSC)*, 823 F.3d 153, 168 (2d Cir. 2016) ("Because we believe that the nominative fair use

factors will be helpful to a district court's analysis, we hold that, in nominative use cases, district

courts are to consider the Ninth Circuit and Third Circuit's nominative fair use factors, in

addition to the [likelihood of confusion] factors.").

 Having reviewed and considered each of these three approaches, the court believes that

the Second Circuit's approach—requiring consideration of the nominative fair use factors in

addition to the likelihood of confusion factors—is the most appropriate.

 First, the nominative fair use defense is not an affirmative defense.  The Supreme Court

has interpreted the Lanham Act to distinguish between descriptive fair use and nominative fair

use.  Descriptive fair use, which falls within section 1115(b)(4)'s definition of affirmative

defenses, involves the use of a name, term, or device otherwise than as a mark.  Nominative fair

use involves a defendant's use of a mark to describe the plaintiff's product, and "cannot fall

within § 1115(b)(4)'s language."  *See IISSC*, 823 F.3d at 165, 167 ("It is called 'nominative' use

because it 'names' the real owner of the mark.").  "A prototypical example of nominative fair use

would be where 'an automobile repair shop specializing in foreign vehicles runs an

advertisement using the trademarked names of various makes and models to highlight the kind of

cars it repairs.'"  *ASTM*, 896 F.3d at 456 (quoting *Rosetta Stone Ltd.*, 676 F.3d at 154).  In that

example, the repair shop's use differs from the use defined by section 1115(b)(4) because it uses

the trademarked names to identify the automaker's goods.  The same is true here because

Defendant uses Plaintiffs' marks to describe the Plaintiffs' own products.  *See* Def.'s 2d MSJ at

32.

 Second, the nominative fair use factors should supplement, rather than supplant, the

likelihood of confusion analysis.  *See IISSC*, 823 F.3d at 168.  This approach offers district

courts additional flexibility where certain factors may be "a bad fit" for the facts presented.  *See id.*

As noted, in *ASTM I* the court found that there was a likelihood of confusion where Defendant intended its reproductions to appear identical to Plaintiffs' works by including Plaintiffs' word and logo marks and disclaimers that did "not mention Defendant's creation of the reproductions, Plaintiffs' lack of association or authorization, or that they are even reproductions or transcriptions."  *See ASTM*, 2017 WL 473822, at *23.  The court now supplements that analysis by considering the three nominative fair use factors, and the steps Defendant has taken to reduce that likelihood of confusion.

As to the first nominative fair use factor, the court finds that Defendant's use of Plaintiffs' trademarks is necessary to describe Plaintiffs' works.  Indeed, "it is hard to see how [Defendant] could fulfill" its goal of informing the public about the law "without identifying the standard by its name—the very name also used in the incorporating law."  *ASTM*, 896 F.3d at 457.  Plaintiffs' alternative suggestion, that Defendant identify standards by their incorporating regulation, *see* Pls.' Opp'n and Reply at 28, is untenable because regulations commonly incorporate multiple standards at a time.  *See generally* Appendix.  Similarly, some standards are incorporated by many provisions.  *See generally id.*

Regarding the second factor, the court finds that Defendant's use of Plaintiffs' *word* marks is reasonably necessary to identify Plaintiffs' works, but that its use of Plaintiffs' *logos* is not.  Perhaps recognizing this, Defendant previously stated it was not committed to using Plaintiffs' logos.  *See* ECF No. 173, Hearing Tr. at 116 (Sept. 12, 2016) ("Public.Resource would take direction from this Court. Logos: yes or no? [Defendant] doesn't care.").  And following remand, Defendant removed Plaintiffs' logos from all its postings, save for two that it

"overlooked." *See* Def.'s 2d MSJ at 34 n.14 (conceding that in two instances, Defendant

redacted an ASTM logo in certain postings of a law by reference but overlooked it in the HTML

version); Pls.' 2d MSJ at 34 (citing Pls.' 2d SMF ¶ 23 (NFPA's National Electrical Code), 24

(ASTM D86-07)).

Third, the court considers whether Defendant's use of Plaintiffs' marks suggests that

Plaintiffs have sponsored or endorsed Defendant's posts.  As an initial matter, there is no

evidence to suggest Defendant has taken any action "in conjunction with the mark," to imply

"sponsorship or endorsement by the trademark holder."  *New Kids on the Block*, 971 F.2d at 308.

Instead, since *ASTM I*, Defendant has taken steps to distance its reproductions from Plaintiffs.

For example, while "the disclaimers initially used by [Defendant] were quite barebones,

the record contains examples of more fulsome disclaimers it later appended to at least some

standards."  *ASTM*, 896 F.3d at 457-58 (citing O'Brien Decl., Ex. 18 (disclaiming, among other

things, that [Defendant] "has transformed this specification into [HTML]," that "[a]ny errors in

the transformation of th[e] specification should be reported to [PRO]," and that PRO "is not

affiliated in any way with any of the organizations named herein"))  Since remand, Defendant

has also distanced its reproductions from Plaintiffs by more extensive use of disclaimers, which

now take three forms.  Each standard Defendant posted in PDF format now has a cover page

with a disclaimer identifying Defendant as posting the document and disclaiming any affiliation

with, or authorization by, Plaintiffs.  *See* Def.'s 2d SMF ¶ 166.  Disclaimers appearing on the

Internet Archive website versions state that Defendant posted the document and that Defendant

is not affiliated with Plaintiffs, explain Defendant's process for posting the laws by

incorporation, note the possibility of errors, and encourage readers to check with Plaintiffs or

governmental authorities "for further information and access to definitive versions of these

important laws." *Id.* And finally, Defendant's HTML-format copies—available for download

on the Internet Archive website—contain the following disclaimer:

> In order to promote public education and public safety, equal justice for all, a better
> informed citizenry, the rule of law, world trade and world peace, this legal
> document is hereby made available on a noncommercial basis, as it is the right of
> all humans to know and speak the laws that govern them.
>
> This document was prepared and posted by Public.Resource.Org (Public
> Resource), a U.S.-based charity certified under section 501(c)(3) of the Internal
> Revenue Code. Public Resource is not affiliated with, nor has it received
> authorization from, any standards development organization, for the posting of this
> document. Please note that the posting of this document has been subject to
> litigation in U.S. federal courts and was done so by Public Resource for the non-
> commercial purpose of informing our fellow citizens about their rights and
> obligations under the laws of the United States

Wise Decl., Ex. 165.

Plaintiffs challenge each of the three forms of disclaimers, claiming they are inadequate

mitigation against likely association between them and Defendant's posts.

As to the cover pages on Defendant's PDF versions, Plaintiffs take exception to the

accompanying "star-spangled" design, patriotic "regalia," and text, which states, "By Authority

of the United States of America Legally Binding Document." *See* Pls.' 2d MSJ at 35-36.

Plaintiffs argue that this "conveys a clear message" that the document is "By Authority of the

United States of America" and a "Legally Binding Document," rather than Defendant's own

work. *See id.* But Plaintiffs miss the mark:  the pertinent question is not whether Defendant's

use is likely to be confused as endorsed by the *U.S. Government*, but whether it is likely to be

confused as endorsed by *Plaintiffs*.  The court finds the latter mistake unlikely given that the only

references to any Plaintiff appear (1) in the name of the standard, which as previously discussed,

is necessary to describe the work, and (2) in the disclaimer, which states "Not Affiliated or

Authorized by [Plaintiff] or by the United States Government." *See* Pls.' 2d SMF ¶ 26.  These

disclaimers sufficiently mitigate against any confusion that Plaintiffs sponsored or endorsed Defendant's PDFs.

The same is true for the other two forms of disclaimers—those appearing on Defendant's Internet Archive and HTML formatted posts.  Plaintiffs argue that users are unlikely to read the disclaimers because they must scroll down the webpage to see the Internet Archive disclaimer and because the HTML disclaimer appears under a heading titled, "PREAMBLE (NOT PART OF THE STANDARD)."  But there is no evidence indicating that users would not scroll down to see a disclaimer, or that they would not read a standard's preamble.  The court instead finds Defendant's disclaimers to be positioned in prominent enough locations to "adequately eliminate the possibility a consumer would assume sponsorship of endorsement by ASTM," *ASTM*, 896 F.3d at 457, given the minimal references to any Plaintiff elsewhere in the posts and Defendant's removal of Plaintiffs' logos, *see Dr. Seuss Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1091 (S.D. Cal. 2017) (finding defendant satisfied the third nominative fair use factor where it did "nothing in conjunction with the use of the mark to suggest a sponsorship or endorsement by Plaintiff" and added a disclaimer to the third page of the contested work); *Keurig, Inc. v. Strum Foods, Inc.*, 769 F. Supp. 2d 699, 709 (D. Del. 2011) (finding that although disclaimer was on the bottom of a box, it nonetheless was sufficient where there was no evidence demonstrating that customers would not look to the bottom of the box); *see also Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 803 (9th Cir. 2002) ("In addition to doing nothing in conjunction with her use of the marks to suggest sponsorship or endorsement by [plaintiff], [the defendant] affirmatively disavows any sponsorship or endorsement. Her site contains a clear statement disclaiming any connection to [the plaintiff].")

Ultimately, considering the record on remand, and the nominative fair use factors in conjunction with the likelihood of confusion analysis, the court finds that Defendant's use of Plaintiffs' word marks is nominative fair use, but its use of Plaintiffs' logos is not.

## C.  **Remedy**

Having found that Plaintiffs have succeeded on the merits of their copyright claim as to 32 standards that do not qualify for the fair use defense, and its trademark claim as to Defendant's use of Plaintiffs' trademarked logos, the court turns to Plaintiffs' request that it permanently enjoin Defendant from all reproduction, display, or distribution of those standards and logos.  *See* Pls.' 2d MSJ at 38.  A preliminary injunction is "an extraordinary remedy," that is "never awarded as of right."  *Winter*, 555 U.S. at 22, 24.  To obtain a permanent injunction, Plaintiffs must show (1) irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for their injury; (3) that a remedy in equity is warranted after considering the balance of hardships; and (4) that the public interest would not be disserved by a permanent injunction.  *See eBay Inc.*, 547 U.S. at 391.  Failure to satisfy any factor "is grounds for denying relief."  *Morgan Drexen, Inc. v. Consumer Fin. Prot. Bureau*, 785 F.3d 684, 694 (D.C. Cir. 2015).  "If a less drastic remedy . . . [is] sufficient to redress [the] injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted."  *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 165–66 (2010).

### 1.  Irreparable Injury

Plaintiffs claim they will face three separate irreparable injuries if Defendant is permitted to continue distribution of Plaintiffs' standards and logos:  substantial declines in revenue that may cause their business models to change; loss of the exclusive rights under the Copyright Act

to exclude others from distributing, reproducing, or displaying their protected works; and loss of control of the goodwill associated with their trademarks.

First, as previously explained, Plaintiffs have not offered credible evidence of economic harm caused by Defendant's use of those 32 standards or Plaintiffs' logos, which shows that there is little to no "likelihood of substantial and immediate irreparable injury." *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1324–25 (Fed. Cir. 2012) ("A mere showing that Apple might lose some insubstantial market share as a result of Samsung's infringement is not enough.").

Second, though the court previously found that there was no evidence indicating Defendant's conduct would end absent an injunction, *see ASTM*, 2017 WL 473822, at *24, the court notes that the updated record reflects Defendant's intention to only post documents that have been incorporated into law.  *See* Def. Statement of Disp. Facts, ECF No. 203-3.  The court also notes that Defendant's voluntary removal all of Plaintiffs' trademarked logos from each of the reposted standards, save for two that it "overlooked," *see* Def. 2d MSJ at 34, shows Defendant's willingness to comply with the court's order without the "extraordinary relief" of an injunction, *see Winter*, 555 U.S. at 22.

Third, the court finds that Defendant's use of Plaintiff's trademarked logos in the two "overlooked" standards will result in irreparable harm because the trademark owner will lose control of the goodwill associated with its mark.  *See Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 151 (D.D.C. 2011); *Breaking the Chain Found. V. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d 25, 30 (D.D.C. 2008).  Plaintiffs claim to have spent "decades establishing the goodwill associated with their names and logos, which the public associates with their high-quality work."  Pls.' SMF ¶ 245 (citing Jarosz Rep. ¶ 151).  Yet, it is undisputed that some of

Defendant's posts have included errors.  *See* Pls.' 2d Supp. SMF ¶¶ 13-14.  While Defendant

claims that it has and will continue to correct any errors brought to its attention, *see id.*, this is

hardly reassuring for Plaintiffs.

### 2.  Adequacy of Monetary Damages

Plaintiffs argue that because damages here are difficult to quantify and Defendant may be

unable to pay damages, legal remedies are inadequate. *See Fox Television Stations, Inc. v.

FilmOn X LLC*, 966 F. Supp. 2d. 30, 50 (D.D.C. 2013).  Neither party has submitted evidence

that would be helpful in calculating damages, such as how many users who access Defendant's

posts actually download them, and whether those downloads were in lieu of purchases.

Moreover, Defendant has not disputed that it has "extremely limited financial resources available

to pay any damages award" and that in 2014 it "generated under $100,000 in operating income

and had $248,000 in total net assets."  *See* ASTM PSMF ¶¶ 272–73.  Given that the Copyright

Act provides for statutory damages ranging from $750 to $30,000 for each of the standards at

issue in the overall case, or even up to $150,000 per infringement if Plaintiffs were to later prove

that infringement was willful, Defendant's potential inability to pay is certainly a factor weighing

towards equitable relief.  *See* 17 U.S.C. § 504(c)(1) – (2)

### 3.  Balance of Hardships & Public Interest

The court must weigh the likely harms to Plaintiffs as described above with any harm to

Defendant if an injunction is imposed.  Defendant's CEO Carl Malamud, when asked in his

ASTM deposition what financial impact an injunction barring posting of the standards would

have on Public Resource, responded, "probably none."  ECF No. 118-12, Rubel Decl., Ex. 3,

Malamud Dep. at 219:22–220:4.  The only harm he identified was that "one hates to have wasted

that [] effort" that went into posting the standards online. *Id.* Without evidence of any additional

harms, this factor weighs strongly in favor of an injunction.

Moreover, the public interest is served by the policy interests that underlie the Copyright

Act itself, namely the protection of financial incentives for the continued creation of valuable

works, and the continued value in maintaining the U.S. public-private system in place to ensure

continued development of technical standards.  At the same time, the public would be greatly

disserved by an injunction barring distribution of any of the 32 standards which may later be

incorporated by reference into law.

Considering all the injunction factors, the court finds that while Plaintiffs are entitled to

summary judgment on their copyright claim as to the 32 unincorporated standards, the record

does not support a permanent bar on Defendant's use of those standards, in light of the meager

evidence of irreparable harm and the possibility that these standards will be incorporated into law

at a later date.  Injunctive relief is, however, appropriate as to Plaintiffs' trademarked logos, and

Defendant will be permanently barred from any use of Plaintiffs' trademarked logos in

connection with the posting of these standards online or elsewhere.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion will be GRANTED IN PART and

DENIED IN PART, and Defendant's Cross-Motion will be GRANTED IN PART and DENIED

IN PART.

Date:  March 31, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 13-cv-1215 (TSC) |
| PUBLIC.RESOURCE.ORG, INC., | ) ) | |
| Defendant. | ) ) ) | |

## APPENDIX

## I.   GROUP 1:   STANDARDS THAT HAVE BEEN INCORPORATED BY REFERENCE INTO LAW.

### 1.   ASTM D2036 (1998):

o   Defendant identifies 40 C.F.R. § 136.3(a), Table IB (2003) as the incorporating by reference regulation.  *See* Becker Decl. ¶ 57, Ex. 90 at 50.  Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference" into Table IB.  40 C.F.R. § 136.3(a).  Table IB references ASTM D2036 (1998) (A) and (B), an apparent reference to Test Methods A and B, set forth in the standard.  *See* ECF No. 199-4, Exhibit 149 Part 2 to Declaration of Jane W. Wise at 250-68.  Table IB does not reference portions of the standard describing Test Methods C or D.  Accordingly, the standard's text pertaining to Test Methods C and D have not been incorporated by reference into law.  Moreover, it does not appear that the text of those portions—Test Methods C and D—are relevant for regulatory compliance.  The standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix, none of which are explicitly incorporated into law.  *See id.*

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties regarding Test Methods A and B, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law only

With regard to the text of Test Methods A and B, and not With regard to Test Methods C and D, or the standard's general provisions pertaining to the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix.   Because only portions of the standard are incorporated into law, Defendant's wholesale reproduction is "harder to justify."  *Id.*

o   Third Factor:  The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law.  While that incorporation justifies posting the specific text of those provisions—the text of Test Methods A and B—it does not justify posting the entire standard.  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of Test Methods A and B, but may not fairly reproduce the standard's remaining portions absent some change in the incorporating language.

2.   **ASHRAE 90.1 (2004):**

o   Defendant identifies 10 C.F.R. § 433.3 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 433.2, 433.4, 433.5.  Section 433.4 requires that all federal agencies shall design new Federal buildings that are commercial and multi-family high-rise residential buildings, for which design for construction began on or after January 3, 2007, but before August 10, 2012, to . . . "[m]eet ASHRAE 90.1–2004."  10 C.F.R. § 433.4(a)(1)(i).  Section 433.5 requires federal agencies in certain circumstances "to determine energy consumption levels for both the ASHRAE Baseline Building 2004 and proposed building by using the Performance Rating Method found in appendix G of ASHRAE 90.1–2004."  *Id.* § 433.5(a)(1).  An "ASHRAE Baseline Building 2004" is defined as "a building that is otherwise identical to the proposed building but is designed to meet, but not exceed, the energy efficiency specifications in" ASHRAE 90.1–2004.  *Id.* § 433.2.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties.  Rather, the applicable regulation pertains only to federal agencies.  Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on certain energy efficiency requirements imposed on federal buildings.  *See id.* at 451.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.   Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:   The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:   Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:   Defendant may fairly reproduce this incorporated standard in its entirety.

