**NOT YET SCHEDULED FOR ORAL ARGUMENT**
**Appeal No. 22-7063**

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN SOCIETY FOR TESTING AND MATERIALS; NATIONAL FIRE
PROTECTION ASSOCIATION, INC.; AMERICAN SOCIETY OF HEATING,
REFRIGERATING, AND AIR-CONDITIONING ENGINEERS, INC.

*Plaintiffs-Appellants,*

V.

PUBLIC.RESOURCE.ORG, INC.

*Defendant-Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
Hon. Tanya S. Chutkan, Case No. 1:13-cv-1215-TSC

**BRIEF OF AMERICAN FEDERATION OF STATE, COUNTY AND
MUNICIPAL EMPLOYEES AS *AMICUS CURIAE* IN SUPPORT OF
DEFENDANT-APPELLEE AND AFFIRMANCE**

Nina Srejovic
Rebecca Chambers
Nina.Srejovic@georgetown.edu
Rkc47@georgetown.edu
Intellectual Prop. and Info. Policy
Clinic
Georgetown Univ. Law Center
500 First St. NW,
Washington, D.C. 20001
Phone: (202) 429-1000

Teague Paterson
Kyle Campbell
TPaterson@afscme.org
KCampbell@afscme.org
American Federation of State, County
and Municipal Employees
1625 L St. NW.,
Washington, D.C. 20036
Phone: (334) 470-6543

*Attorneys for Amicus Curiae American Federation of State, County and Municipal
Employees*

December 9, 2022

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES**

Pursuant to D.C. Circuit Rule 28(a)(1), *Amicus Curiae* certifies as follows:

**A. Parties and Amici**

Except for the following, all parties, intervenors, and *amici* appearing before the district court and this court are listed in the BRIEF OF APPELLEE PUBLIC.RESOURCE.ORG, INC:

- Prime Access Consulting, Inc.
- Raymond A. Mosley and Robert C. Tapella

**B. Rulings Under Review**

The rulings under review are as follows:

- Order, Dkt. 240 (Chutkan, J.), filed on March 31, 2022, by the U.S. District Court for the District of Columbia in No. 13- cv-1215, for which no reported citation exists; and

- Memorandum Opinion, Dkt. 239 (Chutkan, J.), and the Appendix thereto, Dkt. 239-1 (Chutkan, J.), filed on March 31, 2022, by the U.S. District Court for the District of Columbia in No. 13- cv-1215, available at 2022 WL 971735.

**C. Related Cases**

This case was previously before this Court in No. 17-7035, American Society for Testing, et al. v. Public.Resource.Org, Inc.

Counsel are not aware of any other related cases before this Court.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rules 26.1 and 28(a)(1), *Amicus Curiae* American Federation of State, County and Municipal Employees (the "Union") submits the following:

The Union is an unincorporated membership association. No publicly held corporation owns 10 percent or more of the Union's stock.

## DISCLOSURE OF RELATIONSHIPS WITH PARTIES AND COUNSEL

Pursuant to Federal Rule of Appellate Procedure 29(c)(5), no counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of the brief. No person or entity, other than amicus, its members, or its counsel, made a monetary contribution to the preparation or submission of this brief.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES………..i

