**NOT YET SCHEDULED FOR ORAL ARGUMENT**

Appeal No. 22-7063

IN THE

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

American Society for Testing and Materials; National Fire Protection Association, Inc.; American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.,
*Appellants,*

v.

Public.Resource.Org, Inc.,
*Appellee.*

Appeal from the United States District Court for the District of Columbia, No. 1:13-cv-1215-TSC

The Honorable Tanya S. Chutkan, District Judge

**BRIEF OF AMICUS CURIAE COUNTY OF SONOMA IN SUPPORT OF APPELLEE AND AFFIRMANCE**

JOSEPH C. GRATZ
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666

*Attorneys for Amicus Curiae*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Other than amici appearing after the date thereof, all parties, intervenors, and amici appearing before the district court and in this Court are listed in the Brief for Appellee.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, counsel for amici curiae certifies that the County of Sonoma is a governmental entity not subject to the disclosure requirements of those rules.

For purposes of Circuit Rule 28(a)(1)(C), there are no related cases.

# TABLE OF CONTENTS

PAGE NO.

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ...................................................................................................i

TABLE OF CONTENTS..................................................................................ii

TABLE OF AUTHORITIES ...........................................................................iv

INTEREST OF AMICUS CURIAE ................................................................1

ARGUMENT ...................................................................................................2

    I.    Materials written by third parties that are adopted into law are part of the law. ...............................................................2

        A.    The California Building Standards Code is a law that the County of Sonoma enforces. ..................................2

        B.    Non-mandatory portions of the law are still part of the law. ...............................................................................4

    II.    Greater access to copies of that law would promote the County's enforcement of that law. ..................................................6

        A.    Appellants require the government to pay for copies of the very laws those governments adopt and enforce. ..................................................................................6

        B.    On Appellants' view, there is no way for Sonoma County citizens to see Sonoma County's amendments to the law in context. .......................................7

    III.    Greater access to copies of that law would promote compliance with that law. ...............................................................9

        A.    Everyone should be able to link to the law. ........................10

        B.    Everyone should be able to search the law. ........................10

CONCLUSION ..............................................................................................11

CERTIFICATE OF COMPLIANCE ................................................................... 13

CERTIFICATE OF SERVICE ........................................................................... 14

# TABLE OF AUTHORITIES

PAGE NO.

**Cases**

*Georgia v. Public.Resource.Org, Inc.*,
  140 S. Ct. 1498 (2020) ............................................................................ 9, 11

*Nat'l Fire Prot. Ass'n, Inc. v. UpCodes, Inc.*,
  No. CV 21-5262 DSF (E), 2021 WL 4913276 (C.D. Cal. Aug. 9,
  2021) ............................................................................................................ 9

**Statutes**

Cal. Code Regs., Title 24, Part 2 (2019) ............................................................ 2, 7

Cal. Code Regs., Title 24, Part 2.5 (2019) ............................................................. 2

Cal. Code Regs., Title 24, Part 3 (2019) ...................................................... 2, 5, 10

Cal. Code Regs., Title 24, Part 4 (2019) ................................................................ 3

Cal. Code Regs., Title 24, Part 5 (2019) ................................................................ 3

Cal. Code Regs., Title 24, Part 9 (2019) ................................................................ 3

Cal. Code Regs., Title 24, Part 10 (2019) .............................................................. 3

Cal. Health & Safety Code § 18942(e)(1) ............................................................. 2

Sonoma County Municipal Code § 7-1 (2019) ..................................................... 5

Sonoma County Municipal Code § 7-13 (2019) ........................................... 3, 4, 7, 8

Sonoma County Municipal Code § 7-21(b) (2019) ............................................... 4

## INTEREST OF AMICUS CURIAE[1]

The County of Sonoma is one of California's 58 counties, located where the San Francisco Bay Area meets California's wine country.

One of the County's many roles is to promulgate and enforce laws that help to ensure that buildings are constructed safely. It's a big job: in 2021 alone, Sonoma County issued 8,994 construction permits, all for activities regulated by Sonoma County's building codes.

Amicus respectfully submits that its participation as amicus curiae will assist the Court by providing the valuable and distinct perspective of a local government, which both adopts and enforces building codes based on model codes published by private organizations.

