# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Society for Testing and Materials; National Fire Protection Association, Inc.; American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc., <br><br> *Plaintiffs - Appellants* <br><br> v. <br><br> Public.Resource.Org, Inc., <br><br> *Defendant - Appellee* | No. 22-7063 |

## APPELLANTS' EXPEDITED MOTION TO EXCEED LENGTH LIMIT FOR REPLY BRIEF

Pursuant to D.C. Circuit Rule 27(h) and Federal Rule of Appellate Procedure 27, Plaintiffs American Society for Testing and Materials d/b/a ASTM International ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc. ("ASHRAE") (collectively, "Plaintiffs") respectfully move to exceed the word limitation set by Federal Rule of Appellate Procedure 32(a)(7)(B) for their Reply Brief Due January 13, 2023. Plaintiffs respectfully request expedited consideration of this

1

motion to avoid irreparable harm in view of the January 13, 2023 filing deadline for their reply brief. Defendant Public.Resource.Org, Inc. ("PRO") has indicated that it will oppose this motion.

Good cause supports this motion, as explained below, primarily due to the need to respond to (1) PRO's proposed alternative ground for affirmance and (2) nine amicus briefs totaling over 40,000 words. Moreover, Plaintiffs' requested increase of 2,000 words is reasonable.

This case concerns PRO's copying and distribution of hundreds of Plaintiffs' copyrighted standards, many of which have been incorporated by reference into statute or regulation. It is before this Court for the second time. *See Am. Soc'y for Testing & Materials, et al. v. Public.Resource.Org, Inc.*, 896 F.3d 437 (D.C. Cir. 2018).

In the first appeal, this Court understood both Plaintiffs and PRO to be seeking "a bright-line rule either prohibiting (the [Plaintiffs]) or permitting (PRO) *all* of PRO's uses of *every* standard incorporated by reference into law." *Id.* at 446. This Court ultimately concluded that it should "address only the statutory fair use issue" at that time, *id.* at 447. Accordingly, this Court remanded the case to the district court with

instructions to "weigh the [statutory fair use] factors as applied to PRO's use of each standard" in issue. *Id.* at 449.

On remand, the parties cross-moved for summary judgment as to 217 of Plaintiffs' standards. The district court granted in part and denied in part both motions. The district court rejected PRO's fair use defense as to 32 standards that PRO had not shown were even incorporated by reference, but the district court found fair use for 185 standards where PRO had identified some past or current incorporating statute or regulation. Despite finding infringement, the district court denied a permanent injunction as to the 32 standards where it concluded PRO's fair use defense failed.

Plaintiffs appeal the district court's fair use ruling and the district court's refusal to enter a permanent injunction with respect to the 32 copyrighted works that the district court found that PRO infringed. Plaintiffs' Brief, Dkt. 1964641.

In PRO's response brief, it spent a substantial portion of its brief arguing an alternative grounds for affirmance not raised in Plaintiffs' opening brief—whether standards retain their copyright after they are incorporated by reference into law. Defendant's Brief, Dkt. 1973632.

3

Additionally, nine amicus filed briefs in support of PRO, totaling 43,764 words, addressing both PRO's alternative grounds for affirmance and the fair use issues that form part of the original basis of this appeal.

Plaintiffs diligently attempted to respond within the word limit, but Plaintiffs respectfully submit that the existing word limit prejudices Plaintiffs' ability to adequately reply to the portions of the ten briefs filed in support of PRO that address the fair use and permanent injunction issues that Plaintiffs raised on appeal and address the issue of whether standards retain their copyright protection after they are incorporated by reference. This Court already concluded that the issues that PRO raised for the first time in its response brief "raise[] a serious constitutional concern," *id.* at 447, and would "creat[e] a number of *sui generis* caveats to copyright law," *id.* Before this Court addresses constitutional issues and potentially creates judicial caveats to the Copyright Act, Plaintiffs should have a full and fair opportunity to brief those issues, especially in light of this Court's previously recognition of "the economic consequences that might result from [Plaintiffs] losing copyright," *id.*

