IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| American Society for Testing and Materials; National Fire Protection Association, Inc.; American Society of Heating, Refrigerating, And Air-Conditioning Engineers, Inc., <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> Public.Resource.Org, Inc., <br><br> *Defendant-Appellee.* | No. 22-7063 |

**APPELLEE PUBLIC.RESOURCE.ORG'S OPPOSITION TO PLAINTIFFS-APPELLANTS' EMERGENCY MOTION TO EXCEED LENGTH LIMIT FOR REPLY BRIEF**

Defendant-Appellee Public.Resource.Org, Inc. opposes the Plaintiffs-Appellants' emergency motion for leave to file an extra-long reply brief. The Court should deny the motion for the following reasons.

Circuit Rule 28(e)(1) states: "The court disfavors motions to exceed limits on the length of briefs, and motions to extend the time for filing briefs; such motions will be granted only for extraordinarily compelling reasons." Plaintiffs-Appellants have not shown such "extraordinarily compelling reasons."

Public.Resource.Org's answering brief contained nothing that should have surprised Plaintiffs-Appellants. Counsel for Plaintiffs-Appellants include

1

experienced appellate practitioners, who know well that this Court may affirm the decision below on any basis supported by the record. The alternative ground for affirmance that Plaintiffs-Appellants now suggest they need additional space to address — whether the texts of laws can be copyrighted — has been ever-present in the case, and Plaintiffs-Appellants have previously briefed the issue in both the district court and this Court.

Plaintiffs-Appellants are organizations that coordinate the work of thousands of volunteers to create industry standards. They then secure government adoption of some of those standards *as laws*, but insist that they retain copyright in those laws. Based on that claim, Plaintiffs-Appellants sued to thwart Public.Resource.Org's mission of educating the public and improving public access to law by making standards adopted into law available online, at no cost, in an accessible format.

Three issues have permeated the case. The first is whether the Plaintiffs-Appellants can exercise a copyright monopoly to forbid free, public dissemination of laws that originated as standards that Plaintiffs-Appellants had published. The second is whether Public.Resource.Org's actions to make those laws freely accessible to the public constitutes a non-infringing fair use. The third is whether the Plaintiffs-Appellants can claim copyright ownership in standards, drafted by volunteers including federal government officials, that the Plaintiffs-Appellants

merely coordinated and for which they have not proved copyright ownership. The first two issues are at the heart of the Plaintiffs-Appellants' appeal from the district court's summary judgment order; the third issue affects the Plaintiffs-Appellants' appeal from the denial of their permanent injunction motion.

In February 2017, the district court granted partial summary judgment to Plaintiffs-Appellants and denied Public.Resource.Org's first summary judgment motion. The district court also entered a permanent injunction against Public.Resource.Org. *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, No. 13-cv-1215-TSC, 2017 WL 473822 (D.D.C. Feb. 2, 2017).

On the first appeal in this litigation, Public.Resource.Org argued both (a) that Plaintiffs-Appellants were not entitled to enforce their claimed copyrights because the works at issue were government edicts and (b) that Public.Resource.Org's dissemination to the public of standards that had become laws was fair use. In its decision of July 2018 (case no. 17-7035), this Court acknowledged both arguments and reserved the question of copyright enforceability while remanding the case to the district court for renewed attention to Public.Resource.Org's defense of fair use. *Am. Soc'y for Testing & Materials v. Public.Resource.Org, Inc.*, 896 F.3d 437, 447-48 (D.C. Cir. 2018).

While the parties' summary judgment motions were pending on remand below, the Supreme Court ruled in *Georgia v. Public.Resource.Org, Inc.*, 590 U.S.

\_\_\_, 140 S. Ct. 1498 (2020), that the State of Georgia had no enforceable copyright in annotations to its statutes, which annotations a private party had prepared, that the State had adopted as its official annotations. *Georgia* focused entirely upon the copyrightability of government edicts.

The parties addressed the Supreme Court's decision in *Georgia* in four supplemental briefs in the court below, at the court's invitation, on the motions now on appeal. (Dkts. 225, 226, 227, 228). Public.Resource.Org explicitly argued (Dkts. 226, 228) that the *Georgia* decision justified summary judgment in its favor on copyrightability grounds based upon the government-edicts doctrine because governments had adopted the standards at issue into law.