3.  **ASHRAE 90.1 (2007):**

o   Defendant identifies 10 C.F.R. § 433.3 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 433.2, 433.4, 433.5.   Section 433.4 requires that all federal agencies shall design new Federal buildings that are commercial and multi-family high-rise residential buildings, for which design for construction began on or after January 3, 2007, but before August 10, 2012, to . . . "[m]eet ASHRAE 90.1–2004." 10 C.F.R. § 433.4(a)(1)(ii).   Section 433.5 requires federal agencies in certain circumstances "to determine energy consumption levels for both the ASHRAE Baseline Building 2007 and proposed building by using the Performance Rating Method found in appendix G of ASHRAE 90.1–2007." *Id.* § 433.5(a)(2).   An "ASHRAE Baseline Building 2007" is defined as "a building that is otherwise identical to the proposed building but is designed to meet, but not exceed, the energy efficiency specifications in" ASHRAE 90.1–2007. *Id.* § 433.2.

o   First Factor:   There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.   Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.   With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties.   Rather, the applicable regulation pertains only to federal agencies.   Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on the virtues of certain energy efficiency requirements imposed on federal buildings. *See id.* at 451.

o   Second Factor:   The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.   Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.   Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:   The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**4. ASHRAE 90.1 (2010):**

o Defendant identifies 24 C.F.R. § 905.110 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 89, which incorporates the standard into §§ 905.200(b) and 905.312(b). Section 905.200 provides that "[a]ctivities that are eligible to be funded with Capital Funds as identified in this section include . . . [b]uilding code compliance," which "includes design and physical improvement costs associated with . . . [a] national building code, such as those developed by the International Code Council or the National Fire Protection Association; and the IECC or ASHRAE 90.1–2010." 24 C.F.R. § 905.200(a), (a)(6)(ii). Section 905.312 requires that a Public Housing Agency "shall meet the following design and construction standards, as applicable, for all development and modernization," including, that [a]ll development projects shall be designed and constructed in compliance with . . . [a] national building code, such as those developed by the International Code Council or the National Fire Protection Association; and the IECC or ASHRAE 90.1–2010." 24 C.F.R. § 905.312(b)-(b)(1). Public Housing Agency is defined as any "state, county, municipality, or other governmental entity or public body or agency or instrumentality of these entities that is authorized to engage or assist in the development or operation of public housing under this part." *Id.* § 905.108. The regulation does not specify that only certain provisions of ASHRAE 90.1 (2010) are incorporated by reference into law, nor does it indicate which specific provisions of ASHRAE 90.1 (2010) are relevant for regulatory compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. With regard to transformative use, the regulation does not incorporate the standard in a manner that requires a private entity to comprehend the standard to comply with its legal duties. Specifically, section 905.200 incorporates the standard as a reference procedure for Public Housing Agencies and resident management corporations to understand their eligibility for certain federal financial assistance. And section 905.108 incorporates the standard such that the standard provides information essential for a public, not private entity to comprehend its legal duties. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to [any private entity] complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less

justified." *ASTM*, 896 F.3d at 450.  Allowing public access to ASHRAE 90.1 (2010) facilitates public debate on the virtues of the requirements imposed on Public Housing Agencies and resident management corporations to receive federal funding for building public housing.  *See id.* at 451.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

5. **NFPA 1 (2003): Uniform Fire Code**:

o   The parties identify Florida Administrative Code Register 69A-3.012 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which states that "the Florida specific edition" of NFPA 1 (2003): Uniform Fire Code . . . is applicable to those buildings and structures specified in paragraphs (a) and (b) of subsection (1) of Section 633.022, F.S."  Fla. Admin. Code R. 69A-3.012. The regulation does not specify that only certain provisions of NFPA 1 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 1 (2003) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

6. **NFPA 1 (2006): Uniform Fire Code**:

o The parties identify Florida Administrative Code Register 69A-60.003 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, Wise Decl., Ex. 175, which states that "NFPA 1, the Uniform Fire Code, Florida 2006 edition, is hereby adopted and incorporated herein by reference and shall take effect on the effective date of this rule as a part of the Florida Fire Prevention Code." The regulation does not specify that only certain provisions of NFPA 1 (2006) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 1 (2006) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**7. NFPA 54 (2006): National Fuel Gas Code:**

o The parties identify Florida Administrative Code Register 5F-11.002 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that "for gas appliances and gas piping as published in NFPA 54, National Fuel Gas Code, 2006 edition, shall be the accepted standard[ ] for this state and [is] hereby adopted and incorporated by reference" and that the standard "shall be utilized by the Department as a guide in interpreting the provisions of Chapter 527, F.S." Fla. Admin. Code R. 5F-11.002(1). The regulation does not specify that only certain provisions of NFPA 54 (2006) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 54 (2006) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure for a public Department. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**8. NFPA 11 (2005): Standard for Low Medium and High Expansion Foam:**

o The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for § 1915.507(d)(3)." *See* § 1915.5(d)(4)(xiii).   Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including "[f]ixed extinguishing systems that use water or foam as the extinguishing agent according to . . . NFPA 11-2005 Standard for Low-, Medium-, and High-Expansion Foam (incorporated by reference, see § 1915.5)." The regulation does not specify that only certain provisions of NFPA 11 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 11 (2005) are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 9. NFPA 12 (2005): Standard on Carbon Dioxide Extinguishing Systems:

o The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for § 1915.507(d)(5)." *See* § 1915.5(i)(15). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including "[f]ixed extinguishing systems using gas as the extinguishing agent according to NFPA 12-2005 Standard on Carbon Dioxide Extinguishing Systems (incorporated by reference, see § 1915.5)." The regulation does

not specify that only certain provisions of NFPA 12 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 12 (2005) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**10. NFPA 10 (2002): Standard for Portable Fire Extinguishers (Title of work on certificate of registration is "National Fire Codes Vol 1-12 and Master Index"):**

o   The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which states that the incorporation by reference is "approved for §§ 1915.507(b)(1) and (b)(2)."  *See* § 1915.5(i)(6).  Section 1915.507(b), in turn, requires the following:

1915.507(b)(1)

The employer must select, install, inspect, maintain, and test all portable fire extinguishers according to NFPA 10-2002 Standard for Portable Fire Extinguishers (incorporated by reference, see § 1915.5).

1915.507(b)(2)

The employer is permitted to use Class II or Class III hose systems, in accordance with NFPA 10-2002 (incorporated by reference, see § 1915.5), as portable fire extinguishers if the employer selects, installs, inspects, maintains, and tests those systems according to the specific

Page **9** of **187**

recommendations in NFPA 14-2003 Standard for the Installation of Standpipe and Hose Systems (incorporated by reference, see § 1915.5).

Neither regulation specifies that only certain provisions of NFPA 10 (2002) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 10 (2002) are relevant for compliance with the regulations.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  And while the standard is incorporated into Section 1915.507(b)(2) as a discretionary procedure, the court finds that the incorporated standard provides information essential for a private entity to comprehend its legal duties to comply with section 1915.507(b)(1), which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**11. NFPA 13 (2002): Installation of Sprinkler Systems (Title of work on certificate of registration is "National Fire Codes Vol 1- 12 and Master Index"):**

o   The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which states that the incorporation by reference is "approved for § 1915.507(d)."  *See* § 1915.5(i)(9).  Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including [a]utomatic sprinkler systems according to NFPA 25-2002 . . . , and either (i) NFPA 13-2002" or  "(ii) NFPA 750-2003."  29 C.F.R. § 1915.507(d).  The regulation does not specify that only certain provisions of NFPA 13 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 13 (2002) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing

Page **10** of **187**

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, because the entity could rely on the procedures set forth in NFPA 750-2003 to comply with the regulation. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**12. NFPA 25 (2002): Inspection, Testing and Maintenance of WaterBased Fire Protection Systems (Title of work on certificate of registration is "National Fire Codes Vol 1- 12 and Master Index"):**

o   The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which states that the incorporation by reference is "approved for § 1915.507(d)." *See* § 1915.5(i)(11). Section 1915.507(d), in turn, requires that when dealing with "Fixed extinguishing systems," an employer must "select, install, maintain, inspect, and test all fixed systems required by OSHA," including [a]utomatic sprinkler systems according to NFPA 25-2002 . . . , and either (i) NFPA 13-2002" or  "(ii) NFPA 750-2003." 29 C.F.R. § 1915.507(d).  The regulation does not specify that only certain provisions of NFPA 25 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 25 (2002) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as

a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 13. NFPA 30 (2003): Flammable and Combustible Liquids Code:

o The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which recognizes the applicable regulation at 49 C.F.R. § 192.735(b). Section 192.735(b), in turn, requires that "[a]boveground oil or gasoline storage tanks must be protected in accordance with NFPA-30 (incorporated by reference, *see* § 192.7)." The regulation does not specify that only certain provisions of NFPA 30 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 30 (2003) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 14. NFPA 58 (2001): Liquefied Petroleum Gas Code (Title of work on certificate of registration is "National Fire Codes Vol 3"):

o The parties identify 49 C.F.R. § 171.7 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which recognizes the applicable regulation at 49 C.F.R. §§ 173.5 and 173.315. *See* 49 C.F.R. § 171.7(a)(3) (2011). Sections 173.5 and 173.315 both appear in Part 173 of Department of Transportation regulations titled "Shippers-General Requirements for Shipments and Packaging." Section 173.5 provides "[a] non-DOT specification cargo tank motor vehicle may be used to transport Liquefied petroleum gas" if, *inter alia*, "[t]he cargo tank . . . conforms to applicable requirements in National Fire Protection Association (NFPA) 58." *Id.* § 173.5(d)(4). Section 173.315 requires that "[l]iquefied compressed gases that are transported in UN portable tanks, DOT specification portable tanks, or cargo tanks must be prepared in accordance with this section." *Id.* § 173.315(a). Among the section's requirements is that "[s]torage containers for liquefied petroleum gas or propane charged to five percent of their capacity or less and intended for permanent installation on consumer premises may be shipped by private motor carrier under" certain conditions, including that "[e]ach container must be equipped with safety devices in compliance with the requirements for safety devices on containers as specified in NFPA 58, Liquefied Petroleum Gas Code (IBR, see §171.7 of this subchapter). *Id.* § 173.5(j), (j)(2). Neither regulation specifies that only certain provisions of NFPA 58 (2001) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 58 (2001) are relevant for compliance with the regulations.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 15. NFPA 58 (2004): Liquefied Petroleum Gas Code:

o The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175,  which identifies the applicable regulations at 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c).  *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009).  Section 192.11(a) requires that "[e]ach plant that supplies petroleum gas by pipeline to a natural gas distribution system must meet the requirements of this part and ANSI/ NFPA 58 and 59; section 192(b) requires that "[e]ach pipeline system subject to this part that transports only petroleum gas or petroleum gas/air mixtures must meet the requirements of this part and of ANSI/NFPA 58 and 59," and section 192(c) provides that "[i]n the event of a conflict between this part and ANSI/NFPA 58 and 59, ANSI/NFPA 58 and 59 prevail.  The regulation does not specify that only certain provisions of NFPA 58 (2004) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 58 (2004) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**16. NFPA 59 (2004): Utility LP Gas Plant Code:**

o  The parties identify 49 C.F.R. § 192.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which identifies the applicable regulations at 49 C.F.R. §§ 192.11(a), 192.11(b), 192.11(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(2) (2009). Section 192.11(a) requires that "[e]ach plant that supplies petroleum gas by pipeline to a natural gas distribution system must meet the requirements of this part and ANSI/ NFPA 58 and 59; section 192(b) requires that "[e]ach pipeline system subject to this part that transports only petroleum gas or petroleum gas/air mixtures must meet the requirements of this part and of ANSI/NFPA 58 and 59," and section 192(c) provides that "[i]n the event of a conflict between this part and ANSI/NFPA 58 and 59, ANSI/NFPA 58 and 59 prevail. The regulation does not specify that only certain provisions of NFPA 59 (2004) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 59 (2004) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**17. NFPA 70 (1999): National Electric Code:**

<div align="center">Page 15 of 187</div>

o   The parties identify 7 C.F.R. § 1755.509 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which does so in relation to "methods of making service installations at customer access locations in telecommunications systems of [rural utility services] borrowers." *See* 7 C.F.R. § 1755.502 (dictating scope of §§ 1755.503 to 1755.510). Part 1755 contains numerous provisions requiring compliance with NFPA 70 (1999) generally, *see, e.g.*, *id.* § 1755.503(j) (requiring "NIDs, BETs, and fused primary station protectors shall be installed and grounded to meet the requirements of the ANSI/NFPA 70–1999, NEC ®, or local laws or ordinances, whichever are more stringent"); *id.* § 1755.503(d) (requiring that "[a]erial service wires shall be run in accordance with the construction drawings contained in §1755.510 and shall conform to all clearance requirements of the ANSI/NFPA 70–1999"), portions requiring compliance with specific provisions of NFPA 70 (1999), *see, e.g., id.* § 1755.505(f)(13) (requiring that "[t]he installation shall comply with all the requirements of section 800–12(c) of ANSI/NFPA 70–1999"), as well as provisions incorporating NFPA 70 (1999) as a reference procedure, *see, e.g.*, *id.* § 1755.501 (adopting and providing various definitions set forth in NFPA 70 (1999)); *id.* § 1755.503(c) (explaining that the "requirements provided in this section and §§1755.504 through 1755.510 have been designed to coordinate with the provisions of the ANSI/NFPA 70– 1999").

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  In some provisions, the incorporating regulation identifies specific portions of the standard that are relevant to regulatory compliance. *See, e.g.*, 7 C.F.R. § 1755.505(f)(13) (requiring that "[t]he installation shall comply with all the requirements of section 800–12(c) of ANSI/NFPA 70–1999"). Other provisions, though, do not specify which specific provisions of the standard are relevant for regulatory compliance. *See, e.g., id.* § 1755.503(j) (requiring "NIDs, BETs, and fused primary station protectors shall be installed and grounded to meet the requirements of the ANSI/NFPA 70–1999, NEC ®, or local laws or ordinances, whichever are more stringent"); *id.* § 1755.503(d) (requiring that "[a]erial service wires shall be run in accordance with the construction drawings contained in §1755.510 and shall conform to all clearance requirements of the ANSI/NFPA 70–1999"). This suggests that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 18. NFPA 70 (2005): National Electric Code:

o The parties identify 49 C.F.R. § 192.7 as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 49 C.F.R. § 192.163(e) and § 192.189(c). *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2009). Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to [NFPA 70], so far as that code is applicable." 49 C.F.R. § 192.163(e) (2009).  Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189.  Neither regulation specifies that only certain provisions of NFPA 70 (2005) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 70 (2005) are relevant for compliance with the regulations.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 19. NFPA 70 (2008): National Electric Code:

o Defendant identifies 24 C.F.R. § 3285.4 (2013) as an incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, but that regulation incorporates the 2005

edition of NFPA 70—not the 2008 edition.  Defendant also identifies Rhode Island State Regulation SBC-5-2008 (Rhode Island State Building Code) as an incorporating by reference regulation, which incorporates NFPA 70 (2008) in full as the Rhode Island State Electrical Code, together with the amendments set by the Rhode Island State Regulation.  *See* SBC-5-2008.  While SBC-5-2008 provides text of the amended provisions of NFPA 70 (2008), it does not reproduce most of its provisions.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**20. NFPA 70 (2011): National Electric Code:**

o   The parties identify 49 C.F.R. § 192.7 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 49 C.F.R. § 192.163(e) and § 192.189(c).  *See* 49 C.F.R. § 192.7(c)(2)(F)(4) (2015). Section 192.163(e) provides that "[e]lectrical equipment and wiring installed in compressor stations must conform to the NFPA-70, so far as that code is applicable." 49 C.F.R. § 192.163(e) (2015). Section 192.189 provides "[e]lectrical equipment in vaults must conform to the applicable requirements of Class 1, Group D, of the [NFPA 70]." 49 C.F.R. § 192.189(c) (2015). Neither regulation specifies that only certain provisions of NFPA 70 (2011) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 70 (2011) are relevant for compliance with the regulations.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  While section 192.189(c) references specific provisions of NFPA 70 that are relevant for regulatory compliance, section 192.163(e) does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**21. NFPA 70 (2014): National Electric Code:**

o  Defendant identifies 16 C.F.R. § 1211.40(c)(1) (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, which does not exist.  However, 16 C.F.R. § 1211.40(c)(1) (2016) incorporates the standard into § 1211.40.2(c).  Section 1211.40.2 defines "[r]esidential garage door operator" as "a vehicular door operator which," *inter alia*, "[s]erves a residential building of one to four single family units" and "[i]s intended to be employed in ordinary locations in accordance with NFPA 70."  16 C.F.R. § 1211.2 (2016).  It does not specify that only certain provisions of NFPA 70 (2014) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 70 (2014) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 22. NFPA 72 (2002): National Fire Alarm Code:

o  The parties identify 29 C.F.R. § 1915.5 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into §1915.507(c)(6).  *See* 29 C.F.R. § 1915.5(d)(4)(viii) (2015). That section provides that "[t]he employer must . . . [s]elect, install, inspect, maintain, and test all automatic fire detection systems and emergency alarms according to NFPA 72–2002 National Fire Alarm Code (incorporated by reference, see § 1915.5)." 29 C.F.R. § 1915.507(c)(6).  It does not specify that only certain provisions of NFPA 72 (2002) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 72 (2002) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**23. NFPA 99 (2005): Health Care Facilities Code:**