CORPORATE DISCLOSURE STATEMENT…………………..……………….iii

DISCLOSURE OF RELATIONSHIPS WITH PARTIES AND COUNSEL……..iv

TABLE OF CONTENTS……………………………………………………………..v

TABLE OF AUTHORITIES………………………………………………………vi

GLOSSARY OF ABBREVIATIONS………………………………………......ix

INTEREST OF AMICUS CURIAE…………………………………………..1

INTRODUCTION AND SUMMARY OF ARGUMENT……………...……….3

ARGUMENT…………………………………………………………………5

   I.   The Union and Its Members Require Unhindered Access to Incorporated

       Standards to Advocate and Negotiate for Safe Working Conditions………..5

   II.   The Union and Its Members Require Unhindered Access to Incorporated

       Standards to Perform Their Duties………..…………………………………8

   III.   Limitations Placed on Access to Standards in Reading Rooms Hinder the

       Ability of Union Members to Discover and Debate Those

       Standards……………………………………………………………………...10

CONCLUSION…………………………………………………………………...13

CERTIFICATE OF COMPLIANCE……………………………………….......14

CERTIFICATE OF SERVICE……………………………………………………15

ADDENDUM……………………………………………………………………..16

# TABLE OF AUTHORITIES

**CASES**

Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc., 896 F.3d 437, 449 (D.C. Cir. 2018)……………………………………………………..5, 8

**STATUTES AND RULES**

29 C.F.R. § 1910.6……………………………………………………………….8

29 U.S.C. § 658(c)……………………………………………………………….8

Fla. Admin. Code R. 69A-3.012 (2005)...............................................................6, 7

Fla. Stat. § 633.022(1)(a)-(b) (2005).......................................................................6

Rhode Island State Regulation SBC-5-2008…………………………………….9

**OTHER AUTHORITIES**

*ASTM Response to COVID-19*, ASTM, https://amcoe.org/covid-19/ (last visited Nov. 21, 2022)…………………………………………………………………….12

*ASTM Standards & COVID-19*, ASTM, https://www.astm.org/products-services/standards-and-publications/covid-19.html (last visited Nov. 21, 2022)…12

Brief of Amici Curiae Law Professors Nina Mendelson, Alan Morrison, Anne Joseph O'Connell, and Peter Strauss in Support of Respondent, *Georgia v. Public.Resource.Org. Inc.*, 590 US _, 17 (2020) (No. 18-1150)………………….......................................................................................1

*Buy NFPA 1 (2003), Fire Code*, NFPA, https://catalog.nfpa.org/NFPA-1-Fire-Code-P1593.aspx?icid=D729 (last visited Nov. 21, 2022)………………………...7

*Buy NFPA 101 (2003), Life Safety Code*, NFPA, https://catalog.nfpa.org/NFPA-101-Life-Safety-Code-P1220.aspx (last visited Nov. 21, 2022)…………………...7

*Buy NFPA 70 (2008), National Electric Code*, NFPA,
https://catalog.nfpa.org/NFPA-70-National-Electrical-Code-NEC-Softbound-P1194.aspx?icid=D729 (last visited Dec. 1, 2022)……………………………3, 10

*Free Access to NFPA 1 (2003)*, NFPA, https://link.nfpa.org/free-access/publications/1/2003 (last visited Nov. 21, 2022)…………………………12

*Information Sheet on NFPA 1*, NFPA, https://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards/detail?code=1&tab=research (last visited Dec. 1, 2022)…………………………………………………………………………..5

*Jobs We Do*, AFSCME, https://www.afscme.org/about/jobs-we-do (last visited Nov. 21, 2022)………………………………………………………1, 2, 6, 12

Kathleen Cancio, *Philadelphia Museum of Art Workers Begin Strike Over Unfair Labor Practices for Better Wages, Benefits*, AFSCME DISTRICT COUNCIL 20 (Sept. 27, 2022, 2:32 PM), https://www.districtcouncil20.org/council-20/news/philadelphia-museum-art-workers-begin-strike-over-unfair-labor-practices-better………………………………………………………………………1

NFPA 1 (2003), INTERNET ARCHIVE, https://archive.org/details/gov.law.nfpa.1.2003/Errata%20-%20nfpa.Errata1-03-1/ (last visited Nov. 21, 2022)………………………………..……...............5

NFPA 101, 23 (2003), INTERNET ARCHIVE, https://archive.org/details/gov.law.nfpa.101.2003/Errata%20-%20nfpa.Errata101-03-1/ (last visited Dec. 2, 2022)……………………………………………6

*NFPA 101, Life Safety Code*, NFPA, https://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards/detail?code=101 (last visited Nov. 21, 2022)…………………………………………………..6