---

[1] This brief is submitted under Fed. R. App. P. 29(a) with the consent of all parties. Undersigned counsel for Amicus certifies that this brief was not authored in whole or part by counsel for any of the parties; no party or party's counsel contributed money for the brief; and no one other than Amicus and its counsel have contributed money for this brief. Under Circuit Rule 29(d), Amicus states that it is a governmental entity not subject to Circuit Rule 29(d), and further states that a separate amicus brief is necessary because the interests of governmental entities charged with enforcing the laws at issue in this appeal, like Amicus, are otherwise not before the Court.

# ARGUMENT

I. **Materials written by third parties that are adopted into law are part of the law.**

A. **The California Building Standards Code is a law that the County of Sonoma enforces.**

California state law requires that each county must adopt and enforce, among other things, Title 24 of the California Code of Regulations. Cal. Health & Safety Code § 18942(e)(1). Parts of Title 24 reproduce laws written by third parties, in which those third parties claim copyright. In 2019, in accordance with California's requirement, the County adopted, among other things:

- The 2019 California Building Code (which adopts with amendments the 2018 International Building Code, and in which International Code Council, Inc. claims copyright), Cal. Code Regs., Title 24, Part 2 (2019);

- The 2019 California Residential Code (which adopts with amendments the 2018 International Residential Code, and in which International Code Council, Inc. claims copyright), Cal. Code Regs., Title 24, Part 2.5 (2019);

- The 2019 California Electrical Code (which adopts with amendments the 2016 National Electrical Code, and in which appellant National Fire Protection Association, Inc. claims copyright), Cal. Code Regs., Title 24, Part 3 (2019);

- The 2019 California Mechanical Code (which adopts with amendments the 2018 Uniform Mechanical Code, and in which the International Association of Plumbing and Mechanical Officials claims copyright), Cal. Code Regs., Title 24, Part 4 (2019);

- The 2019 California Plumbing Code (which adopts with amendments the 2018 Uniform Plumbing Code, and in which the International Association of Plumbing and Mechanical Officials claims copyright), Cal. Code Regs., Title 24, Part 5 (2019);

- The 2019 California Fire Code (which adopts with amendments the 2018 International Fire Code, and in which International Code Council, Inc. claims copyright), Cal. Code Regs., Title 24, Part 9 (2019);

- The 2019 California Existing Building Code (which adopts with amendments the 2018 International Existing Building Code, and in which International Code Council, Inc. claims copyright), Cal. Code Regs., Title 24, Part 10 (2019).

Sonoma County Municipal Code § 7-13(a) (2019). Those codes are "adopted and incorporated [into the Sonoma County Municipal Code] by reference," subject to Sonoma County's local amendments to those codes. *Id.* This process occurs on a three-year cycle.

Those codes, including the portions in which private parties claim copyright, are the law in Sonoma County. Those who violate those codes, including the portions in which private parties claim copyright, are "guilty of a public offense." Sonoma County Municipal Code § 7-21(b) (2019). Violation constitutes a misdemeanor, and is punishable by a fine of up to $1,000, up to six months' imprisonment in the county jail, or both. *Id.* In enforcing the law in Sonoma County, there is no distinction between laws written by employees of the County and materials written by third parties and incorporated by reference into the law; they are all equally part of the law of Sonoma County.

### B. Non-mandatory portions of the law are still part of the law.

In their opening brief, Appellants argue that portions of building codes that are "non-mandatory"—that is, ones that do not expressly state enforceable requirements that can only be satisfied in one way—are not fully part of the law. App. Br. at 22-23. Not so: when Sonoma County adopts, for example, the California Electrical Code into the Sonoma County Municipal Code, Sonoma County Municipal Code § 7-13(A)(4) (2019), we are adopting *all* of California Electrical Code into law.

That some portions of the California Electrical Code do not expressly state enforceable requirements that can only be satisfied in one way does not make those portions any less the law in Sonoma County. Those additional portions of the law

4

help enforcement officials and county residents to understand their legal duties under the code and to correctly interpret the requirements of the law; stripping away everything that is not an express statement of an enforceable requirement that can only be satisfied in one way would provide only a partial view of the law.