Plaintiffs do not believe that exceeding the word count will prejudice PRO. PRO already dedicated 12 pages (an almost 2,500 words) in its argument section alone to the question of whether Plaintiffs lose copyright protection upon incorporation by reference. In addition, PRO only had to address three amicus briefs filed in support of Plaintiffs, totaling 13,457 words, whereas Plaintiffs must address the issues raised in nine amicus briefs filed in support of PRO, totaling 43,764 words. Under these circumstances, even if the Court grants Plaintiffs' request for an additional 2,000 words in their reply, the total amount of briefing filed in support of Plaintiffs will be dwarfed by the briefing in support of PRO.

## REQUEST FOR EXPEDITED ACTION

Plaintiffs seek the Court's expeditious consideration of this motion so that they have sufficient time to prepare their Reply brief ahead of the January 13, 2023 filing deadline and to avoid irreparable harm. Plaintiffs request a decision by January 6, 2023, or as soon thereafter as possible. Plaintiffs worked expeditiously to prepare the instant motion after reviewing PRO's response brief, filed on November 15, 2022, and the nine amicus curiae briefs filed on December 12, 2022.

5

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that leave be granted for Plaintiffs to file a Reply brief of no more than 8,500 words.

Dated: December 21, 2022          Respectfully submitted,

*s/J. Kevin Fee*
J. KEVIN FEE
JANE W. WISE
DLA PIPER US LLP
500 Eighth Street, NW
Washington, DC 20004
T. 202.799.4441
F. 202.799.5441
kevin.fee@us.dlapiper.com
jane.wise@us.dlapiper.com

Stanley J. Panikowski
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: (619) 699-2700
stanley.panikowski@us.dlapiper.com

*Counsel for Plaintiff-Appellant*
   *American Society for Testing and*
   *Materials d/b/a ASTM International*

Dated: December 21, 2022          *s/Kelly M. Klaus*
KELLY M. KLAUS
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
T. 415.512.4000

6

|  |  |
|---|---|
|  | kelly.klaus@mto.com |
|  |  |
|  | ROSE L. EHLER<br>MUNGER, TOLLES & OLSON LLP<br>350 South Grand Ave., 50th Floor<br>Los Angeles, CA 90071<br>T. 213.683.9100<br>rose.ehler@mto.com |
|  |  |
|  | RACHEL G. MILLER-ZIEGLER<br>MUNGER, TOLLES & OLSON LLP<br>601 Massachusetts Ave. NW, Suite 500E<br>Washington, DC 20001<br>T. 202.220.1100<br>rachel.miller-ziegler@mto.com |
|  |  |
|  | *Counsel for Plaintiff-Appellant National Fire Protection Association, Inc.* |
| Dated: December 21, 2022 | *s/David P. Mattern*<br>JEFFREY S. BUCHOLTZ<br>DAVID P. MATTERN<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, NW<br>   Ste. 200<br>Washington, DC 20006-4707<br>T. 202.737.0500<br>jbucholtz@kslaw.com<br>dmattern@kslaw.com |
|  |  |
|  | *Counsel for Plaintiff-Appellant American Society of Heating, Refrigerating, and Air-Conditioning Engineers, Inc.* |

7

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2) because this document contains 879 words as measured by the word-processing system used to prepare this brief, excluding exempted parts.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14 point font.

Dated: December 21, 2022                              *s/J. Kevin Fee*
                                                     J. Kevin Fee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of December, 2022, a true and correct copy of APPELLANTS' EXPEDITED MOTION TO EXCEED LENGTH LIMIT FOR REPLY BRIEF was electronically filed through the CM/ECF system, which caused all parties to be served by electronic means.

Dated: December 21, 2022                    *s/J. Kevin Fee*
                                            J. Kevin Fee