Plaintiffs-Appellants discussed *Georgia* in their opening brief in this Court. At page 28, Plaintiffs-Appellants acknowledge that the district court had addressed, and rejected, Public.Resource.Org's argument regarding copyright enforceability of the standards. Plaintiffs-Appellants evidently made a strategic decision not to devote more of their opening brief to the copyright enforceability issue that Public.Resource.Org has consistently pressed.

The obvious relevance of the *Georgia* decision to this appeal, and to Public.Resource.Org's argument that this Court should affirm the decision below on the government-edicts copyrightability ground that the Supreme Court recognized, means it could come as no surprise to Plaintiffs-Appellants that

4

Public.Resource.Org would make that argument here as a basis for affirmance of the decision below.

What is more, Public.Resource.Org served its responding brief on November 14, 2022, over five weeks before Plaintiffs-Appellants' current *emergency* motion seeking leave to file an extra-long brief. To the extent that Plaintiffs-Appellants believe they required an extra-long brief to address the copyright enforceability issue, they should have done so much earlier, rather than submitting an "emergency motion" in the middle of the holidays.

Plaintiffs-Appellants' other rationale for seeking an extra-long brief, the broad support of Public.Resource.Org from amici curiae, should not have been a surprise either, much less an extraordinary one. On the previous appeal, scores of amici supported Public.Resource.Org with multiple briefs. Plaintiffs-Appellants' own opening brief on this appeal (at i-ii) listed the numerous amici who had already participated in the court below. Plaintiffs-Appellants argue that the aggregate word count of the amicus briefs justifies an extra-long reply, but the word count is irrelevant. Plaintiffs-Appellants have not identified any specific amicus issues or arguments that require additional attention to justify an extra-long brief. And many cases litigated in this Court include significant numbers of amicus briefs; those filings do not offer an extraordinary or compelling reason to create piecemeal exceptions for the parties in those cases, or this one.

Finally, Plaintiffs-Appellants wrongly argue that Public.Resource.Org would not face any prejudice if they are granted an additional 2,000 words for their Reply. Motion at 5. Public.Resource.Org would be prejudiced because Plaintiffs-Appellants already have 50% more words between their opening brief and reply, versus Public.Resource.Org's single responsive brief. *See* Fed. R. App. P. 32(a)(7).

Plaintiffs-Appellants have thus failed to carry their burden of establishing "extraordinarily compelling reasons" for expanding the word limits established by the rules.  The Court should deny the motion.

Dated:   December 29, 2022          Respectfully submitted,
                                    FENWICK & WEST LLP


                                    By:*/s/ Andrew P. Bridges*
                                        Andrew P. Bridges
                                        abridges@fenwick.com
                                        Matthew B. Becker
                                        mbecker@fenwick.com
                                        FENWICK & WEST LLP
                                        801 California Street
                                        Mountain View, CA 94041
                                        Telephone:   (415) 875-2300
                                        Facsimile:   (415) 281-1350

Corynne McSherry
corynne@eff.org
Mitchell L. Stoltz
mitch@eff.org
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1805 9th Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Appellee
Public.Resource.Org, Inc.*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this response to motion contains 1,011 words. I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style of Fed. R. App. P.32(a)(6).

Dated:   December 29, 2022            FENWICK & WEST LLP


By: */s/ Andrew P. Bridges*
   Andrew P. Bridges (admitted)
   abridges@fenwick.com
   FENWICK & WEST LLP
   801 California Street
   Mountain View, CA 94041
   Telephone:   (415) 875-2300
   Facsimile:    (415) 281-1350

*Attorneys for Appellee*
*Public.Resource.Org, Inc.*

# CERTIFICATE OF SERVICE

I, Andrew P. Bridges, hereby certify that on December 29, 2022, I electronically filed the foregoing **APPELLEE PUBLIC.RESOURCE.ORG'S OPPOSITION TO PLAINTIFFS-APPELLANTS' EXPEDITED MOTION TO EXCEED LENGTH LIMIT FOR REPLY BRIEF** with the United States Court of Appeals for the District of Columbia Circuit through the Court's CM/ECF system, which will serve all Counsel who are registered CM/ECF users.

Dated:   December 29, 2022          FENWICK & WEST LLP

By: */s/ Andrew P. Bridges*
Andrew P. Bridges (admitted)
abridges@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

*Attorneys for Appellee*
*Public.Resource.Org, Inc.*