o   The parties identify 46 C.F.R. § 110.10-1 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which incorporates the standard into 46 C.F.R. § 111.105-37. *See* 46 C.F.R. § 110.10-1(l)(3) (2009). That section provides that "[e]ach electric installation where a flammable anesthetic is used or stored must meet NFPA 99." 46 C.F.R. § 111.105-37 (2009). It does not specify that only certain provisions of NFPA 99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 99 (2005) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**24. NFPA 101 (2000): Life Safety Code:**

o   The parties identify 42 C.F.R. § 460.72 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which requires that a "PACE center must meet the applicable provisions of the" standard. 42 C.F.R. § 460.72(b)(1) (2010). The regulation does not specify that only certain provisions of NFPA 101 (2000) are incorporated by reference into law, nor does it indicate which

specific provisions of NFPA 101 (2000) are "applicable" for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 25. NFPA 101 (2003): Life Safety Code:

o  The parties identify 38 C.F.R. § 39.63 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which provides that veterans cemeteries must comply with the "[a]rchitectural and structural requirements" of NFPA 101 (2003). 38 C.F.R § 39.63 (2011).  The regulation does not specify that only certain provisions of NFPA 101 (2003) are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 101 (2003) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 26. NFPA 101 (2006): Life Safety Code:

o  The parties identify 38 C.F.R. § 51.200 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91; Wise Decl., Ex. 175, which relates to the "Physical environment" of a nursing home care facility and requires that the facility "must meet the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition), except that the requirement in paragraph 19.3.5.1 for all buildings containing nursing homes to have an automatic sprinkler system is not applicable until August 13, 2013, unless an automatic sprinkler system was previously required by the Life Safety Code and the NFPA 99, Standard for Health Care Facilities (2005 edition)."  38 C.F.R. § 51.200(a) (2010).  The regulation also requires that an emergency power system "must be the appropriate type essential electrical system in accordance with the applicable provisions of the National Fire Protection Association's NFPA 101, Life Safety Code (2006 edition) and the NFPA 99, Standard for Health Care Facilities (2005 edition)."  While the regulation specifies that one provision of NFPA 101 (2006) does not have legal import until a certain date, it does not specify that only that provision, or others, are incorporated by reference into law, nor does it indicate which specific provisions of NFPA 101 (2006) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**27. NFPA 704 (2007): Standard System for the Identification of the Hazards of Materials for Emergency Response:**

o  Defendant identifies 6 C.F.R. § 27.204 (2012) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 91, which does not exist.  Presumably Defendant intended to identify either 6 C.F.R. § 27.203 (2012) or 6 C.F.R. § 27.204 (2007).  The first section, 27.203 (2012), provides that "in calculating whether a facility possesses an amount that meets the STQ for release chemicals of interest, the facility shall only include release chemicals of interest . . . "[i]n "gasoline, diesel, kerosene or jet fuel (including fuels that have flammability hazard ratings of 1, 2, 3, or 4, as determined by using National Fire Protection Association (NFPA) 704: Standard System for the Identification of the Hazards of Materials for Emergency Response [2007 ed.], which is incorporated by reference at 27.204(a)(2)) stored in aboveground tank farms, including tank farms that are part of pipeline systems."  6 C.F.R. § 27.203(b), (b)(v).  The second section, 6 C.F.R. § 27.204 (2007), requires that "if a release-flammable chemical of interest is present in a mixture in a concentration equal to or greater than one percent (1%) by weight of the mixture, and the mixture has a NFPA flammability hazard rating of 1, 2, or 3, the facility need not count the mixture toward the STQ.  The flammability hazard ratings are defined in NFPA 704: Standard System for the Identification of the Hazards of Materials for Emergency Response [2007 ed.]."  6 C.F.R. § 27.204 (2007).  Neither of these regulations specifies that only certain provisions of NFPA 704 (2007) are incorporated by reference into law, nor do they indicate which specific provisions of NFPA 704 (2007) are relevant for compliance with the regulations.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 28. ASTM A106/A106M (2004b):

o  Defendant identifies 49 C.F.R. § 192.7 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90.  The incorporating language in that regulation, however, references only ASTM A106/A106M-08, and not the 2004b version that Defendant published.  Nonetheless, ASTM A106/A106M (2004b) was incorporated by reference into law by 49 C.F.R. § 192.7 (2006), which provides that "[a]ny documents or portions thereof incorporated by reference in this part are included in this part as though set out in full. When only a portion of a document is referenced, the remainder is not incorporated in this part." 49 C.F.R. § 192.7(a).  The regulation goes on to incorporate ASTM A106/A106M (2004b) for 49 C.F.R. § 192.113, which lists the standard as the reference procedure for determining the longitudinal joint factor for "seamless" pipe class.  *See* 49 C.F.R. § 192.113.   That regulation does not specify that only certain provisions of A106/A106M (2004b) are incorporated by reference into law, nor does it indicate which specific provisions of A106/A106M (2004b) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 29. ASTM A184 (1979):

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A184 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). The regulation does not specify that only certain provisions of ASTM A184 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A184 (1979) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**30. ASTM A185 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A185 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A185 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A185 (1979) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**31. ASTM A203/A203M (1997):**

o The parties identify 46 C.F.R. § 54.01-1 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 54.05-20. That regulation, in turn, provides in relevant part: "Transversely oriented Charpy V-notch impact specimens of ASTM A 203

(incorporated by reference, see §54.01–1) nickel steels must exhibit energies not less than the values shown in §54.05–20 (a)." 46 C.F.R. § 54.05-20(b). The regulation does not specify that only certain provisions of A203/A203M (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A203/A203M (1997) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**32. ASTM A242 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A242 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A242 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A242 (1979) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

## 33. ASTM A285 (1978):

- o The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 179.300-7. That regulation, in turn, states that "the maximum allowable carbon content for carbon steel must not exceed 0.31 percent," but that "the individual ASTM specification may allow for a greater amount of carbon." *See* 49 C.F.R. § 179.300-7 (a). The regulation does not specify which provisions of ASTM A285 (1978) are relevant for determining whether it allows for a greater amount of carbon or under what circumstances. *See id.*

- o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**34. ASTM A325 (1979):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A325 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A325 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A325 (1979) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**35. ASTM A333/A333M (1994):**

o  The parties identify 46 C.F.R. § 56.01 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 56.50-105; 56.60-1.  Section 56.50-105 lists ASTM A333 as the controlling standard setting toughness test criteria for carbon and low alloy steels.  46 C.F.R. § 56.50-105 (Table).  It further states that "[s]teels equivalent to those listed in Table 56.50-105 of this part, but not produced according to a particular ASTM specification [including specifications in ASTM A333], may be used only with the prior consent of the Marine Safety Center."  *Id.* § 56.50-105 (a)(1)(iii).  Section 56.60-1 lists ASTM A333 as the controlling standard for piping systems made with low temperature steel pipe.  Neither regulation specifies that only certain provisions of ASTM A333/A333M (1994) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A333/A333M (1994) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**36. ASTM A369/A369M (1992):**

o  The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 lists ASTM A369 as the controlling standard for piping systems made with pipe, forged, and bored. The regulation does not specify that only certain provisions of A369/A369M (1992) are incorporated by reference into law, nor does it indicate which specific provisions of A369/A369M (1992) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 37. ASTM A441 (1979):

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A441 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A441 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A441 (1979) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information

essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**38. ASTM A449 (1978a):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A449 (1978a) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A449 (1978a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A449 (1978a) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

**Page 33 of 187**

copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor:** The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor:** Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion:** Defendant may fairly reproduce this incorporated standard in its entirety.

### 39. ASTM A490 (1979):

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A490 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A490 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A490 (1979) are relevant for compliance with the regulation.

o **First Factor:** There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o **Second Factor:** The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor:** The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor:** Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**40. ASTM A496 (1978):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A496 (1978) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A496 (1978) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A496 (1978) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**41. ASTM A497 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A497 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A497 (1979) are incorporated by reference into law, nor does it indicate which

specific provisions of ASTM A497 (1979) are relevant for compliance with the regulation.

- ○ <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- ○ <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- ○ <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- ○ <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- ○ <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 42. ASTM A500 (1978):

- ○ The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A500 (1978) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A500 (1978) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A500 (1978) are relevant for compliance with the regulation.

- ○ <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**43. ASTM A501 (1976):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A501 (1976) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A501 (1976) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A501 (1976) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**44. ASTM A502 (1976):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A502 (1976) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A502 (1976) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A502 (1976) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use as a true fair defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**45. ASTM A514 (1977):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A514 (1977) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A514 (1977) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A514 (1977) are relevant for compliance with the regulation.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**46. ASTM A522/A522M (1995b):**

- o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.50-105. Section 56.50-105 lists ASTM A522 as the controlling standard setting toughness test criteria for forged flanges, fittings, and valves. *See* § 56.50-105 (Table). It further states that "[s]teels equivalent to those listed in Table 56.50-105 of this part, but not produced according to a particular ASTM specification [including specifications in ASTM A522], may be used only with the

prior consent of the Marine Safety Center." *Id.* § 56.50-105 (a)(1)(iii). The regulation does not specify that only certain provisions of ASTM A522/A522M (1995b) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A522/A522M (1995b) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**47. ASTM A539 (1990a):**

o  The parties identify 24 C.F.R. § 3280.4 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard, "as though set forth in full." 24 C.F.R. § 3280.4(a). Section 3280.703, in turn, requires that "[h]eating, cooling and fuel burning appliances and systems in manufactured homes shall be free of defects, and shall conform to applicable standards," including ASTM A539 (1990a). Moreover, section 3280.705(b)(4) requires that "[s]teel tubing shall be constructed in accordance with ASTM Standard Specification for Electric-Resistance-Welded Coiled Steel Tubing for Gas and Fuel Oil Lines, ASTM A 539–83, and shall be externally corrosion protected." The regulation does not specify that only certain provisions of ASTM A539 (1990a) are incorporated by reference into law, nor does it indicate which specific provisions of A539 (1990a) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**48. ASTM A570 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A570 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A570 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A570 (1979) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly

copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**49. ASTM A572 (1979):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A572 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A572 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A572 (1979) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**50. ASTM A588 (1979a):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A588 (1979a) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A588 (1979a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A588 (1979a) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**51. ASTM A615 (1979):**

o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A615 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A615 (1979) are incorporated by reference into law, nor does it indicate which

specific provisions of ASTM A615 (1979) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**52. ASTM A616 (1979):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A616 (1979) for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM A616 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A616 (1979) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated

as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**53. ASTM A617 (1979):**

o   The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A617 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A617 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A617 (1979) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**54. ASTM A633 (1979a):**

o The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 178.338-2. Section 178.338-2 states that "material used for evacuated jacket pressure parts must conform to the chemistry and steelmaking practices of one of the material specifications of Section II of the ASME Code or" one of several different ASTM standards, including ASTM A633.  The regulation does not specify that only certain provisions of ASTM A633 (1979a) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A633 (1979a) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**55. ASTM A82 (1979):**

- o The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM A82 (1979) for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). That regulation does not specify that only certain provisions of ASTM A82 (1979) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A82 (1979) are relevant for compliance with the regulation.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**56. ASTM B111 (1995):**

- o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 lists ASTM B111 as the controlling standard for seamless tube piping systems made with copper and copper alloy. The regulation does not specify that only certain provisions of ASTM B11 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B11 (1995) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 57.  ASTM B122/B122M (1995):

o  The parties identify 46 C.F.R. § 58.03-1 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 58.50-5.  Section 58.50-5 requires that copper-nickel gasoline fuel tanks be constructed in accordance with the minimum thickness requirements set forth in ASTM B122 (1995).  Section 58.50-5 also provides the applicable thickness requirements.  *See* 46 C.F.R. § 58.50-5(a)(2), Table 1.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure, given that the regulation provides the applicable thickness requirements.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**58. ASTM B124 (1996):**

o  The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2.  Section 56.60-2 references ASTM B124 as providing the adopted bar stock and nonferrous forging and casting specifications for six different types of alloy.  46 C.F.R. § 56.60-2, Table 2(a).  The regulation does not specify that only certain provisions of ASTM B124 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B124 (1996) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 59. ASTM B209 (1996):

o The parties identify 46 C.F.R. § 58.03-1 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 58.50-5; 58.50-10. Section 58.50-5 requires that aluminum gasoline fuel tanks be constructed in accordance with the minimum thickness requirements set forth in ASTM B209 (1996). Section 58.50-5 also provides the applicable thickness requirements. *See* 46 C.F.R. § 58.50-5(a)(2), Table 1. Section 58.50-10 requires that diesel fuel tanks assembled with aluminum be constructed in accordance with the minimum thickness allowed in ASTM B209, and it provides the applicable thickness and gauge requirements.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure, given that the regulation provides the applicable thickness requirements. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

## 60. ASTM B16 (1992):

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 states that ASTM B16 provides the adopted bar stock and nonferrous forging and casting specifications for soft and half hard tempers. 46 C.F.R. § 56.60-2, Table 2(a). The regulation does not specify that only certain provisions of ASTM B16 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B16 (1992) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

## 61. ASTM B21 (1996):

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 establishes bar stock and nonferrous forging and casting specifications, supplementary testing requirements, and service limitations for welded pipe and tubing, and identifies ASTM B21 as providing specifications for three types of alloy. 46 C.F.R. § 56.60-2(a) (Table). It also requires that "[a]llowable stresses shall be the same as those listed in UNF23 of section VIII of ASME Boiler and Pressure Vessel Code for SB-171, naval brass." *Id.* § 56.60-2(a) n.8. The regulation does not specify that only certain provisions of ASTM B21 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B21 (1996) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30– 36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**62. ASTM B21 (1983b):**

o The parties identify 46 C.F.R. § 56.01-2 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 identifies ASTM B21 as providing the adopted bar stock and nonferrous forging and casting specifications for certain alloys. *See* 46 C.F.R. § 56.60-2, Table 2(a). It also requires that "[p]hysical testing, including mercurous nitrate test, shall be performed as for material manufactured to ASTM B21." *Id.* § 56.60-2(a) n.10. The regulation does not specify that only certain provisions of ASTM B21 (1983b) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B21 (1983b) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

### 63. ASTM B283 (1996):

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 identifies ASTM B283 as providing the adopted bar stock and nonferrous forging and casting specifications for forging brass. *See* 46 C.F.R. § 56.60-2, Table 2(a). The regulation does not specify that only certain provisions of ASTM B283 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B283 (1996) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**64. ASTM 315 (1993):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM A315 as the controlling standard for seamless tube piping systems made with copper-silicon. The regulation does not specify that only certain provisions of ASTM A315 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM A315 (1993) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**65. ASTM B42 (1996):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B42 as the controlling standard for seamless piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B42 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B42 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o *Second Factor*: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o *Third Factor*: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o *Fourth Factor*: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o *Conclusion*: Defendant may fairly reproduce this incorporated standard in its entirety.

## 66. ASTM B557 (1984):

o The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 178.46 (2009). Section 178.46 states that in the context of seamless aluminum cylinders, the "yield strength must be determined by either the 'offset' method or the 'extension under load' method as prescribed in ASTM B 557." 49 C.F.R. § 178.46(i)(3)(i). The regulation does not specify that only certain provisions of ASTM B557 (1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B557 (1984) are relevant for compliance with the regulation.

o *First Factor*: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o *Second Factor*: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**67. ASTM B580 (1979):**

o   The parties identify 49 C.F.R. § 171.7 (2009) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. §§ 173.316, 173.318, 178.338-17. Section 173.316 requires that for cryogenic liquids in cylinders, a "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen in the cryogenic liquid form may not be installed on any cylinder used to transport oxygen, cryogenic liquid unless the parts are anodized in accordance with ASTM Standard B 580." *See* 49 C.F.R. §§ 173.316(a)(4). Section 173.318 requires for cryogenic liquids in tanks that a "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen in the cryogenic liquid form may not be installed on any cargo tank used to transport oxygen, cryogenic liquid unless the parts are anodized in accordance with ASTM Standard B 580." *Id.* § 173.318(a)(4). Section 178.338-17 requires for pumps and compressors that "valve or fitting made of aluminum with internal rubbing or abrading aluminum parts that may come in contact with oxygen (cryogenic liquid) may not be installed on any cargo tank used to transport oxygen (cryogenic liquid) unless the parts are anodized in accordance with ASTM B 580." *Id.* § 178.338-17. These regulations do not specify that only certain provisions of ASTM B580 (1979) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM B580 (1979) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**68. ASTM B68 (1995):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B68 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B68 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B68 (1995) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualife[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

### 69. ASTM B694 (1986):

- o  The parties identify 7 C.F.R. § 1755.390 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which does not incorporate the standard for any specific sections of the Code of Federal Register. *See* 7 C.F.R. § 1755.390(a)(v)(7).   Other sections of 7 C.F.R. § 1755 identifying requirements of ASTM B694 (1986) do not specify that only certain provisions of ASTM B694 (1986) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM B694 (1986) are relevant for compliance with the regulation. *See* 7 C.F.R. § 1755.390(h)(5)(v) ("The 5-mil copper clad stainless steel tape must be in the fully annealed condition and must conform to the requirements of American Society for Testing and Materials (ASTM) B 694–86, with a cladding ratio of 16/68/16."); *id.* § 1755.860(i)(4)(ii) ("Copper alloy 220. The shielding material, prior to application to the wire, must be in the fully annealed condition and shall conform to the requirements of ASTM B 694–86 for C22000 commercial bronze."); *id.* § 1755.860(i)(4)(iii) ("Copper-clad stainless steel. In addition to meeting the requirements of paragraph (i)(4)(i) of this section, the shielding material, prior to application to the wire, must be in the fully annealed condition and must conform to the requirements of ASTM B 694–86, with a cladding ratio of 16/68/16 and must have a minimum electrical conductivity of 28 percent IACS when measured in accordance with ASTM B 193–87."); *id.* § 1755.860(i) (4)(iv) ("Copper alloy 664. In addition to meeting the requirements of paragraph (i)(4)(i) of this section, the shielding material, prior to application to the wire, must be annealed temper and must conform to the requirements of ASTM B 694–86 and must have a minimum electrical conductivity of 28 percent IACS when measured in accordance with ASTM B 193–87."); *id.* § 1755.890(h)(5)(v) (The 5-mil copper clad stainless steel tape must be in the fully annealed condition and must conform to the requirements of American Society for Testing and Materials (ASTM) B 694–86, with a cladding ratio of 16/68/16.").