*NFPA 70 (2008) Reading Room*, NFPA, https://link.nfpa.org/free-access/publications/70/2008 (last visited Nov. 21, 2022)…………………………4

NFPA 70 (2008), INTERNET ARCHIVE, https://archive.org/details/gov.law.nfpa.nec.2005/Errata%20-%20nfpa.Errata70-05-1/ (last visited Nov. 22, 2022)…………………………………………9, 11

*NFPA LiNK Plan Selection*, NFPA, https://link.nfpa.org/sign-up/plans?icid=W575 (last visited Nov. 21, 2022)……………………………………………………...7, 10, 11

*Our Priorities, Our Issues*, AFSCME, https://afscme.org/priorities/issues (last visited Nov. 21, 2022)……………………………………………………………...2

*The Station Nightclub Fire*, NFPA, https://www.nfpa.org/Public-Education/Staying-safe/Safety-in-living-and-entertainment-spaces/Nightclubs-assembly-occupancies/The-Station-nightclub-fire (last visited Dec. 1, 2022)…….8

*We Make UMD Happen*, AFSCME Local 1072, https://www.afscme1072.org/ (last visited Nov. 21, 2022)……………………………………………………...1

## GLOSSARY OF ABBREVIATIONS

| | |
|---|---|
| AFSCME | American Federation of State, County and Municipal Employees |
| ASHRAE | American Society of Heating, Refrigerating and Air Conditioning Engineers (the acronym appears in the title of the organization's documents) |
| ASME | American Society of Mechanical Engineers |
| ASTM | American Society for Testing and Materials (the acronym also appears in the title of the organization's documents) |
| NFPA | National Fire Protection Association (the acronym appears in the title of the organization's documents) |

## INTEREST OF *AMICUS CURIAE*

*Amicus curiae* is the American Federation of State, County and Municipal Employees (the "Union"), a labor organization representing the interests of government workers at many levels of government. The Union counts among its members museum workers, Kathleen Cancio, *Philadelphia Museum of Art Workers Begin Strike Over Unfair Labor Practices for Better Wages, Benefits*, AFSCME District Council 20 (Sept. 27, 2022, 2:32 PM), https://www.districtcouncil20.org/council-20/news/philadelphia-museum-art-workers-begin-strike-over-unfair-labor-practices-better, university employees, *We Make UMD Happen*, AFSCME Local 1072, https://www.afscme1072.org/ (last visited Nov. 21, 2022), environmental stewards, Brief of Amici Curiae Law Professors Nina Mendelson, Alan Morrison, Anne Joseph O'Connell, and Peter Strauss in Support of Respondent, *Georgia v. Public.Resource.Org. Inc.*, 590 US _, 17 (2020) (No. 18-1150), corrections officers, emergency services providers, healthcare workers, and public works providers, *Jobs We Do*, AFSCME, https://www.afscme.org/about/jobs-we-do (last visited Nov. 21, 2022). Union members "maintain our roads, care for the sick and elderly, make our schools good places to learn, keep our communities safe, and much more… [E]very member does the important work of our cities and towns, counties and states, schools, correctional,

health and public facilities that our communities depend on." *Jobs We Do*, AFSCME.

The Union has a strong interest in this case as many of its members' jobs require or benefit from access to the information contained in the incorporated standards at issue, and, as an *amicus curiae* representing the interests of a union, *amicus curiae* writes from a workers' rights perspective. Access to incorporated standards by Union members is necessary to debate, advocate for, and negotiate with management about safety standards and to understand their legal duties. Additionally, the Union takes a strong interest in ensuring quality public service for all, *Our Priorities, Our Issues*, AFSCME, https://afscme.org/priorities/issues (last visited Nov. 21, 2022), which requires ready access by both the Union and its members to those standards which have been incorporated into law.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Union members' lives depend on the safety of their workplaces and the safety of their workplaces depends on compliance with adequate standards incorporated into law. In addition, many Union members hold jobs whose duties are governed by codes and laws containing incorporated standards. Members depend on unhindered access, independent from management, to incorporated standards to debate and advocate for appropriate safety standards, to negotiate for compliance with safety standards, and to be informed of their duties under law.