For example, many laws include portions that are intended to aid in their interpretation in light of their purpose.  The building regulations set forth in the Sonoma County Municipal Code contain such a statement of purpose.  Sonoma County Municipal Code § 7-1 (2019), "Purpose" ("This chapter is enacted as a result of requirements of state law and the determination that within the unincorporated area of this county, certain regulations for construction, maintenance, use and occupancy are required to provide the minimum standards to safeguard the life, limb and property and protect the public health, safety and general welfare and to provide regulations and control of those factors in the physical environment which exercise or may exercise a deleterious effect on this physical development, health and survival.").  So too does the California Electrical Code.  Cal. Code Regs., Title 24, Part 3, § 90.1 (2019), "Purpose" ("The purpose of this Code is the practical safeguarding of persons and property from hazards arising from the use of electricity.").  These statements are both part of the law, even though neither of them states enforceable requirements, and even though one

5

of those statements was written in the first instance by appellant National Fire Protection Association and later adopted into law.

When we adopt a document by reference into law, we are adopting the whole thing, as if set forth verbatim in the Sonoma County Municipal Code. Just as with other parts of the Sonoma County Municipal Code, not every part of a document incorporated by reference sets forth an enforceable requirement, but every part is the law.

## II. Greater access to copies of that law would promote the County's enforcement of that law.

### A. Appellants require the government to pay for copies of the very laws those governments adopt and enforce.

Adoption of privately written texts as part of the law leads to an unusual result: private publishers claim that governments charged with enforcing the law must pay them if we want a copy of the very law we are enforcing. The County of Sonoma spends tens of thousands of dollars a year paying publishers for copies of its own laws. During the 2019 cycle, the County of Sonoma spent close to $40,000 on copies of the State Model Codes. Various copies are required to ensure each enforcing department has a copy. This is the perverse outcome of claims by private parties to own the law: in their view, even those who enforce the law have to pay to find out what it says. Greater access to copies of the law could permit the County to put some of those funds to other public purposes.

**B.   On Appellants' view, there is no way for Sonoma County citizens to see Sonoma County's amendments to the law in context.**

Sonoma County publishes its own amendments to the state model codes, including building codes. Sonoma County Municipal Code § 7-13 (2019). In order to understand those amendments in the context of the building codes they modify, one must consult at least two separate documents: the privately published code incorporated by reference, and the local amendments. For example, the California Building Code incorporates by reference NFPA 13D, which sets rules for installation of sprinklers in residential buildings. Cal. Code Regs., Title 24, Part 2, § 903.3.1.3 (2019).[2] The California Building Code adopts NFPA 13D only by reference, though it includes amendments to that law. Cal. Code Regs., Title 24, Part 2, Chapter 35, section "NFPA," 13D-16 (revising two sections and adding three new sections of NFPA 13D) (2019). In addition to those California amendments, Sonoma County has made eight of its own amendments to NFPA 13D-16. Sonoma Municipal Code § 7-13(C)(44)-(52) (2019). For example, Sonoma County requires that "A supply of at least three sprinklers shall be maintained on the premises so that any sprinklers that have operated or been

---

[2] While this section itself does not make such sprinklers mandatory, it indicates that such sprinklers "shall be permitted to be installed" in accordance with NFPA 13D. Even though this is not an affirmative requirement, it is still a legal rule: if one installs sprinklers in accordance with NFPA 13D, one is engaging in an activity that is expressly identified as legally permissible.

7

damaged in any way can be promptly replaced." Sonoma Municipal Code § 7-13(C)(44) (2019).

In order to understand the law in Sonoma County applicable to residential sprinkler systems, one must consult three separate documents: a copy of the California Building Code (in which International Code Council, Inc. claims copyright), a copy of NFPA 13D (in which appellant NFPA claims copyright), and a copy of the Sonoma Municipal Code. One who simply reads the model code, or the California code that adopts it as published by the International Code Council, or the sprinkler rules separately published by appellant NFPA, or the Sonoma Municipal Code, would not have a complete view of the law.

So why doesn't someone publish an integrated book that brings together all of these rules in a single document? Because publishers like International Code Council and NFPA would regard that as copyright infringement, and something that can only be done with their permission. Sonoma County does not post an integrated code on its website, because the publishers of the model codes that are the law in Sonoma County claim copyright in their model codes, making it risky for Sonoma County to publish a single document setting forth the law that applies to Sonoma County buildings.