- o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which

specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**70. ASTM B75 (1997):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B75 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B75 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B75 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**71. ASTM B85 (1984):**

o The parties identify 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2. Section 56.60-2 requires that compliance with

ASTM B85 specifications for welding pipe and tubing materials. The regulation does not specify that only certain provisions of ASTM B85 (1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B8575 (1984) are relevant for compliance with the regulation

o Underline: First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**72. ASTM B88 (1996):**

o The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-1. Section 56.60-1 identifies ASTM B88 as one of the controlling standard for "Tube, seamless" piping systems made with copper. The regulation does not specify that only certain provisions of ASTM B88 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B88 (1996) are relevant for compliance with the regulation

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

○ <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

○ <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

○ <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

○ <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**73. ASTM B96 (1993):**

○ The parties identify 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 56.60-2.  Section 56.60-2 requires that "Physical testing shall be performed as for material manufactured to ASTM B 96."  The regulation does not specify that only certain provisions of ASTM B96 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM B96 (1993) are relevant for compliance with the regulation

○ <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

○ <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

○ <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

○ <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**74. ASTM C330 (1999):**

o The parties identify 30 C.F.R. § 250.198 (2007) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 30 C.F.R. § 250.901(a)(14). Section 250.901(a), (a)(14) requires that all "plans for platform design, analysis, fabrication, installation, use, maintenance, inspection and assessment must, as appropriate, conform to" a number of industry standards, including ASTM C330-99. The regulation does not specify that only certain provisions of ASTM C330 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C330 (1999) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**75. ASTM C509 (1984):**

o The parties identify 10 C.F.R. § 440, Appendix A (1984) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into part 440. Part 440, Appendix A requires compliance with ASTM C509 for the use of certain gaskets and sealants in insulating materials for fire safety. The regulation does not specify that only certain provisions of ASTM C509

(1984) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C509 (1984) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**76. ASTM D1217 1993 (1998):**

o Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 38. Plaintiffs argue that Section 75.6 does not actually incorporate ASTM D1217 1993 (1998) because the regulation states that it incorporates "ASTM D1217–993 (Reapproved 1998)." *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 44 (highlighting and bolding text of ASTM D1217–993). The court agrees with Defendant that 40 C.F.R. § 75.6 incorporates ASTM D1217 1993 (1998) by reference into 40 C.F.R. § 75, appendix D. Appendix D requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with" several ASTM standards, including "D1217–93 (Reapproved 1998)." 40 C.F.R. § 75.6, App. D, 2.2.6. The regulation does not specify that only certain provisions of ASTM D1217 1993 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1217 1993 (1998) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**77. ASTM D1253 1986 (1996):**

o The parties identify 40 C.F.R. § 141.131(a)(2) (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which provides that "ASTM Methods D 1253-86 and D 1253-86 (Reapproved 1996) shall be followed in accordance with the Annual Book of ASTM Standards, Volume 11.01, American Society for Testing and Materials International, 1996 or any ASTM edition containing the IBR-approved version of the method may be used."  The regulation does not specify that only certain provisions of ASTM D1253 1986 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1253 1986 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 78. ASTM D1266 (1998):

o  The parties identify 40 C.F.R. § 1065.1010 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 1065.210. Section 40 C.F.R. § 1065.210 requires that "[u]nless the standard-setting part requires testing with fuel appropriate for low temperatures, use gasoline test fuels meeting" certain specifications, including ASTM D 1266-96, which establish the specifications for sulfur weight percentage. 40 C.F.R. § 1065.210 (a), Table 1; *see also id.* § 1065.215, Table 2 (same as to low temperature test fuel). The regulations do not specify that only certain provisions of ASTM D1266 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1266 (1998) are relevant for compliance with the regulation.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**79. ASTM D129 (1995):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2), 60.335(b)(10)(i), and appendix A: Method 19, 12.5.2.2.3. Section 60.106(j)(2) requires the use of ASTM D129-95, or one of eleven other standards, for separately analyzing "[f]resh feed samples." *See* 42 C.F.R. §§ 60.106(j)(2). Section 60.335(b)(10)(i) only references ASTM D129 (2000), and not the 1995 version that Defendant published. *See id.* § 60.335(b)(10)(i). Section appendix A, Method 19 requires the use of ASTM D129, or one of four other standards, "to determine the sulfur content (%S)" for a particular sample and analysis. *See id.* § appendix A, Method 19 at 12.5.2.2.3. In addition, Section 60.4415 requires the use of ASTM D129 for analyzing samples of total sulfur content using liquid fuels. *See id.* § 60.4415(a)(i). These regulations do not specify that only certain provisions of ASTM D129 (1995) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D129 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**80. ASTM D1335 1967 (1972):**

- The parties identify 24 C.F.R. § 200.94 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard but not for any specific regulation. Section 200.945 requires that all carpet "shall be designed, manufactured, and tested in compliance with," among other standards, ASTM D1336. The regulation does not specify that only certain provisions of ASTM D1335 1967 (1972) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1335 1967 (1972) are relevant for compliance with the regulation.

- First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**81. ASTM D1480 1993 (1997):**

- The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix D. That section, in turn, requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with," several standards, including ASTM D1480. The regulation does not specify that only certain provisions of ASTM D1480 1993 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1480 1993 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## 82. ASTM D1481 1993 (1997):

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix D.  That section, in turn, requires that where "the flowmeter records volumetric flow rate rather than mass flow rate, analyze oil samples to determine the density or specific gravity of the oil. Determine the density or specific gravity of the oil sample in accordance with," several standards, including ASTM D1481.  The regulation does not specify that only certain provisions of ASTM D1481 1993 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1481 1993 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright

protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**83. ASTM D1535 (1989):**

o   The parties identify 7 C.F.R. § 1755.910 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard, but not for any specific regulation. See also 7 C.F.R. § 1755.860 (same). Several portions of Section 1755 require compliance with ASTM D1535-89, though none of those regulations specify that only certain provisions of ASTM D1535 (1989) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1535 (1989) are relevant for regulatory compliance. *See* 7 C.F.R. § 1755.870 ("The color of the jacket shall be either black or dark grey in conformance with the Munsell Color System specified in ASTM D 1535–89."); *id.* § 1755.910 (instructing manufacturers to "carefully review all the test requirements in order to develop a testing schedule that is comprehensive, efficient in terms of the number of test specimens required and can be accomplished in an orderly and logical sequence," including those in ASTM D1535 (1989)); *id.* § 1755.910 ("The color of the housing finish should be compared against the Munsell system of color notation, as described in ASTM D 1535–89 to determine color consistency with that desired.").

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**84. ASTM D1552 (1995):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2), 60.335(b)(10)(i), and appendix A: Method 19, 12.5.2.2.3. Section 60.106(j)(2) requires the use of ASTM D1552-95, or one of eleven other standards, for separately analyzing "[f]resh feed samples." *See* 42 C.F.R. §§ 60.106(j)(2). In addition, Section 60.4415 requires the use of ASTM D1552-95 for analyzing samples of total sulfur content using liquid fuels. *See id.* § 60.4415(a)(i). These regulations do not specify that only certain provisions of ASTM D1552 (1995) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1552 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**85. ASTM D1688 (1995):**

o Defendant identifies 40 C.F.R. § 136.3(a) Table 1B (2003) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 46. Plaintiffs argue that Section 136.3 does not actually incorporate this standard because the regulation states that it incorporates ASTM D1688-95 (A or B)." *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 54 (highlighting and bolding text of "D1688-95(A or B)"). Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference into Tables IA, IB, IC, ID, IE, and IF." 40 C.F.R. § 136.3(a). Table IB, in turn, references ASTM D1688-95 Test Procedures A, B, and C. ASTM D1688 (1995) provides three test methods for determining copper in water: Test Methods A, B, and C. *See* ECF No. 199-4, Exhibit 149 Part 2 to Declaration of Jane W. Wise at 165-71. Accordingly, the regulation incorporates all three of the standard's test procedures. However, the standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law, specifically, Test Procedures A, B, and C, which justifies posting the specific text of those provisions. *Id.* Those test procedures, however, constitute a substantial portion of the standard republished by Defendant. Moreover, copying and republishing the standard's background sections and appendix "are reasonable in relation to the purpose of the copying," *Campbell*, 510 U.S. at 586–87, given that they relate to the standard's full text and assist readers with understanding the standard's legal import.

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**86. ASTM D1835 (1997):**

o The parties identify 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into three subparts. *See* 41 C.F.R. §§60.41Da (defining "Liquid petroleum gas," as that which is "defined by the American Society of Testing and Materials in ASTM D1835"); *id.* § 60.41b (same); *id.* § 60.41c (same). These regulations do not specify that only certain provisions of ASTM D1835 (1997) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D1835 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**87. ASTM D1890 (1996):**

o The parties identify 40 C.F.R. § 136.3 (2003) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 136.3, Table IE. That Table, in turn, identifies D1890-90 as having approved radiologic test procedures in certain circumstances. The regulation does not specify that only certain provisions of ASTM D1890 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1890

(1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

### 88. ASTM D1943 (1996):

o   The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 136.3, Table IE. That Table, in turn, identifies D1890-90 as having approved radiologic test procedures in certain circumstances. The regulation does not specify that only certain provisions of 78. ASTM D1943 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1943 (1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**89. ASTM D1945 (1996):**

o The parties identify 40 C.F.R. § 60.17 (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60.45(f). Section 60.45(f)(5)(i) requires the use of ASTM D1945, or one of five other standards, "as applicable." The regulation does not specify that only certain provisions of ASTM D1945 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1945 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**90. ASTM D2015 (1996):**

o   The parties identify 40 C.F.R. § 60.17 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Section 12.5.2.1.3. Section 12.5.2.1.3 requires using ASTM D2015, or other enumerated standards, "to determine gross calorific value." The regulation does not specify that only certain provisions of ASTM D2015 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2015 (1996) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**91. ASTM D2163 1991 (1996):**

o   The parties identify 40 C.F.R. § 1065.1010 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 1065.720. Section 40 C.F.R. § 106.720 requires that "[l]iquified petroleum gas for testing must meet the specifications" in ASTM D2163. The regulation does not specify that only certain provisions of ASTM D2163 1991 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2163 1991 (1996) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**92. ASTM D2216 (1998):**

o The parties identify 40 C.F.R. § 258.41 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard and requires that for "Project XL Bioreactor Landfill Projects," a geosynthetic clay liner "shall be formulated and manufactured from polypropylene geotextiles and high swelling containment resistant sodium bentonite" and that the "high swelling sodium montmorillonite clay shall be at 12% moisture content as determined by the Standard Test Method for Laboratory Determination of Water (Moisture) Content of Soil and Rock by Mass, ASTM D2216–98." 40 C.F.R. § 258.41(a)(4)(iii)(A). The regulation does not specify that only certain provisions of ASTM D2216 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2216 (1998) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**93. ASTM D2234 (1998):**

o  The parties identify 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix A: Method 19, Section 12.5.2.1.1.  That section, in turn, requires the use of ASTM D2234-98, or one of three other standards, for sample increment collection and systemic spacing. It also requires that "[a]s a minimum, determine the number and weight of increments required per gross sample representing each coal lot according to Table 2 or Paragraph 7.1.5.2 of ASTM D 2234. Collect one gross sample for each lot of raw coal and one gross sample for each lot of product coal." The regulation does not specify that only certain provisions of ASTM D2234 (1998) are incorporated by reference into law, and while the latter requirement identifies the specific provision of ASTM D2234 (1998) that is relevant for compliance with the regulation, the former does not.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions

of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**94. ASTM D2460 (1997):**

o  The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard as providing the approved radiologic test procedures in certain circumstances.  The regulation does not specify that only certain provisions of ASTM D2460 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2460 (1997) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**95. ASTM D2502 1992 (1996):**

o  The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates

the standard into appendix G.  Section 75.10(a)(3)(i)-(iii) requires that the owner or operator of an affected unit shall use one of three approved methods for monitoring $CO_2$ emissions, one of which is outlined in appendix G.  And "[i]f the owner or operator chooses to use the appendix G method," for determining $CO_2$ emissions, "then the owner or operator shall follow the procedures in appendix G to this part for estimating daily $CO_2$ mass emissions based on the measured carbon content of the fuel and the amount of fuel combusted."  40 C.F.R. § 75.13(b).  Appendix G identifies ASTM D2502-92 (1996) as one of two permissible standards for complying with the portion of appendix G that pertains to determinations of the carbon content of oil (the other being ASTM D2503 1992 1997), which Defendant has also published.  *See id.* § 75, App. G.  The regulation does not specify that only certain provisions of ASTM D2502 1992 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2502 1992 (1996) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**96. ASTM D2503 1992 (1997):**

o   The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix G. Section 75.10(a)(3)(i)-(iii) requires that the owner or operator of an affected unit shall use one of three approved methods for monitoring CO2 emissions, one of which is outlined in appendix G. And "[i]f the owner or operator chooses to use the appendix G method," for determining CO2 emissions, "then the owner or operator shall follow the procedures in appendix G to this part for estimating daily CO2 mass emissions based on the measured carbon content of the fuel and the amount of fuel combusted." 40 C.F.R. § 75.13(b). Appendix G identifies ASTM D2503-92 (1997) as one of two permissible standards for complying with the portion of appendix G that pertains to determinations of the carbon content of oil (the other being ASTM D2502 1992 1996), which Defendant has also published). *See id.* § 75, App. G. The regulation does not specify that only certain provisions of ASTM D2503 1992 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2503 1992 (1997) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**97. ASTM D2597 1994 (1999):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60.335(b)(9)(i). Section 60.335 requires that an owner or operator shall "determine the fuel bound nitrogen content of [liquid] fuel being fired (if an emission allowance is claimed for fuel bound nitrogen)," using ASTM D2597-94. The regulation does not specify that only certain provisions of ASTM D2597 1994 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2597 1994 (1999) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**98. ASTM D2622 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.106(j)(2) and 60.335(b)(10)(i). Section 60.106(j)(2) requires that "[f]resh feed samples shall be analyzed separately by using" the "applicable analytical test" in ASTM D2622 or one of several other standards. 40 C.F.R. § 60.106(j)(2). The regulation goes on to say that "applicable range of some of these ASTM methods is not adequate to measure the levels of sulfur in some fresh feed samples. Dilution of samples prior to analysis with verification of the dilution ratio is acceptable upon prior approval of the Administrator." *Id.* Section 60.335(b)(10)(i)

requires the use of ASTM D2622-98 for determine the sulfur content of liquid fuel combusted in a turbine. *Id.* § 60. 335(b)(10)(i). These regulations do not specify that only certain provisions of ASTM D2622 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D2622 (1998) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**99. ASTM D2777 (1998):**

o  The parties identify 46 C.F.R. § 162.050-4 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 162.050-15. Section 162.050-15 requires that "the absolute value of Tn for each measurement" be determined by ASTM D2777. The regulation does not specify that only certain provisions of ASTM D2777 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2777 (1998) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's

reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**100.     ASTM D2879 (1997):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 60.111b(f)(3), 60.116b(e)(3)(ii), 60.116b(f)(2)(i), 60.485(e)(1), and 60.485a(e)(1). Those sections require compliance with ASTM D2879 in a variety of contexts, including mandatory vapor tests for "vessels in which the vapor pressure of the anticipated liquid composition is above the cutoff for monitoring but below the cutoff for controls," 40 C.F.R. § 60.116b(f)(2)(i), and determining vapor pressures to "demonstrate that a piece of equipment is in light liquid service," *id.* § 60.485(e)(1). These regulations do not specify that only certain provisions of ASTM D2879 (1997) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D2879 (1997) are relevant for compliance with the regulations.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

Page **83** of **187**

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**101.    ASTM D2986 1995a (1999):**

o The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 86.1310-2007.  Section 86.1310-2007 requires that "[f]ilters shall have a minimum clean filter efficiency of 99% as measured by the ASTM D2986–95a DOP test."  The regulation does not specify that only certain provisions of ASTM D2986 1995a (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2986 1995a (1999) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**102.**      **ASTM D3120 (1996):**

o  The parties identify 40 C.F.R. § 80.580(b) (2003) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 80.580(a)(3).   Section 80.580(a)(3) requires certain sampling and testing methods for sulfur and identifies ASTM D3120-96 as providing one of three test methods for "diesel fuel and diesel fuel additives subject to the 15 ppm standard of §80.520(a)(1)." 40 C.F.R. § 80.580(a)(3).  The regulation does not specify that only certain provisions of ASTM D3120 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3120 (1996) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30– 36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**103.**      **ASTM D3246 (1996):**

o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 60.335(b)(10)(ii).  Section 60.335(b)(10)(ii) requires the use of ASTM D3246-98 to determine the sulfur content of gaseous fuel combusted in a turbine.  *Id.* § 60.335(b)(10)(ii).  The regulation does not specify that only certain provisions of ASTM D3246 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3246 (1996) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**104.      ASTM D3286 (1996):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendix A: Method 19, Section 12.5.2.1.3. Appendix A requires the use of ASTM D3286, or one of four other standards, to "determine gross calorific value." The regulation does not specify that only certain provisions of ASTM D3286 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3286 (1996) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**105.      ASTM D3371 (1995):**

o  The parties identify 40 C.F.R. § 136.3 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176,  which incorporates the "full text of the referenced test procedures" into Table IF.  40 C.F.R. § 136.3(a). Section 136 requires that the "procedures prescribed herein shall," with some limited exceptions, "be used to preform the measurements indicated whenever the waste constituent specified is required to be measured for" an application for a permit under section 402 or 405(f) of the Clean Water Act." *Id.* § 136.1(a), (b).  Table IF identifies ASTM D3371 as containing one of four approved text procedures for the pharmaceutical pollutant acetonitrile.  The regulation does not specify that only certain provisions of ASTM D3371 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3371 (1995) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is only partially incorporated into law in that the regulation specifically incorporates the "full text of the referenced test procedures," and not the entire standard.  Defendant's wholesale reproduction is thus "harder to justify."  *Id.*  However, the regulation does not identify which portions of the standard are relevant to that referenced test procedure.