Currently, standards development organizations impose barriers to complete access to the incorporated standards that govern workers' safety and jobs. For example, a copy of NFPA 70 (2008) ("the National Electrical Code") costs at least $145.50. *Buy NFPA 70 (2008), National Electric Code*, NFPA, https://catalog.nfpa.org/NFPA-70-National-Electrical-Code-NEC-Softbound-P1194.aspx?icid=D729 (last visited Dec. 1, 2022). Union members must either depend on management to provide them with access or pay the cost set by NFPA. In some cases, management may not have access to the standards themselves, even if they want to share them with their workers. With limited available funds, government employers are faced with a question of priority: should the safety budget be spent on new safety goggles or on access to the law? Union members have an interest in ensuring that funds are not diverted from safety equipment, worker

3

compensation, and public improvement projects in order to pay for something that should be free for all.

The "reading rooms" established by some standards development organizations in recognition of the barriers their prices impose do not provide adequate access to incorporated standards for Union members. The provided reading rooms are read-only, non-printable, and non-downloadable. JA___(Dkt-239-4). Rarely are accessibility features for disabled workers, copy-and-paste for translation purposes, or efficiency features such as search or hyperlinks offered. Brief of Appellee at 9, ASTM v. Public.Resource.Org, No. 22-7063 (D.C. Cir. Nov. 15, 2022); s*ee generally NFPA 70 (2008) Reading Room*, NFPA, https://link.nfpa.org/free-access/publications/70/2008 (last visited Nov. 21, 2022). For many workers, the reading rooms are neither practical nor provide the access they need.

For these reasons, this Court should affirm the district court's holding allowing the Defendant to fairly "copy, reproduce, or distribute in their entirety" 184 of the incorporated standards and uphold the right of the Union's members to access standards required to ensure their safety and perform their jobs. JA___(Dkt-239-36). The decision of the district court should be affirmed.

## ARGUMENT

I.   **THE UNION AND ITS MEMBERS REQUIRE UNHINDERED ACCESS TO INCORPORATED STANDARDS TO ADVOCATE AND NEGOTIATE FOR SAFE WORKING CONDITIONS.**

As this Court has recognized, "distributing [] standards [incorporated into law] to facilitate public debate" as a general matter "qualifie[s] as a use that further[s] the purpose of the fair use defense." Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc., 896 F.3d 437, 449 (D.C. Cir. 2018). Union members have a particular interest in this public debate. Independent, unhindered access to incorporated standards allows the Union and its members to engage in debate over the standards that govern their working conditions and to advocate and negotiate for safe working conditions that comply with the law.

Incorporated standards address many workplace safety requirements including fire exits, NFPA 1, 100 (2003), INTERNET ARCHIVE, https://archive.org/details/gov.law.nfpa.1.2003/Errata%20-%20nfpa.Errata1-03-1/ (last visited Nov. 21, 2022), sprinkler systems, *id.* at 61, and electrical wiring, *id.* at 51, all of which are addressed in the National Fire Protection Association's (NFPA) standard NFPA 1 (the "Fire Code"). The Fire Code has been adopted in nineteen states, governing the buildings in which many Union members work. *Information Sheet on NFPA 1*, NFPA, https://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards/detail?code=1&tab=research (last visited