Integrated code books are available for some very large municipalities—for example, [New York City](). But ICC does not publish an integrated code book for

8

smaller jurisdictions like Sonoma County, presumably because the market is not large enough to make it profitable to do so. And model code publishers' copyright positions make it too risky for counties to publish integrated codes themselves. Where private parties have brought together the law of particular jurisdictions with the amendments adopted by local jurisdictions, they have been sued for copyright infringement. *See, e.g.*, *Nat'l Fire Prot. Ass'n, Inc. v. UpCodes, Inc.*, No. CV 21-5262 DSF (E), 2021 WL 4913276, at *1 (C.D. Cal. Aug. 9, 2021) (denying motion for preliminary injunction). While those private parties may be "willing to roll the dice with a potential fair use defense," the "less bold among us"—like counties with limited litigation budgets—still must "think twice before using official legal works that illuminate the law we are all presumed to know and understand." *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1513 (2020). A holding that cleared the way for governments and citizens to be able to read and speak the law in full, including all of its layers of incorporations and amendments, would aid those who must follow and those who must enforce the law in carrying out their obligations.

**III.    Greater access to copies of that law would promote compliance with that law.**

When citizens have better access to the law, that makes it easier for them to comply with the law.

9

### A.  Everyone should be able to link to the law.

When governments like Sonoma County communicate with citizens about the law, having easy access to electronic copies of the law makes that communication more efficient and precise. When a citizen is told that their plans do not comport with the building code, the natural question is "where does the law say that?" But for many of the laws in question, there is no way to send a citizen a link to a particular section of the code. For example, the ["free" version of the California Electrical Code offered by its publisher, the National Fire Protection Association](), has no way to link to a particular page or section. The only way to send a link to a particular section of the California Electrical Code without requiring the recipient to pay a fee to a particular private party is to use the copy posted by appellee Public.Resource.Org. *See* https://archive.org/details/californiaelectr00unse/page/20/mode/2up (linking to Cal. Code Regs., Title 24, Part 3, § 90.1 (2019), "Purpose," discussed *supra*).

### B.  Everyone should be able to search the law.

Some improvements in access to the law are reserved by private publishers for those willing to pay a toll for access to the law. For example, an "anchor bolt" is a fastener used to attach to concrete. The California Residential Code has many rules about anchor bolts, spread out over dozens of different pages in its text. If a citizen is installing anchor bolts in their home, or hiring a contractor to do so, and

10

wants to know all of the laws applicable to anchor bolts as part of the California Residential Code, there is no free way to search for all 51 occurrences of the phrase "anchor bolt" in that law—other than [the online copy of the California Residential Code posted by Public.Resource.Org](#).

The ["free" website offered by the International Code Council](#), to which the California Building Standards Commission's website links, includes a search box, but does not allow the law to be searched unless the user purchases a subscription. Typing in a search term simply brings up an advertisement for ICC's premium offering. Giving private law publishers a monopoly on tools to access and read particular laws creates a divide between those who have access only to "the economy-class version" of the law available for free and "first-class readers" who pay a premium for tools that are kept from the general public. *Georgia*, 140 S. Ct. at 1512. That is not how the law should work. Sonoma County citizens looking for the law on anchor bolts—or any other topic—should be able to search for it without having to pay a fee to a particular private party for the privilege of doing so.

## CONCLUSION

Private parties publish, and California adopts, high-quality model laws. We appreciate the work they do and agree it's important that they are able to continue that work. But giving private parties control over who can publish the

11

law and how, over how governments like Sonoma County can communicate laws to citizens, and over how citizens can communicate with the government about the laws makes the administration and enforcement of those laws less efficient.

DATED:  December 12, 2022               Respectfully submitted,

                                               */s/ Joseph C. Gratz*
JOSEPH C. GRATZ
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:  415-362-6666
Facsimile:   415-236-6300

*Attorneys for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief, according to the word-processing program with which it was prepared, complies with Rule 32(a)(7) of the Federal Rules of Appellate Procedure in that it has a typeface of 14 points and contains 2,353 words.

DATED: December 12, 2022

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ, #240676
*Counsel of Record*
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

*Attorneys for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system on December 12, 2022.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED: December 12, 2022                    */s/ Joseph C. Gratz*
                                                                    JOSEPH C. GRATZ