o  <u>Third Factor</u>:  The incorporating regulation does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**106.      ASTM D3454 (1997):**

o The parties identify 40 C.F.R. § 136.3(a) (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text of the referenced test procedures" of the standard into Table IE.  Table IE requires the use of ASTM D3454 as an approved method for a radiologic test procedure in particular circumstances.  The regulation does not specify that only certain provisions of ASTM D3454 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3454 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is only partially incorporated into law in that the regulation specifically incorporates the "full text of the referenced test procedures," and not the entire standard.  Defendant's wholesale reproduction is thus "harder to justify."  *Id.*  However, the regulation does not identify which portions of the standard are relevant to that referenced test procedure.

o <u>Third Factor</u>:  The incorporating regulation does not indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**107.      ASTM D3588 (1998):**

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendices D and F.  Those appendices require the determination of "[gross caloric value] of each gaseous fuel at the frequency specified in this section" using either ASTM D3588 or another standard incorporated therein.  40 C.F.R. § 75, App. D, 2.3.4; *accord* § 75, App. F.  These regulations do not specify that only certain provisions of ASTM D3588 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM 3588 (1998) are relevant for compliance

with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**108.** **ASTM D396 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into §§ 60.41b of subpart Db, 60.41c of subpart Dc, 60.111(b) of subpart K, and 60.111a(b) of subpart Ka. Those sections require compliance with ASTM D396 in a variety of contexts, and they do not specify that only certain provisions of ASTM D396 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D396 (1998) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**109.    ASTM D4177 (1995):**

o   The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 60, appendix A: Method 19, Section 12.5.2.2.1. Method 19 provides data reduction procedures relating to various pollutants and requires that entities "[f]ollow the procedures for continuous sampling in ASTM D 270 or D4177-95) . . . for each gross sample from each fuel lot." *Id.* The regulation does not specify that only certain provisions of ASTM D4177 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4177 (1995) are relevant for compliance with the regulation.

o   <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**110.     ASTM D4268 (1993):**

o The parties identify 33 C.F.R. § 164.03 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 33 C.F.R. § 164.74. Section 164.74 requires that the "condition of each towline must be monitored" in part by "[k]eeping on board the towing vessel or in company files of a record of the towline's initial minimum breaking strength as determined by the manufacturer, by a classification ("class") society authorized in §157.04 of this chapter, or by a tensile test that meets" either ASTM D4268 or another enumerated standard. 33 C.F.R. § 164.74(a)(3)(i). The regulation does not specify that only certain provisions of ASTM D4268 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4268 (1993) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**111.     ASTM D4294 (1998):**

o The parties identify 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into appendices A and D. Those appendices require performing fuel sampling to determine the "MTC" using several standards, including ASTM D4294-

98, *see* 40 C.F.R. § 75, App. A, 2.1.1.2(c), and analyzing "oil samples for percent sulfur content by weight in accordance with" a number of standards, including ASTM D4294-98, *see id.* § 75, App. A, 2.1.5. The regulations do not specify that only certain provisions of ASTM D4294 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4294 (1998) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**112.    ASTM D4329 (1999):**

o   The parties identify 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 571.106.  Section 571.106 requires that certain test standards be in accordance with three standards, including ASTM D4329-99, and that "[i]f multiple plastic brake tubing assemblies are tested, then their position in the machine should be rotated according to ASTM D4329–99."  49 C.F.R. § 571.106, S12.7(b)-(c)(2).  The regulation does not specify that only certain provisions of ASTM D4329 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4329 (1999) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**113.    ASTM D4809 (1995):**

o The parties identify 40 C.F.R. § 61.18 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 61.245(e)(3). Section 61.245(e)(3) requires that the "net heating value of the gas being combusted in a flare shall be calculated using" a specified equation, one factor of which is determined using ASTM D4809 "if published values are not available or cannot be calculated." The regulation does not specify that only certain provisions of ASTM D4809 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4809 (1995) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair

use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**114.     ASTM D4986 (1998):**

o The parties identify 46 C.F.R. § 32.01-1 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 176; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 32.57-10.  Section 32.57-10 requires that "[e]xcept as provided in paragraph (d)(7–a) of this section, ceilings, linings, and insulation, including pipe and duct laggings, must be made of approved incombustible material," and that "[c]ombustible insulations and vapor barriers that have a maximum extent of burning of 122 millimeters (5 inches) or less when tested in accordance with ASTM D 4986." 46 C.F.R. § 32.57-10(d)(7)-(7-a).  The regulation does not specify that only certain provisions of ASTM D4986 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D4986 (1998) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–

36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**115.    ASTM D5257 (1997):**

o The parties identify 40 C.F.R. § 136.3 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text" of the standard's "referenced test procedures" into 40 § 136.3(a), Table IB, *see* 40 C.F.R. § 136.3(a), and requires that those procedures "shall, except as noted in § 136.5, be used to perform the measurements indicated whenever the waste constituent specified is required to be measured" for specified application, reports, and certifications, *see id.* § 163.1(a). Table IB lists ASTM D5257 as the approved inorganic test procedure required under certain circumstances. The regulation does not specify that only certain provisions of ASTM D5257 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5257 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**116.    ASTM D5673 (1996):**

o The parties identify 40 C.F.R. § 444.12 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text of" the standard's "methods" into 40 C.F.R. § 444.12(b)(1). Section 444.12 also states that "[c]ompliance with the [regulation's] monitoring requirements

may be accomplished using approved test procedures listed" in the table of "List of Approved Inorganic Test Procedures." 40 C.F.R. § 444.12(b)(1). That table lists ASTM D5673 as the approved inorganic test procedure required in seven specific circumstances. The regulation does not specify that only certain provisions of ASTM D5673 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5673 (1996) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**117.    ASTM D6216 (1998):**

o The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 40 C.F.R. § 60, appendix B, Performance Specification 1. Appendix B provides that "ASTM D 6216–98 is the reference for design specifications, manufacturer's performance specifications, and test procedures. The opacity monitor manufacturer must periodically select and test an opacity monitor, that is representative of a group of monitors produced during a specified period or lot, for conformance with the design specifications in ASTM D 6216–98. The opacity monitor manufacturer must test each opacity monitor for conformance with the manufacturer's performance specifications in ASTM D 6216–98." 40 C.F.R. § 60, appendix B, Performance Specifications, 2.1. Appendix B also provides several other requirements necessitating knowledge of ASTM D6216, including that "You, as owner or operator, are responsible

for purchasing an opacity monitor that meets the specifications of ASTM D 6216–98," *id.* at 6.1, and that an owner or operator "must purchase an opacity monitor that complies with ASTM D 6216–98, *id.* at 8.1(1). These regulations do not specify that only certain provisions of ASTM D6216 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D6216 (1998) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**118.      ASTM D6228 (1998):**

o  The parties identify 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 60.4360 and 60.4415.  Section 60.4360 requires that "[y]ou must monitor the total sulfur content of the fuel being fired in the turbine," and when "the total sulfur content of the gaseous fuel during the most recent performance test was less than half the applicable limit," then it is appropriate to use ASTM D6228 to measure the major sulfur compounds.  40 C.F.R. § 60.4360.  Section 60.4415 provides requirements for conducting initial and subsequent performance tests for sulfur and requires the analysis of samples for total sulfur content of gaseous fuels using ASTM D6228 or one of seven other enumerated standards. *See id.* § 60.4415(a)(1)(ii). These regulations do not specify that only certain provisions of ASTM D6228 (1998) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM D6228 (1998) are relevant for compliance with the regulations.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**119.      ASTM D6420 (1999):**

o  The parties identify 40 C.F.R. § 63.14 (2019) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§63.5799, 63.5850, and Table 4 of Subpart UUUU.  Some of those sections incorporate ASTM D6420 as a discretionary or reference procedure.  For example, section 63.2354 provides that "[y]ou *may* use ASTM D6420–99 . . . as an alternative to EPA Method 18 if the target concentration is between 150 parts per billion by volume and 100 ppmv and either of the conditions specified in paragraph (b)(2)(ii)(A) or (B) of this section exists."  40 C.F.R. § 63.2354(b)(3)(ii).  Other provisions, however, incorporate the standard in a manner that imposes a legal obligation to adhere to the standard.  *See id.* § 63, Subpart UUUU, Table 4 (requiring that "you must" use either EPA Method 18 or ASTM D6420 when measuring toluene emissions at each existing or new cellophane operation); *see also id.* § 63.5850(e)(4)(ii) ("If the target compound(s) is not listed in Section 1.1 of ASTM D6420–99, but is potentially detected by mass spectrometry, an additional system continuing calibration check after each run, as detailed in Section 10.5.3 of ASTM D6420–99, must be followed, met, documented, and submitted with the performance test report even if you do not use a moisture condenser or the compound is not considered soluble.").  The regulation does not specify that only certain provisions of ASTM D6420 (1999) are incorporated by reference into law, nor do they indicate all specific provisions of ASTM D6420 (1999) that are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**120.    ASTM D6503 (1999):**

o The parties identify 40 C.F.R. § 163 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the "full text" of the standard's "referenced test procedures" into section 163(a), *see* 40 C.F.R. § 136.3(a), and requires that those procedures "shall, except as noted in § 136.5, be used to perform the measurements indicated whenever the waste constituent specified is required to be measured" for specified application, reports, and certifications, *see id.* § 163.1(a).  Table IA identifies ASTM D6503 as containing the approved biological method for wastewater and sewar sludge under certain conditions.  The regulation does not specify that only certain provisions of ASTM D6503 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D6503 (1999) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

Page 99 of 187

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

121.    **ASTM D86 (2007):**

o   The parties identify 40 C.F.R. § 80.47 (2017) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard without limit or reference to any specific provision of the regulation, *see* 40 C.F.R. § 80.47(r)(1).  Section 80.46 requires that "[s]ulfur content of gasoline and butane must be determined" using specific methods, including that "[t]hrough December 31, 2015, distillation parameters must be determined using ASTM D86." 40 C.F.R. § 80.47(a), (d).  The regulation does not specify that only certain provisions of ASTM D86 (2007) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D86 (2007) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting

that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**122.     ASTM D512 1989 (1999):**

o Defendant identifies 40 C.F.R. § 136.3(a), Table IB (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 73. Section 136.3(a) states that the "full text of the referenced test procedures are incorporated by reference" into Table IB. 40 C.F.R. § 136.3(a). Table IB references ASTM D512-89 (1999) (A), (B), and (C), apparent references to Test Methods A, B, and C, set forth in the standard. *See* ECF No. 199-3, Exhibit 149 Part 1 to Declaration of Jane W. Wise at 534-40. Accordingly, the regulation incorporates all three of the standard's test procedures. The standard also includes background sections defining the standard's scope, referenced documents, terminology, significance and use, purity of reagents, and sampling, as well as an appendix, none of which are explicitly incorporated into law. *See id.*

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is only partially incorporated into law, such that Defendant's wholesale reproduction is "harder to justify." *Id.*

o <u>Third Factor</u>: The incorporating regulation specifies that only specific portions of the standard are incorporated by reference into law, specifically, Test Procedures A, B, and C, which justifies posting the specific text of those provisions. *Id.* Those test procedures, however, constitute a substantial portion of the standard republished by Defendant. Moreover, copying and republishing the standard's background sections and appendix "are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87.

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**123.     ASTM E11 (1995):**

o The parties identify 33 C.F.R. § 159.4 (2014) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 159.125.   Section 159.125 requires that "[d]uring the sewage processing test (§159.121) 40 effluent samples of approximately 1 liter each shall be taken from a Type I device at the same time as samples taken in §159.123 and passed expeditiously through a U.S. Sieve No. 12 as specified in ASTM E 11." 33 C.F.R. § 159.125.  The regulation does not specify that only certain provisions of ASTM E11 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E11 (1995) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**124.      ASTM E1337 1990 (1996):**

o   The parties identify 49 C.F.R. § 571.126 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard in S6.2.2.  That section requires that "[t]he road test surface must produce a peak friction coefficient (PFC) of 0.9 when measured using an American Society for Testing and Materials (ASTM) E1136–93 (1993) standard reference test tire, in accordance with ASTM Method E 1337–90 (Reapproved 1996), at a speed of 64.4 km/h (40 mph), without water delivery."  49 C.F.R. § 571.126, S6.2.2.  The regulation does not specify that only certain provisions of ASTM E1337 1990 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E1337 1990 (1996) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing

this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**125.  ASTM E169 (1987):**

o  The parties identify 40 C.F.R. § 260.11 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 264.1063. Section 264.1063 requires that "an owner or operator of a facility must determine, for each piece of equipment, whether the equipment contains or contacts a hazardous waste with organic concentration that equals or exceeds 10 percent by weight using . . . methods described in" ASTM E169-87. 40 C.F.R. § 264.1063(d)-(1). The regulation does not specify that only certain provisions of ASTM E169 (1987) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E169 (1987) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is

virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

126. **ASTM E185 (1982):**

o The parties identify 10 C.F.R. § 50, Appendix H (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Appendix H and G. Section 50, Appendix H requires that for "each capsule withdrawal, the test procedures and reporting requirements must meet the requirements of ASTM E 185–82 to the extent practicable for the configuration of the specimens in the capsule." 10 C.F.R. § 50, App. H, III, A, 1. Section 50, Appendix G provides that "[r]eactor vessel beltline materials must have Charpy upper-shelf energy" as "[d]efined in ASTM[]E 185-79 and -82." *Id.* § 50, Appendix G, IV, I (a), n.1. These regulations do not specify that only certain provisions of ASTM E185 (1982) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM E185 (1982) are relevant for compliance with the regulations.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

127. **ASTM E23 (1982):**

- o The parties identify 46 C.F.R. § 56.012 (2000) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into § 56.50-105. Section 56.50-105 requires that "[a]ll materials used in low temperature piping systems shall . . . be tested for low temperature toughness using the Charpy V-notch specimen of ASTM E 23." 46 C.F.R. § 56.50-105 (a)(1)(ii). The regulation does not specify that only certain provisions of ASTM E23 (1982) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E23 (1982) are relevant for compliance with the regulation.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

- o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

128. **ASTM E260 (1996):**

- o The parties identify 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. §§ 63.750(b)(2) and 63.786(b)(5). Section 63.750 requires that "the composite vapor pressure of a blended hand-wipe solvent shall be determined

by quantifying the amount of each organic compound in the blend using manufacturer's supplied data or a gas chromatographic analysis in accordance with ASTM E 260–91 or 96." 40 C.F.R. § 63.750(b)(2). Section 63.786(b)(5) requires that "[m]ultiple and different analytical techniques must be used for positive identification if the components in a mixture under analysis are not known. In such cases a single column gas chromatograph (GC) may not be adequate. A combination of equipment may be needed such as a GC/mass spectrometer or GC/infrared system. (If a GC method is used, the operator must use practices in ASTM Method E260–91 or 96." *Id.* § 63.786(b)(5). These regulations do not specify that only certain provisions of ASTM E260 (1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E260 (1996) are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

**129.    ASTM E29 (1990):**

o The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 86.609-84; 86.609-96; 86.609-97; 86.609-98; 86.1009-84; 86.1009-96; 86.1442; 86.1708-99; 86.1709-99; 86.1710- 99; 86.1728-99. Several of those regulations require manufacturers to round test result numbers using the procedures provided by ASTM E29-90. *See, e.g.*, 40 C.F.R. § 86.609-98 ("Rounding is done in accordance with the RoundingOff Method specified in ASTM E29–90, Standard Practice for Using Significant Digits in Test Data to Determine Conformance with

Specifications. This procedure has been incorporated by reference (see §86.1).”); *id.* § 86. 1708-99 (“Both the projected emissions and the Highway Fuel Economy Test standard shall be rounded to the nearest 0.1 g/mi in accordance with the Rounding-Off Method specified in ASTM E29–90, Standard Practice for Using Significant Digits in Test Data to Determine Conformance with Specifications, before being compared. These procedures are incorporated by reference (see §86.1).”).  These regulations do not specify that only certain provisions of ASTM E29 (1990) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM E29 (1990) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant’s apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def’s 2d Mot. at 16.  Defendant’s “attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense.”  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant’s reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The “express text of the law falls plainly outside the realm of copyright protection.”  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that “the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law.”  *Id.* at 452.  Accordingly, “this factor weighs heavily in favor of fair use.”  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that “a greater amount of the standard’s text might be fairly reproduced.”  *Id.*

o  <u>Fourth Factor</u>:  Defendant’s reproductions have not had a “substantially adverse impact on the potential market for the originals,” nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm.”  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**130.**   **ASTM E424 (1971):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM E424 (1971) into 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM E424 (1971) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E424 (1971) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant’s apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def’s 2d Mot. at 16.  Defendant’s

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**131.     ASTM E606 (1980):**

o  The parties identify 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates ASTM E606 (1980) into 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499).  That regulation does not specify that only certain provisions of ASTM E606 (1980) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E606 (1980) are relevant for compliance with the regulation.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor:  The "express text of the law falls plainly outside the realm of copyright