5

Dec. 1, 2022). For example, the State of Florida incorporated the entirety of the 2003 version of the Fire Code into the Florida Administrative Code Register 69A-3.012 (2005). JA___(Dkt-239-1-5). Chapter 10 of the Fire Code lays out the fundamental requirements for general fire safety, NFPA 1, 46 (2003), including occupancy, *id.* at 47, fire drills, *id.*, emergency plans, *id.* at 48, and smoking. *Id.* Additionally, chapter 14 covers "[m]eans of [e]gress." *Id.* at 93-106. The Fire Code incorporates more than 130 other NFPA codes and standards including NFPA 101 (2003) (the "Life Safety Code"), another standard integral to workplace safety. *Id.* at 21, 46. The Life Safety Code contains "strategies to protect people based on building construction, protection, and occupancy features that minimize the effects of fire and related hazards." *NFPA 101, Life Safety Code*, NFPA, [https://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards/detail?code=101](https://www.nfpa.org/codes-and-standards/all-codes-and-standards/list-of-codes-and-standards/detail?code=101) (last visited Nov. 21, 2022).

These incorporated fire-related standards directly affect the safety of Union members. The Florida statute applies to "all new, existing, and proposed state-owned and state-leased buildings" and "all new, existing, and proposed hospitals, nursing homes, assisted living facilities, adult family-care homes, correctional facilities, [and] public schools," FLA. STAT. § 633.022(1)(a)-(b) (2005), in which Union members, such as nurses, correctional officers, and public administrators work. *Jobs We Do*, AFSCME.

Union members working in these facilities should be able to access the incorporated standards unhindered and independently so they are fully informed, can engage in discussions about the adequacy of standards, and can hold their managers accountable for their workplace safety. When Public.Resource.Org presents the NFPA standards as a public archive, available online and without a paywall, it provides the Union and its members with the ability to participate in the discourse necessary to ensure safe working conditions. Without that archive, Union members would be left to either purchase the Fire Code for $156, *Buy NFPA 1 (2003), Fire Code*, NFPA https://catalog.nfpa.org/NFPA-1-Fire-Code-P1593.aspx?icid=D729 (last visited Nov. 21, 2022), subscribe to the digital version for $9.99 per month, *NFPA LiNK Plan Selection*, NFPA, https://link.nfpa.org/sign-up/plans?icid=W575 (last visited Nov. 21, 2022), find the read-only, non-printable, non-downloadable format on the NFPA website, Brief of Appellee at 9, ASTM v. Public.Resource.Org, No. 22-7063, search libraries, or travel to Tallahassee, FLA. ADMIN. CODE R. 69A-3.012, 4 (2005),  or Washington D.C. to access the hard copies in person, Brief of Appellee at 9, ASTM v. Public.Resource.Org, No. 22-7063. A PDF of the Life Safety Code costs $162.50 and is similarly difficult to find elsewhere. *Buy NFPA 101 (2003), Life Safety Code*, NFPA, https://catalog.nfpa.org/NFPA-101-Life-Safety-Code-P1220.aspx?icid=D729 (last visited Nov. 21, 2022).

Standards incorporated into Florida's Administrative Code are but one example. Other versions of the standards discussed in this brief and addressed in the district court's memorandum opinion are incorporated into the Occupational Safety and Health Act (OSHA), including NFPA 30 (1969) (the Flammable and Combustible Liquids Code), JA___(Dkt-239-1-12), and the 1970 and 2009 versions of the Life Safety Code, JA___(Dkt-239-1-21, -22, -23). 29 C.F.R. § 1910.6. If workers wish to file a safety complaint with OSHA to advocate for safe working conditions and ensure that management is complying with the standards incorporated into the law, they must know what the safety standards require. 29 U.S.C. § 658(c).

## II. THE UNION AND ITS MEMBERS REQUIRE UNHINDERED ACCESS TO INCORPORATED STANDARDS TO PERFORM THEIR DUTIES.

This Court has acknowledged the "serious constitutional concern with permitting private ownership of standards essential to understanding legal obligations." 896 F.3d at 447. Union members have jobs whose duties serving the public are governed by incorporated standards. For example, states incorporate standards developed by these private organizations to ensure buildings are built to protect the safety of their occupants. As the NFPA itself described, Rhode Island incorporated numerous NFPA standards after a nightclub fire that claimed 100 lives in 2004 to ensure that nothing like that would ever happen again. *The Station*