**Page 108 of 187**

protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**132.      ASTM E681 (1985):**

o  The parties identify 49 C.F.R. § 171.7 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 173.115.  Section 173.115 requires that certain expressed temperature limits "shall be determined at 101.3 kPa (14.7 psi) of pressure and a temperature of 20 °C (68 °F) in accordance with ASTM E681–85."  The regulation does not specify that only certain provisions of ASTM E681 (1985) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E681 (1985) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**133.   ASTM E72 (1980):**

o The parties identify 30 C.F.R. § 75.333 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard. Section 75.333(e)(1)(i) requires that ventilation controls "shall be constructed in a traditionally accepted method and of materials that have been demonstrated to perform adequately or in a method and of materials that have been tested and shown to have a minimum strength equal to or greater than the traditionally accepted in-mine controls," and that related tests may be performed under ASTM E72-80 or "comparative in-mine tests." 30 C.F.R. § 75.333(e)(1)(i). The regulation does not specify that only certain provisions of ASTM E72 (1980) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E72 (1980) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, while entities may rely on either ASTM E72-80 or "comparative in-mine tests," entities must understand the test procedures set forth in ASTM E72 (1980) to know which in-mine tests are "comparative." Thus, the court finds that the incorporated standard provides information essential for a private entity to comprehend its legal duties. which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

134.      **ASTM E773 (1997):**

o  The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.403(d). Section 3280.403 requires that certain sealing systems "must be qualified in accordance with ASTM E 773–97." 24 C.F.R. § 3280.4(d)(2). The regulation does not specify that only certain provisions of ASTM E773 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E773 (1997) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

135.      **ASTM E774 (1997):**

o  The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.403(d). Section 3280.403 requires that "[s]ealed insulating glass, where used, must meet all performance requirements for Class C in accordance with ASTM E 774–97." The regulation does not specify that only certain provisions of ASTM E774 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E774 (1997) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**136.     ASTM E96 (1995):**

o  The parties identify 24 C.F.R. § 3280.4 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for § 3280.504(a).  Section 3280.504(a) requires that in express conditions, "ceilings must have a vapor retarder with a permeance of not greater than 1 perm (as measured by ASTM E 96–95." 24 C.F.R. § 3280. 3280.504(a)(1).   The regulation does not specify that only certain provisions of ASTM E96 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E96 (1995) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**137.      ASTM F1003 1986 (1992):**

o  The parties identify 46 C.F.R. § 199.05 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 46 C.F.R. § 199.175.  Section 199.175 pertains to searchlights on survival craft and boat equipment and requires that a searchlight "must be of the type originally provided with the approved lifeboat or rescue boat, or must be certified by the searchlight manufacturer to meet ASTM F 1003." 46 C.F.R. § 199.175(a)(28).  The regulation does not specify that only certain provisions of ASTM F1003 1986 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1003 1986 (1992) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

Page **113** of **187**

138.        **ASTM F1014 (1992):**

o   The parties identify 46 C.F.R. § 199.05 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for §§ 199.175 and 195.35-5.  Section 199.175 requires flashlights on survival craft and rescue boat equipment "must be a type I or type III that is constructed and marked in accordance with the American Society of Testing and Materials (ASTM) F 1014."  46 C.F.R. § 199.175(a)(12).  Section 195.35-5 requires that fireman flashlights "shall be Type II or Type III, constructed and marked in accordance with ASTM F 1014."  *Id.* § 195.35-5(c).  These regulations do not specify that only certain provisions of ASTM F1014 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1014 (1992) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

139.        **ASTM F1120 1987 (1998):**

o   The parties identify 46 C.F.R. § 56.01-2 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard for 46 C.F.R. § 56.60-1.  Section 56.60-1 provides that "[c]omponents made in accordance with," ASTM F1120, "and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter."  46 C.F.R. § 56.60-1(b), Table 56.60-1(B).   The regulation does not specify that only certain

provisions of ASTM F1120 1987 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1120 1987 (1998) are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**140.    ASTM F1155 (1998):**

o The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § 154, Appendix A, 7.1, 8.4.  That section requires that the "detonation flame arrester housing, and other parts or bolting used for pressure retention, shall be constructed of materials listed in ASTM F 1155."  The regulation does not specify that only certain provisions of ASTM F1155 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1155 (1998) are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**141.**      **ASTM F1173 (1995):**

o  The parties identify 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. §§ 56.60-1; 56.60-25.  Section 56.60-1 provides that "[c]omponents made in accordance with," ASTM F1173, "and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter."  46 C.F.R. § 56.60-1(b), Table 56.60-1(B).  Section 56.60-25 provides that "[m]aterials, such as glass reinforced resins not meeting ASTM F1173 or other plastics, may be authorized by the Commandant (G–MSE) if full mechanical and physical properties and chemical description are furnished."  *Id.* § 56.60-25(a)(10).  These regulations do not specify that only certain provisions of ASTM F1173 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1173 (1995) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**142.    ASTM F1321 (1992):**

- o The parties identify 46 C.F.R. § 28.40 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 28.535.  Section 28.535 requires the performance of an "inclining test" for each vessel for which the lightweight displacement and centers of gravity must be determined in order to do the calculations."  46 C.F.R. § 28.535 (a).  It provides that, with two exceptions, ASTM F 1321 may be used as guidance for any inclining test or deadweight survey.  *Id.* § 28.535 (d).  The regulation does not specify that only certain provisions of ASTM F1321 (1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1321 (1992) are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**143.     ASTM F1323 (1998):**

o   The parties identify 46 C.F.R. § 63.05-1 (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 46 C.F.R. § 63.25-9.  Section 63.25-9 requires that "[i]ncinerators installed on or after March 26, 1998 must meet the requirements of IMO resolution MEPC.59(33)," and that incinerators "in compliance with both ASTM F 1323 . . . and Annexes A1–A3 of IMO resolution MEPC.59(33) are considered to meet the requirements of IMO resolution MEPC.59(33)."  46 C.F.R. § 63.25-9.  The regulation does not specify that only certain provisions of ASTM F1323 (1998) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1323 (1998) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] a use as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

144.        **ASTM F1471 (1993):**

o   The parties identify 40 C.F.R. § 86.1 (2008) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 40 C.F.R. § 86.1310-2007.   Section 86.1310-2007 requires that "[p]rimary dilution air shall be filtered at the dilution air inlet. The manufacturer of the primary dilution air filter shall state that the filter design has successfully achieved a minimum particle removal efficiency of 98% (less than 0.02 penetration) as determined using ASTM test method F 1471–93." 40 C.F.R. § 86.1310-2007(b)(1)(iii)(B). The regulation does not specify that only certain provisions of ASTM F1471 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1471 (1993) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.   Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

145.        **ASTM F1546 / F1546M (1996):**

o   Defendant identifies 46 C.F.R. § 162.027-1 (2004) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 107.  Plaintiffs argue that Section 162.027 does not actually incorporate this standard because the regulation states that it incorporates "ASTM F 1546 [or] F 1546 M-96." *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* at 131 (highlighting and bolding text of ASTM F 1546 [or] F 1546 M-96).  The court agrees with Defendant that 46 C.F.R. §

162.027-1 (2004) incorporates by reference ASTM F 1546 / F1546M (1996) into 46 C.F.R. §§ 162.027–2; 162.027–3. Section 162.027–2 requires that "[e]ach combination solid stream and water spray firehose nozzle required to be approved under the provisions of this subpart must be designed, constructed, tested, and marked in accordance with the requirements of ASTM F 1546 (incorporated by reference, see §162.027–1)," that "[a]ll inspections and tests required by ASTM F 1546 (incorporated by reference, see §162.027–1) must be performed by an independent laboratory accepted by the Coast Guard under subpart 159.010 of this chapter," and that the "independent laboratory shall prepare a report on the results of the testing and shall furnish the manufacturer with a copy of the test report upon completion of the testing required by ASTM F 1546." 46 C.F.R. § 162.027–2(a)-(c). Section 162.027–3 states that "[f]irehose nozzles designed, constructed, tested, and marked in accordance with ASTM F 1546 (incorporated by reference, *see* § 162.027–1) are considered to be approved under the provisions of this chapter." *Id.* § 162.027–3(a). These regulations do not specify that only certain provisions of ASTM F1546 / F1546M (1996) are incorporated by reference into law, nor do they indicate which specific provisions of ASTM F1546 / F1546M (1996) are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce this incorporated standard in its entirety.

146.      **ASTM F1548 (1994):**

o  The parties identify 46 C.F.R. § 56.012 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates

the standard into 46 C.F.R. § 56.30-35.  Section 56.30-35 requires that "[f]ittings to which this section applies must be designed, constructed, tested, and marked in accordance with ASTM F 1476–93 and ASTM F 1548–94." 46 C.F.R. § 56.30-35(a). The regulation does not specify that only certain provisions of ASTM F1548 (1994) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1548 (1994) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**147.    ASTM F1951 (1999):**

o  The parties identify 36 C.F.R. § 1191, App. B (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 36 C.F.R. § 1008.2.6.1.  Section 1008.2.6.1 requires that "[g]round surfaces shall comply with ASTM F1951," and "shall be inspected and maintained regularly and frequently to ensure continued compliance with ASTM F1951." 36 C.F.R. § 1008.2.6.1.  The regulation does not specify that only certain provisions of ASTM F1951 (1999) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1951 (1999) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as

a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce this incorporated standard in its entirety.

**148.     ASTM F631 (1993):**

o   The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into Appendix C, 6.3 to part 154.  Appendix C, in part, requires that a facility owner or operator determine the effective daily recovery capacity of oil recovery devices.  *See* 33 C.F.R. § App. C, 6.2.  To satisfy this requirement, owners and operators may "submit adequate evidence that a different effective daily recovery capacity should be applied for a specific oil recovery device. Adequate evidence is actual verified performance data in spill conditions or tests using ASTM F 631 (incorporated by reference, see §154.106), or an equivalent test approved by the Coast Guard." *Id.* § App. C, 6.3.  The regulation does not specify that only certain provisions of ASTM F631 (1993) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F631 (1993) are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law

without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o **Fourth Factor**: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**: Defendant may fairly reproduce this incorporated standard in its entirety.

**149.      ASTM F631 1980 (1985):**

o The parties identify 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C. Appendix C, in part, requires that a facility owner or operator determine the effective daily recovery capacity of oil recovery devices. *See* 33 C.F.R. § App. C, 6.2. To satisfy this requirement, owners and operators may "submit adequate evidence that a different effective daily recovery capacity should be applied for a specific oil recovery device. Adequate evidence is actual verified performance data in spill conditions or tests using ASTM F 631, ASTM F 808, or an equivalent test approved by the Coast Guard." *Id.* § App. C, 6.3. The regulation does not specify that only certain provisions of ASTM F631 1980 (1985) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F631 1980 (1985) are relevant for compliance with the regulation.

o **First Factor**: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o **Second Factor**: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o **Third Factor**: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting

that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**150.**   **ASTM F715 (1995):**

o   The parties identify 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C, 2.3.1.  Appendix C provides that the "Coast Guard may require documentation that the boom identified in a response plan meets the criteria in Table 1.  Absent acceptable documentation, the Coast Guard may require that the boom be tested to demonstrate that it meets the criteria in Table 1."  33 C.F.R. § App. C, 2.3.1.  Further, it requires that such "[t]esting must be in accordance with ASTM F 715 (incorporated by reference, see §154.106), or other tests approved by the Coast Guard."  *Id.*  The regulation does not specify that only certain provisions of ASTM F715 (1995) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F715 (1995) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure because entities may comply with the regulation by relying on "other test approved by the Coast Guard."  33 C.F.R. § App. C, 2.3.1.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified."  *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

**151.      ASTM F715 1981 (1986):**

- o  The parties identify 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 33 C.F.R. § Appendix C. Appendix C, in part, requires that "[f]acilities handling, storing, or transporting oil in more than one operating environment as indicated in Table 1 of this appendix must identify equipment capable of successfully functioning in each operating environment." 33 C.F.R. § Appendix C, 2.2. It further provides that the "[a]bsent acceptable documentation [that the boom identified in a response plan meets applicable criteria], the Coast Guard may require that the boom be tested to demonstrate that it meets the criteria in Table 1. Testing must be in accordance with ASTM F 715, ASTM F 989, or other tests approved by the Coast Guard." *See* 33 C.F.R. § App. C, 2.3.1. The regulation does not specify that only certain provisions of ASTM F715 1981 (1986) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F715 1981 (1986) are relevant for compliance with the regulation.

- o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a discretionary procedure because entities may comply with the regulation by relying on "other test approved by the Coast Guard." 33 C.F.R. § App. C, 2.3.1. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**152.**  **ASTM G151 (1997):**

o The parties identify 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard into 49 C.F.R. § 571.106. Section 571.106 requires that ultraviolet light resistance testing using an accelerated weathering test machine be in accordance with ASTM G151-97 and two other standards. 49 C.F.R. § 571.106, S12.7(a)-(b). The regulation does not specify that only certain provisions of ASTM G151 (1997) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM G151 (1997) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce this incorporated standard in its entirety.

**153.**  **ASTM G21 (1990):**

o The parties identify 7 C.F.R. § 1755.910 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176, which incorporates the standard. *See* 7 C.F.R. § 1755.910(a)(7). Section 1755.910 requires that "[n]onmetallic housing materials shall have a fungus growth rating no greater than one according to ASTM G 21–90," and that "[f]ungi resistance of nonmetallic housing

materials shall be tested according to the procedures of ASTM G 21–90." *Id.* § 1755.910(d)(5)(iv), (e)(1)(vii). The regulation does not specify that only certain provisions of ASTM G21 (1990) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM G21 (1990) are relevant for compliance with the regulation.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the standard is incorporated into law without limitation such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of this standard are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Defendant may fairly reproduce this incorporated standard in its entirety.

## II.   GROUP 2:   STANDARDS WHICH ARE IDENTICAL IN TEXT TO STANDARDS INCORPORATED BY REFERENCE INTO LAW

### 154.         ASTM A611-72 (1979)

o Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM A611-72 for 24 C.F.R. § Part 200, Subpart S. *See* 24 C.F.R. § (Parts 200 to 499). While the regulation incorporates ASTM A611-72, not the 1979 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35 ("Standards that have been reapproved without change are indicated by the year of last reapproval in parentheses as part of the designation number (e.g., C5-79 (1997) indicates that C5 was reapproved in 1997.") (citing O'Brien Decl. Ex. 3 at 1349); ECF No. 203-3, Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (contending that the "only difference between what was posted and the document cited

in the C.F.R. is that the title adds a second, reissue, date in parentheses.  All other text is identical") (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM A611-72 are incorporated by reference into law, nor does it indicate which specific provisions of A611-72 are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM A611-72 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce the text of ASTM A611-72 (1979) in its entirety.

**155.**        **ASTM C5 1979 (1997):**

o Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM C5-79 for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  While the regulation incorporates ASTM C5-79, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM C5-79 are

incorporated by reference into law, nor does it indicate which specific provisions of ASTM C5-79 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM C5-79 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM C5-79 (1997) in its entirety.

**156.**          **ASTM C564 1970 (1982):**

o  Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM C564-70 for 24 C.F.R. § Part 200, Subpart S.  *See* 24 C.F.R. § (Parts 200 to 499).  While the regulation incorporates ASTM C564-70, not the 1982 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify that only certain provisions of ASTM C564-70 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM C564-70 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute" this standard, the text of which has been incorporated by reference into law, "qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM C564-70 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM C564-70 (1982) in its entirety.

**157.**           **ASTM D1298 (1999):**

o Defendant identifies 40 C.F.R. § 600.011 (2013) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D 1298-99 (2005) for §§ 600.113–08(f) and (g), 600.113–12(f) and (g), 600.510 – 08(g), and 600.510–12(g). While the regulation incorporates ASTM D 1298-99 (2005), not the 1999 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 600.113–08(f) requires that fuels samples and methanol test fuel "shall be analyzed to determine . . . Specific gravity per ASTM D 1298. 40 C.F.R. §§ 600.011(f)(1)(i) – (2)(ii). *See also id.* § 600.113-12(f)(2) (requiring same with respect to gasoline test fuel properties); *id.* § 600.113-12(f)(4) (requiring same with respect to ethanol test fuel). Section 600.510 requires that the "density for alcohol fuels shall be determined per ASTM D 1298." *Id.* § 600.510-12(g)(1)(ii)(B). The regulation does not specify that only certain provisions of ASTM D 1298-99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D 1298-

99 (2005) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D 1298-99 (2005) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D 1298-99 in its entirety.

**158.**          **ASTM D1412 1993 (1997):**

o  Defendant identifies 30 C.F.R. § 870.18 (1999) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D1412-93 for §§ 870.19 and 870.20.  While the regulation incorporates ASTM D1412-93, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 870.19 requires an operator who mined coal after June 1988 to deduct the weight of excess moisture in the coal to determine reclamation fees owed under 30 CFR § 870.12(b)(3)(i).  Relevant to that calculation is a determination of "equilibrium moisture" which "means the moisture in the coal as determined through ASTM standard D1412-93."  30 CFR § 870.18(c)(7).  The regulation does not specify that only certain provisions of ASTM D1412-93 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D1412-93 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D1412-93 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D1412-93 (1997) in its entirety.

**159.**        **ASTM D2013 1986 (1994):**

o  Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D2013-72, 86 for appendix A: Method 19, Section 12.5.2.1.3.  While the regulation incorporates ASTM D2013-72, 86, not the 1994 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

   Appendix A: Method 19, Section 12.5.2.1.3 requires that when determining the overall reduction in potential sulfur dioxide emission, subject entities shall use ASTM D2013-72, 86 to prepare the sample.  The regulation does not specify that only certain provisions of ASTM D2013-72, 86 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D2013-72, 86 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D2013-72, 86 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D2013-86 (1994) in its entirety.