*Nightclub        Fire*,      NFPA,       https://www.nfpa.org/Public-Education/Staying-safe/Safety-in-living-and-entertainment-spaces/Nightclubs-assembly-occupancies/The-Station-nightclub-fire (last visited Dec. 1, 2022). Management may or may not purchase access to the incorporated standards, but in either case Union members should be able to read the standards for themselves. Union members are the people installing the electricity and building our public buildings. Without access to NFPA standards, workers could unwittingly construct unsafe buildings, install faulty wiring, or handle hazardous materials incompetently. Lack of access to these standards affects not only the quality that the workers are able to produce but also the safety of the buildings that they build.

For example, NFPA 70 (the "National Electrical Code") was incorporated in full into Rhode Island State Regulation SBC-5-2008, the "2008 Building Code," making the entirety of the National Electrical Code necessary for compliance. JA___(Dkt-239-1-17, -18). The National Electrical Code contains requirements for how to install the most common electrical wiring to ensure property and persons are safe from the "hazards arising from the use of electricity," most notably fires and electrocution.      NFPA       70,     21     (2008),    INTERNET      ARCHIVE, https://archive.org/details/gov.law.nfpa.nec.2005/Errata%20-%20nfpa.Errata70-05-1/ (last visited Nov. 22, 2022). Therefore, any Union member in Rhode Island whose job involves the construction or inspection of buildings needs to access the

entirety of the National Electrical Code to ensure that they are performing their work in compliance with the law.

Without free access to such incorporated standards, a Union member must sacrifice either money or convenience. PDFs for the National Electrical Code cost between $145.50 and $283.50. *See Buy NFPA 70 (2008), National Electric Code*, NFPA. An NFPA LiNK subscription, which would provide digital-only access to NFPA standards, costs $9.99 per month for an individual, the cheapest of the subscription options. *NFPA LiNK Plan Selection*, NFPA. Even $10 a month is too much to spend on access to the law. Free access to the National Electrical Code can be gained through NFPA's free reading room; however, as detailed below, it lacks the functionality features necessary for full access. The success of the work done by Union members should not hinge on whether they have the resources to gain access to the law that governs their jobs serving the public.

## III. THE LIMITATIONS PLACED ON ACCESS TO STANDARDS IN READING ROOMS HINDER THE ABILITY OF UNION MEMBERS TO DISCOVER AND DEBATE THOSE STANDARDS.

Without the posting of standards by organizations such as Public.Resource.Org, Union members may try to gain free access through the free alternative provided by the standard setting bodies: hard-to-use reading rooms. However, access through reading rooms is not adequate to allow discourse about safety standards or to enable Union members to comprehend their duties.

10

Some standards development organizations provide reading rooms to the public where their standards can be accessed. However, these reading rooms are of limited utility in practice. Even when publicly available, reading rooms lack crucial accessibility features and prevent the access required by members of the Union. In addition to the limitations to the reading rooms cited in Public.Resource.Org's brief, Brief of Appellee at 10, ASTM v. Public.Resource.Org, No. 22-7063, reading room access does not allow for using accessibility features for people who are print-disabled or for copy/paste to facilitate translation, while Public.Resource.Org's versions does, JA___(Dkt-239-4). With regard to NFPA standards, to obtain access to aids that make the standards fully accessible, such as search functions, bookmarking features or application examples, a user must pay for an NFPA LiNK subscription. *NFPA LiNK Plan Selection*, NFPA.