**160.          ASTM D2724 1987 (1995):**

o   Defendant identifies 49 C.F.R. § 238, Appendix B (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D 2724-87 into Appendix B.  While the regulation incorporates ASTM D 2724-87, not the 1995 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Appendix B requires that "surface flammability and smoke emission characteristics shall be demonstrated to be permanent by dry-cleaning, if appropriate, according to ASTM D 2724–87." 49 C.F.R. § 238, App. B n.7.  The regulation does not specify that only certain provisions of ASTM D 2724-87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D 2724-87 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard

incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D 2724-87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D 2724-87 (1995) in its entirety.

**161.**       **ASTM D3173 1987 (1996):**

o  Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3173-73, 87 for appendix A: Method 19, Section 12.5.2.1.3.   While the regulation incorporates ASTM D3173-73, 87, not the 1996 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Appendix A: Method 19, Section 12.5.2.1.3 requires that when determining moisture content in the context of determining overall reduction in sulfur dioxide emissions, entities shall use ASTM D3173-73, 87.  The regulation does not specify that only certain provisions of ASTM D3173-73, 87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3173-73, 87 are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs

heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3173-73, 87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D3173-87 (1996) in its entirety.

**162.**          **ASTM D3178 1989 (1997):**

o   Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3178-73, 79, 89 for § 60.45(f)(5)(i).  While the regulation incorporates ASTM D3178-73, 79, 89, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 60.45(f)(5) provides that an owner or operator "may use" the specified equation "to determine an F factor . . . or Fc factor . . . in lieu of the F or Fc factors specific in paragraph (f)(4) of this section.  Section 60.45(f)(5)(i) pertains to the specified equation and provides that the weight of certain elements "as determined . . . using ASTM D3178."  The regulation does not specify that only certain provisions of ASTM D3178-73, 79, 89 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3178-73, 79, 89 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of the law informing the public obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's

understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3178-73, 79, 89 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce the text of ASTM D3178-89 (1997) in its entirety.

**163.       ASTM D3236 1988 (1999):**

o Defendant identifies 21 C.F.R. § 177.1520 (2013) as the incorporating by reference regulation, *see* Becker Decl.  ¶  57 , Ex. 90 at 18, which incorporates ASTM D3236-88.  While the regulation incorporates ASTM D3236-88, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 177.1520(b) states that "basic olefin polymers identified in paragraph (a) of this section may contain optional adjuvant substances required in the production of such basic olefin polymers" and that those "optional adjuvant substances" "may include substances permitted for such use by applicable regulations in parts 170 through 189 of this chapter, substances generally recognized as safe in food and food packaging, substances used in accordance with a prior sanction or approval, and" several other instances, including "Petroleum hydrocarbon resins (cyclopentadiene-type), hydrogenated (CAS Reg. No. 68132–00–3)" that has, among other qualities, "a minimum viscosity of 3,000 centipoise, measured at 160°C, as determined by ASTM Method D 3236–88."  The regulation does not specify that only certain provisions of ASTM D3236-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3236-88 are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's

"attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3236-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM D3236-88 (1999) in its entirety.

**164.        ASTM D3697 1992 (1996):**

o   Defendant identifies 21 C.F.R. § 165.110 (2015) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D3697-92.  While the regulation incorporates ASTM D3697-92, not the 1996 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 165.110 requires that "Analyses to determine compliance with the requirements of paragraph (b)(4)(iii)(A) of this section shall be conducted in accordance with an applicable method and applicable revisions to the methods listed in paragraphs (b)(4)(iii)(E)(1)," which includes the requirement that "Antimony shall be measured using," in part, ASTM D3697-92.  21 C.F.R. § 165.110 (b)(4)(iii)(E) – (E)(1)(iv).  The regulation does not specify that only certain provisions of ASTM D3697-92 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D3697-92 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM D3697-92 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM D3697-92 (1996) in its entirety.

**165.**          **ASTM D5373 1993 (1997):**

o   Defendant identifies 40 C.F.R. § 75.6 (2004) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D5373-93 for Appendix G of this part.  While the regulation incorporates ASTM D5373-93, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 75.6, Appendix G provides procedures that "may be used" to estimate CO2 emissions from combustion and specifies that the procedure for determining the carbon content of each fuel sample, which can be done using one of two different standards, one of which is ASTM D5373-93.  40 C.F.R. § 75.6, App. G, 2.1.2.  The regulation does not specify that only certain provisions of ASTM D5373-93 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D5373-93 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and

facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM D5373-93 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce the text of ASTM D5373-93 (1997) in its entirety.

**166.**        **ASTM D611 1982 (1998):**

o   Defendant identifies 21 C.F.R. § 176.170 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D611 1982. While the regulation incorporates ASTM D611 1982, not the 1998 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 176.170 identifies substances that may be "safely used as components of the uncoated or coated food-contact surface of paper and paperboard intended for use in producing, manufacturing, packaging, processing, preparing, treating, packing, transporting, or holding aqueous and fatty foods, subject to the provisions of this section." Included among the permissible substances is "Aromatic petroleum hydrocarbon resin, hydrogenated (CAS Reg. No. 88526–47–0)," so long as it meets certain qualities, including that it has "aniline point 70°C (158°F) minimum, as

determined by ASTM Method D 611–82." The regulation does not specify that only certain provisions of ASTM D611 1982 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D611 1982 are relevant for compliance with the regulation.

o  First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM D611 1982 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion: Defendant may fairly reproduce the text of ASTM D611 1982 (1998) in its entirety.

**167.**          **ASTM D814 (1995):**

o  Defendant identifies 40 C.F.R. § 1051.810 (2007) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM D814-95 (reapproved 2000) for section 1051.245. While the regulation incorporates ASTM D814-95 (reapproved 2000), not the 1995 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 1051.245(3) – (3)(1) states that "[y]ou may demonstrate for certification that

your engine family complies with the evaporative emission standards by demonstrating that you use" certain control standards, including that for a "metal fuel tank with no nonmetal gaskets or with gaskets made from a low-permeability material," you "may design-certify with a tank emission level of . . . 1.5/g/m2/day. A "low-permeability material" is defined as permeability of "10 g/m2/day or less according to ASTM D 814-95." 40 C.F.R. § 1051.245, Table 1, n.1. The regulation does not specify that only certain provisions of ASTM D814-95 (reapproved 2000) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM D814-95 (reapproved 2000) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM D814-95 (reapproved 2000) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce the text of ASTM D814 (1995) in its entirety.

**168.          ASTM E283 1991 (1999):**

o   Defendant identifies 10 C.F.R. § 434.701 (2012) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E283-91

Page **141** of **187**

for section 434.402.2.  While the regulation incorporates ASTM E283-91, not the 1999 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 434.402.2, in conjunction with section 434.701, lists ASTM E283-91 as the reference procedure for certain specifications also provided by Table 434.402.2.1.  The regulation does not specify that only certain provisions of ASTM E283-91 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E283-91 are relevant for compliance with the regulation.

o First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E283-91 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion:  Defendant may fairly reproduce the text of ASTM E283-91 (1999) in its entirety.

**169.**          **ASTM E408 (1971):**

o Defendant identifies 16 C.F.R. § 460.5 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E 408-71

(Reapproved 2002). While the regulation incorporates ASTM E 408-71 (Reapproved 2002), not the 1971 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 460.5(b) requires that "Single sheet systems of aluminum foil must be tested with ASTM E 408–71 (Reapproved 2002), ''Standard Test Methods for Total Normal Emittance of Surfaces Using Inspection-Meter Techniques,'' or ASTM C 1371–04a, 'Standard Test Method for Determination of Emittance of Materials Near Room Temperature Using Portable Emissometers.''" The regulation does not specify that only certain provisions of ASTM E 408-71 (Reapproved 2002) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E 408-71 (Reapproved 2002) are relevant for compliance with the regulation.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o   Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM E 408-71 (Reapproved 2002) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Defendant may fairly reproduce the text of ASTM E 408 (1971) in its entirety.

170.          **ASTM E711 1987 (1992):**

o   Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E711-87 (Reapproved 2004) for table 6 to subpart DDDDD of this part and table 5 to subpart

JJJJJJ of this part.  While the regulation incorporates ASTM E711-87 (Reapproved 2004), not the 1992 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources.  However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator."  Table 6 goes on to require that you "must" determine the heat content of selected metals and hydrogen chloride using ASTM E711-87.  Similarly, Table 5 to subpart JJJJJJ requires that "you must comply with the following requirements for fuel analysis testing for affected sources."  Table 5 goes on to require that you "must" determine heat content of the fuel type when conducting a fuel analysis for mercury by using ASTM E711-87 for biomass.  The regulation does not specify that only certain provisions of ASTM E711-87 (Reapproved 2004) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E711-87 (Reapproved 2004) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E711-87 (Reapproved 2004) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM E711-87 (1992) in its entirety.

171.            **ASTM E776 1987 (1992):**

o Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E776-87 (Reapproved 2009) for table 6 to subpart DDDDD of this part. While the regulation incorporates ASTM E776-87 (Reapproved 2009), not the 1992 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources. However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator." Table 6 goes on to require that you "must" measure chlorine concentration in fuel samples when conducting a fuel analysis of hydrogen chloride using ASTM E776-87 (1996) for biomass. The regulation does not specify that only certain provisions of ASTM E776-87 1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E776-87 (1996) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM E776-87 (Reapproved 2009) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM E776-87 (1992)

172.                    **ASTM E885 (1988):**

o   Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM E885-88 (Reapproved 1996) for table 6 to subpart DDDDD of this part 63.  While the regulation incorporates ASTM E885-88 (Reapproved 1996), not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 6 to subpart DDDDD requires that "you must comply with the following requirements for fuel analysis testing for existing, new or reconstructed affected sources.  However, equivalent methods may be used in lieu of the prescribed methods at the discretion of the source owner or operator."  Table 6 goes on to require that you "must" measure total selected metals concentration in fuel samples when conducting a fuel analysis by using ASTM E885-88 (1996) for biomass.  The regulation does not specify that only certain provisions of ASTM E885-88 (Reapproved 1996) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM E885-88 (Reapproved 1996) are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM E885-88 (Reapproved 1996) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM E885 (1988) in its

entirety.

173.            **ASTM F1006 1986 (1997):**

o   Defendant identifies 46 C.F.R. § 56.01-1 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1006-86 for § 56.60-1.  While the regulation incorporates ASTM F1006-86, not the 1997 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 56.01-1(b) provides standards applicable to piping systems, including ASTM F1006 as providing applicable guidance on "Pipe Line Expansion Joints of the Packed Slip Type for Marine Applications."  Footnote 4 to that table further states that because ASTM F1006 "offers the option of several materials, some of which are not generally acceptable to the Coast Guard, compliance with the standard does not necessarily indicate compliance with these regulations. The marking on the component or the manufacturer or mill certificate must indicate the material specification and/or grade as necessary to fully identify the materials used. The material used must comply with the requirements in this subchapter relating to the particular application."  The regulation does not specify that only certain provisions of ASTM F1006-86 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1006-86 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1006-86 are incorporated into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly

**Page 147 of 187**

reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F1006-86 (1997) in its entirety.

**174.      ASTM F1121 1987 (1998):**

o Defendant identifies 46 C.F.R. § 193.01-3 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1121-87 (Reapproved 2010) for § 193.10–10. While the regulation incorporates ASTM F1121-87 (Reapproved 2010), not the 1998 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 193.10–10(c) requires that "Vessels of 500 gross tons and over on an international voyage, must be provided with at least one international shore connection complying with ASTM F 1121." The regulation does not specify that only certain provisions of ASTM F1121-87 (Reapproved 2010) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1121-87 (Reapproved 2010) are relevant for compliance with the regulation.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM F1121-87 (Reapproved 2010) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1121-87 (1998) in its entirety.

**175.**        **ASTM F1122 1987 (1998):**

- o  Defendant identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 5 7, Ex. 90 at 18, which incorporates ASTM F1122-87 (Reapproved 1992) for § 154.500(d).  While the regulation incorporates ASTM F1122-87 (Reapproved 1992), not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Section 154.500(d) requires that specified hose assemblies "must either have" full threaded connections, flanges that meet ANSI B16.5 or ANSI B16.24, or quick-disconnect couplings that meet ASTM F1122.  The regulation does not specify that only certain provisions of ASTM F1122-87 (Reapproved 1992) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1122-87 (Reapproved 1992) are relevant for compliance with the regulation.

- o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1122-87 (Reapproved 1992) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact

**Page 149 of 187**

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM F1122-87 (1998) in its entirety.

176.         **ASTM F1123 1987 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1123-87 for § 56.60-1.  While the regulation incorporates ASTM F1123-87, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Table 56.60–1(a) identifies the acceptable pipe, tubing, and fitting specifications intended for piping system use.  Materials used in piping systems must be selected from the specifications which appear in Table 56.60–1(a) of this section or Table 56.60–2(a) of this part, or they may be selected from the material specifications of section I, III, or VIII of the ASME Code if not prohibited by a regulation of this subchapter dealing with the particular section of the ASME Code.  The regulation does not specify that only certain provisions of ASTM F1123-87 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1123-87 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1123-87 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact

on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1123-87 (1998) in its entirety.

**177.          ASTM F1139 1988 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1139-88 for § 56.60-1.  While the regulation incorporates ASTM F1139-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1139-88 for Steam Traps and Drains.  The regulation does not specify that only certain provisions of ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1139-88 are relevant for compliance with the regulation.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–

36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1139-88 (1998) in its entirety.

**178.        ASTM F1172 1988 (1998):**

- o Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1172-88 for § 56.60-1.  While the regulation incorporates ASTM F1172-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1172-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1139-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1139-88 are relevant for compliance with the regulation.

- o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

- o <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

- o <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1172-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

- o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o   <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F1172-88 (1998) in its entirety.

179.        **ASTM F1199 1988 (1998):**

- o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1199-88 for § 56.60-1.  While the regulation incorporates ASTM F1199-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

  Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1199-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1199-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1199-88 are relevant for compliance with the regulation.

- o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

- o   <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

- o   <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1199-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

- o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o   <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F1199-88 (1998) in its

entirety.

180.        **ASTM F1200 1988 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference
    regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1200-
    88 for § 56.60-1.  While the regulation incorporates ASTM F1200-88, not the 1998
    version that Defendant published, the text of the two standards is identical.  *See* Pls.
    2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10
    (citing Def. 2d SMF ¶ 84).

    Components made in accordance with the commercial standards listed in Table 56.60–
    1(b) and made of materials complying with paragraph (a) this section may be used in
    piping systems within the limitations of the standards and within any further limitations
    specified in this subchapter.  Among those standards listed is ASTM F1200-88 for fuel
    oil meters of the volumetric positive displacement type.  The regulation does not
    specify that only certain provisions of ASTM F1200-88 are incorporated by reference
    into law, nor does it indicate which specific provisions of ASTM F1200-88 are relevant
    for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing
    this standard; Defendant's apparent purpose is to inform the public about the law and
    facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's
    "attempt to freely distribute standards incorporated by reference into law qualifie[s] as
    a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See
    also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard
    incorporated by reference for purposes of informing the public about the law obviously
    has great value.") (emphasis added).  Further, the incorporated standard provides
    information essential for a private entity to comprehend its legal duties, which weighs
    heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright
    protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical
    to text that was incorporated into law without limitation, such that "the consequence of
    the incorporation by reference is virtually indistinguishable from a situation in which
    the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor
    weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions
    of the text in ASTM F1200-88 are incorporated by reference into law, nor does it
    indicate which specific provisions of the standard are relevant for regulatory
    compliance, suggesting that "a greater amount of the standard's text might be fairly
    reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact
    on the potential market for the originals," nor have Plaintiffs shown by a preponderance
    of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–
    36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM F1200-88 (1998) in its
    entirety.

181.                    **ASTM F1201 1988 (1998):**

o   Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F1201-88 for § 56.60-1.  While the regulation incorporates ASTM F1201-88, not the 1998 version that Defendant published, the text of the two standards is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

   Components made in accordance with the commercial standards listed in Table 56.60–1(b) and made of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter.  Among those standards listed is ASTM F1201-88 for fuel oil meters of the volumetric positive displacement type.  The regulation does not specify that only certain provisions of ASTM F1201-88 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F1201-88 are relevant for compliance with the regulation.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added).  Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction.  *See id.* at 450.

o   Second Factor:  The "express text of the law falls plainly outside the realm of copyright protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law."  *Id.* at 452.  Accordingly, "this factor weighs heavily in favor of fair use."  *Id.*

o   Third Factor:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F1201-88 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced."  *Id.*

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Defendant may fairly reproduce the text of ASTM F1201-88 (1998) in its entirety.

182.                    **ASTM F462 1979 (1999):**

o  Defendant identifies 24 C.F.R. § (Parts 200 to 499) (2005) as the incorporating by
   reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM
   F462-79 for 24 C.F.R. § Part 200, Subpart S. While the regulation incorporates ASTM
   F462-79, not the 1999 version that Defendant published, the text of the two standards
   is identical.  *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no
   objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).  The regulation does not specify
   that only certain provisions of ASTM F462-79 are incorporated by reference into law,
   nor does it indicate which specific provisions of ASTM F462-79 are relevant for
   compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing
   this standard; Defendant's apparent purpose is to inform the public about the law and
   facilitate public debate.  *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16.  Defendant's
   "attempt to freely distribute standards incorporated by reference into law qualifie[s] as
   a use that further[s] the purposes of the fair use defense."  *ASTM*, 896 F.3d at 449.  *See
   also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard
   incorporated by reference for purposes of informing the public about the law obviously
   has great value.") (emphasis added).  However, the court finds that the incorporated
   standard does not provide information essential for a private entity to comprehend its
   legal duties, but rather is incorporated as a reference procedure.  Accordingly, "while
   knowing the content of this incorporated standard might help inform one's
   understanding of the law," it "is not essential to complying with any legal duty," and
   thus, Defendant's use is less transformative and "its wholesale copying, in turn, less
   justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright
   protection."  *ASTM*, 896 F.3d at 451.  Here, the text published by Defendant is identical
   to text that was incorporated into law without limitation, such that "the consequence of
   the incorporation by reference is virtually indistinguishable from a situation in which
   the standard had been expressly copied into law." *Id.* at 452.  Accordingly, "this factor
   weighs heavily in favor of fair use."  *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions
   of the text in ASTM F462-79 are incorporated by reference into law, nor does it indicate
   which specific provisions of the standard are relevant for regulatory compliance,
   suggesting that "a greater amount of the standard's text might be fairly reproduced."
   *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact
   on the potential market for the originals," nor have Plaintiffs shown by a preponderance
   of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–
   36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F462-79 (1999) in its
   entirety.