Additionally, the NFPA reading room can be difficult to navigate. For example, the National Electrical Code references standards from a multitude of standards development organizations, NFPA 70, 686-688 (2008), whose codes are referenced by their numerical names. All the incorporated codes are in one place in "Annex A: Product Safety Standards." *Id.* However, these codes are not hyperlinked internally to refer back to the sections they are referenced in or externally to the standards themselves; a searcher must comb through the entire document to relate the standard back to its context. *Id.*

11

Furthermore, the entirety of each NFPA standard is not available. For example, the reading room version of the Fire Code contains twenty-three chapters marked reserved, making them inaccessible. *Free Access to NFPA 1 (2003)*, https://link.nfpa.org/free-access/publications/1/2003 (last visited Nov. 21, 2022). Thus, while standards development organizations' reading rooms are hypothetically available, they are not truly accessible. In practice, these reading rooms are hard to navigate and contain no features for translation, limiting their usability by Union members.

Even the standards development organizations themselves recognize that access to their standards through reading rooms is not always adequate. During the COVID-19 pandemic, the American Society for Testing and Materials (ASTM), recognized the increased need for access to their standards and made them more available. *ASTM Response to COVID-19*, ASTM, https://amcoe.org/covid-19/ (last visited Nov. 21, 2022). ASTM created a COVID-19 specific reading room where they provided all the relevant standards, including those for masks, ventilators, gowns, and gloves free of charge and grouped together for the most convenience. *ASTM Standards & COVID-19*, ASTM, https://www.astm.org/products-services/standards-and-publications/covid-19.html (last visited Nov. 21, 2022). Nonetheless, even the standards provided through the COVID-19 reading rooms are read-only, barring any printing, downloading, or copy-pasting that would increase

the shareability of these standards during a time of international emergency. While

union members who work in healthcare or home care, *Jobs We Do*, AFSCME, and

are affected by these standards that govern the personal protective equipment they

use daily may have benefitted from the limited extra transparency, a single entity

should not have control over how the law is disseminated.

### CONCLUSION

For the foregoing reasons, the judgment of the district court should be

affirmed.

Respectfully submitted,

Dated: December 9, 2022          By: /s/ *Rebecca Chambers*
                                    Rebecca Chambers
                                    Rkc47@georgetown.edu
                                    Nina Srejovic
                                    Nina.Srejovic@georgetown.edu
                                    Intellectual Prop. and Info. Policy Clinic
                                    Georgetown Univ. Law Center
                                    500 First St. NW.,
                                    Washington, D.C. 20001
                                    Phone: (202) 429-1000

                                    Teague Paterson
                                    TPaterston@afscme.org
                                    Kyle Campbell
                                    KCampbell@afscme.org
                                    American Federation of State, County and
                                    Municipal Employees
                                    1625 L St. NW.,
                                    Washington, D.C. 20036
                                    Phone: (334) 470-6543

**CERTIFICATE OF COMPLIANCE**

1.    This document complies with the length limit of Fed. R. App. P. 32(a)(7)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document is 13 pages.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it uses proportionally spaced 14-point Times New Roman typeface.

December 9, 2022                        By: */s/ Rebecca Chambers*_____
                                                   Rebecca Chambers (admitted)
                                                   rkc47@georgetown.edu
                                                   Intellectual Property and Information
                                                   Policy Clinic
                                                   Georgetown University Law Center
                                                   500 First St. NW,
                                                   Washington, DC 20001
                                                   Phone: (202) 429-1000

                                                   *Attorney for Amicus Curiae*
                                                   *American Federation of State,*
                                                   *County and Municipal Employees*

## CERTIFICATE OF SERVICE

I certify that on December 9, 2022, I electronically filed the foregoing BRIEF OF AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT-APPELLEE AND AFFIRMANCE with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system, which will serve all counsel who are registered CM/ECF users. I certify that all counsel in this case are registered CM/ECF users.

December 9, 2022                    By: */s/ Rebecca Chambers*_____
                                       Rebecca Chambers (admitted)
                                       rkc47@georgetown.edu
                                       Intellectual Property and Information
                                       Policy Clinic
                                       Georgetown University Law Center
                                       500 First St. NW,
                                       Washington, DC 20001
                                       Phone: (202) 429-1000

                                       *Attorney for Amicus Curiae*
                                       *American Federation of State,*
                                       *County and Municipal Employees*

15