183.                    **ASTM F478 1992 (1999):**

o  Defendant identifies 29 C.F.R. § 1910.137 (2012) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F478-92. While the regulation incorporates ASTM F478-92, not the 1999 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84). Section 1910.137 (2012) lists ASTM F478-92 as one of several industry standards containing a test method that meets the requirements of § 1910.137(b)(2)(viii) and (b)(2)(ix). The regulation does not specify that only certain provisions of ASTM F478-92 are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F478-92 are relevant for compliance with the regulation.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). However, the court finds that the incorporated standard does not provide information essential for a private entity to comprehend its legal duties, but rather is incorporated as a reference procedure. Accordingly, "while knowing the content of this incorporated standard might help inform one's understanding of the law," it "is not essential to complying with any legal duty," and thus, Defendant's use is less transformative and "its wholesale copying, in turn, less justified." *ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>: The incorporating regulation does not specify that only certain provisions of the text in ASTM F478-92 are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Defendant may fairly reproduce the text of ASTM F478-92 (1999) in its entirety.

**184.**          **ASTM F682 1982a (1988):**

o  Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference

regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM 682-82a for § 56.60-1. While the regulation incorporates ASTM 682-82a, not the 1988 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Components made in accordance with the commercial standards listed in Table 56.60–1(b) and of materials complying with paragraph (a) this section may be used in piping systems within the limitations of the standards and within any further limitations specified in this subchapter. Among those standards listed is ASTM 682-82a for fuel oil meters of the volumetric positive displacement type. The regulation does not specify that only certain provisions of ASTM 682-82a are incorporated by reference into law, nor does it indicate which specific provisions of ASTM 682-82a are relevant for compliance with the regulation.

o First Factor: There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o Second Factor: The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o Third Factor: The incorporating regulation does not specify that only certain provisions of the text in ASTM 682-82a are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o Conclusion: Defendant may fairly reproduce the text of ASTM 682-82a (1988) in its entirety.

**185.         ASTM F722 1982 (1988):**

o Defendant identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90 at 18, which incorporates ASTM F722-82

(Reapproved 2008) for Appendix A, 8.4, 8.6 to part 154. While the regulation incorporates ASTM F722-82 (Reapproved 2008), not the 1998 version that Defendant published, the text of the two standards is identical. *See* Pls. 2d SMF ¶ 35; Def. Statement of Disputed Facts at ¶ 35 (no objection); Def. Mot. at 10 (citing Def. 2d SMF ¶ 84).

Section 8.4 requires that "Threaded or flanged pipe connections shall comply with the applicable B16 standards in ASTM F 1155 (incorporated by reference, see §154.106). Welded joints shall comply with ASTM F 722." Section 8.6 provides that where "welded construction is used for pressure retaining components, welded joint design details, welding and non-destructive testing shall be in accordance with Section VIII, Division 1, of the ASME Code and ASTM F 722. The regulation does not specify that only certain provisions of ASTM F722-82 (Reapproved 2008) are incorporated by reference into law, nor does it indicate which specific provisions of ASTM F722-82 (Reapproved 2008) are relevant for compliance with the regulation.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard; Defendant's apparent purpose is to inform the public about the law and facilitate public debate. *See ASTM*, 896 F.3d at 449; Def's 2d Mot. at 16. Defendant's "attempt to freely distribute standards incorporated by reference into law qualifie[s] as a use that further[s] the purposes of the fair use defense." *ASTM*, 896 F.3d at 449. *See also id.* at 451 ("Faithfully reproducing the *relevant text* of a technical standard incorporated by reference for purposes of informing the public about the law obviously has great value.") (emphasis added). Further, the incorporated standard provides information essential for a private entity to comprehend its legal duties, which weighs heavily in favor of permitting Defendant's reproduction. *See id.* at 450.

o  <u>Second Factor</u>:  The "express text of the law falls plainly outside the realm of copyright protection." *ASTM*, 896 F.3d at 451. Here, the text published by Defendant is identical to text that was incorporated into law without limitation, such that "the consequence of the incorporation by reference is virtually indistinguishable from a situation in which the standard had been expressly copied into law." *Id.* at 452. Accordingly, "this factor weighs heavily in favor of fair use." *Id.*

o  <u>Third Factor</u>:  The incorporating regulation does not specify that only certain provisions of the text in ASTM F722-82 (Reapproved 2008) are incorporated by reference into law, nor does it indicate which specific provisions of the standard are relevant for regulatory compliance, suggesting that "a greater amount of the standard's text might be fairly reproduced." *Id.*

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Defendant may fairly reproduce the text of ASTM F722-82 (1988) in its entirety.

### III. GROUP 3: STANDARDS THAT DEFENDANT HAS NOT SHOWN TO BE INCORPORATED BY REFERENCE INTO LAW.

186.         **ASTM C518 (1991):**

o   The parties identify 10 C.F.R. § 443.105 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176. That regulation, however, states explicitly that "procedures in this subpart," including ASTM C518, "are not incorporated by reference. These sources are given here for information and guidance." 10 C.F.R. § 431.105(d)(1), (d)(2)(i). The regulation does not indicate that any provision of ASTM C518 (1991) are relevant for compliance with the law. Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

187.         **ASTM A36 (1977a$^c$):**

o   Defendant identifies 24 C.F.R. § 200 (2005) as the incorporating by reference regulation. *See* Becker Decl. ¶ 57, Ex. 90 at 5. The incorporating language in that regulation, however, references only ASTM A36 (1977a), and not the revised version ASTM A36 (1977a$^c$) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this

specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**188.**          **ASTM A36/A36M (1997a$^{e1}$):**

o  Defendant identifies 46 C.F.R. § 56.01-2 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 5. The incorporating language in that regulation, however, references only ASTM A36/A36M (1997a), and not the revised version ASTM A36/A36M (1997a$^{e1}$) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see Def. 2d Mot.* at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been

incorporated by reference into law.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of 'copyright's protective purposes.'" *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**189.          ASTM A307 (1978ᵉ):**

o Defendant identifies 24 C.F.R. § 200 (Parts 200 to 499) (2005), as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 3. The incorporating language in that regulation, however, references only ASTM A307 (1978), not the revised 1978ᵉ version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law,

Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**190.**            **ASTM A370 (1997 $^{e2}$):**

o Defendant identifies 56.01-1 (1997) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 7.  The incorporating language in that regulation, however, references only ASTM A370 (1997), and not the revised version ASTM A370 (1997 $^{e2}$) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used[']  . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**191.**        **ASTM A475-78 (1984$^{e1}$):**

o   Defendant identifies 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 10  The incorporating language in that regulation, however, references only ASTM A476-78, not the revised version ASTM A475-78 (1984$^{e1}$) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used[']  . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

**Page 164 of 187**

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**192.**          **ASTM B224 (1980 [e1]):**

o   Defendant identifies 7 C.F.R. § 1755.370(b) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 24.  The incorporating language in that regulation, however, references only ASTM B224 (1980), and not the revised version ASTM B224 (1980 [e1]) that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

193.                    **ASTM C150 (1999a):**

- o Defendant identifies 30 C.F.R. § 250.901 as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 31. The incorporating language in that regulation, however, references only ASTM C150 (1999), and not the revised version ASTM C150 (1999a) that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

- o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

- o <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

194.                    **ASTM C177 (1997):**

- o The parties identify 10 C.F.R. § 431.105 (2010) as the incorporating by reference regulation, *see* Becker Decl. ¶ 57, Ex. 90; Wise Decl., Ex. 176. That regulation, however, states explicitly that "procedures in this subpart," including ASTM C177, "are not incorporated by reference. These sources are given here for information and guidance." 10 C.F.R. § 431.105(d)(1), (d)(2)(ii). The regulation does not indicate that

any provision of ASTM C177 (1997) are relevant for compliance with the law. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o <u>First Factor</u>: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o <u>Second Factor</u>: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o <u>Third Factor</u>: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o <u>Fourth Factor</u>: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o <u>Conclusion</u>: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**195.**          **ASTM C236 1989 (1993)[e1]:**

o Defendant identifies 10 C.F.R. § 434.701 (2012) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 32. The incorporating language in that regulation, however, references only ASTM c236-89 (Reapproved 1993), and not the revised (1993)[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has

highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**196.      ASTM C516 1980 (1996)$^{e1}$:**

o  Defendant identifies 24 C.F.R. (Parts 200 to 499) (2005) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 34. The incorporating language in that regulation, however, references only ASTM C516-80, and not the revised (1996)$^{e1}$ version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and

facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**197.    ASTM C549 1981 (1995)[e1]:**

o  Defendant identifies 24 C.FR. § 200, Appendix A (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 35. The incorporating language in that regulation, however, references only ASTM C 549-81 Standard Specification for Perlite Loose Fill Insulation (Reapproved 1986), and not the revised (1995)[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer

edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:   The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:   Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:   Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

198.          **ASTM D1246 1995 (1999):**

o   Defendant identifies 40 C.F.R. § 136.3(a) Table IB (2003) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 38. The incorporating language in that regulation, however, references only ASTM D1246-95(C), and not the revised (1999) version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:   There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:   Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:   The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to

the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**199.        ASTM D1518 1985 (1998)[e1]:**

o   Defendant identifies 46 C.F.R. § 160.174-3 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 43.  The incorporating language in that regulation, however, references only ASTM D 1518-85 (1990), and not the revised (1998)[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance

of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**200.** **ASTM D1785 (1986):**

- o Defendant identifies 46 C.F.R. § 56.01-2 (1997) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 46. The incorporating language in that regulation, however, references only ASTM D 1785-83, and not the 1986 version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

- o Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o Third Factor: The Supreme Court has characterized the relevant inquiry as whether ""the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

201.            **ASTM D1946 1990 (1994)[e1]:**

- o Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 49. The incorporating language in that regulation, however, references only ASTM D1946-90 (Reapproved 2006), and not the 1994[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

- o First Factor: There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

- o Second Factor: Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o Third Factor: The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o Fourth Factor: Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o Conclusion: Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

202.            **ASTM D4239 1997[e1]:**

- o Defendant identifies 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 69. The incorporating language in that regulation, however, references only ASTM D4239-85, 94, 97, and not the revised 1997[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does

not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**203.**          **ASTM D4891 1989 (1994)$^{e1}$:**

o   Defendant identifies 40 C.F.R. § 75.6 (2010) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 72.  The incorporating language in that regulation, however, references only ASTM D4891-89 (Reapproved 2006), and not the (1994)$^{e1}$ version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510

U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**204.**        **ASTM D5489 (1996a):**

o  Defendant identifies 16 C.F.R. § 423.8 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 74.  The incorporating language in that regulation, however, references only ASTM D5489-96c, and not the 1996a version that PRO published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.

Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

205.            **ASTM D5865 (1998a):**

o   Defendant identifies 40 C.F.R. § 60.17 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 75.  The incorporating language in that regulation, however, references only ASTM D5865-98, and not the 1998a version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been

incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**206.**          **ASTM D665 (1998[e1]):**

o  Defendant identifies 46 C.F.R. § 61.03-1 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 78.  The incorporating language in that regulation, however, references only ASTM D665-98, and not the revised 1998[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at

452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

207.         **ASTM D975 1998b:**

o  Defendant identifies 41 C.F.R. § 60.17 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 80.  The incorporating language in that regulation, however, references only ASTM D975-78, 96, 98a, and not the 1998b version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly

copy and republish this standard.

**208.**                    **ASTM D975 2007:**

o   Defendant identifies 40 C.F.R. § 1065.1010 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 80.  The incorporating language in that regulation, however, references only ASTM D975-07b, and not the 2007 version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**209.**                    **ASTM E145 (1994)^e1:**

o   Defendant identifies 40 C.F.R. § 63.14 (2011) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 82.  The incorporating language in that regulation, however, references only ASTM E145-94 (Reapproved 2001), and not the (1994)^e1 version that Defendant published.  Defendant concedes that it posted editions

of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard). Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law. *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative. *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451. Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection. Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)). Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law. *See ASTM*, 896 F.3d at 452. Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**210.          ASTM E695 1979 (1997)[e1]:**

o   Defendant identifies 24 C.F.R. (Parts 200 to 499) (2005) as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 90. The incorporating language in that regulation, however, references only ASTM E695-79 (Reapproved 1991), and not the 1997[e1] version that Defendant published. Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law. *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this

standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o **First Factor**:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o **Second Factor**:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o **Third Factor**:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o **Fourth Factor**:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o **Conclusion**:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**211.**          **ASTM F1007 1986 (1996)[e1]:**

o Defendant identifies 46 C.F.R. § 56.01-2 (2004) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 96.  The incorporating language in that regulation, however, references only ASTM F1007-86 (1996), and not the 1996[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o **First Factor**:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather

than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o  Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o  Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o  Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**212.**          **ASTM F1020 1986 (1996)[e1]:**

o  Defendant identifies 46 C.F.R. § 56.012 as the incorporating by reference regulation. Becker Decl. ¶ 57, Ex. 90 at 97.  The incorporating language in that regulation, however, references only ASTM F1020 1986 (1996), and not the 1996[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o  First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o  Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of

copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm." Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**213.**          **ASTM F1193 (2006):**

o   Defendant identifies 40 C.F.R. § 799.5087 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 101.  The incorporating language in that regulation, however, references only ASTM E1193-97 (Reapproved 2004), and not the 2006 version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes." *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of

a different version that has not been incorporated into law.   *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**214.**          **ASTM F1271 1990 (1995)[e1]:**

o   Defendant identifies 46 C.F.R. § 39.10-5 (2009) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 104.  The incorporating language in that regulation, however, references only ASTM F1271-90 (1995), and not the 1995[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  Underline: Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**215.**            **ASTM F1273 1991 (1996)[e1]:**

- o  <u>Defendant</u> identifies 33 C.F.R. § 154.106 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 105.  The incorporating language in that regulation, however, references only ASTM F1273-91 (Reapproved 2007), and not the 1996[e1] version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and it has not shown that this standard has been incorporated by reference into law.

- o  <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449.  Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

- o  <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

- o  <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

- o  <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

- o  <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

**216.**            **ASTM F808 1983 (1988)[e1]:**

- o  <u>Defendant</u> identifies 33 C.F.R. § 154.106 (1999) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 114.  The incorporating language in that regulation, however, references only ASTM F808-83 (1988), and not the (1988)[e1] version that Defendant published.  Defendant concedes that it posted editions of

standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   <u>First Factor</u>:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   <u>Second Factor</u>:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   <u>Third Factor</u>:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   <u>Fourth Factor</u>:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   <u>Conclusion</u>:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.

217.        **ASTM G154 (2000a):**

o   Defendant identifies 49 C.F.R. § 571.5 (2014) as the incorporating by reference regulation.  Becker Decl. ¶ 57, Ex. 90 at 115.  The incorporating language in that regulation, however, references only ASTM G154-00, and not the 2000a version that Defendant published.  Defendant concedes that it posted editions of standards that have not been incorporated into law, *see* Def. 2d Mot. at 9-10, and it does not respond to Plaintiffs' argument that Defendant has not shown this specific standard has been incorporated into law.  *See* Wise Decl., Ex. 176 at n.2 ("Where the ASTM standard referenced in the quoted C.F.R. language differs from the version of the ASTM standard that PRO reproduced and displayed, ASTM has highlighted and bolded that language."); *id.* (highlighting and bolding text of this standard).  Defendant bears the

**Page 186 of 187**

burden of demonstrating its affirmative fair use defense, *see Campbell*, 510 U.S. at 590, and here, it has not shown that this standard has been incorporated by reference into law.

o   First Factor:  There is no indication that Defendant stands to profit from republishing this standard, but Defendant's stated purpose—to inform the public about the law and facilitate public debate—is not significantly furthered by publishing this standard rather than one that has been incorporated by reference into law.  *See ASTM*, 896 F.3d at 449. Further, because the standard has not been incorporated by reference into law, Defendant's use is less transformative.  *See ASTM*, 896 F.3d at 450.

o   Second Factor:  Standards incorporated by reference into law "are, at best, at the outer edge of "copyright's protective purposes."  *ASTM*, 896 F.3d at 451.  Standards not incorporated into law, though factual works, fall more squarely within the realm of copyright protection.  Here, Defendant has not shown that this standard has been incorporated into law and so this factor also counsels against Defendant's fair use.

o   Third Factor:  The Supreme Court has characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] . . . are reasonable in relation to the purpose of the copying."  *Campbell*, 510 U.S. at 586–87 (quoting 17 U.S.C. § 107(3)).  Incorporating one standard by reference does not justify posting provisions of a different version that has not been incorporated into law.  *See ASTM*, 896 F.3d at 452.  Instead, Defendant's purpose could be achieved with a paraphrase or summary.

o   Fourth Factor:  Defendant's reproductions have not had a "substantially adverse impact on the potential market for the originals," nor have Plaintiffs shown by a preponderance of the evidence that there is a meaningful likelihood of future harm."  Memo Op. at 30–36 (internal quotation and citation marks omitted).

o   Conclusion:  Under the presented facts, which are undisputed, Defendant may not fairly copy and republish this standard.


Date:  March 31, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge